**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS        NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

WRITER'S DIRECT DIAL NUMBER

(212) 373-3545

WRITER'S DIRECT FACSIMILE

(212) 492-0545

WRITER'S DIRECT E-MAIL ADDRESS

bhermann@paulweiss.com

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

January 26, 2023

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

**By ECF**

Hon. David R. Jones
U.S. Bankruptcy Court
Southern District of Texas
515 Rusk
Houston, Texas 77002

Re: *Serta Simmons Bedding, LLC* v. *AG Centre Street Partnership L.P.*, Adv. Proc. No. 23-09001 (Bankr. S.D. Tex.) (the "<u>Declaratory Judgment Adversary Proceeding</u>")

Dear Judge Jones:

We represent the Ad Hoc Group of First Lien Lenders under Serta's First Lien Term Loan Agreement (the "<u>First Lien Ad Hoc Group</u>"). We write in response to Your Honor's request for a report on the results of our meet and confer with counsel to the Declaratory Judgment Adversary Proceeding plaintiffs (Debtor Serta Simmons Bedding, LLC and three lenders under the Debtors' Super-Priority Term Loan Agreement) about scheduling issues in connection with the First Lien Ad Hoc Group's "lender vs. lender" claims against the group of other first lien lenders we call the Favored Lenders. Unfortunately, the parties have different views of the nature of the issues to be resolved and the order in which they should be resolved. The Debtors and the ad hoc group of Favored Lenders represented by Gibson, Dunn & Crutcher LLP (the "<u>Gibson Group</u>") are insisting on an unrealistically and unnecessarily compressed schedule for the entire litigation. We believe that while document discovery should commence promptly, certain important threshold issues need to be resolved in the meantime before attempting to schedule every detail of a complex litigation involving over 150 parties. Our views on the issues in dispute are as follows:

Doc#: US1:16834190v7

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

*First*, as we discussed at the first-day hearing, the First Lien Ad Hoc Group has existing claims pending against the Favored Lenders in a case that was originally filed in state court in New York and has been partially removed to the United States District Court for the Southern District of New York (the "SDNY Action"). Judge Katherine Polk Failla, who has been presiding over LCM's action, which involves the same exchange transaction at issue in the SDNY Action, earlier today granted our application to refer our case to her as related. We believe the SDNY Action is the appropriate forum for adjudicating the First Lien Ad Hoc Group's inter-lender claims—not the Declaratory Judgment Adversary Proceeding.

*Second*, as we discussed at the Debtors' first day hearing, the claims that we are litigating against the Favored Lenders are solely claims for damages, and we are asserting them solely against other lenders, not against the Debtors. Accordingly, they do not need to be resolved in advance of confirmation. The First Lien Ad Hoc Group remains prepared to facilitate the schedule that has been put in place for confirmation by allowing the Debtors to pursue confirmation of their chapter 11 plan in accordance with the nominal claim priorities as they exist today and maintaining their monetary damage claims against the Favored Lenders, provided that nothing in the Debtors' chapter 11 plan or the chapter 11 cases prejudices such inter-lender claims. If the Debtors and the Gibson Group accept that offer, then any scheduling of the Declaratory Judgment Adversary Proceeding becomes unnecessary.

The Debtors' argument that potential super-priority indemnification claims the Favored Lenders may assert will require that the claims be resolved prior to confirmation does not hold water. The Debtors' chapter 11 plan contemplates assuming such indemnity claims following their resolution at trial. That means the Debtors and the other RSA parties are willing to assume the risk that a favorable judgment on the claims at trial will be overturned on appeal. Thus, if they have already accepted appellate risk post-confirmation, there is no reason why the Debtors (and the post-confirmation stakeholders) should not be able to accept trial risk as well.

*Third*, the Debtors are pressing to establish an unrealistically and unnecessarily compressed schedule for the Declaratory Judgment Adversary Proceeding without the vast majority of the necessary parties. Importantly, we recently learned the identities of more than 150 Favored Lenders, which need to be added as parties to any litigation resolving the First Lien Ad Hoc Group's inter-lender causes of action to allow for complete relief and finality.[1]

---

[1] The SDNY Action names five Favored Lenders as defendants as well as "Does 1-50" because we did not know the identity of the remaining Favored Lenders at the time the complaint was filed. The Debtors and Gibson Group declined to disclose the identities of the other Favored Lenders until a few weeks ago, when a partially redacted copy of the unlawful 2020 exchange agreement was attached as an exhibit to Debtor Serta Simmons Bedding, LLC's motion to dismiss the First Lien Ad Hoc Group's complaint before the Supreme Court of New York.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

No matter where the First Lien Ad Hoc Group's claims are litigated, we will have to serve the remaining Favored Lenders and bring them into the case to enable the First Lien Ad Hoc Group to obtain complete relief.  We respectfully submit that the Debtors and Gibson Group's arguments that the SDNY Action is not the appropriate forum for resolving First Lien Ad Hoc Group's claims should be resolved first, thereby avoiding unnecessarily adding over 150 Favored Lenders to two separate proceedings (the SDNY Action and the Declaratory Judgment Adversary Proceeding).

We believe that it is most efficient—and, indeed, contractually required—to litigate the claims against the additional Favored Lenders in the SDNY Action, because all of the Favored Lenders (many of which are domiciled outside the United States) consented to exclusive jurisdiction and venue over such disputes in the courts of New York pursuant to the First Lien Term Loan Agreement.  However, if we are unable to litigate the inter-lender claims in the SDNY Action, then the First Lien Ad Hoc Group will have no choice but to add the remaining Favored Lenders to the Declaratory Judgment Adversary Proceeding, at which point the parties can meet and confer about a sensible litigation schedule.

*Fourth*, the Debtors' proposed schedule fails to provide time for the resolution of threshold jurisdictional, venue, and other issues that may have to be resolved in whichever court the claims are litigated, but particularly if they are litigated in this Court—for example, whether this Court would have authority to enter a final judgment pursuant to *Stern* v. *Marshall*, 564 U.S. 462 (2011).

*Finally*, all this does not mean that the parties cannot make progress in the meantime.  The Debtors and the Favored Lenders already made full-scale document productions in the LCM Action.  It would take little effort for the Debtors and the Gibson Group to produce those materials to us, as soon as the beginning of next week.  And we ask that they be required to do so, and that such materials be available for use in any venue in which issues related to the 2020 exchange transaction are litigated.  Likewise, we are amenable to producing any documents produced by members of the First Lien Ad Hoc Group in connection with LCM's action as third party discovery.  And, as we have told the Debtors and the Favored Lenders, we are also willing to begin the process of document discovery of our Plaintiff group, even before the Court resolves the issue of whether our claims should be litigated in this Court or in SDNY.  We believe that progressing the discovery process is crucial to the efficient resolution of our claims given that two courts have found that the issues raised by our claims cannot be decided by looking at the contract alone.  As for the scheduling of further steps in the Declaratory Judgment Adversary Proceeding, however, we submit that it makes little sense and is not practical to do so until all additional parties are joined to the action—no matter which court our claims end up being adjudicated in.

With regards to the scheduling of the Debtors' motion in *Serta Simmons Bedding, LLC* v. *AG Centre Street Partnership, L.P.*, Adv. Proc. No. 23-90020 (Bankr.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

S.D. Tex.) seeking an extension of the automatic stay or section 105(a) injunction, we propose as follows:

- <u>First Lien Ad Hoc Group's Deposition of Harvey Tepner</u>:  January 30, 2023 or January 31, 2023
- <u>Objection Deadline</u>:  February 3, 2023
- <u>Reply Deadline</u>:  February 6, 2023 at 4:00 p.m.
- <u>Hearing</u>:  February 8, 2023

We look forward to discussing these and other issues with the Court at tomorrow's conference.

Very truly yours,

*/s/ Brian S. Hermann*

Brian S. Hermann