## Exhibit B

**Cumulative Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:~~-~~ | § | **Chapter 11** |
| | § | |
| ~~SERTA SIMMONS BEDDING~~SERTA SIMMONS BEDDING, LLC, | § | **Case No. 23-90020 (DRJ)** |
| *et al.,* | § | |
| | § | ~~(Jointly Administered)~~ |
| _____Debtors.[1] | § | (Jointly Administered) |
| | § | |
| ---------------------------------------------------------- | § | Re: Docket Nos. 24, 137 |
| | § | |
| SERTA SIMMONS BEDDING, LLC, | § | |
| SERTA SIMMONS BEDDING | § | Adversary Proc. No. 23-03007 (DRJ) |
| MANUFACTURING COMPANY, | § | |
| AND NATIONAL BEDDING COMPANY, | § | |
| LLC | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| THOSE PARTIES LISTED IN | § | |
| APPENDIX A TO COMPLAINT, | § | |
| | § | |
| Defendants. | § | |
| ---------------------------------------------------------- | § | |

---

[1] The Debtors in these ~~e~~Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); ~~SSB~~Serta Simmons Bedding Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); ~~SSB~~Serta Simmons Bedding Hospitality, LLC (2016); ~~SSB~~Serta Simmons Bedding Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); ~~SSB~~Serta Simmons Bedding Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

| | | |
|---|---|---|
| **SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, AND BARINGS LLC,** | § § § § § § | **Adversary Proc. No. 23-09001 (DRJ)** |
| **Plaintiffs,** | § § § | |
| **v.** | § § § | |
| **AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013-III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § § | |

**ORDER (I) SCHEDULING CERTAIN HEARING DATES AND DEADLINES, (II) ESTABLISHING**

2

**CERTAIN PROTOCOLS IN CONNECTION WITH**
**SUCH HEARINGS, AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated January 23, 2023 (the "**Motion**")[2] of Serta Simmons Bedding, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3020, 9006, 9013, and 9014, and the Complex Case Procedures (i) approving the Confirmation Schedule (as defined herein) and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The following dates and deadlines in connection with the Disclosure Statement, Plan, ~~and~~the Adversary Proceeding bearing case number 23-09001 (the "**DJ Adversary Proceeding**"), and the Adversary Proceeding bearing case number 23-03007 (the "**Stay Extension Adversary Proceeding**" and, together with the DJ Adversary Proceeding, the "**Adversary Proceedings**") are hereby approved (the "**Confirmation Schedule**") ~~are hereby approved~~:

| Date | Event |
|---|---|
| ~~January 31~~February 17, 2023 | **Deadline ~~to Serve Interrogatories, Requests for Admission and Requests for Production in Adversary Proceeding.~~ ~~The date on which the~~for Summary Judgment Opening Briefs.** The deadline by which parties to the DJ Adversary Proceeding ~~(the "**Adversary Parties**")~~ must serve ~~interrogatories, requests for admission, and requests for production in connection with the~~must file and serve any opening brief in support of a motion for summary judgment in the DJ Adversary Proceeding. |
| ~~February 14~~March 10, 2023 | **Deadline for ~~Written Responses and Objections to Document Requests, Interrogatories and Requests for Admission in Adversary Proceeding~~Opposition to Motion for Summary Judgment.** The deadline by which ~~the Adversary Parties must serve written responses and objections to document requests, interrogatories and requests for admission in connection with the~~parties to the DJ Adversary Proceeding must file and serve any response brief in opposition to another party's motion for summary judgment in the DJ Adversary Proceeding. |
| ~~February 22~~March 16, 2023 | **Deadline to File Opposition Brief in Response to Motion for the Automatic Stay.** The deadline by which the defendants in the Stay Extension Adversary Proceeding must file and serve any response brief in opposition to the Motion for the Automatic Stay.~~Adversary Proceeding Answer Deadline.~~ ~~The date on which defendants in the Adversary Proceeding must file and serve answers to the Adversary Complaint.~~ <br><br> ~~**Notices of Deposition.** The date on which the Adversary Parties and Participating Parties may begin serving notices of depositions, including notices under Fed. R. Civ. P. 30(b)(6), in connection with the Adversary Proceeding or Confirmation Proceedings.~~ |
| ~~March 1, 2023~~ | ~~**Substantial Completion of Document Production.** The date on which the production of documents requested (and not objected to) shall be substantially completed in the Adversary Proceeding and Confirmation Proceedings.~~ |

4

| Date | Event |
|---|---|
| **March 8, 2023** | **Commencement of Fact Witness Depositions.** The date on which depositions of fact witnesses may begin in the Adversary Proceeding and Confirmation Proceedings.<br><br>**Service of Privilege Logs.** The date on which service of privilege logs shall be completed. |
| March **1417**, 2023 | **Deadline for Reply to Opposition to Motion for Summary Judgment.** The deadline by which the parties in the DJ Adversary Proceeding must file and serve any reply brief to any brief in opposition to another party's motion for summary judgment in the DJ Adversary Action.<br><br>Disclosure Statement Objection Deadline. The deadline by which any objections to the Disclosure Statement must be filed with the Court. |
| **March 23, 2023** | **Disclosure Statement Hearing.** The ~~proposed~~ date to commence the Disclosure Statement Hearing.<br><br>**Summary Judgment Hearing.** The proposed date for the hearing to address the parties' motions for summary judgment in the DJ Adversary Proceeding, if any. |
| **Mach 24, 2023** | **Deadline to Complete Fact Discovery.** The deadline by which all fact discovery in connection with the Adversary Proceeding and Confirmation Proceedings shall be complete. |
| **April 7, 2023** | **Production of Expert Reports.** The date on which the Adversary Parties and Participating Parties shall engage in the simultaneous exchange of reports prepared by expert witnesses, if any.[3] |
| **April 9, 2023** | **Commencement of Expert Witness Depositions.** The date on which depositions of expert witnesses, if any, may begin in the Adversary Proceeding and the Confirmation Proceedings. |
| **April 19, 2023** | **Production of Rebuttal Expert Reports.** The date on which the Adversary Parties and Participating Parties shall engage in the simultaneous exchange of disclosures prepared by the rebuttal expert witnesses, if any. |
| **April 26March 27**, 2023 | **Deadline to Exchange Adversary Proceeding Witness and Exhibit Listsfor Reply In Support of Motion for the Automatic Stay.** The deadline by which the Adversary Parties must simultaneously exchange a list of witnesses and exhibits in connection with the hearing to consider the relief requested in the Adversary Complaint (the "plaintiffs in the Stay Extension Adversary Proceeding **Hearing**")must file and serve any reply brief regarding the Motion for the Automatic Stay. |

[3] All expert reports, including rebuttal reports, produced in these chapter 11 cases must satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B). Within three (3) business days of the service of any expert report, the serving Adversary Party must produce copies of any documents or data that were (a) relied on by the witness in forming his or her opinions and (b) have not already been produced in this case.

5

| Date | Event |
|---|---|
| **April 28March 30**, 2023 | **Hearing on Motion for Stay.** The proposed date for a hearing on the relief requested in the Motion for the Automatic Stay. **Confirmation Objection Deadline.** The deadline by which objections to confirmation of the Plan must be filed with the Court.<br><br>**Deadline to Complete Expert Witness Discovery.** The deadline by which all expert witness discovery in connection with the Adversary Proceeding and Confirmation Proceedings shall be complete.<br><br>**Deadline to Exchange Adversary Proceeding Deposition Designation Lists.** The deadline by which the Adversary Parties must simultaneously exchange a list of deposition designations. |
| **May 1April 2**, 2023 | **Temporary Stay.** End of temporary stay issued by Judge Jones. **Final Adversary Proceeding Pretrial Conference.** The date on which the Adversary Parties shall, subject to the Court's availability, participate in a final pretrial conference setting the parameters for the Adversary Proceeding Hearing and any other outstanding issues.<br><br>**Motion in Limine Deadline.** The deadline by which the Adversary Parties and Participating Parties must file any motions in limine. |
| **May 3, 2023** | **Deadline for Exchange of Objections to Exhibits.** The deadline by which the Adversary Parties must simultaneously exchange objections to exhibits in connection with the Adversary Proceeding Hearing.<br><br>**Deadline for Exchange of Adversary Proceeding Counter-Designations and Objections to Designations.** The deadline by which the Adversary Parties must exchange counter-designations and objections to deposition designations in connection with the Adversary Proceeding. |
| **May 41**, 2023 | **Adversary Proceeding Pretrial BriefConfirmation Objection Deadline.** The deadline by which the Adversary Parties objections to confirmation of the Plan must be filed and serve any pretrial brief in connection with the Adversary Proceeding Hearing.<br><br>Court.   **Deadline to Exchange and File Final Adversary Proceeding Witness and Exhibit Lists.** The deadline by which the Adversary Parties must simultaneously exchange and file with the Court a final list of witnesses and exhibits in connection with the Adversary Proceeding Hearing ("**Final Witness and Exhibit List**").[4] |

---

[4]   The Final Witness and Exhibit List shall identify all witnesses, excluding rebuttal witnesses, that each Adversary Party will call or may call at the Adversary Proceeding Hearing and shall provide a brief summary of each witness' anticipated testimony.  It must also identify all exhibits that the Adversary Party intends to introduce at the Adversary Proceeding Hearing, other than those to be used solely for impeachment or rebuttal.

| Date | Event |
|---|---|
| **May 5, 2023** | **Deadline for Briefs in Support of Confirmation (Including the Debtors' Confirmation Brief).** The deadline by which any brief in support of the Plan must be filed with the Court.  The Debtors' brief in support of the Plan shall address the confirmation requirements under section 1129 of the Bankruptcy Code and any responses to objections. |
| | ~~Opposition to Motions in Limine Deadline.~~ ~~The deadline by which the Adversary Parties and Participating Parties must file oppositions to any motions in limine.~~ |
| **May 8, 2023** | **Confirmation Hearing.** The ~~proposed~~ date to commence the Confirmation Hearing. |
| | ~~Adversary Proceeding Hearing.~~ ~~The proposed date to commence the Adversary Proceeding Hearing.~~ |

2.      Failure to comply with any of the dates or deadlines set forth in the above Confirmation Schedule shall be a waiver of the applicable event by the non-complying party. The Debtors may, in their sole discretion, agree with any party to waive or modify any of the dates or deadlines set forth in the Confirmation Schedule.

3.      Notwithstanding anything to the contrary herein, the Disclosure Statement Hearing, or Confirmation ~~Hearing, or Adversary Proceeding~~ Hearing may be continued from time to time by the Debtors or the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in these chapter 11 cases. The adjourned hearing date or dates will be available on the electronic case filing docket.

~~4. Any Party in Interest that intends to participate in discovery in connection with the Confirmation Proceedings must file with the Court a notice indicating such intent (a "**Notice of Intent**") at any time prior to the close of the Confirmation Proceedings.  Only a Party in Interest who files a Notice of Intent, to which the Court does not sustain an objection, may take part in discovery with respect to the Confirmation Proceedings (each such Party in Interest, a "**Participating Party**").   The Participating Parties shall include: (i) the Debtors; (ii) the~~

7

Consenting Creditors; (iii) the United States Trustee for Region 7 (the "**U.S. Trustee**"); (iv) the counsel to any statutory committee appointed by the U.S. Trustee; and (v) the Adversary Parties, in each case, without the need to file a Notice of Intent.  Each Participating Party must comply with all dates and deadlines set forth in the Scheduling Order and no party shall be permitted to reopen any deadline that has already passed prior to the Participating Party's filing of a Notice of Intent.

4.    5. The Confirmation Schedule and Protocols shall govern approval of the Disclosure Statement, confirmation of the Plan, and adjudication of the Adversary Proceedings, and all discovery related thereto.  Nothing set forth herein or in the Motion shall be deemed to impair the ability of the Debtors to seek Court approval of other dates and deadlines with respect to the Disclosure Statement Hearing, Confirmation Hearing, DJ Adversary Proceeding, or related proceedings.

6. **Depositions.**  An Adversary Party or Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than five fact witness depositions taken by each side in the Adversary Proceeding or Confirmation Proceedings; or (b) a witness being deposed more than once in their individual capacity in either Proceeding.  No deposition shall exceed more than seven hours and each witness produced in response to a Fed. R. Civ. P. 30(b)(6) deposition notice will be treated as a separate deponent. The parties reserve their rights to depose any trial witness identified who has not been previously deposed.

7. **Expert Testimony.**  No witness shall be allowed to give expert testimony in the Proceedings without submitting a report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) and sitting for deposition by any Adversary Party or Proceeding Party, as applicable,

8

challenging such report.  The limitations on expert discovery under Fed. R. Civ. P. 26(b)(4) shall apply.

8. **Discovery Disputes.**  Discovery disputes that cannot be resolved by the parties thereto shall be submitted to the Court on letter briefs and, (i) if in connection with the Adversary Proceeding, on notice to all Adversary Parties, or (ii) if in connection with the Confirmation Proceedings, to any Participating Party that is directly and adversely affected by such dispute.  No letter brief shall exceed five single-spaced pages and opposition letters shall be filed and served within three business days after service of any moving letter brief.

5. 9. **Amendments and Modifications.**  Other than as provided herein, the Debtors may amend or modify the terms of this Order, subject to the Court's availability and, in agreement with any Adversary Pparty or Participating Party directly and adversely affected by the amendment or modification, without further order by the Court upon filing written notice of such amendment or modification with the Court or by the Court for good cause shown.

10. **Service.**  The Adversary Parties shall serve all discovery requests, written responses, and other papers that are not filed in connection with the Adversary Proceeding by e-mail on all other Adversary Parties.  The Participating Parties shall serve all discovery requests, written responses, and other papers that are not filed in connection with the Confirmation Proceeding by e-mail on the Participating Parties that are directly affected by such papers.  If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt.

6. 11. **Time Periods**.  All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. 12. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an

9

implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or lien, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to the Motion, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8.     13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     14. The Debtors are authorized to take all action necessary or appropriate to carry out the relief granted in this Order.

10.     15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
          Houston, Texas

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 2/1/2023 11:02:52 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WEILDMS/WEIL/98991714/3 | |
| **Modified DMS:** iw://WEILDMS/WEIL/98991714/12 | |
| **Changes:** | |
| Add | 79 |
| Delete | 78 |
| Move From | 4 |
| Move To | 4 |
| Table Insert | 2 |
| Table Delete | 7 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 174 |