IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SERTA SIMMONS BEDDING, LLC, *et al.*, | § § § | Case No. 23-90020 (DRJ) |
| | § | |
| Debtors.[1] | § § | (Jointly Administered) |
| ------------------------------------------------- | § § | Re: Docket Nos. 24, 137 |
| SERTA SIMMONS BEDDING, LLC, SERTA SIMMONS BEDDING MANUFACTURING COMPANY, AND NATIONAL BEDDING COMPANY, LLC | § § § § § § | Adversary Proc. No. 23-03007 (DRJ) |
| Plaintiffs, | § § | |
| v. | § § | |
| THOSE PARTIES LISTED IN APPENDIX A TO COMPLAINT, | § § § § | |
| Defendants. | § § | |
| ------------------------------------------------- | § | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); Serta Simmons Bedding Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); Serta Simmons Bedding Hospitality, LLC (2016); Serta Simmons Bedding Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); Serta Simmons Bedding Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

| | |
|---|---|
| **SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, AND BARINGS LLC,** § § § § § § § **Plaintiffs,** § § v. § § **AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013-III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD.** § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § **Defendants.** § | **Adversary Proc. No. 23-09001 (DRJ)** |

2

**ORDER (I) SCHEDULING CERTAIN HEARING
DATES AND DEADLINES, (II) ESTABLISHING
CERTAIN PROTOCOLS IN CONNECTION WITH
SUCH HEARINGS, AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated January 23, 2023 (the "**Motion**")[2] of Serta Simmons Bedding, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3020, 9006, 9013, and 9014, and the Complex Case Procedures (i) approving the Confirmation Schedule (as defined herein) and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The following dates and deadlines in connection with the Disclosure Statement, Plan, the Adversary Proceeding bearing case number 23-09001 (the "**DJ Adversary Proceeding**"), and the Adversary Proceeding bearing case number 23-03007 (the "**Stay Extension Adversary Proceeding**" and, together with the DJ Adversary Proceeding, the "**Adversary Proceedings**") are hereby approved (the "**Confirmation Schedule**"):

| Date | Event |
|---|---|
| February 24, 2023 | **Deadline for Summary Judgment Opening Briefs.** The deadline by which parties to the DJ Adversary Proceeding must file and serve any opening brief in support of a motion for summary judgment in the DJ Adversary Proceeding.<br><br>**Deadline to File Opposition Brief in Response to Motion for the Automatic Stay.** The deadline by which the defendants in the Stay Extension Adversary Proceeding must file and serve any response brief in opposition to the Motion for the Automatic Stay. |
| March 6, 2023 | **Deadline for Reply In Support of Motion for the Automatic Stay.** The deadline by which the plaintiffs in the Stay Extension Adversary Proceeding must file and serve any reply brief regarding the Motion for the Automatic Stay. |
| March 13, 2023 | **Hearing on Motion for Stay (2:00 p.m. (Central Time)).** The date for the hearing on the relief requested in the Motion for the Automatic Stay.<br><br>**Temporary Stay (11:59 p.m. (Central Time)).** End of temporary stay issued by Judge Jones. |
| March 16, 2023 | **Deadline for Opposition to Motion for Summary Judgment.** The deadline by which parties to the DJ Adversary Proceeding must file and serve any response papers in opposition to another party's motion for summary judgment in the DJ Adversary Proceeding. |
| March 17, 2023 | **Disclosure Statement Objection Deadline.** The deadline by which any objections to the Disclosure Statement must be filed with the Court. |
| March 23, 2023 | **Disclosure Statement Hearing (9:00 a.m. (Central Time)).** The date to commence the Disclosure Statement Hearing. |

4

| Date | Event |
|---|---|
| **March 24, 2023** | **Deadline for Reply to Opposition to Motion for Summary Judgment.** The deadline by which the parties in the DJ Adversary Proceeding must file and serve any reply papers in support of a motion for summary judgment in the DJ Adversary Proceeding. |
| **March 28, 2023** | **Summary Judgment Hearing (9:00 a.m. (Central Time)).** The proposed date for the hearing to address the parties' motions for summary judgment in the DJ Adversary Proceeding, if any. |
| **May 1, 2023** | **Confirmation Objection Deadline.** The deadline by which objections to confirmation of the Plan must be filed with the Court. |
| **May 5, 2023** | **Deadline for Briefs in Support of Confirmation (Including the Debtors' Confirmation Brief).** The deadline by which any brief in support of the Plan must be filed with the Court. The Debtors' brief in support of the Plan shall address the confirmation requirements under section 1129 of the Bankruptcy Code and any responses to objections. |
| **May 8, 2023** | **Confirmation Hearing (9:00 a.m. (Central Time)).** The date to commence the Confirmation Hearing. |

2. Failure to comply with any of the dates or deadlines set forth in the above Confirmation Schedule shall be a waiver of the applicable event by the non-complying party. The Debtors may, in their sole discretion, agree with any party to waive or modify any of the dates or deadlines set forth in the Confirmation Schedule by stipulation among the relevant parties or order of the Court.

3. Notwithstanding anything to the contrary herein, the Disclosure Statement Hearing or Confirmation Hearing may be continued from time to time by the Debtors or the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in these chapter 11 cases. The adjourned hearing date or dates will be available on the electronic case filing docket.

4. The Confirmation Schedule shall govern approval of the Disclosure Statement, confirmation of the Plan, and adjudication of the Adversary Proceedings. Nothing set

forth herein or in the Motion shall be deemed to impair the ability of the Debtors to seek Court approval of other dates and deadlines with respect to the Disclosure Statement Hearing, Confirmation Hearing, DJ Adversary Proceeding, or related proceedings.

5. **Amendments and Modifications.** Other than as provided herein, the Debtors may amend or modify the terms of this Order, subject to the Court's availability and, in agreement with any party directly and adversely affected by the amendment or modification, without further order by the Court upon filing written notice of such amendment or modification with the Court or by the Court for good cause shown.

6. **Time Periods**. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or lien, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens satisfied pursuant to the Motion, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all action necessary or appropriate to carry out the relief granted in this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
       Houston, Texas

                                      **DAVID R. JONES**
                                      **UNITED STATES BANKRUPTCY JUDGE**