IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| **SERTA SIMMONS BEDDING, LLC,** § | | Case No. 23-90020 |
| *et al.*, § | | |
| § | | |
| Debtors.[1] § | | (Jointly Administered) |
| § | | |
| ------------------------------------------------------- § | | |
| § | | |
| **SERTA SIMMONS BEDDING, LLC,** § | | Adversary Proc. No. 23-09001 |
| *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | | |
| **AG CENTRE STREET PARTNERSHIP** § | | |
| **L.P.,** *et al.*, § | | |
| § | | |
| Defendants. § | | |
| ------------------------------------------------------- § | | |

## ORDER GRANTING SUMMARY JUDGMENT

Upon the motion filed by Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**") and its debtor affiliates in the above-captioned chapter 11 cases, and the motion filed by Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Eaton Vance Management, Boston Management and Research, and Barings, LLC (together with Serta

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

Simmons Bedding, the "**Plaintiffs**"), dated February 24, 2023 (the "**Motions**"), for summary judgment in the above-captioned adversary proceeding on their claim for a declaratory judgment as more fully set forth in the Motions; and upon consideration of Serta Simmons Bedding's Statement of Uncontroverted Facts in Support of Its Motion for Summary Judgment (the "**SUF**"); and this Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motions and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motions; and the Court having held a hearing to consider the relief requested in the Motions (the "**Hearing**"); and all objections, if any, to the Motions having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motions and the SUF establish that no issues of material fact preclude summary judgment and that Plaintiffs have established an entitlement to relief pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056; and upon the record of the Hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**

      1.     Plaintiffs' Motions are **GRANTED**. Plaintiffs are entitled to a declaration that the recapitalization transaction that Serta Simmons Bedding entered into in 2020 (the "**Transaction**") was permitted under the term loan agreement dated November 8, 2016 among Serta Simmons Bedding and several lenders (the "**Term Loan Agreement**"); that Serta Simmons Bedding and a majority of its lenders did not violate the covenant of good faith and fair dealing by

entering into the Transaction; and that defendant North Star Debt Holdings, L.P. and its affiliate Apollo Global Management, Inc. are Disqualified Institutions, as that term is defined under the Term Loan Agreement, and therefore not allowed to hold first lien term loans.  Summary judgment is also **GRANTED** in favor of Plaintiffs on defendants' counterclaims.

        2.        The Court finds that a substantial controversy exists between the parties and hereby exercises its discretion under the Declaratory Judgment Act to enter judgment in Plaintiffs' favor as stated in Paragraph 1 of this Order.

        3.        This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023

    Houston, Texas

 

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**