# Exhibit 23

Fill in this information to identify the case:

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

❑ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Serta Simmons Bedding, LLC | |

| | | | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | N/A | |
| | Include any assumed names, trade names, and *doing business as* names | | |

| | | | |
|---|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 01-0931874 | |

4. **Debtor's address**

**Principal place of business**

| 2451 | Industry Avenue |
|---|---|
| Number | Street |

| Doraville | Georgia | 30360 |
|---|---|---|
| City | State | ZIP Code |

| DeKalb |
|---|
| County |

**Mailing address, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| |
|---|
| P.O. Box |

| | | |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

5. **Debtor's website** (URL)   https://www.sertasimmons.com

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor    Serta Simmons Bedding, LLC      Case number (if known)   23-____ ( )
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>4232 – Furniture and Home Furnishing Merchant Wholesalers</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor who is a § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes   District _____   When _____   Case number _____
                        MM/ DD/ YYYY

         District _____   When _____   Case number _____
                        MM / DD/ YYYY

Debtor    Serta Simmons Bedding, LLC                                    Case number (if known)    23-____ ( )
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes    Debtor    See Schedule 1              Relationship    See Schedule 1

List all cases. If more than 1, attach a separate list.

District    Southern District of Texas        When    January 23, 2023

Case number, if known    _____        MM / DD / YYYY

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____

Number            Street

_____

City            State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency    _____

Contact Name    _____

Phone    _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,000-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | Serta Simmons Bedding, LLC | Case number (if known) | 23- ( ) |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| (on a consolidated basis with all affiliated debtors) | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| (on a consolidated basis with all affiliated debtors) | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   January 23, 2023
                    MM / DD/ YYYY

✗   /s/ John Linker                                          John Linker
Signature of authorized representative of          Printed name
debtor

Chief Financial Officer, Treasurer and Assistant Secretary
Title

**18. Signature of attorney**

✗   /s/ Gabriel A. Morgan                          Date   January 23, 2023
Signature of attorney for debtor                              MM / DD / YYYY

Gabriel A. Morgan                                          Ray C. Schrock
Printed Name

Weil, Gotshal & Manges LLP                          Weil, Gotshal & Manges LLP
Firm Name

700 Louisiana Street, Suite 1700                   767 Fifth Avenue
Address

Houston, Texas 77002                                    New York, New York 10153
City/State/Zip

(713) 546-5000                                             (212) 310-8000
Contact Phone

Gabriel.Morgan@weil.com                            Ray.Schrock@weil.com
Email Address

24125891                      Texas
Bar Number                    State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Serta Simmons Bedding, LLC.

| COMPANY |
|---|
| SSB Manufacturing Company |
| Dawn Intermediate, LLC |
| Serta Simmons Bedding, LLC |
| Serta International Holdco, LLC |
| National Bedding Company L.L.C. |
| The Simmons Manufacturing Co., LLC |
| Dreamwell, Ltd. |
| SSB Hospitality, LLC |
| SSB Logistics, LLC |
| Simmons Bedding Company, LLC |
| Tuft & Needle, LLC |
| Tomorrow Sleep LLC |
| SSB Retail, LLC |
| World of Sleep Outlets, LLC |

**OMNIBUS ACTION BY
WRITTEN CONSENT
OF THE
GOVERNING BODIES OF
THE ENTITIES**

**January 23, 2023**

        **WHEREAS**, the undersigned, being all of the members of the board of directors, all of the members of the board of managers, the managing member or the sole member, as the case may be (in each case, the "**Governing Body**" and collectively, the "**Governing Bodies**"), of each of the entities specified on the signature pages hereto (each, an "**Entity**" and collectively, the "**Entities**") do hereby consent to, adopt, and approve by unanimous written consent the following resolutions in accordance with applicable law and the relevant provisions of the respective governing documents of the applicable Entity, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body;

        **WHEREAS**, each Entity is a direct or indirect wholly-owned subsidiary of Dawn Intermediate, LLC, a Delaware Limited Liability Company ("**Dawn**" and, together with the Entities, the "**Company**");

        **WHEREAS**, the Company, with the assistance of legal and financial advisors, has been conducting a review of strategic alternatives;

        **WHEREAS**, the Board of Managers (the "**Board**") of Dawn previously delegated to a committee of two (2) independent members of the Board (the "**Finance Committee**"), certain responsibilities, powers, and authority to, among other things, consider, evaluate, make recommendations, and provide approval on behalf of the Board with respect to various strategic alternatives for the Company and its subsidiaries, including with respect to a potential restructuring of the Company's indebtedness and any related actions that the Finance Committee considers necessary or desirable to carry out its mandate;

        **WHEREAS**, each Governing Body has reviewed and has had the opportunity to review and analyze the liabilities and liquidity of such Entity and their respective subsidiaries, the strategic alternatives available to such Entity, and the impact of the foregoing on such Entity's business;

        **WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the applicable Entity to fully consider, and have considered, the strategic alternatives available to such Entity; and

        **WHEREAS**, each Governing Body believes that taking the actions set forth below are in the best interests of the applicable Entity and, therefore, desires to adopt, authorize, and approve the following resolutions:

## I.    Commencement of the Chapter 11 Cases

RESOLVED, each Governing Body has determined, after due consultation with the management and the legal and financial advisors of the applicable Entity, that it is desirable and in the best interests of such Entity, its creditors, and other parties in interest that a petition be filed by such Entity seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

RESOLVED, that Shelley Huff, as Chief Executive Officer of Serta Simmons Bedding, LLC, John Linker, as Chief Financial Officer of Serta Simmons Bedding, LLC, Kristen McGuffey, as Chief Legal Officer and Secretary of Serta Simmons Bedding, LLC, and any other manager, member, officer, or director of any Entity (with respect to each Entity and/or the Company, each such person, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, deliver and file with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices, and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name of and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 cases (collectively, the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.    Restructuring Support Agreement

RESOLVED, that in connection with each Entity's Chapter 11 Case, the Governing Body of such Entity has determined that it is in the best interests of such Entity to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to such Governing Body; and be it further

RESOLVED, that the form, terms and provisions of the Restructuring Support Agreement, together with the Plan annexed thereto (the "**Plan**") and the execution, delivery and

performance thereof and the consummation of the transactions contemplated thereunder by such Entity are hereby authorized, approved, and declared advisable and in the best interest of such Entity, with such changes therein and additions thereto as Authorized Person executing the same may in their discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

        **RESOLVED,** that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Entity, to cause such Entity to deliver, certify, file and/or record, the Restructuring Support Agreement, including the Plan attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Disclosure Statement previously provided to each Governing Body; and be it further

## III.   <u>Debtor-in-Possession Financing</u>

        **RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) in the case of Serta Simmons Bedding, LLC, a Delaware limited liability company (the "**Top Borrower**"), National Bedding Company L.L.C., an Illinois limited liability company ("**National Bedding**"), and SSB Manufacturing Company, a Delaware Corporation ("**SSB Manufacturing**," and together with National Bedding and the Top Borrower, the "**Borrowers**"), to enter into and obtain loans, (ii) in the case of the Guarantors (as defined below), to guarantee the Borrowers' obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the Borrowers and the Guarantors, to consummate the transactions under that certain *Senior Secured Super-Priority Debtor-in-Possession ABL Credit Agreement* (the "**DIP Credit Agreement**"; capitalized terms used in this section with respect to the debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement) consisting of a senior superpriority asset-based revolving credit facility in an aggregate principal amount of up to $125,000,000, with up to $10,000,000 of the DIP Facility available for the issuance of letters of credit, by and among, the Borrowers, the other Loan Parties (the "**Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and Eclipse Business Capital LLC, as administrative agent and collateral agent for the Lenders (in such capacity and together with its successors, the "**Agent**"), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

        **RESOLVED**, that the terms and provisions of and the execution and delivery of the DIP Credit Agreement and the Additional DIP Financing Documents by each Entity that is party thereto and the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of the Borrowers, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of the Loan Guarantors, the guaranty of the Obligations thereunder as provided in the Loan Guaranty, (iii) the grant of a security interest in and liens upon substantially all of such Entity's assets in favor of the Secured Parties with respect to the Obligations under the DIP Credit Agreement (including the authorization of financing statements in connection with liens) and (iv) the terms and provisions of and the execution, delivery and performance of all other agreements, security, guarantee or collateral documents, intercreditor agreements, reaffirmation agreements, promissory notes, instruments, account control agreements, documents, notices, certificates and/or all other related documents constituting exhibits to the DIP Credit Agreement or that may be

required, necessary, convenient, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements and including without limitation (i) any Intellectual Property Security Agreement, (ii) the Security Agreement, (iii) the Loan Guaranty, (iv) the joinder to the ABL Intercreditor Agreement, (v) any Blocked Account Agreement, (vi) any Collateral Access Agreement, (vii) all other agreements or documents to which any Entity is a party that are necessary, convenient, appropriate, desirable or advisable to consummate the transactions contemplated by the DIP Credit Agreement and/or any other Loan Document and (viii) all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Credit Agreement or any Loan Document (each an "**Additional DIP Financing Document**" and collectively, the "**Additional DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any officer of such Entity (each an "**Authorized Person**"), who may act without the joinder of any other Authorized Person, is hereby severally authorized, empowered and directed, in the name and on behalf of such Entity, to execute and deliver (a) the DIP Credit Agreement and (b) each Additional DIP Financing Document to which such Entity is a party, with such changes therein and additions thereto as any such Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such Additional DIP Financing Documents with any changes thereto by the relevant Authorized Person to be conclusive evidence that such Authorized Person deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement and the joinder to the ABL Intercreditor Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Cases, substantially in the form presented to the Governing Body and (ii) any and all of the other DIP Financing Documents, agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that the signature of any Authorized Person of any Entity to (i) the DIP Credit Agreement and (ii) any Additional DIP Financing Document to which such Entity is a party shall be conclusive evidence of the authority of such Authorized Person to execute and deliver the DIP Credit Agreement and/or such Additional DIP Financing Documents to which such Entity is a party; and be it further

**RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, is hereby severally authorized, in the name of and on behalf of such Entity, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument or document (including any mortgage, financing statement and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Credit Agreement and/or any Additional DIP Financing Document to which such Entity is a party, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes and other amounts

incurred by such Entity as any such Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, desirable or advisable (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard) in order to effect the transactions contemplated under the DIP Credit Agreement and any Additional DIP Financing Document to which such Entity is a party, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects; and be it further

        **RESOLVED**, that each Authorized Person of each Entity, who may act without the joinder of any other Authorized Person, be, and hereby is, severally authorized, in the name and on behalf of such Entity, to prepare any amendment, waiver and/or consent under the DIP Credit Agreement and/or any Additional DIP Financing Document to which such Entity is a party as may be necessary, convenient, appropriate, desirable or advisable at any time or from time to time, which amendment, waiver and/or consent may provide for modification or relief under the DIP Credit Agreement and/or any Additional DIP Financing Document to which such Entity is a party and may require consent payments, fees or other amounts payable in connection therewith, and that each Authorized Person of each Entity be, and hereby is, authorized, in the name and on behalf of such Entity, to execute and deliver such amendments, waivers or consents under the DIP Credit Agreement and/or any Additional DIP Financing Document to which such Entity is a party as such Authorized Person shall deem to be necessary, convenient, appropriate, desirable or advisable, such execution and delivery by such Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity, convenience, appropriateness, desirability or advisability thereof; and be it further

        **RESOLVED**, that any person dealing with any Authorized Person of any Entity in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of such Entity enforceable in accordance with their terms; and be it further

        **RESOLVED**, that the Governing Body of each Entity hereby authorizes any current and/or future subsidiary of such Entity, to the extent applicable, to execute any agreement and/or document as may be contemplated by the DIP Credit Agreement and/or any Additional DIP Financing Document to which such Entity is a party, and be it further

## IV.    <u>Exit Commitment Letter</u>

        **RESOLVED**, that in connection with the Chapter 11 Cases, (i) it is in the best interests of the Top Borrower to enter into that certain Commitment Letter, dated on or about the date hereof, by Eclipse and accepted and agreed by the Top Borrower (the "**Commitment Letter**") and (ii) each Entity and its affiliates will obtain benefits from the commitment by Eclipse to provide an asset-based revolving credit facility upon the conclusion of the Chapter 11 Cases in an aggregate principal amount of up to $125,000,000, with up to $10,000,000 of the exit Facility available for the issuance of letters of credit on the terms and conditions set forth in Annex A to the Commitment Letter; and be it further

RESOLVED, that the terms and provisions of and the execution and delivery of the Commitment Letter by the Top Borrower and the consummation by the Top Borrower of the transactions contemplated thereunder are hereby authorized and approved in all respects, and any Authorized Person of the Top Borrower, is hereby severally authorized, empowered and directed, in the name and on behalf of the Top Borrower, to execute and deliver the Commitment Letter; and be it further

## V. Retention of Advisors

RESOLVED, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Entity, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of such Entity, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Evercore Group L.L.C., located at 55 East 52nd Street, New York, New York 10055, is hereby retained as investment banker for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of FTI Consulting, Inc., located at 227 West Monroe Street, Suite 900, Chicago, Illinois 60606, is hereby retained as financial advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Epiq Corporate Restructuring, LLC located at 777 Third Avenue, New York, New York 10017, is hereby retained as claims, noticing and solicitation agent for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of PricewaterhouseCoopers LLP, located at 191 Peachtree Street, Suite 2000, Atlanta, Georgia 30303, is hereby retained as audit and tax services advisor for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Entity, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with

the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## VI.  **"First Day" Declarant**

RESOLVED, that in light of the familiarity and experience of Mr. John Linker ("**Mr. Linker**") with the Company, its day-to-day operations, business and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and the Company's negotiations with its key stakeholders to date, each Governing Body has determined it is appropriate and in the best interest of the Company to authorize Mr. Linker to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "**First Day Relief**") to be filed in connection with commencement of the Chapter 11 Cases; and be it further

RESOLVED, that Mr. Linker is hereby authorized and empowered, on behalf of each Entity, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and further authorizes and empowers Mr. Linker to act as signatory on the Plan, Disclosure Statement, Restructuring Support Agreement, and DIP Credit Agreement, and to engage in negotiations with the Company's key stakeholders and to make the Company's determination regarding the need for First Day Relief; and be it further

## VII.  **General Authorization and Ratification**

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of such Entity, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required, (ii) the execution, delivery, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in their sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the applicable Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Entity; and be it further

RESOLVED, that the Secretary of each Entity is authorized to place a copy of this consent in the official records of each Entity to document the actions set forth herein as actions taken by the applicable Governing Body of such Entity; and be it further

7

**RESOLVED**, that this written consent may be executed in multiple counterparts (including by facsimile, electronic transmission (including ".pdf" or ".tiff") or otherwise), each of which shall be considered an original and all of which shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the undersigned being the Governing Body of each Entity hereafter listed, has executed this written consent as of the date first set forth above.

BOARD OF DIRECTORS OF
SSB MANUFACTURING COMPANY

_____
John Linker

_____
Kristen McGuffey

_____
Michael Doggett

**DAWN INTERMEDIATE, LLC**
as the managing member of Serta Simmons
Bedding, LLC

By:
Name: Kristen McGuffey
Title: Chief Legal Officer and Secretary

**SERTA SIMMONS BEDDING, LLC**
as the sole member or managing member, as applicable, of (i) Serta International Holdco, LLC, (ii) Simmons Bedding Company, LLC, (iii) Tuft & Needle, LLC, and (iv) SSB Retail, LLC

By: _____

Name:   Kristen McGuffey

Title:   Chief Legal Officer and Secretary

**SERTA INTERNATIONAL HOLDCO, LLC**
as the managing member of National Bedding Company L.L.C.


By: _____
Name:   Kristen McGuffey
Title:    Chief Legal Officer and Secretary

**SSB MANUFACTURING COMPANY**
as the sole member of (i) The Simmons
Manufacturing Co., LLC, (ii) SSB
Hospitality, LLC, and (iii) SSB Logistics,
LLC


By:                        
Name:   Kristen McGuffey
Title:    Chief Legal Officer and Secretary

**BOARD OF DIRECTORS OF
DREAMWELL, LTD.**

_____
John Linder

_____
Kristen McGuffey

_____
M. Todd Mitchem

BOARD OF MANAGERS OF
TOMORROW SLEEP LLC

_____
John Linker

_____
Kristen McGuffey

_____
Michael Doggett

**SSB RETAIL, LLC**
as the sole member of World of Sleep
Outlets, LLC

By: _____
Name:   Kristen McGuffey
Title:    Chief Legal Officer and Secretary

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:  Serta Simmons Bedding, LLC

United States Bankruptcy Court for the Southern District of Texas
                                                        (State)

Case number (If known):        23-_____  ( )

☐ Check if this is an
   amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Leggett & Platt<br>Attn.: Joe Lyon<br>1910 Air Lane Drive<br>Nashville, Tennessee 37210-3810 | Attn.: Joe Lyon<br>Phone: (417) 850-2533<br>Email: joe.lyon@leggett.com | Trade Vendor | | | | $17,398,045.90 |
| 2  Ergomotion<br>Attn.: Johnny Griggs<br>P.O. Box 8330<br>Santa Barbara, California 93118 | Attn.: Johnny Griggs<br>Phone: (805) 403-7002<br>Email: jg@ergomotion.com | Trade Vendor | | | | $7,979,721.57 |
| 3  FXI<br>Attn.: Corey Henige<br>19635 78th Avenue South<br>Kent, Washington 98032 | Attn.: Corey Henige<br>Phone: (908) 309-1039<br>Email: chenige@fxi.com | Trade Vendor | | | | $6,992,025.87 |
| 4  C.H. Robinson Worldwide Inc.<br>Attn.: Aaron Jefford<br>14701 Charlson Road, Suite 1400<br>Eden Prairie, Minnesota 55347 | Attn.: Aaron Jefford<br>Phone: (814) 730-2499<br>Email: ssb@chrobinson.com | Trade Vendor | | | | $6,431,400.00 |
| 5  Sinomax USA, Inc.<br>Attn.: Kathy Walsh<br>3151 Briarpark Drive, Suite 1220<br>Houston, Texas 77042 | Attn.: Kathy Walsh<br>Phone: (312) 953-3498<br>Email: kathy.walsh@sinomax-usa.com | Trade Vendor | | | | $6,028,118.77 |
| 6  Elite Comfort Solution Inc.<br>Attn.: Controller<br>1115 Farrington, Street SW, Building #7<br>Conover, North Carolina 28613 | Attn.: Controller<br>Phone: (828) 267-7813<br>Email: remit@elite-cs.com | Trade Vendor | | | | $5,891,807.59 |
| 7  Future Foam<br>Attn.: Mike Urquhart<br>P.O. Box 1017<br>Omaha, Nebraska 68101-1017 | Attn.: Mike Urquhart<br>Phone: (612) 618-5741<br>Email: mike.urquhart@futurefoam.com | Trade Vendor | | | | $3,540,605.65 |
| 8  XPO Logistics<br>Attn.: Grace Dombroski<br>        Ellen Montgomery<br>4035 Piedmont Parkway<br>High Point, North Carolina 27265 | Attn.: Grace Dombroski<br>        Ellen Montgomery<br>Phone: (336) 447-2342<br>Email: grace.dombroski@xpo.com<br>        ellen.montgomery@xpo.com | Trade Vendor | | | | $3,054,703.39 |

| Debtor | Serta Simmons Bedding, LLC | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Carat USA Inc.<br>Attn.: Mike Gantz<br>500 Woodward Avenue, Floor 23<br>Detroit, Michigan 48226 | Attn.: Mike Gantz<br>Phone: (312) 384-4511<br>Email: mike.gantz@carat.com<br>caratssb.finance@carat.com | Trade Vendor | | | | $2,445,085.78 |
| 10  Louisville Bedding Company<br>Attn.: Richard Askren<br>10400 Bunsen Way<br>Louisville, Kentucky 40299-2510 | Attn.: Richard Askren<br>Phone: (951) 712-8182<br>Email: raskren@loubed.com<br>remittance@loubed.com | Trade Vendor | | | | $2,295,375.51 |
| 11  Piana Nonwovens, LLC<br>Attn.: Andrea Piana<br>101 Old Mill Road, Building 300<br>Cartersville, Georgia 30120 | Attn.: Andrea Piana<br>Phone: (678) 665-4433<br>Email: andrea@pianagroup.com<br>ap@piananonwovens.com | Trade Vendor | | | | $2,095,662.91 |
| 12  Nationwide Marketing Group LLC (MM)<br>Attn.: Lanette Holmes<br>110 Oakwood Drive, Suite 200<br>Winston Salem, North Carolina 27103 | Attn.: Lanette Holmes<br>Email:<br>lanette.holmes@nationalwidegroup.org | Trade Vendor | | | | $1,865,090.01 |
| 13  Crown Packaging Corporation<br>Attn.: Andy Lewinson<br>17854 Chesterfield Airport Road<br>Chesterfield, Missouri 63005 | Attn.: Andy Lewinson<br>Phone: (904) 631-1422<br>Email: alewinson@crownpack.com | Trade Vendor | | | | $1,641,366.78 |
| 14  Furniture Transportation Systems<br>Attn.: Casey Swim<br>3100 Pomona Boulevard<br>Pomona, California 91768 | Attn.: Casey Swim<br>Phone: (909) 869-1237<br>Email: cswim@kkwtrucks.com | Trade Vendor | | | | $1,599,096.93 |
| 15  Towne Realty, Inc.<br>Attn.: Controller<br>710 N Plankinton Avenue, Suite 1000<br>Milwaukee, Wisconsin 53203 | Attn.: Controller<br>Phone: (414) 274-2482<br>Email: townerealtynw@gmail.com | Trade Vendor | | | | $1,541,010.19 |
| 16  Barrettewood USA, Inc.<br>Attn.: Joe Yurchak<br>P.O. Box 74732<br>Chicago, Illinois 60694-4732 | Attn.: Joe Yurchak<br>Phone: (412) 352-4604<br>Email: joe.yurchak@ebarrette.com | Trade Vendor | | | | $1,470,939.30 |
| 17  Taubensee Steel & Wire Company (TSW)<br>Attn.: David Westerbeck<br>600 Diens Drive<br>Wheeling, Illinois 60069 | Attn.: David Westerbeck<br>Phone: (847) 431-7847<br>Email: dwesterbeck@taubensee.com<br>tswar@taubensee.com | Trade Vendor | | | | $1,374,107.13 |
| 18  Bekaertdeslee, Inc.- Winston Salem (EDI)<br>Attn.: Jason Warner<br>200 Business Park Drive<br>Winston Salem, North Carolina 27107 | Attn.: Jason Warner<br>Phone: (336) 413-2739<br>Email: jason.warner@bekaertdeslee.com | Trade Vendor | | | | $1,287,083.21 |
| 19  Averitt Express<br>Attn.: Controller<br>1415 Neal Street<br>Cookeville, Tennessee 38502 | Attn.: Controller<br>Phone: (800) 283-7488<br>Email: customerservice@averittexpress.com | Trade Vendor | | | | $1,237,015.74 |
| 20  Peoplescout MSP, LLC<br>Attn.: Controller<br>1015 A Street<br>Tacoma, Washington 98402 | Attn.: Controller<br>Email: mspaccounting@peoplescout.com | Trade Vendor | | | | $1,212,505.28 |

| Debtor | Serta Simmons Bedding, LLC | | Case number (if known) | 23-_____ ( ) |
|--------|---------------------------|---|------------------------|--------------|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 XXVI Holdings Inc. d/b/a Google LLC<br>Attn.: Controller<br>1600 Amphitheatre Parkway<br>Mountain View, California 94043 | Attn.: Controller<br>Email: collections@google.com | Trade Vendor | | | | $1,151,918.73 |
| 22 J.B. Hunt Transport<br>Attn.: Controller<br>615 J.B. Hunt Corporate Drive<br>Lowell, Arizona 72745 | Attn.: Controller<br>Phone: (800) 643-3622<br>Email: customer.experience@jbhunt.com | Trade Vendor | | | | $1,028,931.92 |
| 23 SBL, LLC (MIB)<br>Attn.: Controller<br>4800 S Kilbourn Avenue, Suite 1<br>Chicago, Illinois 60632 | Attn.: Controller<br>Phone: (800) 777-5282<br>Email: lontiveros@alavason.com | Trade Vendor | | | | $1,023,467.95 |
| 24 Ryder Truck Rental, Inc.<br>Attn.: Controller<br>11690 NW 105 Street<br>Miami, Florida 33178 | Attn.: Controller<br>Email: arss@ryder.com | Trade Vendor | | | | $1,009,656.31 |
| 25 Carpenter<br>Attn.: Adam Lopez<br>2009 Keisler Dairy Road<br>Conover, North Carolina 28613 | Attn.: Adam Lopez<br>Phone: (704) 591-5301<br>Email: adam.lopez@carpenter.com | Trade Vendor | | | | $998,555.66 |
| 26 Max Trans Logistics<br>Attn.: Casey Swim<br>3100 Pomona Boulevard<br>Pomona, California 91768 | Attn.: Casey Swim<br>Phone: (909) 869-1237<br>Email: cswim@kkwtrucks.com | Trade Vendor | | | | $873,353.93 |
| 27 SHI International Corporation d/b/a SHI<br>Attn.: Matt Deberjeois<br>290 Davidson Avenue<br>Somerset, New Jersey 08873 | Attn.: Matt Deberjeois<br>Phone: (512) 541-3349<br>Email: matt_deberjeois@shi.com | Trade Vendor | | | | $859,903.86 |
| 28 Trane U.S. Inc.<br>Attn.: Legal Department<br>4000 DeKalb Technology Parkway, Suite 100<br>Atlanta, Georgia 30340 | Attn.: Legal Department<br>Phone: (404) 281-2041<br>Email: ehmetzger@trane.com | Trade Vendor | | | | $823,968.23 |
| 29 KKW Trucking Inc.<br>Attn.: Katie Clarke<br>3100 Pomona Boulevard<br>Pomona, California 91768 | Attn.: Katie Clarke<br>Phone: (909) 869-1223<br>Email: kclarke@kkwtrucks.com | Trade Vendor | | | | $818,227.97 |
| 30 Wright of Thomasville-Thomasville, NC<br>Attn.: Legal Department<br>P.O. Box 1069<br>Thomasville, North Carolina 27361-1069 | Attn.: Legal Department<br>Phone: (336) 472-4200<br>Email: payments@wrightglobalgraphics.com | Trade Vendor | | | | $816,581.09 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------- x
                                        :
In re                                   :    Chapter 11
                                        :
SERTA SIMMONS BEDDING, LLC              :    Case No. 23– _____ (      )
                                        :
                  Debtor.               :
                                        :
------------------------------------------------------- x
```

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Serta Simmons Bedding, LLC and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"). Pursuant to Rule 1007(a)(3) of the Bankruptcy Rules, the organizational chart identifies all holders having an equity interest in the above-captioned debtor in possession. The Debtors respectfully represent as follows:

1. Each Debtor listed in **Exhibit A** is 100% owned by its direct parent.

2. Dawn Holdings, Inc. is the ultimate parent company of each of the Debtors, and directly or indirectly owns a 100% equity interest in each of the Debtors.

**Exhibit A**

**Organizational Chart**



**Organizational Chart**



Notes:

(a)   All ownership percentages 100% unless otherwise noted

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
----------------------------------------------------------- x
                                                            :
In re                                                       :        Chapter 11
                                                            :
SERTA SIMMONS BEDDING, LLC                                  :        Case No. 23– _____ (     )
                                                            :
                    Debtor.                                 :
                                                            :
----------------------------------------------------------- x
```

## LIST OF EQUITY HOLDERS[1]

      Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐     There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒     The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Dawn Intermediate, LLC<br>2451 Industry Avenue<br>Doraville, Georgia 30360 | Membership Interests | 100% |

---

[1]    This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Serta Simmons Bedding, LLC

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*): 23-_____ ( )

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    January 23, 2023
            MM /DD /YYYY

X   /s/ John Linker
    Signature of individual signing on behalf of debtor

    John Linker
    Printed name

    Chief Financial Officer, Treasurer and Assistant Secretary
    Position or relationship to debtor