IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Debtors.[1] | § § § § § § § § § § | Chapter 11<br><br>Chapter 11<br><br>Case No. 23-90020 (DRJ)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

| | | |
|---|---|---|
| **SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, BOSTON MANAGEMENT AND RESEARCH, EATON VANCE MANAGEMENT, AND BARINGS LLC,** | § § § § § § § | |
| | § | **Adversary No. 23-09001** |
| **Plaintiffs,** | § § § | |
| v. | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013- III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING SERTA SIMMONS BEDDING, LLC TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**" or the "**Company**") respectfully represents as follows in support of this motion (this "**Motion to Seal**"):

## BACKGROUND

1. The Company is filing its Motion for Summary Judgment seeking a declaration (i) that the recapitalization transaction the Company entered into in 2020 (the "**Transaction**")[2] was permitted under the term loan agreement dated November 8, 2016 (the "**Term Loan Agreement**"); (ii) that the Company and the majority of its lenders did not breach the implied covenant of good faith and fair dealing by entering into the Transaction; and (iii) that defendant North Star Debt Holdings, L.P. is a Disqualified Institution under the First Lien Term Loan Agreement and therefore not allowed to hold first lien term loans.

2. In support of its Motion for Summary Judgment, the Company is submitting a Statement of Uncontroverted Facts ("**SUF**"), accompanied by supporting exhibits filed therewith.

3. The Company is simultaneously submitting the redacted versions of certain exhibits cited in support of the Company's SUF on the public docket in the above-captioned adversary proceeding.

4. The Company files this Motion to Seal concurrently with its Motion for Summary Judgment and SUF.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion for Summary Judgment.

## JURISDICTION

5. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By this Motion to Seal, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, Serta Simmons Bedding requests: (i) authority to file entirely under seal exhibits 3, 4, 5, 6, 8, 25, 26 and 27 accompanying its SUF (the "**Unredacted Exhibits**"); (ii) authority to file under seal the unredacted versions of exhibits 1, 2, and 10 accompanying its SUF (the "**Redacted Exhibits**," together with the Unredacted Exhibits, the "**Exhibits**"), whose redacted versions were filed concurrently with this Motion to Seal on the public docket in the above-captioned adversary proceeding; (iii) direction that the Exhibits remain under seal and not be made available to anyone without the prior written consent of Serta Simmons Bedding; and (iv) related relief.

7. A proposed form of order granting the relief requested herein is attached hereto (the "**Proposed Order**").

## RELIEF REQUESTED SHOULD BE GRANTED

8. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize Serta Simmons Bedding to file the Exhibits under seal by permitting the issuance of an order that protects entities from potential harm

that may result from the disclosure of confidential commercial information.  *See* 11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b).  *See also In re Gen. Homes Corp.,* 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires [] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  FED. R. BANKR. P. 9018.

10. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 25, 28 (2d Cir. 1994) (holding that good cause is not required to issue a sealing order and that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application.  *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

11. Bankruptcy Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal." *See* Local Rule 9037-1. Bankruptcy Local Rule 9037-1(d) provides that for documents containing relevant information that a party seeks to redact, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal." *Id.*

12. The Company respectfully requests that, pursuant to Bankruptcy Local Rule 9037-1, the Court permit the Exhibits be filed under seal, as set forth below.

13. The Company submits that the Exhibits fall within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information whose disclosure to the public would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27). Section 107(b)'s protections are "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) (quoting *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). Once a court determines that a party in interest is seeking to protect "commercial information," the court is required to protect a requesting interested party and has "no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d at 27.

14. The Company is filing documents (Exs. 1, 2, 3, 4, 5, 6, 8, 10, 25, 26 and 27) that contain commercial information such as confidential business terms and sensitive financial information regarding the Company, the disclosure of which would likely result in competitive

4

harm to the Company. The commercial information includes material nonpublic economic terms from the agreements the Company entered into with several of its lenders, material nonpublic information that the Company and its advisors relied on in the consideration and consummation of the Transaction, and material nonpublic information about the Company's strategic industry initiatives. The public disclosure of such commercial information could disadvantage the Company by revealing sensitive information about its finances, sensitive information the Company privately disclosed in the negotiation of the Transaction, and sensitive competitive information that industry competitors could use to the Company's competitive harm.

## PREVIOUS RELIEF GRANTED

15. The New York State Supreme Court in a prior related action has already granted a prior request to seal agreements containing substantially the same commercial information that Serta Simmons Bedding requests to seal in the instant motion. *See North Star Debt Holdings, L.P. et al. v. Serta Simmons Bedding, LLC et al.*, No. 652243/2020 (N.Y. Sup. Ct.), NYSCEF Nos. 185, 187. Two judges in separate related actions in the Southern District of New York have also granted the Company's motions to seal agreements containing substantially the same commercial information that the Company now requests be filed under seal. *See LCM XXII Ltd. et al. v. Serta Simmons Bedding et al., LLC*, No. 20 Civ. 05090 (GBD), No. 79; *LCM XXII Ltd. et al. v. Serta Simmons Bedding, LLC*, No. 21 Civ. 03987 (KPF), No. 30.

## CONCLUSION

WHEREFORE, Serta Simmons Bedding respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief, at law or in equity, as the Court may deem just and appropriate.

Dated: New York, New York  
       February 24, 2023

Respectfully submitted,

*/s/ David J. Lender*
WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
David J. Lender (admitted *pro hac vice*)
Alexander W. Welch (admitted *pro hac vice*)
Luna N. Barrington (admitted *pro hac vice*)
Richard D. Gage (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Joseph R. Rausch (admitted *pro hac vice*)
Michael P. Goodyear (admitted *pro hac vice*)
Nicholas J. Reade  (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel:    (212) 310-8000
Fax:   (212) 310-8007
Email: Ray.Schrock@weil.com
       David.Lender@weil.com
       Alexander.Welch@weil.com
       Luna.Barrington@weil.com
       Richard.Gage@weil.com
       Taylor.Dougherty@weil.com
       Joseph.Rausch@weil.com
       Michael.Goodyear@weil.com
       Nick.Reade@weil.com

Gabriel A. Morgan
Stephanie N. Morrison
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel:  (713) 546-5040
Fax: (713) 224-9511
Email:  Gabriel.Morgan@weil.com
       Stephanie.Morrison@weil.com

*Proposed Attorneys for Serta Simmons Bedding, LLC, as debtor and debtor-in-possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Nicholas J. Reade*
Nicholas J. Reade