United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 03, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, et al., | Case No. 23-90020 (DRJ) |
| Debtors[1], | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al., | |
| Plaintiffs, | |
| v. | |
| AG CENTRE STREET PARTNERSHIP L.P., et al., | Adversary Proc. No. 23-09001 (DRJ) |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**   (Docket No. 67)

Subject to the approval of the Court, Plaintiffs Serta Simmons Bedding, LLC, Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Boston Management and Research, Eaton Vance Management, and Barings LLC and Defendants AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG SF Master (L), L.P., AG Super Fund Master, L.P., Silver Oak Capital, L.L.C., Ascribe III Investments, LLC, Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Income Fund, a series of Columbia Funds Series Trust II, Columbia Strategic Income Fund, a series of Columbia

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

Funds Series Trust I, Contrarian Capital Fund I, L.P., Contrarian Centre Street Partnership, L.P., Contrarian Distressed Debt Fund, L.P., Gamut Capital SSB, LLC, LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd.., LCM XXV Ltd., LCM 26 Ltd., LCM 27 Ltd., LCM 28 Ltd., North Star Debt Holdings, L.P., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., and Z Capital Credit Partners CLO 2019-1 Ltd. (collectively, the "Parties") hereby stipulate and agree as follows:

## 1.   DEFINITIONS

1.1   "Party":  Any party to this action, including successors in interest, officers, directors, and employees.

1.2   "Discovery Material":  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through deposition exhibits, or other requests for documentation in this Litigation.

1.3   "Confidential Information":  All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information, including a Party's customers, supplies, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

1.4   "Receiving Party":  A Party or non-party that receives Discovery Material from a

2

Producing Party.

1.5     "Producing Party":  A Party or non-party that produces Discovery Material in this Litigation.

1.6     "Designating Party":  A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

1.7     "Highly Confidential – Attorneys' Eyes Only Information": All Discovery Material that contains Confidential Information that a Designating Party reasonably and in good faith believes constitutes and/or contains non-public, highly sensitive and/or strictly proprietary information of a Party, including but not limited to trade secrets, pricing, current or future financial data or reports, current or future business and/or pricing plans or strategies, current or future plans for products or services, third-party agreements and their terms, employment agreements and their terms, or other financial information, that would be likely to cause harm to a Party's competitive position if disclosed outside this Litigation.

1.8     "Outside Counsel":  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

1.9     "In-House Counsel":  Attorneys who are employees of a Party or its affiliates.

1.10    "Expert":  A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Litigation.

1.11    "Professional Vendors":  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing,

storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

1.12    "<u>Litigation</u>":   Refers only to the above-captioned adversary proceeding, Serta Simmons Bedding, LLC, et al. v. AG Centre Street Partnership, L.P., et al., Case No. 23-09001 (Bankr. S.D. Tex.) (DRJ).

1.13    "<u>Plan</u>":   Refers to the Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors in its chapter 11 cases, jointly administered under Case No. 23-09020.

## 2.    SCOPE

All Discovery Material produced or adduced in this Litigation shall be subject to this Order. All Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall be used solely for the purpose of prosecuting or defending this Litigation, including discovery, mediation, trial preparation, trial, and appeal.   The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

## 3.    UNIFORM DISCLOSURE

Every Producing Party must share all of their Discovery Material with every Party regardless of the requestor's identity.

## 4.    DESIGNATING   CONFIDENTIAL   INFORMATION   AND   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

4.1    <u>Manner and Timing of Designation</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

4.2    <u>Designation of Confidential Information and Highly Confidential – Attorneys'</u> <u>Eyes Only Information</u>.  Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Litigation and designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Order.

(A)    *Documents*.  Documents containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains such information, and for multi-page documents, on the first page of such documents.  Said legend shall be made so as not to obscure any of the Confidential Information's or Highly Confidential – Attorneys' Eyes Only Information's content.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential – Attorneys' Eyes Only Information.  After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend at the bottom of each page that contains Confidential Information.

(B)    *ESI*.  With respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that is produced as electronically stored information ("<u>ESI</u>")

5

and is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is produced. Otherwise, the ESI shall be marked with the legend as provided in Section 4.2(A) of this Order.

(C)     *Tangible Objects*.     Tangible objects may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D)     *Depositions*.     Portions of a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel at the conclusion of the deposition or by denominating by page and line those portions of the deposition which are to be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information within ten (10) days of receiving the final transcript and exhibits and so informing all Parties of the designation.  Until the ten-day period has passed, each deposition transcript shall be treated as Highly Confidential – Attorneys' Eyes Only Information. Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Section 4.2(E) of this Order.

(E)     *Documents Generated During Suit*.  All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and Confidential Information and Highly Confidential – Attorneys' Eyes Only Information if filed with the Court, shall be redacted from the Court filing

6

(either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information) or filed under seal pursuant to the Court's rules governing sealed documents, unless the Designating Party consents to such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information being filed publicly in writing.

4.3     Restrictions on Use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information.  Except as agreed to in writing by the Designating Party or its counsel or as otherwise provided herein, Confidential Information and Highly Confidential – Attorneys' Eyes Only Information:

(A)     shall be maintained in confidence;

(B)     may be disclosed only to persons entitled to access thereto under the terms of this Order; and

(C)     shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Litigation, including appeals, and for no other purpose.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure of its designated material.

4.4     Inadvertent Failure to Designate.  If material is produced in this Litigation without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, it does not, standing alone, waive, in whole or in part, the Designating Party's right to secure protection under this Order for such material.  Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents.  The

7

inadvertent failure of a Party or non-party to designate specific documents or materials as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials.  Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.  Should the Parties disagree as to the appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation.  Each Party or non-party that designates material for protection under this Order agrees to act in good faith in applying the standards set forth herein.

      4.5   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Any Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.    **AUTHORIZED USERS OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

5.1    <u>Basic Principles</u>.  A Receiving Party may use Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this Litigation.  Such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 7.

Confidential Information and Highly Confidential – Attorneys' Eyes Only Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2    <u>Disclosure of Confidential Information</u>.  No person subject to this Order other than the Designating Party shall disclose any material designated as "CONFIDENTIAL" to any other person, except to:

(A)    In-House Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(B)    Outside Counsel for any party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(C)    The directors, officers, or employees of the Receiving Party or the Receiving Party's subsidiaries or affiliates engaged in assisting the Receiving Party's counsel

during the Litigation after such director, officer, or employee has signed a statement in the form annexed hereto as Exhibit A.

(D)     Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(E)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A.  For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(F)     An author, signatory, or prior recipient of the document or the original source of the information.

(G)     Deponents and trial witnesses, after such deponent has signed a statement in the form annexed hereto as Exhibit A.

(H)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(I)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

    5.3     <u>Disclosure of Highly Confidential – Attorneys' Eyes Only Information</u>.  No person subject to this Order other than the Designating Party shall disclose any material designated as

"HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY" to any other person, except to:

(A)     In-House Counsel for any Party engaged in the Litigation who is actively participating in the Litigation after such In-House Counsel has read and can acknowledge and sign the statement in the form annexed hereto as Exhibit A.  The Receiving Party shall notify the Designating Party the names of the selected In-House Counsel, within five (5) business days, that were granted access to the Discovery Material.

(B)     Outside Counsel for any party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(C)     Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(D)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A.  For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(E)     A person shown on the face of the document to have authored or received it.

(F)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(G)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

6.     **CHALLENGING DESIGNATIONS**

6.1     <u>Dispute Resolution</u>.  If any Party reasonably and in good faith believes that any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should not be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information or has otherwise been misclassified under this Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Order, that Party must notify the Designating Party in writing and provide a description of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and a concise statement of the basis for the challenge as to each individual document or other item so-identified, which the challenging Party believes should be released from some or all of the constraints of this Order, and serve copies of such notice to all other Parties.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation.  If the objection cannot be resolved by agreement within two (2) business days from the date of service of the written objection, any Party may move the Court for a determination as to whether the designation is appropriate.  The burden of establishing confidentiality shall be on the Designating Party.  The protection of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information afforded by the Order shall continue as originally designated unless and until the Court issues an order on the motion.

6.2     <u>No Waiver</u>.  Nothing in this Order shall be deemed a waiver of:

(A)     any Party's or non-party's right to object to any discovery requests on any ground;

(B)    any Party's right to seek an order compelling discovery with respect to any discovery request;

(C)    any Party's right to object to the admission of any evidence at any stage in this Litigation; or

(D)    any Party's or non-party's right to use and review its own documents and its own Confidential Information.

7.    **DURATION**

7.1    Any Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or any information contained in or derived from Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be subject to the provisions of this Order until the Parties agree otherwise or upon order of this Court.

7.2    This Order shall continue in effect with respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information until expressly released by the Designating Party and, if applicable, such effectiveness shall survive the final determination of this Litigation. Within sixty (60) days of the final determination of this Litigation, including any appeal, all Confidential Information and Highly Confidential – Attorneys' Eyes Only Information produced by another Party shall be either (a) returned to the Disclosing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Disclosing Party. For purposes of this Order, the final determination of this Litigation shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this Litigation (excluding any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court); (iii) the

13

expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law; or (iv) confirmation of the Plan and expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials or reviews of the Plan .

7.3     This Section shall not apply to documents that were not produced by a Party but were created in the course of this Litigation and contain excerpts or references to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, including legal briefs, letters, deposition transcripts, or pleadings prepared by counsel or Expert reports (*i.e.*, attorney files).  Counsel for the Parties may keep copies of all such files, so long as these materials are kept confidential.

## 8.    CONFIDENTIAL   INFORMATION   OR   HIGHLY   CONFIDENTIAL   –   ATTORNEYS' EYES ONLY INFORMATION IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Litigation as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

14

this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expense of seeking protection in that court of its Confidential Information or Highly Confidential – Attorneys' Eyes Only Information—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED OR PRIVILEGED MATERIAL**

If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Confidential Information or Highly Confidential – Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure.  Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its best efforts to retrieve all copies of the Confidential Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons execute the form annexed hereto as Exhibit A.

If a Producing Party believes that any Discovery Material subject to any privilege, protection or other immunity ("Privileged Material") has been inadvertently produced, the Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production.  After receiving notice of the inadvertent production, a party must promptly return or destroy the inadvertently produced Privileged Material and any copies it has (provided, however, that if the Receiving Party intends to raise the privilege issue with the court, it may retain and use one sequestered copy of the

information solely for this purpose, which must be returned or destroyed in the event the Court upholds the claim of privilege). The Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity, but may not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure.  If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed.

The provisions of this Section apply to all information or materials produced in the Litigation, whether designated Confidential, Highly Confidential – Attorneys' Eyes Only, or not. Further, pursuant to Rule 502(d) of the Federal Rules of Evidence, it is hereby ordered that the inadvertent disclosure of privileged information in connection with this Litigation shall not constitute a waiver in this or any other federal or state proceeding if the producing party or non-party timely invokes the clawback procedures set forth in this Section.

**10.** **USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION AT TRIAL**

The use of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

**11.** **APPLICATION OF THE PROTECTIVE ORDER TO THIRD-PARTY SUBPOENAS**

11.1    A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this Protective Order with the subpoena and state that the subpoenaed party may produce documents in accordance with the terms of this Protective Order.  Nothing in this Protective Order is intended to or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties

or third parties to object to a subpoena.

    11.2   Upon receiving notice and a copy of any subpoena to be served in this case, as required by Fed. R. Civ. P. 45(a)(4) from the Issuing Party, the other Party (the "Informing Party") may, within five business days of such notice, inform the Issuing Party that the documents produced in response to that subpoena may reasonably be expected to contain Confidential Information of Highly Confidential – Attorneys' Eyes Only Information under this Protective Order, which shall include a general description of the documents expected to contain information that contains Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. In that event or in the event that the Issuing Party informs the other Party that documents received from a third-party may reasonably be expected to contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at the time it provides the other Party with copies under Section 11.3, all Parties being so informed shall treat all documents produced in response to the subpoena as containing Highly Confidential – Attorneys' Eyes Only Information from the time they receive such documents and until 30 calendar days after the Issuing Party provides copies under Section 11.3.  The Informing Party and the Issuing Party shall have a period of 30 calendar days from the time the Issuing Party produces such documents under Section 11.3 during which to designate any part of the third-party production as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Protective Order.  For purposes of this paragraph, if the thirtieth calendar day falls on a weekend or holiday, the applicable deadline shall be the next business day. Any such designation may be challenged as provided in Section 6. Upon request, any Party making designations under this Section 11.2 will provide the other Party with stamped copies of the documents so designated, consistent with Section 4.2(A). Nothing in this section is intended to or does alter or waive the

Parties' rights in Section 9.

11.3    Whether or not a Party informs the serving party as provided in Section 11.2 above, any Issuing Party in this Litigation will promptly provide, within five business days, the other Party with a copy of all materials produced by the third party in response to the subpoena (including a copy of the third-party's written responses or objections, if any). If the Issuing Party is unable to provide the other Party with a copy of all materials produced by the third party within three business days, the Issuing Party shall immediately notify the other Party in writing.

**12.    MISCELLANEOUS**

12.1    <u>Right of Further Relief</u>.  Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge the opposing Party's efforts to limit the use of discovery or to oppose a Party's designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Order.

12.2    <u>Right to Seek Modification</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.3    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.4    <u>No Probative Value</u>.  This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  The fact that information is marked with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Order shall not be deemed to be determinative of what a trier of fact

18

may determine to be confidential or proprietary.  The fact that any information with a confidentiality designation is disclosed, used, or produced in any Court proceeding in this Litigation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible or confidential.

12.5    Use of Party's Own Materials.  Nothing in this Order shall restrict a Party's ability to use and disclose its own designated material as it chooses.  Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-parties to disclose such material in violation of this Order.

12.6    Prior Orders.  This Order shall not affect any prior order of the Court.

12.7    Public Documents.  None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Order.  Nothing in this Order shall prevent a Party from using any information that the Party properly possessed prior to receipt of any Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, or items from the other Party that are or were discovered independently by the Receiving Party.  The terms for the treatment of Confidential Information, Highly Confidential – Attorneys' Eyes Only Information, and items pursuant to the Order shall be effective only upon the entry of this Order. For the avoidance of doubt, nothing herein is intended to override a Party's obligations under existing confidentiality agreements or protective orders in other litigation that would preclude use of documents or information in this action.

12.8    Reservation of Rights.  Nothing in this Order shall restrict a Party's ability or rights, all of which are expressly reserved, to present any claims or defenses in the Litigation, including but not limited to motions to transfer or motions to dismiss on grounds of improper venue.

Dated: New York, NY
      February 24, 2023

/s/ David J. Lender

WEIL, GOTSHAL & MANGES LLP
David J. Lender*
Ray C. Schrock*
Luna N. Barrington*
Alexander W. Welch*
Richard D. Gage*
Taylor B. Dougherty*
Joseph R. Rausch*
Michael P. Goodyear*
Nicholas J. Reade*
767 Fifth Avenue
New York, NY 10153
Tel:    (212) 310-8000
Fax:    (212) 310-8007
Email: david.lender@weil.com
      ray.schrock@weil.com
      luna.barrington@weil.com
      alexander.welch@weil.com
      richard.gage@weil.com
      taylor.dougherty@weil.com
      joseph.rausch@weil.com
      michael.goodyear@weil.com
      nick.reade@weil.com

Gabriel A. Morgan
Stephanie N. Morrison
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel:  (713) 546-5040
Fax: (713) 224-9511
Email:  Gabriel.Morgan@weil.com
      Stephanie.Morrison@weil.com

*Proposed Attorneys for Serta Simmons
Bedding, LLC, as debtor and debtor-in-
possession*

/s/ Gregg J. Costa

GIBSON, DUNN & CRUTCHER LLP
Gregg J. Costa
811 Main Street, Suite 3000
Houston, TX 77002
Tel: (346) 718-6600
Fax: (346) 718-6620
Email: gcosta@gibsondunn.com


Orin Snyder*
C. Lee Wilson (*pro hac vice* forthcoming)
Amanda M. Aycock*
200 Park Avenue
New York, NY 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035
Email: osnyder@gibsondunn.com
      clwilson@gibsondunn.com
      aaycock@gibsondunn.com

*Attorneys for Invesco Senior Secured
Management, Inc., Barings, LLC, Boston
Management and Research, Eaton Vance
Management, Credit Suisse Asset Management,
LLC, and Barings LLC*

*/s/ Michael Shuster*

HOLWELL SHUSTER & GOLDBERG LLP
Michael Shuster*
Neil R. Lieberman*
Brian T. Goldman*
Vincent Levy*
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5168
Email:  mshuster@hsgllp.com
        nlieberman@hsgllp.com
        bgoldman@hsgllp.com
        vlevy@hsgllp.com

*Attorneys for Defendants LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd.., LCM XXV Ltd., LCM 26 Ltd., LCM 27 Ltd., and LCM 28 Ltd.*

*/s/ Kenneth S. Ziman*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

*/s/ Lawrence S. Robbins*

FRIEDMAN KAPLAN SEILER
    ADELMAN & ROBBINS LLP
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*/s/ John F. Higgins*

PORTER HEDGES LLP
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6000
jhiggins@porterhedges.com

sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Attorneys for Defendants AG Centre Street
Partnership L.P., AG Credit Solutions Non-ECI
Master Fund, L.P., AG SF Master (L), L.P., AG
Super Fund Master, L.P., Silver Oak Capital,
L.L.C., Ascribe III Investments, LLC, Columbia
Cent CLO 21 Limited, Columbia Cent CLO 27
Limited, Columbia Floating Rate Income Fund,
a series of Columbia Funds Series Trust II,
Columbia Strategic Income Fund, a series of
Columbia Funds Series Trust I, Contrarian
Capital Fund I, L.P., Contrarian Centre Street
Partnership, L.P., Contrarian Distressed Debt
Fund, L.P., Gamut Capital SSB, LLC, North Star
Debt Holdings, L.P., Shackleton 2013-III CLO,
Ltd., Shackleton 2013-IV-R CLO, Ltd.,
Shackleton 2014-V-R CLO, Ltd., Shackleton
2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO,
Ltd., Z Capital Credit Partners CLO 2018-1
Ltd., and Z Capital Credit Partners CLO 2019-1
Ltd.*

*admitted pro hac vice

It is so **ORDERED**.

**Signed:  March 03, 2023.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

United States Bankruptcy Court
Southern District of Texas

Serta Simmons Bedding LLC et al.,
    Plaintiff
                                                            Adv. Proc. No. 23-09001-drj

AG Centre Street Partnership et al.,
    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: ADIuser | Page 1 of 9 |
|---|---|---|
| Date Rcvd: Mar 03, 2023 | Form ID: pdf002 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 05, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Michael S Shuster, Holwell Shuster & Goldberg LLP, 425 Lexington Avenue, 14th Floor, New York, NY 10017-3903 |
| cr | + | LCM Lenders, c/o John J. Sparacino, 600 Travis Street, Suite 7000, Houston, TX 77002-3018 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 3pd | | ABR Reinsurance Ltd. |
| dft | | AG Centre Street Partnership et al. |
| dft | | AG Centre Street Partnership, L.P. |
| 3pp | | AG Centre Street Partnership, L.P. |
| 3pp | | AG Centre Street Partnership, L.P. |
| dft | | AG Credit Solutions Non-ECI Master Fund, L.P. |
| 3pp | | AG Credit Solutions Non-ECI Master Fund, L.P. |
| 3pp | | AG Credit Solutions Non-ECI Master Fund, L.P. |
| dft | | AG SF Master (L), L.P. |
| 3pp | | AG SF Master (L), L.P. |
| 3pp | | AG SF Master (L), L.P. |
| dft | | AG Super Fund Master, L.P. |
| 3pp | | AG Super Fund Master, L.P. |
| 3pp | | AG Super Fund Master, L.P. |
| 3pd | | AGF Floating Rate Income Fund |
| intp | | Ad Hoc Group of First Lien Lenders |
| 3pd | | Annisa CLO, Ltd. |
| 3pd | | Arrowood Indemnity |
| 3pd | | Arrowood Indemnity as Administrator of the Pension |
| dft | | Ascribe III Investments, LLC |
| 3pp | | Ascribe III Investments, LLC |
| 3pp | | Ascribe III Investments, LLC |
| 3pd | | BA/Cscredit 1 LLC |
| 3pd | | BOC Pension Investment Fund |
| 3pd | | BSG Fund Management B.V. |
| 3pd | | Babson CLO Ltd. 2014-1 |
| 3pd | | Baloise Senior Secured Loan Fund |
| 3pd | | Barings BDC Senior Funding I, LLC |
| 3pd | | Barings BDC, Inc. |
| 3pd | | Barings CLO Ltd. 2013-I |
| 3pd | | Barings CLO Ltd. 2015-I |
| 3pd | | Barings CLO Ltd. 2015-II |
| 3pd | | Barings CLO Ltd. 2016-I |

| | |
|---|---|
| 3pd | Barings CLO Ltd. 2016-II |
| 3pd | Barings CLO Ltd. 2017-I |
| 3pd | Barings CLO Ltd. 2018-I |
| 3pd | Barings CLO Ltd. 2018-III |
| 3pd | Barings CLO Ltd. 2018-IV |
| 3pd | Barings CLO Ltd. 2018-IV |
| 3pd | Barings CLO Ltd. 2019-II |
| 3pd | Barings Global Credit Income Opportunities Fund |
| 3pd | Barings Global Floating Rate Fund, a Series of Bar |
| 3pd | Barings Global High Yield Credit Strategies Limite |
| 3pd | Barings Global Loan Limited |
| 3pd | Barings Global Loan and High Yield Bond Limited |
| 3pd | Barings Global Multi-Credit Strategy 1 Limited |
| 3pd | Barings Global Multi-Credit Strategy 2 Limited |
| 3pd | Barings Global Multi-Credit Strategy 3 Limited |
| 3pd | Barings Global Multi-Credit Strategy 4 Limited |
| 3pd | Barings Global Special Situations Credit 3 S.A.R.L |
| cd | Barings LLC |
| cd | Barings LLC |
| 3pd | Barings Segregated Loans 3 S.A R.L. |
| 3pd | Barings U.S Loan Limited |
| cr | Barings, LLC |
| 3pd | BayCity Alternative Investment Funds SICAV-SIF - B |
| 3pd | BayCity Senior Loan Master Fund Ltd. |
| 3pd | Bayvk R2-Fonds Segment Bayvk R2 Barings |
| 3pd | Bentham Strategic Loan Fund |
| 3pd | Bentham Syndicated Loan Fund |
| 3pd | Betony CLO 2, Ltd. |
| 3pd | BlackRock Credit Strategies Income Fund of BlackRo |
| 3pd | BlackRock Debt Strategies Fund, Inc. |
| 3pd | BlackRock Floating Rate Income Portfolio of BlackR |
| 3pd | BlackRock Floating Rate Income Strategies Fund, In |
| 3pd | BlackRock Floating Rate Income Trust |
| 3pd | BlackRock Global Investment Series: Income Strateg |
| 3pd | BlackRock Limited Duration Income Trust |
| 3pd | BlackRock Multi-Asset Income Portfolio of BlackRoc |
| 3pd | BlackRock Senior Floating Rate Portfolio |
| 3pd | Blue Shield of California |
| cd | Boston Management and Research |
| 3pd | Bowery Funding ULC |
| 3pd | Brighthouse Funds Trust I - Brighthouse/Eaton Vanc |
| 3pd | California State Teachers Retirement System |
| 3pd | California Street CLO IX Limited Partnership |
| 3pd | California Street CLO XII, Ltd. |
| 3pd | Calvert Management Series - Calvert Floating-Rate |
| 3pd | Carbone CLO, Ltd. |
| dft | Columbia Cent CLO 21 Limited |
| 3pp | Columbia Cent CLO 21 Limited |
| 3pp | Columbia Cent CLO 21 Limited |
| dft | Columbia Cent CLO 27 Limited |
| 3pp | Columbia Cent CLO 27 Limited |
| 3pp | Columbia Cent CLO 27 Limited |
| dft | Columbia Floating Rate Income Fund, a series of Co |
| 3pp | Columbia Floating Rate Income Fund, a series of Co |
| dft | Columbia Strategic Income Fund, a series of Columb |
| 3pp | Columbia Strategic Income Fund, a series of Columb |
| 3pp | Columbia Strategic Income Fund, a series of Columb |
| 3pd | Commonwealth of Pennsylvania Treasury Department |
| dft | Contrarian Capital Fund I, L.P. |
| 3pp | Contrarian Capital Fund I, L.P. |
| 3pp | Contrarian Capital Fund I, L.P. |
| dft | Contrarian Centre Street Partnership, L.P. |
| 3pp | Contrarian Centre Street Partnership, L.P. |

| | |
|---|---|
| 3pp | Contrarian Centre Street Partnership, L.P. |
| dft | Contrarian Distressed Debt Fund, L.P. |
| 3pp | Contrarian Distressed Debt Fund, L.P. |
| 3pp | Contrarian Distressed Debt Fund, L.P. |
| 3pd | Copperhill Loan Fund I, LLC |
| pla | Credit Suisse Asset Management, LLC |
| cd | Credit Suisse Asset Management, LLC |
| 3pd | Credit Suisse Floating Rate High Income Fund |
| 3pd | Credit Suisse Floating Rate Trust |
| 3pd | Credit Suisse Nova (Lux) |
| 3pd | Credit Suisse Strategic Income Fund |
| 3pd | Crown Managed Accounts SPC - Crown/BA 2 SP |
| 3pd | DaVinci Reinsurance Ltd. |
| 3pd | Diversified Credit Portfolio Ltd. |
| 3pd | Dollar Senior Loan Fund, Ltd. |
| 3pd | Dollar Senior Loan Master Fund II, Ltd. |
| 3pd | Dryden 30 Senior Loan Fund |
| 3pd | Dryden 33 Senior Loan Fund |
| 3pd | Dryden 36 Senior Loan Fund |
| 3pd | Dryden 37 Senior Loan Fund |
| 3pd | Dryden 38 Senior Loan Fund |
| 3pd | Dryden 40 Senior Loan Fund |
| 3pd | Dryden 41 Senior Loan Fund |
| 3pd | Dryden 42 Senior Loan Fund |
| 3pd | Dryden 43 Senior Loan Fund |
| 3pd | Dryden 45 Senior Loan Fund |
| 3pd | Dryden 47 Senior Loan Fund |
| 3pd | Dryden 49 Senior Loan Fund |
| 3pd | Dryden 50 Senior Loan Fund |
| 3pd | Dryden 53 CLO, Ltd. |
| 3pd | Dryden 54 Senior Loan Fund |
| 3pd | Dryden 55 CLO, Ltd. |
| 3pd | Dryden 57 CLO, Ltd. |
| 3pd | Dryden 58 CLO, Ltd. |
| 3pd | Dryden 60 CLO, Ltd. |
| 3pd | Dryden 61 CLO, Ltd. |
| 3pd | Dryden 64 CLO, Ltd. |
| 3pd | Dryden 65 CLO, Ltd. |
| 3pd | Dryden 70 CLO, Ltd. |
| 3pd | Dryden 75 CLO, Ltd. |
| 3pd | Dryden XXV Senior Loan Fund |
| 3pd | Dryden XXVI Senior Loan Fund |
| 3pd | Dryden XXVIII Senior Loan Fund |
| 3pd | Eaton Vance CLO 2013-1 Ltd |
| 3pd | Eaton Vance CLO 2014-1R Ltd |
| 3pd | Eaton Vance CLO 2015-1 Ltd |
| 3pd | Eaton Vance CLO 2018-1 Ltd |
| 3pd | Eaton Vance CLO 2019-1 Ltd |
| 3pd | Eaton Vance Floating Rate Portfolio |
| 3pd | Eaton Vance Floating-Rate 2022 Target Term Trust |
| 3pd | Eaton Vance Floating-Rate Income Plus Fund |
| 3pd | Eaton Vance Floating-Rate Income Trust |
| 3pd | Eaton Vance Institutional Senior Loan Fund |
| 3pd | Eaton Vance Institutional Senior Loan Plus Fund |
| 3pd | Eaton Vance International (Cayman Islands) Floatin |
| 3pd | Eaton Vance Limited Duration Income Fund |
| 3pd | Eaton Vance Loan Holding Limited |
| cd | Eaton Vance Management |
| 3pd | Eaton Vance Senior Floating-Rate Trust |
| 3pd | Eaton Vance Senior Income Trust |
| 3pd | Eaton Vance Short Duration Diversified Income Fund |
| 3pd | Eaton Vance VT Floating Rate Income Fund |
| 3pd | Elevation CLO 2013-1, Ltd. |

| | |
|---|---|
| 3pd | Elevation CLO 2014-2, Ltd. |
| 3pd | Elevation CLO 2015-4, Ltd. |
| 3pd | Elevation CLO 2016-5, Ltd. |
| 3pd | Elevation CLO 2017-6, Ltd. |
| 3pd | Elevation CLO 2017-7, Ltd. |
| 3pd | Elevation CLO 2017-8 Ltd. |
| 3pd | Elevation CLO 2018-10, Ltd. |
| 3pd | Elevation CLO 2018-9, Ltd. |
| 3pd | Erie Indemnity Company |
| 3pd | Erie Insurance Exchange |
| 3pd | First Eagle Bank Loan Select Master Fund |
| 3pd | First Eagle Senior Loan Fund (FSLF) |
| 3pd | Fixed Income Opportunities Nero, LLC |
| 3pd | G.A.S. (Cayman) Limited |
| dft | Gamut Capital SSB, LLC |
| 3pp | Gamut Capital SSB, LLC |
| 3pp | Gamut Capital SSB, LLC |
| 3pd | HarbourView CLO VII-R, Ltd. |
| 3pd | Inflation Protection Fund-I Series |
| 3pd | Invesco BL Fund, Ltd. |
| 3pd | Invesco Dynamic Credit Opportunities Fund |
| 3pd | Invesco Floating Rate Fund |
| 3pd | Invesco Floating Rate Income Fund |
| 3pd | Invesco Gemini US Loan Fund LLC |
| 3pd | Invesco Oppenheimer Fundamental Alternatives Fund |
| 3pd | Invesco Oppenheimer Master Loan Fund |
| 3pd | Invesco Oppenheimer Senior Floating Rate Fund |
| 3pd | Invesco Oppenheimer Senior Floating Rate Plus Fund |
| 3pd | Invesco SSL Fund LLC |
| 3pd | Invesco Senior Income Trust |
| 3pd | Invesco Senior Loan Fund |
| cd | Invesco Senior Secured Management, Inc. |
| intp | Invesco Senior Secured Management, Inc. and Credit |
| 3pd | Invesco Zodiac Funds - Invesco US Senior Loan ESG |
| 3pd | Invesco Zodiac Funds - Invesco US Senior Loan Fund |
| 3pd | JPMBI re BlackRock BankLoan Fund |
| 3pd | Jocassee Partners LLC |
| 3pd | KP Fixed Income Fund |
| 3pd | KVK CLO 2013-1 Ltd. |
| 3pd | KVK CLO 2016-1 Ltd. |
| 3pd | KVK CLO 2018-1 Ltd. |
| 3pd | Kaiser Permanente Group Trust |
| 3pd | Kapitalforeningen Investin Pro, US Leveraged Loans |
| 3pd | MP CLO III Ltd. |
| 3pd | MP CLO IV Ltd. |
| 3pd | MP CLO VII Ltd. |
| 3pd | MP CLO VIII Ltd. |
| 3pd | MPLF Funding Ltd. |
| 3pd | MPSFR Financing 1 Ltd. |
| 3pd | Madison Flintholm Senior Loan Fund I DAC |
| 3pd | Madison Park Funding X, Ltd. |
| 3pd | Madison Park Funding XI, Ltd. |
| 3pd | Madison Park Funding XII, Ltd. |
| 3pd | Madison Park Funding XIII, Ltd. |
| 3pd | Madison Park Funding XIV, Ltd. |
| 3pd | Madison Park Funding XIX, Ltd. |
| 3pd | Madison Park Funding XL, Ltd. |
| 3pd | Madison Park Funding XLI, Ltd. |
| 3pd | Madison Park Funding XLII, Ltd. |
| 3pd | Madison Park Funding XLIII, Ltd. |
| 3pd | Madison Park Funding XLIV, Ltd. |
| 3pd | Madison Park Funding XV, Ltd. |
| 3pd | Madison Park Funding XVI, Ltd. |

| | |
|---|---|
| 3pd | Madison Park Funding XVII, Ltd. |
| 3pd | Madison Park Funding XVIII, Ltd. |
| 3pd | Madison Park Funding XX, Ltd. |
| 3pd | Madison Park Funding XXI, Ltd. |
| 3pd | Madison Park Funding XXII, Ltd. |
| 3pd | Madison Park Funding XXIII, Ltd. |
| 3pd | Madison Park Funding XXIV, Ltd. |
| 3pd | Madison Park Funding XXIX, Ltd. |
| 3pd | Madison Park Funding XXV, Ltd. |
| 3pd | Madison Park Funding XXVI, Ltd. |
| 3pd | Madison Park Funding XXVII, Ltd. |
| 3pd | Madison Park Funding XXVIII, Ltd. |
| 3pd | Madison Park Funding XXX, Ltd. |
| 3pd | Madison Park Funding XXXI, Ltd. |
| 3pd | Madison Park Funding XXXII, Ltd. |
| 3pd | Madison Park Funding XXXIV, Ltd. |
| 3pd | Madison Park Funding XXXV, Ltd. |
| 3pd | Madison Park Funding XXXVII, Ltd. |
| 3pd | Magnetite VII, Limited |
| 3pd | Magnetite VIII, Limited |
| 3pd | Magnetite XC, Limited |
| 3pd | Magnetite XII, Limited |
| 3pd | Magnetite XIV-R, Limited |
| 3pd | Magnetite XIX, Limited |
| 3pd | Magnetite XV, Limited |
| 3pd | Magnetite XVI, Limited |
| 3pd | Magnetite XVII, Limited |
| 3pd | Magnetite XVIII, Limited |
| 3pd | Magnetite XX, Limited |
| 3pd | Marathon CLO IX Ltd. |
| 3pd | Marathon CLO V Ltd. |
| 3pd | Marathon CLO VII Ltd. |
| 3pd | Marathon CLO VIII Ltd. |
| 3pd | Marathon CLO X Ltd. |
| 3pd | Marathon CLO XI Ltd. |
| 3pd | Marble Point CLO X Ltd. |
| 3pd | Marble Point CLO XI Ltd. |
| 3pd | Marble Point CLO XII Ltd. |
| 3pd | Maryland State Retirement and Pension System |
| 3pd | Menard, Inc. |
| 3pd | Milos CLO, Ltd. |
| 3pd | Municipal Employees Annuity & Benefit Fund of Chic |
| 3pd | NC Garnet Fund, LP |
| 3pd | Newark BSL CLO 1, Ltd. |
| 3pd | Newark BSL CLO 2, Ltd. |
| dft | North Star Debt Holdings, L.P. |
| 3pp | North Star Debt Holdings, L.P. |
| 3pp | North Star Debt Holdings, L.P. |
| 3pd | Nuveen Diversified Dividend and Income Fund |
| 3pd | Nuveen Floating Rate Income Fund |
| 3pd | Nuveen Floating Rate Income Opportunity Fund |
| 3pd | Nuveen Senior Income Fund |
| 3pd | Nuveen Short Duration Credit Opportunities Fund |
| 3pd | Nuveen Symphony Floating Rate Income Fund |
| 3pd | Oaktree Opportunities Fund X Holdings (Delaware) L |
| 3pd | Oaktree Opportunities Fund Xb Holdings (Delaware), |
| 3pd | Oaktree Opps X Holdco Ltd. |
| 3pd | One Eleven Funding I, Ltd. |
| 3pd | One Eleven Funding II, Ltd. |
| 3pd | PK-SSL Investment Fund Limited Partnership |
| 3pd | Peaks CLO 3, Ltd. |
| 3pd | Pensiondanmark Pensionsforsikringsaktieselskab |
| 3pd | Phillips 66 Retirement Plan Trust |

District/off: 0541-4

Date Rcvd: Mar 03, 2023

User: ADIuser

Form ID: pdf002

Page 6 of 9

Total Noticed: 2

| | |
|---|---|
| 3pd | Principal Diversified Real Asset CIT |
| 3pd | Principal Funds, Inc - Diversified Real Asset Fund |
| 3pd | Recette CLO, Ltd. |
| 3pd | Renaissance Investment Holdings Ltd. |
| 3pd | Riserva CLO, Ltd. |
| 3pd | Russell Absolute Return Fixed Income Fund |
| 3pd | Russell Floating Rate Fund |
| 3pd | Russell Global Unconstrained Bond Pool |
| 3pd | Russell Multi-Asset Core Plus Fund |
| 3pd | Russell Unconstrained Total Return Fund |
| 3pd | SCOF-2 Ltd. |
| 3pd | Senior Debt Portfolio |
| 3pd | Sentry Insurance Company |
| 3pd | Serengeti (Loan Fund), a Series Trust of the Multi |
| pla | Serta Simmons Bedding LLC et al. |
| cd | Serta Simmons Bedding, LLC |
| dft | Shackleton 2013-III CLO, Ltd. |
| 3pp | Shackleton 2013-III CLO, Ltd. |
| 3pp | Shackleton 2013-III CLO, Ltd. |
| dft | Shackleton 2013-IV-R CLO, Ltd. |
| 3pp | Shackleton 2013-IV-R CLO, Ltd. |
| 3pp | Shackleton 2013-IV-R CLO, Ltd. |
| dft | Shackleton 2014-V-R CLO, Ltd. |
| 3pp | Shackleton 2014-V-R CLO, Ltd. |
| 3pp | Shackleton 2014-V-R CLO, Ltd. |
| 3pp | Shackleton 2015-VII-R CLO, Ltd. |
| 3pp | Shackleton 2015-VII-R CLO, Ltd. |
| dft | Shackleton 2015-VII-R CLO, Ltd. |
| 3pp | Shackleton 2017-XI CLO, Ltd. |
| 3pp | Shackleton 2017-XI CLO, Ltd. |
| dft | Shackleton 2017-XI CLO, Ltd. |
| dft | Silver Oak Capital, L.L.C. |
| 3pp | Silver Oak Capital, L.L.C. |
| 3pp | Silver Oak Capital, L.L.C. |
| 3pd | Staniford Street CLO Ltd. |
| 3pd | State of New Mexico State Investment Council |
| 3pd | Stichting Pensioenfonds Hoogovens |
| 3pd | Symphony CLO XIV, Ltd. |
| 3pd | Symphony CLO XIX Ltd. |
| 3pd | Symphony CLO XV, Ltd. |
| 3pd | Symphony CLO XVI, Ltd. |
| 3pd | Symphony CLO XVII, Ltd. |
| 3pd | Symphony CLO XX Ltd. |
| 3pd | Symphony Floating Rate Senior Loan Fund |
| 3pd | TAO Fund, LLC |
| 3pd | TCI-Symphony 2016-1 Ltd. |
| 3pd | TCI-Symphony 2017-1 Ltd. |
| 3pd | Telstra Superannuation Scheme |
| 3pd | The City of New York Group Trust |
| 3pd | The Eaton Corporation Master Retirement Trust |
| 3pd | Third Party Defendants |
| 3pd | Upland CLO, Ltd. |
| 3pd | Venture 28A CLO, Limited |
| 3pd | Venture 31 CLO, Limited |
| 3pd | Venture 32 CLO, Limited |
| 3pd | Venture 33 CLO, Limited |
| 3pd | Venture 35 CLO, Limited |
| 3pd | Venture XII CLO, Limited |
| 3pd | Venture XIII CLO, Limited |
| 3pd | Venture XIV CLO, Limited |
| 3pd | Venture XIX CLO, Limited |
| 3pd | Venture XV CLO, Limited |
| 3pd | Venture XVI CLO, Limited |

District/off: 0541-4                     User: ADIuser                      Page 7 of 9
Date Rcvd: Mar 03, 2023                  Form ID: pdf002                    Total Noticed: 2

| | |
|---|---|
| 3pd | Venture XVII CLO Limited |
| 3pd | Venture XVIII CLO, Limited |
| 3pd | Venture XX CLO, Limited |
| 3pd | Venture XXI CLO, Limited |
| 3pd | Venture XXII CLO, Limited |
| 3pd | Venture XXIII CLO, Limited |
| 3pd | Venture XXIV CLO, Limited |
| 3pd | Venture XXIX CLO, Limited |
| 3pd | Venture XXV CLO, Limited |
| 3pd | Venture XXVII CLO, Limited |
| 3pd | Venture XXVIII CLO, Limited |
| 3pd | Venture XXX CLO, Limited |
| 3pd | Wespath Funds Trust |
| 3pd | Wind River 2012-1 CLO Ltd. |
| 3pd | Wind River 2013-1 CLO Ltd. |
| 3pd | Wind River 2013-2 CLO Ltd. |
| 3pd | Wind River 2014-1 CLO Ltd. |
| 3pd | Wind River 2014-2 CLO Ltd. |
| 3pd | Wind River 2014-3 CLO Ltd. |
| 3pd | Wind River 2014-3K CLO Ltd. |
| 3pd | Wind River 2015-1 CLO Ltd. |
| 3pd | Wind River 2015-2 CLO Ltd. |
| 3pd | Wind River 2016-1 CLO Ltd. |
| 3pd | Wind River 2016-2 CLO Ltd. |
| 3pd | Wind River 2017-1 CLO Ltd. |
| 3pd | Wind River 2017-4 CLO Ltd. |
| 3pd | Wind River 2018-3 CLO Ltd. |
| 3pd | Wind River 2019-3 CLO Ltd. |
| 3pd | Wind River Fund LLC |
| 3pd | Woodbine Funding ULC |
| 3pp | Z Capital Credit Partners CLO 2018-1 Ltd. |
| 3pp | Z Capital Credit Partners CLO 2018-1 Ltd. |
| dft | Z Capital Credit Partners CLO 2018-1 Ltd. |
| 3pp | Z Capital Credit Partners CO 2019-1 Ltd. |
| 3pp | Z Capital Credit Partners CO 2019-1 Ltd. |
| dft | Z Capital Credit Partners CO 2019-1 Ltd. |

TOTAL: 384 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2023               Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 3, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alison B. Miller | on behalf of Creditor LCM Lenders amiller@hsgllp.com |

Brian Taylor Goldman
on behalf of Creditor LCM Lenders bgoldman@hsgllp.com  managingclerk@hsgllp.com

Bruce J Ruzinsky
on behalf of Interested Party Invesco Senior Secured Management  Inc. and Credit Suisse Asset Management, LLC
bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky
on behalf of Plaintiff Credit Suisse Asset Management  LLC bruzinsky@jw.com,
msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Gabriel Adam Morgan
on behalf of Plaintiff Serta Simmons Bedding LLC et al. gabriel.morgan@weil.com
gabriel-morgan-3879@ecf.pacerpro.com;rene.olvera@weil.com;chris.jalomo@weil.com;Matthew.Kleissler@weil.com;Alexander
.Welch@weil.com

Henry Hutten
on behalf of Creditor Barings  LLC henry.hutten@freshfields.com

John F Higgins, IV
on behalf of Defendant AG Super Fund Master  L.P. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Ascribe III Investments  LLC jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant North Star Debt Holdings  L.P. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Z Capital Credit Partners CO 2019-1 Ltd. jhiggins@porterhedges.com
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Shackleton 2013-IV-R CLO  Ltd. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Silver Oak Capital  L.L.C. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Columbia Cent CLO 27 Limited jhiggins@porterhedges.com
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Contrarian Centre Street Partnership  L.P. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Shackleton 2015-VII-R CLO  Ltd. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Contrarian Distressed Debt Fund  L.P. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Shackleton 2017-XI CLO  Ltd. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Columbia Floating Rate Income Fund  a series of Columbia Funds Series Trust II
jhiggins@porterhedges.com, emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Columbia Strategic Income Fund  a series of Columbia Funds Series Trust I jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Contrarian Capital Fund I  L.P. jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Z Capital Credit Partners CLO 2018-1 Ltd. jhiggins@porterhedges.com
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
on behalf of Defendant Columbia Cent CLO 21 Limited jhiggins@porterhedges.com
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Defendant AG Credit Solutions Non-ECI Master Fund  L.P. jhiggins@porterhedges.com,
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Interested Party Ad Hoc Group of First Lien Lenders jhiggins@porterhedges.com
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Defendant Shackleton 2014-V-R CLO  Ltd. jhiggins@porterhedges.com,
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Defendant AG Centre Street Partnership  L.P. jhiggins@porterhedges.com,
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Defendant Gamut Capital SSB  LLC jhiggins@porterhedges.com,
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Defendant AG SF Master (L)  L.P. jhiggins@porterhedges.com,
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
        on behalf of Defendant Shackleton 2013-III CLO  Ltd. jhiggins@porterhedges.com,
        emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John James Sparacino
        on behalf of Creditor LCM Lenders jsparacino@mckoolsmith.com
        john-sparacino-7086@ecf.pacerpro.com;scastillo@mckoolsmith.com

Madlyn Gleich Primoff
        on behalf of Creditor Barings  LLC madlyn.primoff@freshfields.com, 6188914420@filings.docketbird.com

Neil Lieberman
        on behalf of Creditor LCM Lenders nlieberman@hsgllp.com  managingclerk@hsgllp.com

Patrick J. Woods
        on behalf of Creditor LCM Lenders pwoods@hsgllp.com  managingclerk@hsgllp.com

Victoria Nicole Argeroplos
        on behalf of Interested Party Invesco Senior Secured Management  Inc. and Credit Suisse Asset Management, LLC
        vargeroplos@jw.com,
        msalinas@jw.com;kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;jpupo@jw.com

Vincent Levy
        on behalf of Creditor LCM Lenders vlevy@hsgllp.com  managingclerk@hsgllp.com

TOTAL: 35