# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, *et al.* | § § § | Case No. 23-90020 (DRJ) |
| | § § | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, BOSTON MANAGEMENT AND RESEARCH, EATON VANCE MANAGEMENT, and BARINGS LLC, | § § § § § § § § | Adversary Proc. No. 23-09001 (DRJ) |
| *Plaintiffs,* | § § | |
| - against – | § § | |
| AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013- III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD., | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON MARCH 16, 2023.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE LCM DEFENDANTS TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL**

Defendants LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., and LCM 28 LTD. (the "**LCM Defendants**"), respectfully represent as follows in support of this motion ("**Motion to Seal**"):

1. The LCM Defendants are filing their Opposition to Plaintiffs' Motions for Summary Judgment (the "**Opposition**") opposing Plaintiffs' motions seeking summary judgment on their claims for a declaration (i) that the recapitalization transaction entered into by Serta Simmons Bedding, LLC ("**Serta**") in June 2020 was permitted as an "open market purchase" under the term loan agreement dated November 8, 2016; and (ii) that Serta and certain of its lenders did not breach the implied covenant of good faith and fair dealing by entering into that transaction.

2. In support of its Opposition, the LCM Defendants are filing a Memorandum of Law in Opposition to Plaintiffs' Motions for Summary Judgment (the "**Memorandum of Law**") and a Declaration of Neil Lieberman in Support of the LCM Defendants' Opposition to Plaintiffs' Motions for Summary Judgment (the "**Lieberman Declaration**"), with supporting exhibits attached thereto.

3. The LCM Defendants are simultaneously (1) filing upon the public docket a redacted version of the Memorandum of Law, an unredacted version of the Lieberman Declaration,

2

and unredacted versions of certain exhibits (Exhibits 3, 6, 21, and 22) to the Lieberman Declaration, which do not contain Confidential Information (as defined below), and (2) filing under seal an unredacted version of the Memorandum of Law and certain other exhibits (Exhibits 1, 2, 4, 5, and 7–20) to the Lieberman Declaration (defined below as the Confidential Exhibits).

4. The LCM Defendants file this Motion to Seal concurrently with the Memorandum of Law and the Lieberman Declaration.

## BACKGROUND

5. On March 3, 2023, this Court signed the Stipulated Protective Order (the "**Protective Order**") [Docket No. 74] entered into by the parties to this Adversary Proceeding, requiring, *inter alia*, that "[a]ll pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and Confidential Information and Highly Confidential – Attorneys' Eyes Only Information if filed with the Court, **shall be redacted from the Court filing** (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information) **or filed under seal** pursuant to the Court's rules governing sealed documents, unless the Designating Party consents to such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information being filed publicly in writing." Protective Order § 4.2(E) (emphases added).

6. The LCM Defendants' Memorandum of Law quotes from documents that have been designated as Confidential Information, and the Confidential Exhibits have been designated as Confidential Information under the Protective Order. Therefore, pursuant to Section 4.2(E) of

the Protective Order, the LCM Defendants seek to seal the unredacted versions of the Memorandum of Law and the Confidential Exhibits (defined below).

7. In further support of their request for sealing, the LCM Defendants note that, although the Protective Order refers to the right of a "Designating Party" to consent to the public filing of documents containing Confidential Information, Plaintiff Serta has already reproduced in *this* Action documents previously produced (with identical confidentiality designations) by non-parties in the action captioned *LCM XXII Ltd., et al. v. Serta Simmons Bedding, LLC*, 1:21-cv-3987-KPF (S.D.N.Y.) (the "**LCM Action**"). To the extent there may be doubt as to whether, pursuant to § 4.2(E) of the Protective Order, the Designating Party in the present circumstances is Serta or the original third party who produced the documents in the LCM Action, the LCM Defendants further submit that sealing is appropriate under the circumstances.

## RELIEF REQUESTED

8. Section 105(a) of the Bankruptcy Code permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," subsumed within which is the power to enforce its own orders. *See, e.g., In re Blast Energy Servs., Inc.*, 396 B.R. 676, 688 (Bankr. S.D. Tex. 2008) (bankruptcy court has "inherent power to enforce its own orders"); *In re National Gypsum Co.*, 118 F.3d 1056, 1069 (5th Cir. 1997) (noting the "undisputed power of a bankruptcy court to enforce its own orders").

9. Local Rule 9037-1(c) provides that "[a] motion, reply, or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal." Local Rule 9037-1(d) further provides that "[i]n some instances, it may be practicable to redact relevant confidential information from a document, and to file the redacted document in the public record. In those instances, (i) a redacted document

should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal."

10. By this Motion to Seal, the LCM Defendants request (i) authority to file under seal an unredacted copy of their Memorandum of Law (a redacted version of which was filed concurrently with this Motion to Seal on the public docket in the above-captioned adversary proceeding); (ii) authority to file entirely under seal Exhibits 1, 2, 4, 5, and 7–20 to the Lieberman Declaration (the "**Confidential Exhibits**"); and (iii) direction that the unredacted version of the Memorandum of Law and the Confidential Exhibits remain under seal and not be made available to anyone other than the Court and the parties to this Adversary Proceeding until the Designating Party (as that term is defined in the Protective Order) or any other interested party consents to the disclosure of its designated material.

11. A proposed form of order granting the relief requested herein is attached hereto (the "**Proposed Order**").

## CONCLUSION

WHEREFORE, the LCM Defendants respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 16, 2023
       Houston, Texas

Respectfully submitted,

*/s/ John J. Sparacino*
**MCKOOL SMITH, PC**
John J. Sparacino (SBN 18873700)
S. Margie Venus (SBN 20545900)
Regan S. Jones (SBN 24110060)
**MCKOOL SMITH, PC**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile (713) 485-7344
jsparacino@mckoolsmith.com
mvenus@mckoolsmith.com
rjones@mckoolsmith.com

-and -

Michael Shuster (admitted *pro hac vice*)
Vincent Levy (admitted *pro hac vice*)
Neil R. Lieberman (admitted *pro hac vice*)
Alison B. Miller (admitted *pro hac vice*)
Brian T. Goldman (admitted *pro hac vice*)
Patrick J. Woods (admitted *pro hac vice*)
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, New York 10017
mshuster@hsgllp.com
vlevy@hsgllp.com
nlieberman@hsgllp.com
amiller@hsgllp.com
bgoldman@hsgllp.com
pwoods@hsgllp.com

***Counsel for the LCM Defendants***

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing Motion to Seal was served by electronic delivery on all persons and entities receiving ECF notice in this adversary proceeding on March 16, 2023.

                */s/ John J. Sparacino*
                John J. Sparacino