IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SERTA SIMMONS BEDDING, LLC, *et al.* | § | Case No. 23-90020 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, BOSTON MANAGEMENT AND RESEARCH, EATON VANCE MANAGEMENT, and BARINGS LLC, | § § § § § § § | Adversary Proc. No. 23-09001 (DRJ) |
| *Plaintiffs,* | § § | |
| - against – | § § | |
| AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013- III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD., | § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**PROPOSED ORDER DENYING SUMMARY JUDGMENT**

Upon the motion filed by Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**") and its debtor affiliates in the above-captioned chapter 11 cases, and the motion filed by Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Eaton Vance Management, Boston Management and Research, and Barings, LLC (together with Serta Simmons Bedding, the "**Plaintiff**") dated February 24, 2023 (the "**Motions**"), for summary judgment in the above-captioned adversary proceeding on their claim for a declaratory judgment as more fully set forth in the Motions; and upon consideration of the LCM Defendants' Memorandum of Law in Opposition to Plaintiffs' Motions for Summary Judgment, the Lieberman Declaration, the Tavangar Declaration and the Buccola Declaration (collectively, the "**LCM Opposition**"); and this Court having reviewed the Motions and the LCM Opposition; and the Court having held a hearing to consider the Motions and the LCM Opposition (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the LCM Opposition establishes that issues of material fact preclude summary judgment in Plaintiffs favor and that Plaintiffs have not established an entitlement to relief pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056; that the Agreement unambiguously did not permit the transaction at issue; and upon the record of the Hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**

1. Plaintiffs' Motion is **DENIED**, and summary judgment is entered in favor of Defendants on the claim that the Exchange Transaction was not permitted under the Agreement.

2. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
Houston, Texas

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE