**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SERTA SIMMONS BEDDING, LLC, *et al.* | § | Case No. 23-90020 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, INVESCO | § | |
| SENIOR SECURED MANAGEMENT, INC., | § | Adversary Proc. No. 23-09001 (DRJ) |
| CREDIT SUISSE ASSET MANAGEMENT, LLC, | § | |
| BOSTON MANAGEMENT AND RESEARCH, | § | |
| EATON VANCE MANAGEMENT, and BARINGS | § | |
| LLC, | § | |
| *Plaintiffs,* | § | |
| | § | |
| - against – | § | |
| | § | |
| AG CENTRE STREET PARTNERSHIP L.P., AG | § | |
| CREDIT SOLUTIONS NON-ECI MASTER FUND, | § | |
| L.P., AG SF MASTER (L), L.P., AG SUPER FUND | § | |
| MASTER, L.P., SILVER OAK CAPITAL, L.L.C., | § | |
| ASCRIBE III INVESTMENTS, LLC, COLUMBIA | § | |
| CENT CLO 21 LIMITED, COLUMBIA CENT CLO | § | |
| 27 LIMITED, COLUMBIA FLOATING RATE | § | |
| INCOME FUND, A SERIES OF COLUMBIA | § | |
| FUNDS SERIES TRUST II, COLUMBIA | § | |
| STRATEGIC INCOME FUND, A SERIES OF | § | |
| COLUMBIA FUNDS SERIES TRUST I, | § | |
| CONTRARIAN CAPITAL FUND I, L.P., | § | |
| CONTRARIAN CENTRE STREET | § | |
| PARTNERSHIP, L.P., CONTRARIAN | § | |
| DISTRESSED DEBT FUND, L.P., GAMUT | § | |
| CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII | § | |
| LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 | § | |
| LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR | § | |
| DEBT HOLDINGS, L.P., SHACKLETON 2013- III | § | |
| CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., | § | |
| SHACKLETON 2014-V-R CLO, LTD., | § | |
| SHACKLETON 2015-VII-R CLO, LTD., | § | |
| SHACKLETON 2017-XI CLO, LTD., Z CAPITAL | § | |
| CREDIT PARTNERS CLO 2018-1 LTD., AND Z | § | |
| CAPITAL CREDIT PARTNERS CLO 2019-1 LTD., | § | |
| *Defendants.* | § | |
| | § | |

<u>**DECLARATION OF NEIL LIEBERMAN IN SUPPORT OF THE LCM DEFENDANTS'
OPPOSITION TO SUMMARY JUDGMENT**</u>

I, Neil R. Lieberman, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct:

1.      I am a Partner at the law firm of Holwell Shuster & Goldberg LLP, counsel for LCM Defendants.[1] I am admitted *pro hac vice* in the above-captioned matter. I make this declaration of my own personal knowledge and, if called to testify on these matters, I could do so competently.

2.      I am familiar with the facts and circumstances of this litigation by virtue of my personal involvement in it. I submit this declaration in support of the LCM Defendants' opposition to the Plaintiffs' motions for summary judgment in this case and pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d), as well as to transmit exhibits referenced in the LCM Defendants' Memorandum of Law in Opposition to Plaintiffs' Motions for Summary Judgment.

3.      Since June 2020, the LCM Defendants have pursued litigation against Debtor Serta Simmons Bedding, LLC ("**Serta**") and certain of its lenders (the "**Handpicked Lenders**") for, among other things, money damages arising out of the exchange transaction consummated by Serta and the Handpicked Lenders in June 2020 (the "**Exchange Transaction**").

4.      Prior to the Debtors' bankruptcy petitions in this Court, the LCM Defendants' claims were being litigated before Judge Katherine Polk Failla in the Southern District of New York, in the case captioned *LCM XXII Ltd., et al. v. Serta Simmons Bedding, LLC*, No. 21-cv-3987 (KPF) (the "**LCM Action**").

---

[1] The LCM Defendants are LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd., LCM XXV Ltd., LCM 26 Ltd., LCM 27 Ltd. and LCM 28 Ltd.

4884-9398-8439

5.      The LCM Action was instituted on May 4, 2021 by the filing of a Complaint. I am counsel of record for the LCM Defendants in their capacity as plaintiffs in the LCM Action.

6.      On July 9, 2021, Serta moved to dismiss the LCM Defendants' Complaint. On March 29, 2022, Judge Failla partially granted and partially denied the motion. In particular, Judge Failla permitted claims for breach of contract under Section 9.05(g) of the First Lien Term Loan Agreement and breach of the implied covenant of good faith and fair dealing to proceed through discovery and to summary judgment.

7.      Accordingly, the Serta and the LCM Defendants began discovery in the LCM Action in April 2022. The parties substantially completed document discovery as of September 15, 2022, and exchanged privilege logs on October 3, 2022.

8.      Non-party document discovery remained ongoing as of the time the Debtors filed their bankruptcy petitions. For example, the LCM Defendants never received a privilege log from the Handpicked Lenders they subpoenaed; and a dispute remained outstanding as to the scope of the documents that would be produced by Serta's private equity sponsor, Advent International Corp., as referenced in Exhibit 22 to this Declaration.

9.      As of the time Serta filed its bankruptcy petition, the LCM Defendants had noticed ten (10) depositions, as follows:

        a.   Barry Canipe, former Serta CFO;

        b.   Harvey Tepner, independent director for Serta parent Dawn Intermediate LLC;

        c.   Joan Hilson, independent director for Dawn Intermediate LLC;

        d.   Kenneth Prince, of third-party Advent International Corp.;

        e.   Roopesh Shah, of third-party Evercore Group;

3

    f.   Kristen McGuffey, in-house counsel to Serta;

    g.   Karn Chopra, of third-party Centerview Partners;

    h.   Allison Liff, former Weil, Gotshal attorney;

    i.   Ray Schrock, current Weil, Gotshal attorney; and

    j.   A deposition pursuant to Fed. R. Civ. P. 30(b)(6).

10.    These depositions would have sought detailed testimony regarding the motivations, intentions, and conduct of the actors involved in the Exchange Transaction, which testimony would have been particularly relevant to the LCM Defendants' claim for breach of the implied covenant of good faith and fair dealing. None of these depositions ultimately took place because the automatic stay took effect when the Debtors filed their Chapter 11 petitions. And these depositions have not taken place in this matter.

11.    Attached hereto as Exhibit 1 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00118548.

12.    Attached hereto as Exhibit 2 is a true and correct copy of a document produced by the LCM Defendants to Serta in the LCM Action bearing the beginning Bates number LCM_R0848668, which is deemed reproduced in the above-captioned action and is designated as Confidential pursuant to the Stipulated Protective Order (ECF 74).

13.    Attached hereto as Exhibit 3 is a true and correct copy of the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint filed by Serta Simmons Bedding, LLC, in the LCM Action.

4884-9398-8439

14.     Attached hereto as Exhibit 4 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00389394.

15.     Attached hereto as Exhibit 5 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00038994.

16.     Attached hereto as Exhibit 6 is a true and correct copy of a transcript of proceedings held on January 9, 2018 in the Supreme Court of the State of New York, County of New York, Commercial Division, in the action captioned *Octagon Credit Investors, LLC v. NYDJ Apparel, LLC*, Index No. 656677/2017.

17.     Attached hereto as Exhibit 7 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00418973.

18.     Attached hereto as Exhibit 8 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00141083.

19.     Attached hereto as Exhibit 9 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00140529.

20.     Attached hereto as Exhibit 10 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00093928.

21.     Attached hereto as Exhibit 11 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00138974.

22.     Attached hereto as Exhibit 12 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00118305.

23.     Attached hereto as Exhibit 13 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00138941.

24.     Attached hereto as Exhibit 14 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00110513.

25.     Attached hereto as Exhibit 15 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00094570.

26.     Attached hereto as Exhibit 16 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00110622.

27.     Attached hereto as Exhibit 17 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00110773.

28.     Attached hereto as Exhibit 18 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00110787.

29.     Attached hereto as Exhibit 19 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00094651.

30.     Attached hereto as Exhibit 20 is a true and correct copy of a document produced by Serta Simmons Bedding, LLC in the above-captioned action bearing the beginning Bates number SSB_ADVERSARY00094769.

31.     Attached hereto as Exhibit 21 is a true and correct copy of a transcript of the hearing held by this Court on January 27, 2023 in the above-captioned adversary proceeding.

32.     Attached hereto as Exhibit 22 is a true and correct copy of email correspondence between counsel for the LCM Defendants and counsel for Advent International Corp. regarding discovery in the LCM Action.

4884-9398-8439

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 16, 2023
      New York, New York

                                      */s/ Neil Lieberman*
                                      Neil R. Lieberman

*[Signature Page to Lieberman Declaration]*

8

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Declaration was served by electronic delivery on all persons and entities receiving ECF notice in this adversary proceeding on March 16, 2023.

*/s/ John J. Sparacino*
John J. Sparacino

4884-9398-8439