# EXHIBIT 6

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 2 of 56
1

1

2  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF NEW YORK:CIVIL TERM: PART 53
3  ----------------------------------------X
   OCTAGON CREDIT INVESTORS, LLC,
4
                     Plaintiff,
5
        -and-
6
   LBC III JC FUNDING, LLC, AND LBC III WF
7  FUNDING, LLC,                                    Index No.
                                                    656677/2017
8                   Plaintiffs-Intervenors,
9     -against-
10 NYDJ APPAREL, LLC, NYDJ CORPORATION, f/k/a
   APPAREL HOLDING I CORPORATION, APPAREL
11 HOLDING II CORPORATION, NYDJ PRODUCTION, LLC,
   NYDJ RETAIL, LLC, WILMINGTON TRUST, NATIONAL
12 ASSOCIATION, MUDRICK CAPITAL MANAGEMENT, L.P.,
   MUDRICK DISTRESSED OPPORTUNITY GLOBAL, L.P.,
13 BLACKWELL PARTNERS, LLC-SERIES A, BOSTON
   PATRIOT BATTERYMARCH ST LLC,MUDRICK DISTRESSED
14 OPPORTUNITY DRAWDOWN FUND, L.P., MERCER
   QIF FUND PLC, PBB INVESTMENTS III, LLC,
15 ROSENTHAL & ROSENTHAL OF CALIFORNIA, INC.,
16                  Defendants.
17 _____X
                          60 Centre Street
18                        New York, New York
                          January 9, 2018
19
   B E F O R E:
20
           CHARLES. E. RAMOS, J.S.C.
21
22 A P P E A R A N C E S:
23 FRESHFIELDS BRUCKHAUS DERINGER US LLP
   Attorneys for the Plaintiff - Octagon
24 601 Lexington Avenue, 31st Floor
   New York, NY 10022
25 BY: MADLYN GLEICH PRIMOFF, ESQ.
       ROBERT McCALLUM, ESQ.
26
   (Continues)

```
 1
 2
     A P P E A R A N C E S: (Continued)
 3
     KLEINBERG KAPLAN WOLFF & COHEN, P.C.
 4   Attorneys for the Plaintiffs-Intervenors
     551 Fifth Avenue
 5   New York, NY 10176
     BY: DAVID PARKER, ESQ.
 6       JOSHUA K. BROMBERG, ESQ.

 7   ROPES & GRAY LLP
     Attorneys for the Plaintiffs-Intervenors PBB III
 8   1211 Avenue of the Americas
     New York, NY 10036
 9   BY: MARTIN J. CRISP, ESQ.

10   DAVIS POLK & WARDWELL LLP
     Attorneys for the Defendants - NYDJ
11   450 Lexington Avenue
     New York, NY 10017
12   BY: BENJAMIN KAMINETZKY, ESQ.

13   ARNOLD & PORTER KAYE SCHOLER LLP
     Attorneys for the Defendants - Wilmington Trust
14   250 West 55th Street
     New York, NY 10019
15   BY: JEFFREY A. FUISZ, ESQ.

16   JONES DAY
     Attorneys for the Defendants - Mudrick
17   250 Vesey Street
     New York, NY 10281
18   BY: SIDNEY P. LEVINSON, ESQ.

19   OTTERBOURG, P.C.
     Attorneys for the Defendant - Rosenthal
20   230 Park Avenue
     New York, NY 10169
21   BY: RICHARD G. HADDAD, ESQ.

22

23

24                          Carolyn Barna
                            Senior Court Reporter
25

26
```

1                              Proceedings

2               THE COURT:  Good morning, everyone.

3               MR. LEVINSON: Good morning, your Honor.

4               MR. PARKER:  Good morning, your Honor.

5               MR. LEWIS: Good morning, your Honor.

6               MR. HADDAD:  Good morning, your Honor.

7               MS. PRIMOFF:  Good morning, your Honor.

8               MR. McCALLUM: Good morning, your Honor.

9               MR. FUISZ:  Good morning, your Honor.

10              MR. KAMINETZKY: God morning, your Honor.

11              MR. CRISP:  Good morning, your Honor.

12              THE COURT:  This seems to be the kind of

13     case every time I blink my eye somebody files another

14     motion.

15              For my benefit, please, tell me how you

16     want me to address these four or five motions we have

17     pending before us.  What's the relief being sought

18     and who is going to go first?

19              MR. LEVINSON:  Good morning, your Honor.

20              THE COURT:  Good morning.

21              MR. LEVINSON:  Sidney Levinson,

22     representing the Mudrick Defendants.

23              The primary motion before your Honor today

24     is Defendants' motion to dismiss the lawsuit.

25              THE COURT:  This is Defendant's -- this is

26     Mudrick?

```
 1                        Proceedings
 2              MR. LEVINSON:  This is all Defendants,
 3     yes.
 4              THE COURT:  All Defendants. Including
 5     NYDJ?
 6              MR. LEVINSON:  Including NYDJ.
 7              THE COURT:  Motion granted, everybody get
 8     out of here.
 9              (Laughter)
10              THE COURT:  A disposition is a disposition.
11              (Laughter)
12              THE COURT:  Okay.  There's the lectern,
13     unless you want to say something?
14              MR. PARKER:  I just wanted to say, your
15     Honor, that I'm David Parker and I'd like to
16     introduce Roger Lewis of the Law Firm Goldberg Kohn,
17     Ltd. in Chicago.  He has been admitted pro hac vice
18     for this case and he's going to be arguing this
19     motion for the LBC Plaintiffs.
20              THE COURT:  I'm sure he will live to regret
21     it.  But welcome to New York.
22              MR. KAMINETZKY:  Your Honor, Benjamin
23     Kaminetzky of Davis Polk. I represent the NYDJ
24     Defendants.  So we have an initial -- just bringing
25     you up-to-date so that we're clearing the underbrush,
26     nothing I'm going to say now is controversial.
```

```
 1                        Proceedings
 2            We started out this lawsuit with a
 3    complaint and a motion for preliminary injunction
 4    filed by the Octagon Plaintiffs.  You recall we were
 5    in front of you, you denied the preliminary
 6    injunction and the TRO, so it just became a
 7    complaint.
 8            We then moved to dismiss that complaint,
 9    but before that happened, the other party, LBC,
10    sought to intervene as another Plaintiff.  We had now
11    a problem with that now and they served their own
12    complaint.
13            To save your Honor time and energy, we
14    filed a joint motion to dismiss the two complaints,
15    both the original complaint and the LBC complaint.
16            THE COURT:  I think those are briefs I
17    read.
18            MR. KAMINETZKY:  We, all Defendants, filed
19    one set of briefs.  They then responded separately.
20    We -- they post separately.  We filed a joint reply
21    last week, so it's really just a motion to dismiss.
22            Again, there is a motion to intervene which
23    we've agreed to and so we're here to -- on a regular
24    motion to dismiss the two complaints.
25            THE COURT:  Thank you.
26            MR. PARKER:  The motion to intervene has
```

1                          Proceedings

2      been granted.  The only pending motion, I think, that

3      is left, is a motion to seal that LBC had made to be

4      able to seal its opposition to the motion to dismiss.

5              THE COURT:  Which mostly had to do with

6      amounts and valuations and things of that nature.

7              MR. PARKER:  Yes, your Honor.

8              There has been no opposition to that, so I

9      think that is the only outstanding motion.

10             THE COURT:  I haven't granted it yet.  We

11     don't grant motions to seal on default.  We have to

12     write an opinion.

13             This is your motion, sir.  A simple motion

14     to dismiss. They're so easy to grant.

15             MR. LEVINSON:  Thank you, your Honor.

16             And it is a motion of all of the

17     Defendants, to be clear.  This was a joinder filed by

18     a will and trust, but they joined with our brief.

19             For the sake of efficiency, your Honor,

20     we've divided the argument as follows:  I'm going to

21     address the breach of contract claims on behalf of

22     all of the Defendants and then Mr. Kaminetzky is

23     going to address the implied duty of good faith and

24     also the fraudulent transfer claim asserted by LBC.

25             THE COURT:  As I understand it, this is a

26     fight between different classes or classifications of

Proceedings

1

2    lenders, and the argument basically talks about --

3    from the benefit of my law assistant, the Plaintiff

4    claims it is a lender that -- whose loan has been

5    subordinated in terms of priority because the

6    majority of a class of lenders, and I'm not sure what

7    class we're talking about right now, it's a little

8    confusing, there's some -- supposed classes that may

9    not be classes under the agreement, so I'm not sure.

10          But the argument is that because a majority

11    of the voting members of a particular class have

12    claimed to have the power under these various loan

13    agreements to modify the terms of the agreements and

14    to modify, indeed, their own rights to recover, this

15    is bad faith or commercial unfairness, or breach of

16    contract or whatever.

17          MR. LEVINSON:  That's the gist of it, your

18    Honor.  I mean, we'll talk about it as we go through

19    the argument.  The term loans at issue are part of a

20    single class and we will talk about the definition of

21    class and why that's the case.

22          But generally speaking, yes, your Honor

23    certain lenders under this credit agreement are

24    complaining about the second amendment and the effect

25    it has to elevate the priority of the term loans of

26    our clients and the other Defendants over their term

Case 23-09001 Document 81-2 Filed in TXSB on 03/16/23 Page 9 of 56

1                              Proceedings

2      loans.

3              To give you a very brief overview of the

4      transaction, it involved an incremental financing

5      that was provided by our clients in the number of $20

6      million and that's pursuant to --

7              THE COURT:  When you say "your clients", do

8      you mean all of the lenders or just your clients?

9              MR. LEVINSON:  All of the lenders who are

10     Defendants.  And are termed lenders.  Maybe we should

11     --

12             THE COURT:  Let's start with the

13     classification of lenders.  I think that's very

14     important.

15             MR. LEVINSON:  So we have the term loans.

16     Our clients are in the class of term loans.  The

17     arbor language, I think the name of the fund is PBB,

18     if I'm recalling correctly, they are also a term

19     lender who provided the $20 million in incremental

20     financing.

21             The Plaintiffs are also members of the

22     class of term loans.  They obviously did not provide

23     the financing.  There is a separate --

24             THE COURT:  They have not provided the

25     additional financing that you folks agreed to.

26             MR. LEVINSON:  Yes.

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 10 of 56

```
 1                          Proceedings
 2              THE COURT:  Without telling them.
 3              MR. LEVINSON:  Right.  They didn't provide
 4    that.  One was offered the opportunity, one did not
 5    know about it, but I think that's undisputed.
 6              There's a separate Defendant, Rosenthal --
 7              THE COURT:  I'm sorry?
 8              MR. LEVINSON:  Rosenthal is another
 9    Defendant.  They are a revolving lender.
10              THE COURT:  Okay.  Not a term lender.
11              MR. LEVINSON:   They are a revolving.
12              THE COURT:  Do they have the right to vote
13    on modification of lending terms?
14              MR. LEVINSON:  They did.  The majority of
15    that class, through Rosenthal, consented to the
16    transaction.
17              THE COURT:  Is there -- let me ask the
18    Plaintiff.
19              This is kind of a one shot question.  I
20    think you're asserting that at least one aspect of
21    this refinancing, if that's what it is, or
22    restructuring of loans, at least one facet, from your
23    perspective, required consent of each individual term
24    lender; is that true?
25              MS. PRIMOFF:  Yes, your Honor.  I have got
26    a demonstrative, a one-page demonstrative I think
```

Case 23-09001  Document 81-2  Filed in TXSB on 03/16/23  Page 11 of 56

```
 1                    .            Proceedings
 2        will cut through a lot of this and hopefully help.
 3                    THE COURT:  I love cartoons.  Sure.
 4                    MS. PRIMOFF: (Handing.)
 5                    THE COURT:  If I read it upside down, will
 6        it help?
 7                    MS. PRIMOFF:  No.  But maybe the colors
 8        will help.
 9                    So the original agreement you see on the
10        left side in blue, term loans of 144 million as of
11        May.
12                    THE COURT:  That encompasses Plaintiffs and
13        Defendants?
14                    MS. PRIMOFF:  Correct.
15                    The revolver of 2 and-a-half million, so
16        the total 12 and-a-half, and 156.5 million, this was
17        as of May 2017 when the amendment was effected.  And
18        the right side with the colors shows the effect of
19        the amendments, so they layered on 20 million of
20        incremental at the top.
21                    In the middle, the yellow, has term loans
22        of 76.3 and a revolver of 12.5 for the total of 88.8
23        and then the bottom back of the line is the excluded
24        term lenders.
25                    THE COURT:  If we looked at it in terms of
26        waterfall, was the original agreement the waterfall
```

Case 23-09001 Document 81-2 Filed in TXSB on 03/16/23 Page 12 of 56

1                      Proceedings

2   that everyone was a participant and --

3           MS. PRIMOFF: Yes.

4           THE COURT: And this is a new waterfall

5   now, the three stages?

6           MS. PRIMOFF: That's correct.

7           THE COURT: Okay. Thank you.

8           MR. LEVINSON: Your Honor, the breach of

9   contract question for this Court to resolve is pretty

10   straightforward, which is did Defendants have the

11   right under the credit agreement to amend it in the

12   matter that's provided under the second amendment and

13   if so, there's no breach.

14         Now, there is a motion to dismiss so we

15   have to accept the facts to be alleged as true, but

16   whether a contract is unambiguous is, of course, a

17   question of law and extrinsic evidence is not

18   admissible for that purpose.

19         So, despite the best efforts of Plaintiffs

20   to focus their opposition on the facts that are

21   alleged, today's motion turns on language of the

22   credit agreement which nobody is suggesting wasn't

23   negotiated and entered into by sophisticated

24   parties.

25         Indeed, as your Honor held in the

26   Prudential v. West LB case, a case cited by

1                          Proceedings

2        Plaintiffs and a case that both your Honor and

3        counsel for Octagon are familiar, the best evidence

4        of parties to a written agreement's intent is what

5        they say in writing.

6                  So let's turn to Section 9.02(b) which

7        governs the amendment.  And there are many versions

8        of it.  I'm looking at the version that's Exhibit 3

9        --

10                 THE COURT:  Why would there be many

11       versions of it?

12                 MR. LEVINSON:  I'm sorry. Many versions

13       filed with the Court.  Each party filed a version --

14       well, not a version --

15                 THE COURT:  Well, these versions don't

16       differ, do they?

17                 MR. LEVINSON:  They do not.

18                 THE COURT:  Okay.

19                 MR. KAMINETZKY: Multiple copies.

20                 THE COURT:  Which exhibit?

21                 MR. LEVINSON:  I'm looking at the

22       affirmation of Mr. Kaminetzky that's attached to our

23       motion to dismiss a Exhibit C.

24                 THE COURT:  C?

25                 MR. LEVINSON:  It is.

26                 THE COURT:  It's the telephone book sized

```
 1                        Proceedings
 2    exhibit(indicating)?
 3              MR. LEVINSON:  It is.
 4              THE COURT:  This is a demonstrative exhibit
 5    as to why judges require, at least in the Commercial
 6    Division, require hard copies.  You cannot examine a
 7    document like this on the Internet; you'll go crazy
 8    or blind or both.
 9              MR. LEVINSON:  I agree with you, your
10    Honor.
11              It is page --
12              THE COURT:  I appreciate you supply working
13    copies.
14              MR. LEVINSON:  It is page 160, Section
15    9.02.
16              THE COURT:  I love concise agreements; only
17    160 pages.
18              MR. LEVINSON:  Everybody seems to agree
19    the general rule under 9.02(b) is that amendment only
20    needs consent of the, quote, "required lenders."
21    That's a general rule.  That's a defined term.  That
22    means a majority of all of the lenders.
23              But there's a list of exceptions to that
24    rule.  And they are in Section 9.02(b) and there are
25    ten specific exceptions to be precise.
26              Now, if an amendment doesn't fall within
```

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 15 of 56

14

1           Proceedings

2      one of those exceptions, required lender approval is

3      sufficient.  But, in each of the circumstances of the

4      ten exceptions, some additional level of consent is

5      required.  That additional level of consent varies in

6      degree.

7           In four of the provisions, Roman Numeral,

8      that's one, six, seven and eight, the amendment

9      requires the consent of each lender full stop.  In

10     three of the provisions, the amendment requires the

11     consent of each lender directly and adversely

12     affected thereby.  That totals seven provisions

13     requiring individual lender consent.

14           THE COURT:  I take it the Plaintiff

15     contends or Plaintiffs contend they fall within the

16     parameters of at least one of those subsections?

17           MS. PRIMOFF:  Four of them.

18           THE COURT:  Only four?  Okay.

19           MR. LEVINSON:  Well, that's not correct,

20     your Honor.  There are two that they cite that

21     require individual lender consent, but there are two

22     that they cite that do not.  Those are the other

23     three provisions.

24           I said there were ten.  Seven of them

25     require individual lender consent.  In the remaining

26     three, which are four, nine and ten, individual

1                              Proceedings

2        lender consent is not required.

3                THE COURT:  I think they agree with that,

4        they are not all -- required unanimous consent.  But

5        they're saying that they fall within one or more

6        categories that require their client's consent.

7        That's what I have to focus on.

8                MR. LEVINSON:  What they allege, yes, two

9        of them do, and we will get to those certainly.

10               But the two key ones, the ones that get

11       focus of the attention, which are four and nine,

12       don't require individual lender consent; rather they,

13       they only require the consent of a class of lender.

14               THE COURT:  Plaintiff, which of these ten

15       categories do you contend your clients fall into?

16       Give me the numbers.

17               MS. PRIMOFF:  We fall into where we have a

18       block, you're saying?

19               THE COURT:  Yes.

20               MS. PRIMOFF:  Two and eight.  So reduction

21       of principal and release of collateral.

22               THE COURT:  Sorry?

23               MS. PRIMOFF:  Two and eight.

24               THE COURT:  Two and eight, all right.

25       Those are the only two that you feel cover your

26       client and protect your client from being essentially

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 17 of 56

1                          Proceedings

2     diminished in this waterfall?

3                  MS. PRIMOFF:  No, no, no.  Not at all, your

4     Honor.

5                  So, with respect to four and nine, where

6     they subordinated excluded lenders to included

7     lenders, we say that there is no intra class

8     subordination of term loan lenders allowed under this

9     agreement.

10                 THE COURT:  So you say under four and nine

11    it's prohibited?

12                 MS. PRIMOFF:  Yes.

13                 THE COURT:  How should I be looking at

14    numbers two and eight?

15                 MS. PRIMOFF: Those are additional

16    arguments, so.

17                 THE COURT:  Where do you want me to focus

18    my attention?  Which of these subsections do you

19    really want me to focus on?

20                 MS. PRIMOFF:  Well, I'm prepared to go

21    through all of them.  We start with four and nine.

22                 THE COURT:  I will start with four and

23    nine.  I'm not precluding anything, but I do want to

24    focus what you think your best argument is.

25                 MS. PRIMOFF:  Okay.

26                 MR. LEVINSON: Four and nine don't require

Case 23-09001  Document 81-2  Filed in TXSB on 03/16/23  Page 18 of 56

1                        Proceedings

2        consent of individual lenders; we all agree on that.

3        It requires the consent of a Class of lenders and

4        Class is a capitalized defined term.

5                THE COURT:  Hang on.

6                So both four and nine if you have a

7        majority in interest on outstanding loans, they can

8        make the modification.

9                MR. LEVINSON:   Right.  Of the Class,

10       capital C.  And we will get to what it means.

11               THE COURT:  Plaintiff, do you agree with

12       counsel's characterization of four and nine?

13               MS. PRIMOFF:  No.  It has to be each

14       adversely affected class, your Honor.  And --

15               THE COURT:  Hang on.  So you're focusing on

16       the term each adversely affected class?

17               MS. PRIMOFF:  I'm focusing on that term and

18       --

19               THE COURT:  That means I have to look at

20       this vote that takes place and determine whether or

21       not the voting lenders fall into a class of adversely

22       affected lenders?

23               MS. PRIMOFF:  Right.

24               Also --

25               THE COURT:  Is there a definition of

26       adversely affected class?  There is only a definition

```
 1                        Proceedings
 2       of class, as I understand it; correct?
 3                 MS. PRIMOFF:  Right.
 4                 MR. LEVINSON:  That's correct, your Honor.
 5                 THE COURT:  There's no definition of
 6       adversely affected class?
 7                 MR. LEVINSON:  Adversely affected are not
 8       defined terms. Class, which is a defined term, which
 9       is dispositive --
10                 THE COURT:  Does that mean -- I take it
11       from the Movant's point of view that that means that
12       to be an adversely affected class, it has to be a
13       defined class in the first place?
14                 MR. LEVINSON:  Has to be a defined class in
15       the first place.
16                 THE COURT:  Do you agree?
17                 MS. PRIMOFF:  Well, we have alternatively
18       included lenders and excluded lenders effectively put
19       into a separate class, we advance that argument as an
20       alternative argument, but our principal argument is
21       that the term loan lenders as it relates to a
22       subordination of excluded term lenders to included,
23       there is no adversely affected class.  They are all
24       in the same class.
25                 MR. LEVINSON:  If I may address that point,
26       your Honor?
```

Proceedings

1          THE COURT:  Hang on.  That thought is

bouncing on what's left on my brain.  Oh, my God.

          MS. PRIMOFF:  Your Honor, if I could focus,

in fact, on the words of Romanette four, it says:

Change to 18(b) or (c), so change the pro rata, in a

manner, and those words "in a manner" are also very

important, that alters the pro rata sharing without

consent of lenders holding a majority of each

adversely affected class.

          And to the extent that they want to

subordinate term, whether it's to the incremental or

to the revolver, that's fine, but they have to

subordinate all of the term.  They can't say we're

going to pick and choose among terms and say we're

going to let the included lenders not be subordinated

and we're just going to subordinate the excluded

lenders because each --

          THE COURT:  I take it the included lenders

produced additional capital for the amendment?

          MR. LEVINSON:  That's correct, your Honor.

          By the way, those are not terms used

anywhere in the amendment.  Those are counsel's

terms.

          But it's worth stepping back to recall what

this list is.  This list of ten exceptions, now we're

1                          Proceedings

2       focused on clause four, are exceptions to the general

3       rule that required lender consent is sufficient.  So

4       if it is counsel suggesting this provision somehow

5       didn't apply, then it would be required lenders that

6       need to consent.

7               Now, we have a different view.  And I say

8       that because clause four specifically governs change

9       the pro rata distributions.  The parties thought

10      about this as to whether or not it should be a sacred

11      right.  And what they included was okay, we're going

12      to give it protection, but only with respect to a

13      class vote, not individual lender consent vote.

14              THE COURT:  You know what really bothers me

15      about this whole transaction, I can understand

16      lenders going into a deal like this with a provision

17      like this as a way of providing some leverage, that

18      is if you don't participate, if you're not an

19      included lender, you're going to be penalized.

20              So, to that extent, it seems to be a

21      commercially reasonable and not an overreaching or

22      bad faith effort.  But, it seems, from what the

23      Plaintiff is telling me anyway, it seems that this

24      was not used as a way of convincing other term

25      lenders to participate in this refinancing.  Rather,

26      it was a way of cutting some of them out without

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 22 of 56

1                              Proceedings
2       letting them know what's going on.
3               In other words, there can be a legitimate
4       and an illegitimate purpose to this kind of purpose.
5       The legitimate purpose would be to give to motivate
6       all of the term lenders to participate in its
7       refinancing so you can save the company and everybody
8       gets a little bit of benefit from it, the lenders get
9       a little bit more of the hope that they're going to
10      be repaid at some point if this company can survive.
11              Apparently that was not what was done.  And
12      it looks like the reasonable commercial expectations
13      of the lenders participating in this arrangement is
14      being undermined by some of the lenders getting
15      together and saying look, if we don't tell the other
16      guys what we're doing, we can cut them out of the
17      picture.  It doesn't seem very fair.
18              I don't think, I don't think there is
19      really -- this satisfies the commercial
20      reasonableness filters through which we look at all
21      of these kinds of contracts.  It sounds like an
22      abusive use of these terms.
23              MR. LEVINSON:  We would disagree, your
24      Honor, for a variety of reasons.  Again, we have to,
25      for purposes of this motion, take the facts as
26      alleged and we haven't attempted to dispute the facts

1          Proceedings

2      at this particular stage.

3              But, again, what we have here is an ability

4      of a company, you know, a company is given a certain,

5      we will call it tool box, of tools to try to

6      restructure itself and --

7              THE COURT:  It's a retailer?

8              MR. LEVINSON:  It's a retailer, yes.

9              THE COURT:  No wonder it's going on.

10             MR. LEVINSON:  They sell jeans.

11             THE COURT:  Thank you, Amazon.

12             MR. LEVINSON:  There are certain

13     limitations imposed in Section 9.02 (b)and they were

14     specifically negotiated by the parties.  They went

15     through and created various exceptions to what can

16     and can't be -- what level of consent is required for

17     certain amendments, but as to pro rata sharing, --

18             THE COURT:  For example, I'm trying to look

19     at this as if it was any sort of a vote being taken

20     whether its lenders or shareholders or cooperators or

21     whatever.  How can you look at the paragraph 4,

22     change section 2.18 (b) or (c) in a matter that would

23     alter the pro rata sharing of payments required to

24     buy without the written consent of lenders.

25             Doesn't the phrase written consent imply

26     that you're going to ask everyone to consent?

1                          Proceedings

2              MR. LEVINSON:  I don't think it does, your

3       Honor.  I think it -- written consent requires an

4       agreement among, in this case -- I mean, if they

5       needed written consent of every lender --

6              THE COURT:  No, no.  I'm not saying they

7       required the written consent of every lender.  But

8       how do you determine if you have the consent of

9       lender A, if you don't ask lender A would you

10      consent.  Instead, you have a quote majority, a

11      slight majority, going off into a side room and

12      saying we're going to consent amongst ourselves and

13      the hell with the rest of these guys.

14              It really seems unethical --

15              MR. KAMINETZKY: Your Honor. May I --

16              THE COURT:  -- as if there is such a

17      concept of business ethics and it's not an oxymoron.

18      And I think there is, quite frankly, I think judges

19      adhere to it.

20              MR. KAMINETZKY:  Mr. Levinson is arguing

21      the contract.  Your Honor, there is no provision --

22      this number four when you read the same words over

23      and over you can find ambiguity.  It said you needed

24      majority of affected class.  The class are the term

25      lenders. And we --

26              THE COURT:  But it doesn't say that.  It

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 25 of 56

<pre>
 1                           Proceedings
 2    says the written consent.  To me, that implies that
 3    you ask them, you inform them this is what we're
 4    going to do.
 5              MR. KAMINETZKY:  There's certainly
 6    provisions out there that require, you know,
 7    solicitation rules and everything else you ask every
 8    shareholder, every bondholder something.
 9              This was an agreement negotiated between
10    Goldman Sachs and my client, NYDJ.  Davis Polk,
11    Milbank Tweed, Morrison & Forrester were the lawyers
12    on this agreement.  So we're not talking about
13    babies --
14              THE COURT:  Guess what?  I'm not
15    impressed.
16              MR. KAMINETZKY:  I don't mean to impress
17    you, but I'm saying --
18              THE COURT:  The former president of Goldman
19    Sachs Emeritus is a friend of mine.  He's appalled at
20    the way Goldman Sachs has been behaving lately.
21              MR. KAMINETZKY:  Goldman Sachs is on the
22    other side of my client. I represent the poor jeans
23    company trying to survive.
24              THE COURT:  Look, you're asking for a
25    dismissal of the case at this point.  And I'm
26    offended by the idea that you can obtain consent, the
</pre>

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 26 of 56

```
 1                        Proceedings
 2      required consent, by only notifying some of the
 3      lenders.
 4               MR. KAMINETZKY:  It says that you need a
 5      majority of the lenders.  There is no requirement in
 6      here to solicit everybody, take a vote, and then
 7      count votes and see if you have a majority.
 8               There are certain rules in securities laws
 9      and everything else that require people to go out to
10      the class or to the market and solicit everyone.
11      That's just not here.
12               Of course your Honor could read it in, but
13      every single case that talks about the implied
14      covenant of good faith and fair dealing says that is
15      -- if there is plain language addressing the
16      situation, especially when you're dealing with
17      parties --
18               THE COURT:  I would agree that if the plain
19      language excluded that requirement, but you are
20      asking us to turn a blind eye.  And, at this point,
21      this is a motion for dismissal.  This is not summary
22      judgment.
23               We've conducted no discovery at all. I have
24      no idea what went on between the parties when this
25      agreement was being negotiated.  Quite frankly, nor
26      do the Plaintiffs's attorneys.
```

Case 23-09001 Document 81-2 Filed in TXSB on 03/16/23 Page 27 of 56

1            Proceedings

2            MR. LEVINSON:  Your Honor, under principles

3    of contract interpretation, parties aren't required

4    to take actions that are, you know, so unnecessary or

5    --

6            THE COURT:  Isn't there an implied covenant

7    of good faith anymore?

8            MR. LEVINSON:  The question here is would

9    --

10           THE COURT:  These lenders put together a

11   package of over $150 million to try to bail out a

12   failing company.  They all took risks. They know

13   that.  They are sophisticated parties.  This is

14   not -- there's no win win here.

15           And I'm really disturbed at what the

16   Plaintiffs are alleging happened.  And I don't know

17   what happened because I wasn't there.  But what

18   they're alleging is that a group of lenders, without

19   notifying another group of lenders, on their own said

20   look, we can do something for ourselves at the

21   expense of our co-lenders.

22           MR. LEVINSON:  That's simply not true as to

23   Octagon and --

24           THE COURT:  That's true.  They were

25   informed and they said we don't want to be a part of

26   this because it's so unethical.

1                              Proceedings

2                   MR. LEVINSON:  That's what they claim, but

3       --

4                   THE COURT:  That's what I see now.  This

5       is a motion to dismiss.  We haven't had discovery

6       yet.

7                   MR. LEVINSON:  Your Honor, again, coming

8       back to the plain language of the agreement and what

9       is expressed because the intent of the parties is to

10      be determined by what is written in the agreement.

11      Here --

12                  THE COURT:  And if the intent of the

13      parties as expressed in the agreement clearly

14      excluded what I'm talking about, as is the

15      application of a good faith standard, okay, you would

16      have your dismissal.

17                  But I do, and we do, in the Commercial

18      Division, look through a filter of commercial

19      reasonableness and good faith dealing.

20                  This sounds like a conspiracy.  I know

21      that's not a separate tort, but it offends me.

22      Doesn't mean you're going to lose.  But it means you

23      might not get this motion granted.

24                  MR. LEVINSON:  And I would submit that this

25      motion should be granted because, again, we're

26      talking about sophisticated parties.  We're talking

Case 23-09001  Document 81-2  Filed in TXSB on 03/16/23  Page 29 of 56

1                          Proceedings

2      about a provision -- this isn't a situation where

3      there was no reference to changing the pro rata

4      provision anywhere in the agreement where --

5              THE COURT:  I think Plaintiffs acknowledge

6      that, too.  Again, I see this in terms of how do I

7      interpret this agreement as being commercially

8      reasonable.  And it's, to me, an incentive, I think I

9      said it before, incentive for all of the lenders to

10     get together and pony up some additional money.

11             That is what it sounds like to me.  That

12     would be the common sense approach to it.  Sorry

13     about the oxymoron.

14             But it wasn't interpreted that way by the

15     Defendants.  They saw it as an opportunity apparently

16     to do something without notice to all of the other

17     lenders.  Very much to their detriment.

18             MR. LEVINSON:  What it provided was an

19     opportunity for the company to get $20 million of

20     incremental financing and being able to offer

21     something in return to our clients that would induce

22     them to provide that $20 million which serves a --

23             THE COURT:  It may be that what was done

24     here was the only commercially reasonable thing that

25     could have been done.  I'm still offended by why

26     this -- it was done without notifying all of the

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 30 of 56

```
 1                      Proceedings
 2      other lenders.
 3              MR. KAMINETZKY:  Your Honor, you're missing
 4      part of the story.  Again, we represent the
 5      borrower --
 6              THE COURT:  You're the retailer.
 7              MR. KAMINETZKY:  The jean company, Not Your
 8      Daughter's Jeans.
 9              The allegations in the complaint are this:
10      We needed covenant.  There's a credit agreement
11      here.  We were in danger of breaching covenant. So we
12      did go to the lenders group, this is in the
13      complaint, and say can we have covenant relief and
14      they said no.
15              It's only then that we said uh-oh, okay,
16      now, we didn't get the covenant relief, we're going
17      to be in default.  And so we said let's look at the
18      credit agreement and see what we could do to get --
19              THE COURT:  What you're telling me is
20      something I'll certainly be interested in hearing
21      about, but --
22              MR. KAMINETZKY:  The --
23              THE COURT:  Excuse me. Excuse me.
24              MR. KAMINETZKY:  I'm so sorry.
25              THE COURT:  And I'm not trying to be curt
26      about this, but it's a motion to dismiss.  This is a
```

Case 23-09001  Document 81-2  Filed in TXSB on 03/16/23  Page 31 of 56

1              Proceedings

2     motion based on pleadings, based on the contract.

3     And what you're giving me is outside of the

4     contract.  It's factual.  And I'm not saying it's not

5     true, but it's not what I would be considering on a

6     motion under 3211.

7              MR. KAMINETZKY:  My only point, your Honor,

8     is that this is in the complaint.  What I just told

9     you is alleged in the complaint.  That we did go out

10    to lenders for covenant relief.  This is in the

11    complaint at paragraphs 35 and --

12             THE COURT:  Let me ask you the next logical

13    question that I would want to see happen if it were

14    all lenders.  Did you inform all of the lenders that

15    if they would not agree to the refinancing as a

16    group, that you would then approach some of the

17    lenders to see if you could put together a package

18    that would be majority?

19             MR. KAMINETZKY:  Not to my knowledge.  I

20    don't know the answer to that.

21             THE COURT:  That's what I find offensive.

22    I can't come up with a good reason why you didn't do

23    it, except that you were trying to get over on

24    somebody.

25             MR. KAMINETZKY:  I'm --

26             THE COURT:  Because it may be, that your

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 32 of 56

Proceedings

1

2   clients -- I'm sorry.  That the some of the

3   Defendants would not have prospered as much if that

4   was case.  Why did they do it that way?  Yeah, maybe

5   you had the right to do it because it wasn't

6   excluded, but the right wasn't granted either.

7           Again, we look at these contracts through a

8   filter of commercial reasonableness and good faith.

9           MR. LEVINSON:  The contract confers certain

10  rights on all of the parties.  All lenders, all

11  sophisticated.  Putting value judgments on, you know,

12  when a lender gets benefits to which it might be

13  entitled, I think goes beyond, you know, well, you

14  have expressed provisions, a reading of the

15  agreement --

16          THE COURT:  My problem is there's a limit

17  to these things we would turn a blind eye to.

18          MR. LEVINSON:  Understood, your Honor. But

19  in all of the cases that Plaintiff cited on the issue

20  of commercial reasonableness in their papers,

21  interestingly, all of them involve situations where

22  there wasn't express language.  It wasn't a situation

23  where the court found well, this is commercially

24  unreasonable in the face of the express language.

25          Here, we have a very specific provision.

26  That's what makes this agreement unique.  A very

Proceedings

1

2    specific provision, clause four, that says you can

3    change the pro rata.  I mean -- by the way, the

4    provision doesn't only talk about pro rata among the

5    classes like Plaintiffs say. It's any pro rata under

6    218 (b) or (c). That covers all lenders.  And it says

7    you can do it so long as you have the consent of a

8    majority of an adversely affected class.

9              They knew how to write a provision

10   differently if they had wanted to.  We see that

11   throughout Section 902(b). If they wanted to make it

12   just apply to a class by class basis, they could have

13   written it like they did clause nine which only

14   applies to what counsel refers to as inter class.

15   But they didn't.  It applies to intra class

16   specifically on its face.

17             By the way, they also could have written

18   the --

19             THE COURT:  Is there any provision, I

20   haven't read the entire document, it's over 200 pages

21   long.

22             MR. LEVINSON:  By the way, they could have

23   written it like they did clause two.  That is one of

24   the provisions they cite --

25             THE COURT:  Hang on.  I don't want to lose

26   my thought.

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 34 of 56

33

Proceedings

1

2        MR. LEVINSON:  It's what it says.

3        THE COURT:  Is there any provision in the

4   agreement that expresses in one way or the other,

5   what rights or obligations the various lenders have

6   to one another, or is it silent?

7        MR. LEVINSON:  The agreement does have

8   provisions with respect to -- that talk about duties

9   of the borrower and the loan parties.  I'm not aware

10  of a specific provision that addresses, you know, on

11  a lender by lender basis.

12       THE COURT:  Usually these agreements are

13  silent on that subject.

14       MR. LEVINSON:  I believe this one is.

15       THE COURT:  I was just wondering because in

16  some cases you might have a disclaimer where the

17  parties agree that the lenders have acknowledged they

18  have no rights or obligations with regard to one

19  another.

20       MR. LEVINSON:  Again, your Honor, if the

21  intent -- if this agreement didn't include clause

22  four, if it had just been silent on pro rata, none of

23  us would be in this courtroom today.  This

24  transaction wouldn't have happened.

25           And the reason it wouldn't have happened is

26  because we wouldn't be able to point to something in

Case 23-09001 Document 81-2 Filed in TXSB on 03/16/23 Page 35 of 56

<br>

1                        Proceedings

2     the agreement that says this is an issue that was

3     thought about and that the parties wrote the

4     following words that mean the following thing.

5           THE COURT: But the purpose of it, I'm

6     assuming, had to be used as a way of cajoling all of

7     the lenders to at least consider participating in the

8     extended financing. The revised waterfall. There

9     would have been a give and take.

10          This is additional risk you're taking, but

11     this is the reward, we may be able to save the

12     company. You might have to wait a little longer for

13     your money, you might get a few less -- a smaller

14     percentage of return on your investment, but we're in

15     a bad situation, we've got to do the best, given the

16     circumstances. That's fine.

17          But that's not what happened. I can't

18     ignore what happened here. I can't ignore the fact

19     that you folks did this without letting the other

20     lenders know.

21          And the only lender that did know, Octagon,

22     said this is unethical and I'm not going to be part

23     of it. And I commend them for that.

24          MR. LEVINSON: They allege they said that.

25          THE COURT: I'm looking at the pleadings.

26          They could be the devil incarnate, but I

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 36 of 56

Proceedings

1

2    don't know.  This is just a motion to dismiss.

3           MR. LEVINSON:  Again, the fact that clause

4    four is so specific and there's nothing in clause

5    four that suggests purpose that your Honor is

6    ascribing to it.

7           Clause nine covers --

8           THE COURT:  But every provision in a

9    contract like this, particularly like this, has a

10    purpose.  And I am racking my brain as to what the

11    purpose is.  I can't imagine the purpose is this is a

12    way of cheating our co-lenders.

13           The purpose seems to me pretty apparent

14    that it's a way of cajoling all of the lenders to

15    participate in refinancing.  In other words, come

16    along with the majority; otherwise, you're going to

17    suffer the consequences of not coming along, which is

18    commercially reasonable.  I mean, this is a bad

19    situation.  This company is not doing well.

20           Plaintiff, tell me why I shouldn't grant

21    this motion.  Somebody.

22           MS. PRIMOFF:  Plaintiff tell us why you

23    should not grant the motion? Your Honor --

24           THE COURT:  I'm sorry.

25           Is everybody here(indicating) for the

26    Plaintiff?

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 37 of 56

1                          Proceedings

2              MR. LEWIS:  Yes.

3              MS. PRIMOFF:  So we represent Octagon.

4              THE COURT:  Why are you here from Chicago,

5        other than the fact you want to come here and eat at

6        our restaurants?

7              MR. LEWIS:  LBC has its own claims in this

8        case, your Honor.

9              THE COURT:  Okay.

10             MR. LEWIS:  Breach of contract -- the

11       claims are somewhat different.  LBC was not given any

12       notice.  Octagon was given notice and they said no.

13       We weren't given --

14             THE COURT:  Octagon first.

15             MS. PRIMOFF:  So your Honor asked the

16       question what was the purpose of Roman four.  We have

17       an answer. The purpose of Romanette four is if you

18       allow the class of term loans to subordinate to

19       another class, if the class decides to do that, there

20       is nothing in Romanette four that allows a majority

21       of term loans to say great, we're going to

22       subordinate you, the minority.  The words don't allow

23       for that.

24             And they don't have a response to that

25       because there is no adversely affected class in that

26       context.

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 38 of 56

```
 1                          Proceedings
 2              THE COURT:  So what you're saying is they
 3      couldn't carve a class out of the term loans except
 4      by creating it themselves, but if they -- how
 5      extensive is their power to amend?
 6              MS. PRIMOFF:  The power to amend covers
 7      inter class subordination.  So they could subordinate
 8      all of the term to all of the revolvers.  And the
 9      reason you have the class vote is so the majority of
10      the class can bind the holdouts that don't go along
11      with class vote.
12              The purpose of the provision isn't to allow
13      the majority to say ha ha to the minority.  It's
14      simply to buy the holdouts that don't want to go
15      along so that everybody gets bound together. And
16      that's our interpretation of the agreement, your
17      Honor.
18              So, on points four and nine, we think the
19      agreement is very straightforward in our favor.  It's
20      a cogent commercially reasonable interpretation.  It
21      is not one that imposes a penalty on everybody
22      sitting on this side of the table and gives a
23      windfall to everybody sitting on that side of the
24      table.
25              I'm happy to address the other two
26      provisions that we have a problem with if you would
```

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 39 of 56

```
 1                          Proceedings
 2     like me to or I'm happy to sit down, whatever your
 3     Honor wants.
 4               THE COURT:  Any thoughts?
 5               MR. LEWIS:  Your Honor, I think that the
 6     fact Davis Polk, which was deal counsel in the
 7     litigation, didn't stand behind the amendment
 8     either.  They issued an opinion that did not give
 9     them -- opinion that this was a valid exercise
10     either.
11               Goldman Sachs, you know, sophisticated,
12     they ran away sometime before the thing got done.
13     They didn't think it was valid.  That's all in the
14     complaint.
15               There are other indicia of fraud here.
16     Constructive fraud or breach of contract or breach of
17     implied duty of good faith.  They're all in the
18     complaint.  They're all well alleged.  And I don't
19     think there's anything other than to deny the motion
20     at this stage.
21               MR. LEVINSON:  Again, your Honor, we come
22     back to the plain language of the agreement.  And the
23     fact that the parties included a provision with
24     respect to pro rata.  The explanation that has been
25     provided is just not consistent with the express
26     language.
```

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 40 of 56

1                          Proceedings

2               If they had wanted to write four like that,

3       they had plenty of models within Section 902(b)to do

4       it.  And the parties didn't do it.  And to simply

5       disregard what the parties agreed to that provides

6       the company with the flexibility to offer something

7       to certain lenders and, you know, and not others as a

8       way to, in this case, to induce additional financing,

9       is something that was negotiated.

10              I mean, all of their arguments require this

11      Court to read the provisions and language into these

12      provisions that simply don't exist.  As read, it

13      allows for it.

14              And the other provisions that they have

15      cited, and we can talk about some of the other

16      arguments that they make as to clause two or eight as

17      to why those are not applicable and probably worth

18      spending a moment, we certainly can address the

19      fraudulent transfer claim as well, but Mr. Kaminetzky

20      will do that.

21              Again, it comes down to the language and

22      the definition of class.  Class is a defined term

23      under this agreement.  And I recite the Music Land

24      case.  I think Music Land is a really important case

25      in this context because Music Land --

26              THE COURT:  Did the authority granted under

1                              Proceedings
2       section four grant to the majority the right to
3       create additional classes or classifications of
4       lenders?
5                   MR. LEVINSON:  This isn't creating
6       additional class.  This is changing --
7                   THE COURT:  I take it it did not.
8                   MR. LEVINSON: It did not and it did not
9       contemplate it because it's one class.
10                  There's a single class of term loans that
11      the right to consent, the majority of that class.
12      There's no creation of a new class of creditors.  It
13      doesn't fall within the definition of class.
14                  THE COURT:  But if you look at the excluded
15      and included loans, aren't we, in fact, creating two
16      new classes of loans?
17                  MR. LEVINSON:  We are not, under the
18      definition of class.
19                  And this is why the Music Land case is
20      really important, your Honor. The --
21                  MR. KAMINETZKY:  Can I just answer your
22      Honor's --
23                  THE COURT:  Where is the definition of
24      class?
25                  MR. KAMINETZKY:  Your Honor, you would
26      maybe be right - well, your Honor's always right, no

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 42 of 56

1                           Proceedings

2      matter what - if class wasn't a defined term.

3                    THE COURT:  Where's the definition?

4                    MR. KAMINETZKY:  Page 8, your Honor.

5                    And if this was a lower case C instead of

6      capital C, I would understand your Honor's

7      inclination to say that well, now they divided it

8      into two classes.  But it's a capital C.

9                    MR. LEVINSON:  And this is why Music

10     Land --

11                   THE COURT:  Hold on.

12                   MR. LEVINSON:  I'm sorry, your Honor.  My

13     apologies.

14                   THE COURT:  The definition raises a thought

15     in my mind that what Defendants have done here is in

16     violation of the agreement, they've created two new

17     classes, included and excluded.

18                   MS. PRIMOFF:  That's correct, your Honor.

19                   And we spent four pages of our brief on

20     this very subject and we go through a lengthy

21     analysis of the agreement as a whole, not just the

22     definition of class.

23                   And we analyze what's the hallmark of the

24     class. Because the definition of class talks about

25     loans having different terms and conditions as being

26     the hallmark of a class.

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 43 of 56

1              Proceedings

2        And this agreement contemplated future

3    classes and it had replacement loans, it had

4    extension loans.  It contemplated that there would be

5    future classes.

6            So they did the amendment, they should have

7    updated the definition of class to include included

8    loans and excluded loans.  They conveniently and

9    intentionally chose not to do that.  But we've got

10   the duck test cited in our papers.  If it walks like

11   a duck and it quacks like a duck, it's a duck.  Not a

12   chicken.

13           MR. LEVINSON:  Your Honor, this is -- a

14   class is a defined term.  And they did, in fact, as

15   counsel correctly points out --

16           THE COURT:  And are you saying that your

17   clients were incapable of breaching the contract and

18   creating new classes?

19           MR. LEVINSON:  Of course not.

20           THE COURT:  It's a free country.  We can do

21   whatever we want to do. It may not be legal, but if

22   they want to.

23           First I want to make sure I've covered all

24   of the various elements of the motions to dismiss

25   here.

26           MR. KAMINETZKY:  Your Honor, there's a

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 44 of 56

1                          Proceedings

2        separate fraudulent conveyance claim which I think

3        will take me two seconds to --

4                  THE COURT:   No.  I'll do it.  I will write

5        on all of this.

6                  But I am denying the motion.  The action is

7        continuing.  The motion is denied.

8                  Get your answers in and get going on

9        discovery.

10                 With regard to the fraudulent conveyance,

11       you can hold off on responding to that element of the

12       complaint until I have decided on the papers here.

13                 I've got to take care of other motions

14       here.  But you're going to start with discovery, get

15       your document demands out if you haven't gotten them

16       out already, and as soon as you get answers from the

17       Defendants, go see Ms. O'Neill and set up a date for

18       a preliminary conference.

19                 MS. PRIMOFF: Thank you, your Honor.

20                 MR. PARKER:  Thank you, your Honor.

21                 MR. LEWIS:  Thank you, your Honor.

22                 MR. KAMINETZKY:  Thank you.

23                 Your Honor, could I have 30 more seconds?

24                 THE COURT:  Goodbye.  Nice to see you all.

25                 MR. KAMINETZKY:  Your Honor, the fraudulent

26       conveyance, it's out of left field. There was no

```
 1                      Proceedings
 2    conveyance by my client period.  So the reason --
 3              THE COURT:  I understand what you're
 4    saying, but give me a chance to write on that.  I
 5    want to write on both.  I think it's important to
 6    have a written opinion.
 7              You will proceed on the main claim.  The
 8    fraudulent conveyance you don't have to respond to
 9    yet, that portion of the motion will be held in
10    abeyance.  I'll decide it on papers.
11              MR. KAMINETZKY:  Thank you very much.
12              MS. PRIMOFF:  Thank you, your Honor.
13              (Record is closed.)
14
15    **          **          **
16              This is certified to be a true and accurate
17    transcription of my stenographic notes.
18
19    _____
20    CAROLYN BARNA
21    SENIOR COURT REPORTER
22
23
24
25
26
```

abeyance
behaving
45

## A

abeyance (44:10)
ability (22:3)
able (6:4) (28:20) (33:26) (34:11)
abusive (21:22)
accept (11:15)
accurate (44:16)
acknowledge (28:5)
acknowledged (33:17)
action (43:6)
actions (26:4)
additional (8:25) (14:4) (14:5) (16:15) (19:20) (28:10)
(34:10) (39:8) (40:3) (40:6)
address (3:16) (6:21) (6:23) (18:25) (37:25) (39:18)
addresses (33:10)
addressing (25:15)
adhere (23:19)
admissible (11:18)
admitted (4:17)
advance (18:19)
adversely (14:11) (17:14) (17:16) (17:21) (17:26) (18:6)
(18:7) (18:12) (18:23) (19:10) (32:8) (36:25)
affected (14:12) (17:14) (17:16) (17:22) (17:26) (18:6)
(18:7) (18:12) (18:23) (19:10) (23:24) (32:8) (36:25)
affirmation (12:22)
again (5:22) (21:24) (22:3) (27:7) (27:25) (28:6) (29:4)
(31:7) (33:20) (35:3) (38:21) (39:21)

## —

-against- (1:9)

## A

agree (13:9) (13:18) (15:3) (17:2) (17:11) (18:16) (25:18)
(30:15) (33:17)
agreed (5:23) (8:25) (39:5)
agreement (7:9) (7:23) (10:9) (10:26) (11:11) (11:22)
(16:9) (23:4) (24:9) (24:12) (25:25) (27:8) (27:10) (27:13)
(28:4) (28:7) (29:10) (29:18) (31:15) (31:26) (33:4) (33:7)
(33:21) (34:2) (37:16) (37:19) (38:22) (39:23) (41:16)
(41:21) (42:2)
agreements (7:13) (13:16) (33:12)
agreement's (12:4)
all (4:2) (4:4) (5:18) (6:16) (6:22) (8:8) (8:9) (13:22)
(15:4) (15:24) (16:3) (16:21) (17:2) (18:23) (19:14) (21:6)
(21:20) (25:23) (26:12) (28:9) (28:16) (28:26) (30:14)
(31:10) (31:19) (31:21) (32:6) (34:6) (35:14) (37:8) (38:13)
(38:17) (38:18) (39:10) (42:3) (43:5) (43:24)
allegations (29:9)
allege (15:8) (34:24)
alleged (11:15) (11:21) (21:26) (30:9) (38:18)
alleging (26:16) (26:18)
allow (36:18) (36:22) (37:12)
allowed (16:8)
allows (36:20) (39:13)
along (35:16) (35:17) (37:10) (37:15)
already (43:16)
also (6:24) (8:18) (8:21) (17:24) (19:7) (32:17)
alter (22:23)
alternative (18:20)
alternatively (18:17)
alters (19:8)
always (40:26)
amazon (22:11)
ambiguity (23:23)
amend (11:11) (37:5) (37:6)
amendment (7:24) (10:17) (11:12) (12:7) (13:19) (13:26)
(14:8) (14:10) (19:20) (19:23) (38:7) (42:6)
amendments (10:19) (22:17)
americas (2:7)
among (19:15) (23:4) (32:4)
amongst (23:12)
amounts (6:6)
analysis (41:21)
analyze (41:23)

## —

-and- (1:5)

## A

and-a-half (10:15) (10:16)
another (3:13) (5:10) (9:8) (26:19) (33:6) (33:19) (36:19)
answer (30:20) (36:17) (40:21)
answers (43:8) (43:16)
anymore (26:7)
anything (16:23) (38:19)
anyway (20:23)
anywhere (19:23) (28:4)
apologies (41:13)
appalled (24:19)
apparel (1:10)
apparent (35:13)
apparently (21:11) (28:15)
applicable (39:17)
application (27:15)
applies (32:14) (32:15)
apply (20:5) (32:12)
appreciate (13:12)
approach (28:12) (30:16)
approval (14:2)
arbor (8:17)
are (5:16) (7:19) (7:23) (8:9) (8:10) (8:16) (8:18) (8:21)
(9:9) (9:11) (11:20) (12:3) (12:7) (13:24) (14:20) (14:21)
(14:22) (14:26) (15:4) (15:11) (15:25) (16:15) (18:7) (18:23)
(19:7) (19:22) (19:23) (20:2) (22:12) (23:24) (25:8) (25:19)
(26:4) (26:13) (26:16) (29:9) (33:12) (36:4) (36:11) (38:15)
(39:17) (40:17) (42:16)
aren't (26:3) (40:15)
arguing (4:18) (23:20)
argument (6:20) (7:2) (7:10) (7:19) (16:24) (18:19) (18:20)
arguments (16:16) (39:10) (39:16)
arnold (2:12)
arrangement (21:13)
ascribing (35:6)
ask (9:17) (22:26) (23:9) (24:3) (24:7) (30:12)
asked (36:15)
asking (24:24) (25:20)
aspect (9:20)
asserted (6:24)
asserting (9:20)
assistant (7:3)
association (1:12)
assuming (34:6)
attached (12:22)
attempted (21:26)
attention (15:11) (16:18)
attorneys (1:23) (2:3) (2:7) (2:10) (2:13) (2:16) (2:19)
(25:26)
authority (39:26)
avenue (1:24) (2:4) (2:7) (2:10) (2:19)
aware (33:9)
away (38:12)

## B

babies (24:13)
back (10:23) (19:25) (27:8) (38:22)
bad (7:15) (20:22) (34:15) (35:18)
bail (26:11)
barna (2:23) (44:20)
based (30:2)
basically (7:2)
basis (32:12) (33:11)
batterymarch (1:13)
became (5:6)
because (7:5) (7:10) (19:18) (20:8) (26:17) (26:26) (27:9)
(27:25) (30:26) (31:5) (33:15) (33:26) (36:25) (39:25) (40:9)
(41:24)
been (4:17) (6:2) (6:8) (7:4) (24:20) (28:25) (33:22) (34:9)
(38:24)
before (3:17) (3:23) (5:9) (28:9) (38:12)
behalf (6:21)
behaving (24:20)

**behind**

**contract**

46

behind (38:7)
being (3:17) (15:26) (21:14) (22:19) (25:25) (28:7) (28:20) (41:25)
believe (33:14)
benefit (3:15) (7:3) (21:8)
benefits (31:12)
benjamin (2:11) (4:22)
best (11:19) (12:3) (16:24) (34:15)
between (6:26) (24:9) (25:24)
beyond (31:13)
bind (37:10)
bit (21:8) (21:9)
blackwell (1:13)
blind (13:8) (25:20) (31:17)
blink (3:13)
block (15:18)
blue (10:10)
bondholder (24:8)
book (12:26)
borrower (29:5) (33:9)
boston (1:13)
both (5:15) (12:2) (13:8) (17:6) (44:5)
bothers (20:14)
bottom (10:23)
bouncing (19:3)
bound (37:15)
box (22:5)
brain (19:3) (35:10)
breach (6:21) (7:15) (11:8) (11:13) (36:10) (38:16)
breaching (29:11) (42:17)
brief (6:18) (8:3) (41:19)
briefs (5:16) (5:19)
bringing (4:24)
bromberg (2:5)
bruckhaus (1:23)
business (23:17)
but (4:21) (5:9) (6:18) (7:10) (7:22) (9:5) (10:7) (11:15) (13:23) (14:3) (14:21) (15:4) (15:10) (16:23) (18:20) (19:13) (19:25) (20:12) (20:22) (22:3) (22:17) (23:7) (23:26) (24:17) (25:12) (25:19) (26:17) (27:2) (27:17) (27:21) (27:22) (28:14) (29:21) (29:26) (30:5) (31:6) (31:18) (32:15) (34:5) (34:10) (34:14) (34:17) (34:26) (35:8) (37:4) (39:19) (40:14) (41:8) (42:9) (42:21) (43:6) (43:14) (44:4)
buy (22:24) (37:14)

**C**

cajoling (34:6) (35:14)
california (1:15)
call (22:5)
can (17:7) (20:15) (21:3) (21:7) (21:10) (21:16) (22:15) (22:21) (23:23) (24:26) (26:20) (29:13) (32:2) (32:7) (37:10) (39:15) (39:18) (40:21) (42:20) (43:11)
cannot (13:6)
can't (19:14) (22:16) (30:22) (34:17) (34:18) (35:11)
capital (1:12) (17:10) (19:20) (41:6) (41:8)
capitalized (17:4)
care (43:13)
carolyn (2:23) (44:20)
cartoons (10:3)
carve (37:3)
case (3:13) (4:18) (7:21) (11:26) (12:2) (23:4) (24:25) (25:13) (31:4) (36:8) (39:8) (39:24) (40:19) (41:5)
cases (31:19) (33:16)
categories (15:6) (15:15)
centre (1:17)
certain (7:23) (22:4) (22:12) (22:17) (25:8) (31:9) (39:7)
certainly (15:9) (24:5) (29:20) (39:18)
certified (44:16)
chance (44:4)
change (19:6) (20:8) (22:22) (32:3)
changing (28:3) (40:6)
characterization (17:12)
charles (1:20)
cheating (35:12)
chicago (4:17) (36:4)
chicken (42:12)
choose (19:15)

chose (42:9)
circumstances (14:3) (34:16)
cite (14:20) (14:22) (32:24)
cited (11:26) (31:19) (39:15) (42:10)
civil (1:2)
claim (6:24) (27:2) (39:19) (43:2) (44:7)
claimed (7:12)
claims (6:21) (7:4) (36:7) (36:11)
class (7:6) (7:7) (7:11) (7:20) (7:21) (8:16) (8:22) (9:15) (15:13) (16:7) (17:3) (17:4) (17:9) (17:14) (17:16) (17:21) (17:26) (18:2) (18:6) (18:8) (18:12) (18:13) (18:14) (18:19) (18:23) (18:24) (19:10) (20:13) (23:24) (25:10) (32:8) (32:12) (32:14) (32:15) (36:18) (36:19) (36:25) (37:3) (37:7) (37:9) (37:10) (37:11) (39:22) (40:6) (40:9) (40:10) (40:11) (40:12) (40:13) (40:18) (40:24) (41:2) (41:22) (41:24) (41:26) (42:7) (42:14)
classes (6:26) (7:8) (7:9) (32:5) (40:3) (40:16) (41:8) (41:17) (42:3) (42:5) (42:18)
classification (8:13)
classifications (6:26) (40:3)
clause (20:2) (20:8) (32:2) (32:13) (32:23) (33:21) (35:3) (35:4) (35:7) (39:16)
clear (6:17)
clearing (4:25)
clearly (27:13)
client (15:26) (24:10) (24:22) (44:2)
clients (7:26) (8:5) (8:7) (8:8) (8:16) (15:15) (28:21) (31:2) (42:17)
client's (15:6)
closed (44:13)
cogent (37:20)
cohen (2:3)
co-lenders (26:21) (35:12)
collateral (15:21)
colors (10:18)
come (30:22) (35:15) (36:5) (38:21)
comes (39:21)
coming (27:7) (35:17)
commend (34:23)
commercial (7:15) (13:5) (21:12) (21:19) (27:17) (27:18) (31:8) (31:20)
commercially (20:21) (28:7) (28:24) (31:23) (35:18) (37:20)
common (28:12)
company (21:7) (21:10) (22:4) (24:23) (26:12) (28:19) (29:7) (34:12) (35:19) (39:6)
complaining (7:24)
complaint (5:3) (5:7) (5:8) (5:12) (5:15) (29:9) (29:13) (30:8) (30:9) (30:11) (38:14) (38:18) (43:12)
complaints (5:14) (5:24)
concept (23:17)
concise (13:16)
conditions (41:25)
conducted (25:23)
conference (43:18)
confers (31:9)
confusing (7:8)
consent (9:23) (13:20) (14:4) (14:5) (14:9) (14:11) (14:13) (14:21) (14:25) (15:2) (15:4) (15:6) (15:12) (15:13) (17:2) (17:3) (19:9) (20:3) (20:6) (20:13) (22:16) (22:24) (22:25) (22:26) (23:3) (23:5) (23:7) (23:8) (23:10) (24:2) (24:26) (25:2) (32:7) (40:11)
consented (9:15)
consequences (35:17)
consider (34:7)
considering (30:5)
consistent (38:25)
conspiracy (27:20)
constructive (38:16)
contemplate (40:9)
contemplated (42:2) (42:4)
contend (14:15) (15:15)
contends (14:15)
context (36:26) (39:25)
continued (2:2)
continues (1:26)
continuing (43:7)
contract (6:21) (7:16) (11:9) (11:16) (23:21) (26:3) (30:2)

contracts                                                                essentially

47

(30:4) (31:9) (35:9) (36:10) (38:16) (42:17)
**contracts** (21:21) (31:7)
**controversial** (4:26)
**conveniently** (42:8)
**conveyance** (43:2) (43:10) (43:26) (44:2) (44:8)
**convincing** (20:24)
**cooperators** (22:20)
**copies** (12:19) (13:6) (13:13)
**corporation** (1:10) (1:11)
**correct** (10:14) (11:6) (14:19) (18:2) (18:4) (19:21) (41:18)
**correctly** (8:18) (42:15)
**could** (19:4) (25:12) (28:25) (29:18) (30:17) (32:12)
(32:17) (32:22) (34:26) (37:7) (43:23)
**couldn't** (37:3)
**counsel** (12:3) (20:4) (32:14) (38:6) (42:15)
**counsel's** (17:12) (19:23)
**count** (25:7)
**country** (42:20)
**county** (1:2)
**course** (11:16) (25:12) (42:19)
**court** (1:2) (2:24) (3:2) (3:12) (3:20) (3:25) (4:4) (4:7)
(4:10) (4:12) (4:20) (5:16) (5:25) (6:5) (6:10) (6:25) (8:7)
(8:12) (8:24) (9:2) (9:7) (9:10) (9:12) (9:17) (10:3) (10:5)
(10:12) (10:25) (11:4) (11:7) (11:9) (12:10) (12:13) (12:15)
(12:18) (12:20) (12:24) (12:26) (13:4) (13:12) (13:16)
(14:14) (14:18) (15:3) (15:14) (15:19) (15:22) (15:24)
(16:10) (16:13) (16:17) (16:22) (17:5) (17:11) (17:15)
(17:19) (17:25) (18:5) (18:10) (18:16) (19:2) (19:19) (20:14)
(22:7) (22:9) (22:11) (22:18) (23:6) (23:16) (23:26) (24:14)
(24:18) (24:24) (25:18) (26:6) (26:10) (26:24) (27:4) (27:12)
(28:5) (28:23) (29:6) (29:19) (29:23) (29:25) (30:12) (30:21)
(30:26) (31:16) (31:23) (32:19) (32:25) (33:3) (33:12)
(33:15) (34:5) (34:25) (35:8) (35:24) (36:4) (36:9) (36:14)
(37:2) (38:4) (39:11) (39:26) (40:7) (40:14) (40:23) (41:3)
(41:11) (41:14) (42:16) (42:20) (43:4) (43:24) (44:3) (44:21)
**courtroom** (33:23)
**covenant** (25:14) (26:6) (29:10) (29:11) (29:13) (29:16)
(30:10)
**cover** (15:25)
**covered** (42:23)
**covers** (32:6) (35:7) (37:6)
**crazy** (13:7)
**create** (40:3)
**created** (22:15) (41:16)
**creating** (37:4) (40:5) (40:15) (42:18)
**creation** (40:12)
**credit** (1:3) (7:23) (11:11) (11:22) (29:10) (29:18)
**creditors** (40:12)
**crisp** (2:8) (3:11)
**curt** (29:25)
**cut** (10:2) (21:16)
**cutting** (20:26)

**D**

**danger** (29:11)
**date** (43:17)
**daughter's** (29:8)
**david** (2:5) (4:15)
**davis** (2:9) (4:23) (24:10) (38:6)
**day** (2:15)
**deal** (20:16) (38:6)
**dealing** (25:14) (25:16) (27:19)
**decide** (44:10)
**decided** (43:12)
**decides** (36:19)
**default** (6:11) (29:17)
**defendant** (2:19) (9:6) (9:9)
**defendants** (1:16) (2:10) (2:13) (2:16) (3:22) (4:2) (4:4)
(4:24) (5:18) (6:17) (6:22) (7:26) (8:10) (10:13) (11:10)
(28:15) (31:3) (41:15) (43:17)
**defendant's** (3:25)
**defendants'** (3:24)
**defined** (13:21) (17:4) (18:8) (18:13) (18:14) (39:22)
(41:2) (42:14)
**definition** (7:20) (17:25) (17:26) (18:5) (39:22) (40:13)
(40:18) (40:23) (41:3) (41:14) (41:22) (41:24) (42:7)
**degree** (14:6)

**demands** (43:15)
**demonstrative** (9:26) (13:4)
**denied** (5:5) (43:7)
**deny** (38:19)
**denying** (43:6)
**deringer** (1:23)
**despite** (11:19)
**determine** (17:20) (23:8)
**determined** (27:10)
**detriment** (28:17)
**devil** (34:26)
**did** (8:22) (9:4) (9:14) (11:10) (29:12) (30:9) (30:14)
(31:4) (32:13) (32:23) (34:19) (34:21) (38:8) (39:26) (40:7)
(40:8) (42:6) (42:14)
**didn't** (9:3) (20:5) (29:16) (30:22) (32:15) (33:21) (38:7)
(38:13) (39:4)
**differ** (12:16)
**different** (6:26) (20:7) (36:11) (41:25)
**differently** (32:10)
**diminished** (16:2)
**directly** (14:11)
**disagree** (21:23)
**disclaimer** (33:16)
**discovery** (25:23) (27:5) (43:9) (43:14)
**dismiss** (3:24) (5:8) (5:14) (5:21) (5:24) (6:4) (6:14)
(11:14) (12:23) (27:5) (29:26) (35:2) (42:24)
**dismissal** (24:25) (25:21) (27:16)
**disposition** (4:10)
**dispositive** (18:9)
**dispute** (21:26)
**disregard** (39:5)
**distressed** (1:12) (1:13)
**distributions** (20:9)
**disturbed** (26:15)
**divided** (6:20) (41:7)
**division** (13:6) (27:18)
**document** (13:7) (32:20) (43:15)
**does** (18:10) (23:2) (33:7)
**doesn't** (13:26) (21:17) (22:25) (23:26) (27:22) (32:4)
(40:13)
**doing** (21:16) (35:19)
**done** (21:11) (28:23) (28:25) (28:26) (38:12) (41:15)
**don't** (6:11) (12:15) (15:12) (16:26) (20:18) (21:15)
(21:18) (23:2) (23:9) (24:16) (26:16) (26:25) (30:20) (32:25)
(35:2) (36:22) (36:24) (37:10) (37:14) (38:18) (39:12) (44:8)
**down** (10:5) (38:2) (39:21)
**drawdown** (1:14)
**duck** (42:10) (42:11)
**duties** (33:8)
**duty** (6:23) (38:17)

**E**

**each** (9:23) (12:13) (14:3) (14:9) (14:11) (17:13) (17:16)
(19:9) (19:18)
**easy** (6:14)
**eat** (36:5)
**effect** (7:24) (10:18)
**effected** (10:17)
**effectively** (18:18)
**efficiency** (6:19)
**effort** (20:22)
**efforts** (11:19)
**eight** (14:8) (15:20) (15:23) (15:24) (16:14) (39:16)
**either** (31:6) (38:8) (38:10)
**element** (43:11)
**elements** (42:24)
**elevate** (7:25)
**else** (24:7) (25:9)
**emeritus** (24:19)
**encompasses** (10:12)
**energy** (5:13)
**entered** (11:23)
**entire** (32:20)
**entitled** (31:13)
**especially** (25:16)
**esq** (1:25) (2:5) (2:8) (2:11) (2:14) (2:17) (2:20)
**essentially** (15:26)

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 49 of 56

ethics

ethics  (23:17)
every  (3:13) (23:5) (23:7) (24:7) (24:8) (25:13) (35:8)
everybody  (4:7) (13:18) (21:7) (25:6) (35:25) (37:15)
(37:21) (37:23)
everyone  (3:2) (11:2) (22:26) (25:10)
everything  (24:7) (25:9)
evidence  (11:17) (12:3)
examine  (13:6)
example  (22:18)
except  (30:23) (37:3)
exceptions  (13:23) (13:25) (14:2) (14:4) (19:26) (20:2)
(22:15)
excluded  (10:23) (16:6) (18:18) (18:22) (19:17) (25:19)
(27:14) (31:6) (40:14) (41:17) (42:8)
excuse  (29:23)
exercise  (38:9)
exhibit  (12:8) (12:20) (12:23) (13:2) (13:4)
exist  (39:12)
expectations  (21:12)
expense  (26:21)
explanation  (38:24)
express  (31:22) (31:24) (38:25)
expressed  (27:9) (27:13) (31:14)
expresses  (33:4)
extended  (34:8)
extension  (42:4)
extensive  (37:5)
extent  (19:11) (20:20)
extrinsic  (11:17)
eye  (3:13) (25:20) (31:17)

                    F

f/k/a  (1:10)
face  (31:24) (32:16)
facet  (9:22)
fact  (19:5) (34:18) (35:3) (36:5) (38:6) (38:23) (40:15)
(42:14)
facts  (11:15) (11:20) (21:25) (21:26)
factual  (30:4)
failing  (26:12)
fair  (21:17) (25:14)
faith  (6:23) (7:15) (20:22) (25:14) (26:7) (27:15) (27:19)
(31:8) (38:17)
fall  (13:26) (14:15) (15:5) (15:15) (15:17) (17:21) (40:13)
familiar  (12:3)
favor  (37:19)
feel  (15:25)
few  (34:13)
field  (43:26)
fifth  (2:4)
fight  (6:26)
filed  (5:4) (5:14) (5:18) (5:20) (6:17) (12:13)
files  (3:13)
filter  (27:18) (31:8)
filters  (21:20)
financing  (8:4) (8:20) (8:23) (8:25) (28:20) (34:8) (39:8)
find  (23:23) (30:21)
fine  (19:13) (34:16)
firm  (4:16)
first  (3:18) (18:13) (18:15) (36:14) (42:23)
five  (3:16)
flexibility  (39:6)
floor  (1:24)
focus  (11:20) (15:7) (15:11) (16:17) (16:19) (16:24) (19:4)
focused  (20:2)
focusing  (17:15) (17:17)
folks  (8:25) (34:19)
following  (34:4)
follows  (6:20)
for  (1:23) (2:3) (2:7) (2:10) (2:13) (2:16) (2:19) (3:15)
(4:18) (4:19) (5:3) (6:19) (10:22) (11:9) (11:18) (12:3)
(19:20) (21:24) (21:25) (22:16) (22:18) (24:24) (25:21)
(26:20) (28:9) (28:19) (30:10) (34:12) (34:23) (35:25)
(36:23) (39:13) (43:17)
former  (24:18)
forrester  (24:11)
found  (31:23)

                    have

four  (3:16) (14:7) (14:17) (14:18) (14:26) (15:11) (16:5)
(16:10) (16:21) (16:22) (16:26) (17:6) (17:12) (19:5) (20:2)
(20:8) (23:22) (32:2) (33:22) (35:4) (35:5) (36:16) (36:17)
(36:20) (37:18) (39:2) (40:2) (41:19)
frankly  (15:25) (25:25)
fraud  (38:15) (38:16)
fraudulent  (6:24) (39:19) (43:2) (43:10) (43:25) (44:8)
free  (42:20)
freshfields  (1:23)
friend  (24:19)
from  (7:3) (9:22) (15:26) (18:11) (20:22) (21:8) (36:4)
(43:16)
front  (5:5)
fuisz  (2:14) (3:9)
full  (14:9)
fund  (1:14) (8:17)
funding  (1:6) (1:7)
future  (42:2) (42:5)

                    G

general  (13:19) (13:21) (20:2)
generally  (7:22)
get  (4:7) (15:9) (15:10) (17:10) (21:8) (27:23) (28:10)
(28:19) (29:16) (29:18) (30:23) (34:13) (43:8) (43:14) (43:16)
gets  (21:8) (31:12) (37:15)
getting  (21:14)
gist  (7:17)
give  (8:3) (15:16) (20:12) (21:5) (34:9) (38:8) (44:4)
given  (22:4) (34:15) (36:11) (36:12) (36:13)
gives  (37:22)
giving  (30:3)
gleich  (1:25)
global  (1:12)
god  (3:10) (19:3)
goes  (31:13)
going  (3:18) (4:18) (4:26) (6:20) (6:23) (19:15) (19:16)
(19:17) (20:11) (20:16) (20:19) (21:2) (21:9) (22:9) (22:26)
(23:11) (23:12) (24:4) (27:22) (29:16) (34:22) (35:16)
(36:21) (43:8) (43:14)
goldberg  (4:16)
goldman  (24:10) (24:18) (24:20) (24:21) (38:11)
good  (3:2) (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:11)
(3:19) (3:20) (6:23) (25:14) (26:7) (27:15) (27:19) (30:22)
(31:8) (38:17)
goodbye  (43:24)
got  (9:25) (34:15) (38:12) (42:9) (43:13)
gotten  (43:15)
governs  (12:7) (20:8)
grant  (6:11) (6:14) (35:20) (35:23) (40:2)
granted  (4:7) (6:2) (6:10) (27:23) (27:25) (31:6) (39:26)
gray  (2:6)
great  (36:21)
group  (26:18) (26:19) (29:12) (30:16)
guess  (24:14)
guys  (21:16) (23:13)

                    H

hac  (4:17)
had  (5:10) (6:3) (6:5) (27:5) (31:5) (32:10) (33:22) (34:6)
(39:2) (39:3) (42:3)
haddad  (2:20) (3:6)
hallmark  (41:23) (41:26)
handing  (10:4)
hang  (17:5) (17:15) (19:2) (32:25)
happen  (30:13)
happened  (5:9) (26:16) (26:17) (33:24) (33:25) (34:17)
(34:18)
happy  (37:25) (38:2)
hard  (13:6)
has  (4:17) (5:26) (6:8) (7:4) (7:25) (10:21) (17:13) (18:12)
(18:14) (24:20) (35:9) (36:7) (38:24)
have  (3:16) (4:24) (6:11) (7:11) (7:12) (8:15) (8:24) (9:12)
(9:25) (11:10) (11:15) (15:7) (15:17) (17:6) (17:19) (18:17)
(19:13) (20:7) (21:24) (22:3) (23:8) (23:10) (25:7) (25:23)
(27:16) (28:25) (29:13) (31:3) (31:14) (31:25) (32:7) (32:12)
(32:17) (32:22) (33:5) (33:7) (33:16) (33:17) (33:18) (33:24)
(33:25) (34:9) (34:12) (36:16) (36:24) (37:9) (37:26) (39:14)

haven't                                                        legitimate

49

(41:15) (42:6) (43:12) (43:23) (44:6) (44:8)
**haven't**  (6:10) (21:26) (27:5) (32:20) (43:15)
**having**  (41:25)
**hearing**  (29:20)
**held**  (11:25) (44:9)
**hell**  (23:13)
**help**  (10:2) (10:6) (10:8)
**here**  (4:8) (5:23) (22:3) (25:6) (25:11) (26:8) (26:14)
(27:11) (28:24) (29:11) (31:25) (34:18) (35:25) (36:4) (36:5)
(38:15) (41:15) (42:25) (43:12) (43:14)
**he's**  (4:18) (24:19)
**hold**  (41:11) (43:11)
**holding**  (1:10) (1:11) (19:9)
**holdouts**  (37:10) (37:14)
**honor**  (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:10) (3:11)
(3:19) (3:23) (4:15) (4:22) (5:13) (6:7) (6:15) (6:19) (7:18)
(7:22) (9:25) (11:8) (11:25) (12:2) (13:10) (14:20) (16:4)
(17:14) (18:4) (18:26) (19:4) (19:21) (21:24) (23:3) (23:15)
(23:21) (25:12) (26:2) (27:7) (29:3) (30:7) (31:18) (33:20)
(35:5) (35:23) (36:8) (36:15) (37:17) (38:3) (38:5) (38:21)
(40:20) (40:25) (41:4) (41:12) (41:18) (42:13) (42:26)
(43:19) (43:20) (43:21) (43:23) (43:25) (44:12)
**honor's**  (40:22) (40:26) (41:6)
**hope**  (21:9)
**hopefully**  (10:2)
**how**  (3:15) (16:13) (22:21) (23:8) (28:6) (32:9) (37:4)

─────────────────── **I** ───────────────────

**i'd**  (4:15)
**idea**  (24:26) (25:24)
**ignore**  (34:18)
**iii**  (1:6) (1:14) (2:7)
**i'll**  (29:25) (43:4) (44:10)
**illegitimate**  (21:4)
**i'm**  (4:15) (4:20) (4:26) (6:20) (7:6) (7:9) (8:18) (9:7)
(12:8) (12:12) (12:21) (16:20) (16:23) (17:17) (22:18) (23:6)
(24:14) (24:17) (24:25) (26:15) (27:14) (28:25) (29:24)
(29:25) (30:4) (30:25) (31:2) (33:9) (34:5) (34:22) (34:25)
(35:24) (37:25) (38:2) (41:12)
**imagine**  (35:11)
**implied**  (6:23) (25:13) (26:6) (38:17)
**implies**  (24:2)
**imply**  (22:25)
**important**  (8:14) (19:8) (39:24) (40:20) (44:5)
**imposed**  (22:13)
**imposes**  (37:21)
**impress**  (24:16)
**impressed**  (24:15)
**inc**  (1:15)
**incapable**  (42:17)
**incarnate**  (34:26)
**incentive**  (28:8) (28:9)
**inclination**  (41:7)
**include**  (33:21) (42:7)
**included**  (16:6) (18:18) (18:22) (19:16) (19:19) (20:11)
(20:19) (38:23) (40:15) (41:17) (42:7)
**including**  (4:4) (4:6)
**incremental**  (8:4) (8:19) (10:20) (19:12) (28:20)
**indeed**  (7:14) (11:25)
**index**  (1:7)
**indicating**  (13:2) (35:25)
**indicia**  (38:15)
**individual**  (9:23) (14:13) (14:21) (14:25) (14:26) (15:12)
(17:2) (20:13)
**induce**  (28:21) (39:8)
**inform**  (24:3) (30:14)
**informed**  (26:25)
**initial**  (4:24)
**injunction**  (5:3) (5:6)
**instead**  (23:10) (41:5)
**intent**  (12:4) (27:9) (27:12) (33:21)
**intentionally**  (42:9)
**inter**  (32:14) (37:7)
**interest**  (17:7)
**interested**  (29:20)
**interestingly**  (31:21)
**internet**  (13:7)

**interpret**  (28:7)
**interpretation**  (26:3) (37:16) (37:20)
**interpreted**  (28:14)
**intervene**  (5:10) (5:22) (5:26)
**into**  (11:23) (15:15) (15:17) (17:21) (18:19) (20:16)
(23:11) (39:11) (41:8)
**intra**  (16:7) (32:15)
**introduce**  (4:16)
**investment**  (34:14)
**investments**  (1:14)
**investors**  (1:3)
**involve**  (31:21)
**involved**  (8:4)
**is a**  (27:5)
**isn't**  (26:6) (28:2) (37:12) (40:5)
**issue**  (7:19) (31:19) (34:2)
**issued**  (38:8)
**its**  (6:4) (21:6) (22:20) (32:16) (36:7)
**it's**  (5:21) (7:7) (12:26) (16:11) (19:12) (19:25) (22:7)
(22:8) (22:9) (23:17) (26:26) (28:8) (29:15) (29:26) (30:4)
(30:5) (32:5) (32:20) (33:2) (35:14) (37:13) (37:19) (40:9)
(41:8) (42:11) (42:20) (43:26) (44:5)
**itself**  (22:6)
**i've**  (42:23) (43:13)

─────────────────── **J** ───────────────────

**january**  (1:18)
**jean**  (29:7)
**jeans**  (22:10) (24:22) (29:8)
**jeffrey**  (2:14)
**joinder**  (6:17)
**joined**  (6:18)
**joint**  (5:14) (5:20)
**jones**  (2:15)
**joshua**  (2:5)
**judges**  (13:5) (23:18)
**judgment**  (25:22)
**judgments**  (31:11)
**just**  (4:14) (4:24) (5:6) (5:21) (8:8) (19:17) (25:11) (30:8)
(32:12) (33:15) (33:22) (35:2) (38:25) (40:21) (41:21)

─────────────────── **K** ───────────────────

**kaminetzky**  (2:11) (3:10) (4:22) (4:23) (5:18) (6:22)
(12:19) (12:22) (23:15) (23:20) (24:5) (24:16) (24:21) (25:4)
(29:3) (29:7) (29:22) (29:24) (30:7) (30:19) (30:25) (39:19)
(40:21) (40:25) (41:4) (42:26) (43:22) (43:25) (44:11)
**kaplan**  (2:3)
**kaye**  (2:12)
**key**  (15:10)
**kind**  (3:12) (9:19) (21:4)
**kinds**  (21:21)
**kleinberg**  (2:3)
**knew**  (32:9)
**know**  (9:5) (20:14) (21:2) (22:4) (24:6) (26:4) (26:12)
(26:16) (27:20) (30:20) (31:11) (31:13) (33:10) (34:20)
(34:21) (35:2) (38:11) (39:7)
**knowledge**  (30:19)
**kohn**  (4:16)

─────────────────── **L** ───────────────────

**land**  (39:23) (39:24) (39:25) (40:19) (41:10)
**language**  (8:17) (11:21) (25:15) (25:19) (27:8) (31:22)
(31:24) (38:22) (38:26) (39:11) (39:21)
**last**  (5:21)
**lately**  (24:20)
**laughter**  (4:9) (4:11)
**law**  (4:16) (7:3) (11:17)
**laws**  (25:8)
**lawsuit**  (3:24) (5:2)
**lawyers**  (24:11)
**layered**  (10:19)
**lbo**  (1:6) (4:19) (5:9) (5:15) (6:3) (6:24) (36:7) (36:11)
**least**  (9:20) (9:22) (13:5) (14:16) (34:7)
**lectern**  (4:12)
**left**  (6:3) (10:10) (19:3) (43:26)
**legal**  (42:21)
**legitimate**  (21:3) (21:5)

50

**lender**

**lender** (7:4) (8:19) (9:9) (9:10) (9:24) (14:2) (14:9) (14:11) (14:13) (14:21) (14:25) (15:2) (15:12) (15:13) (20:3) (20:13) (20:19) (23:5) (23:7) (23:9) (31:12) (33:11) (34:21)
**lenders** (7:2) (7:6) (7:23) (8:8) (8:9) (8:10) (8:13) (10:24) (13:20) (13:22) (16:6) (16:7) (16:8) (17:2) (17:3) (17:21) (17:22) (18:18) (18:21) (18:22) (19:9) (19:16) (19:18) (19:19) (20:5) (20:16) (20:25) (21:6) (21:8) (21:13) (21:14) (22:20) (22:24) (23:25) (25:3) (25:5) (26:10) (26:18) (26:19) (28:9) (28:17) (29:2) (29:12) (30:10) (30:14) (30:17) (31:10) (32:6) (33:5) (33:17) (34:7) (34:20) (35:14) (39:7) (40:4)
**lending** (9:13)
**lengthy** (41:20)
**less** (34:13)
**let** (9:17) (19:16) (30:12)
**let's** (8:12) (12:6) (29:17)
**letting** (21:2) (34:19)
**level** (14:4) (14:5) (22:16)
**leverage** (20:17)
**levinson** (2:17) (3:3) (3:19) (3:21) (4:2) (4:6) (6:15) (7:17) (8:9) (8:15) (8:26) (9:3) (9:8) (9:11) (9:14) (11:8) (12:12) (12:17) (12:21) (12:25) (13:3) (13:9) (13:14) (13:18) (14:19) (15:8) (16:26) (17:9) (18:4) (18:7) (18:14) (18:25) (19:21) (21:23) (22:8) (22:10) (22:12) (23:2) (23:20) (26:2) (26:8) (26:22) (27:2) (27:7) (27:24) (28:18) (31:9) (31:18) (32:22) (33:2) (33:7) (33:14) (33:20) (34:24) (35:3) (38:21) (40:5) (40:8) (40:17) (41:9) (41:12) (42:13) (42:19)
**lewis** (3:5) (4:16) (36:2) (36:7) (36:10) (38:5) (43:21)
**lexington** (1:24) (2:10)
**like** (4:15) (13:7) (20:16) (20:17) (21:12) (21:21) (27:20) (28:11) (32:5) (32:13) (32:23) (35:9) (38:2) (39:2) (42:10) (42:11)
**limit** (31:16)
**limitations** (22:13)
**line** (10:23)
**list** (13:27) (19:26)
**litigation** (38:7)
**little** (7:7) (21:8) (21:9) (34:12)
**live** (4:20)
**llc** (1:3) (1:6) (1:7) (1:10) (1:11) (1:13) (1:14)
**llc-series** (1:13)
**llp** (1:23) (2:6) (2:9) (2:12)
**loan** (7:4) (7:12) (16:8) (18:21) (33:9)
**loans** (7:19) (7:25) (8:2) (8:15) (8:16) (8:22) (9:22) (10:10) (10:21) (17:7) (36:18) (36:21) (37:3) (40:10) (40:15) (40:16) (41:25) (42:3) (42:4) (42:8)
**logical** (30:12)
**long** (32:7) (32:21)
**longer** (34:12)
**look** (17:19) (21:15) (21:20) (22:18) (22:21) (24:24) (26:20) (27:18) (29:17) (31:7) (40:14)
**looked** (10:25)
**looking** (12:8) (12:21) (16:13) (34:25)
**looks** (21:12)
**lose** (27:22) (32:25)
**lot** (10:2)
**love** (10:3) (13:16)
**lower** (41:5)
**ltd** (4:17)

**M**

**made** (6:3)
**madlyn** (1:25)
**main** (44:7)
**majority** (7:6) (7:10) (9:14) (13:22) (17:7) (19:9) (23:10) (23:11) (23:24) (25:5) (25:7) (30:18) (32:8) (35:16) (36:20) (37:9) (37:13) (40:2) (40:11)
**make** (17:8) (32:11) (39:16) (42:23)
**makes** (31:26)
**management** (1:12)
**manner** (19:7)
**many** (12:7) (12:10) (12:12)
**market** (25:10)
**martin** (2:8)
**matter** (11:12) (22:22) (41:2)
**may** (7:8) (10:11) (10:17) (18:25) (23:15) (28:23) (30:26) (34:11) (42:21)
**maybe** (8:10) (10:7) (31:4) (40:26)

**obligations**

**mccallum** (1:25) (3:8)
**mean** (7:18) (8:8) (18:10) (23:4) (24:16) (27:22) (32:3) (34:4) (35:18) (39:10)
**means** (13:22) (17:10) (17:19) (18:11) (27:22)
**members** (7:11) (8:21)
**mercer** (1:14)
**middle** (10:21)
**might** (27:23) (31:12) (33:16) (34:12) (34:13)
**milbank** (24:11)
**million** (8:6) (8:19) (10:10) (10:15) (10:16) (10:19) (26:11) (28:19) (28:22)
**mind** (41:15)
**mine** (24:19)
**minority** (36:22) (37:13)
**missing** (29:3)
**models** (39:3)
**modification** (9:13) (17:8)
**modify** (7:13) (7:14)
**moment** (39:18)
**money** (28:10) (34:13)
**more** (15:5) (21:9) (43:23)
**morning** (3:2) (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:10) (3:11) (3:19) (3:20)
**morrison** (24:11)
**mostly** (6:5)
**motion** (3:14) (3:23) (3:24) (4:7) (4:19) (5:3) (5:14) (5:21) (5:22) (5:24) (5:26) (6:2) (6:3) (6:4) (6:9) (6:13) (6:16) (11:14) (11:21) (12:23) (21:25) (25:21) (27:5) (27:23) (27:25) (29:26) (30:2) (30:6) (35:2) (35:21) (35:23) (38:19) (43:6) (43:7) (44:9)
**motions** (3:16) (6:11) (42:24) (43:13)
**motivate** (21:5)
**movant's** (18:11)
**moved** (5:8)
**much** (28:17) (31:3) (44:11)
**mudrick** (1:12) (1:13) (2:16) (3:22) (3:26)
**multiple** (12:19)
**music** (39:23) (39:24) (39:25) (40:19) (41:9)

**N**

**name** (8:17)
**national** (1:11)
**nature** (6:6)
**need** (20:6) (25:4)
**needed** (23:5) (23:23) (29:10)
**needs** (13:20)
**negotiated** (11:23) (22:14) (24:9) (25:25) (39:9)
**new** (1:2) (1:18) (1:24) (2:4) (2:8) (2:11) (2:14) (2:17) (2:20) (4:21) (11:4) (40:12) (40:16) (41:16) (42:18)
**next** (30:12)
**nice** (43:24)
**nine** (14:26) (15:11) (16:5) (16:10) (16:21) (16:23) (16:26) (17:6) (17:12) (32:13) (35:7) (37:18)
**nobody** (11:22)
**none** (33:22)
**nor** (25:25)
**not** (7:6) (7:9) (8:22) (8:24) (9:4) (9:10) (11:17) (12:14) (12:17) (14:19) (14:22) (15:2) (15:4) (16:3) (16:23) (17:21) (18:7) (19:16) (19:22) (20:10) (20:18) (20:21) (20:24) (21:11) (23:6) (23:17) (24:12) (24:14) (25:11) (25:21) (26:14) (26:22) (27:21) (27:23) (29:7) (29:25) (30:4) (30:5) (30:15) (30:19) (31:3) (33:9) (34:17) (34:22) (35:17) (35:19) (35:23) (36:11) (37:21) (38:8) (38:25) (39:7) (39:17) (40:7) (40:8) (40:17) (41:21) (42:9) (42:11) (42:19) (42:21)
**notes** (44:17)
**nothing** (4:26) (35:4) (36:20)
**notice** (28:16) (36:12)
**notifying** (25:2) (26:19) (28:26)
**now** (4:26) (5:10) (5:11) (7:7) (11:5) (11:14) (13:26) (19:26) (20:7) (27:4) (29:16) (41:7)
**number** (8:5) (23:22)
**numbers** (15:16) (16:14)
**numeral** (14:7)
**nydj** (1:10) (1:11) (2:10) (4:5) (4:6) (4:23) (24:10)

**O**

**obligations** (33:5) (33:18)

obtain                                              rata

                                                          51

obtain  (24:26)
obviously  (8:22)
octagon  (1:3) (1:23) (5:4) (12:3) (26:23) (34:21) (36:3)
  (36:12) (36:14)
off  (23:11) (43:11)
offended  (24:26) (28:25)
offends  (27:21)
offensive  (30:21)
offer  (28:20) (39:6)
offered  (9:4)
okay  (4:12) (9:10) (11:7) (12:18) (14:18) (16:25) (20:11)
  (27:15) (29:15) (36:9)
one  (5:19) (9:4) (9:19) (9:20) (9:22) (14:2) (14:8) (14:16)
  (15:5) (32:23) (33:4) (33:6) (33:14) (33:18) (37:21) (40:9)
o'neill  (43:17)
one-page  (9:26)
ones  (15:10)
only  (6:2) (6:9) (13:16) (13:19) (14:18) (15:13) (15:25)
  (17:26) (20:12) (25:2) (28:24) (29:15) (30:7) (32:4) (32:13)
  (34:21)
opinion  (6:12) (38:8) (38:9) (44:6)
opportunity  (1:12) (1:14) (9:4) (28:15) (28:19)
opposition  (6:4) (6:8) (11:20)
original  (5:15) (10:9) (10:26)
other  (5:9) (7:26) (14:22) (20:24) (21:3) (21:15) (24:22)
  (28:16) (29:2) (33:4) (34:19) (35:15) (36:5) (37:25) (38:15)
  (38:19) (39:14) (39:15) (43:13)
others  (39:7)
otherwise  (35:16)
otterbourg  (2:18)
our  (6:18) (7:26) (8:5) (8:16) (12:22) (18:20) (26:21)
  (28:21) (35:12) (36:6) (37:16) (37:19) (41:19) (42:10)
ourselves  (23:12) (26:20)
out  (4:8) (5:2) (20:26) (21:16) (24:6) (25:9) (26:11) (30:9)
  (37:3) (42:15) (43:15) (43:16) (43:26)
outside  (30:3)
outstanding  (6:9) (17:7)
over  (7:26) (23:22) (23:23) (26:11) (30:23) (32:20)
overreaching  (20:21)
overview  (8:3)
own  (5:11) (7:14) (26:19) (36:7)
oxymoron  (23:17) (28:13)

P

package  (26:11) (30:17)
page  (13:11) (13:14) (41:4)
pages  (13:17) (32:20) (41:19)
papers  (31:20) (42:10) (43:12) (44:10)
paragraph  (22:21)
paragraphs  (30:11)
parameters  (14:16)
park  (2:19)
parker  (2:5) (3:4) (4:14) (4:15) (5:26) (6:7) (43:20)
part  (1:2) (7:19) (26:25) (29:4) (34:22)
participant  (11:2)
participate  (20:18) (20:25) (21:6) (35:15)
participating  (21:13) (34:7)
particular  (7:11) (22:2)
particularly  (35:9)
parties  (11:24) (12:4) (20:9) (22:14) (25:17) (25:24)
  (26:3) (26:13) (27:9) (27:13) (27:26) (31:10) (33:9) (33:17)
  (34:3) (38:23) (39:4) (39:5)
partners  (1:13)
party  (5:9) (12:13)
patriot  (1:13)
payments  (22:23)
pbb  (1:14) (2:7) (8:17)
penalized  (20:19)
penalty  (37:21)
pending  (3:17) (6:2)
people  (25:9)
percentage  (34:14)
period  (44:2)
perspective  (9:23)
phrase  (22:25)
pick  (19:15)
picture  (21:17)

place  (17:20) (18:13) (18:15)
plain  (25:15) (25:18) (27:8) (38:22)
plaintiff  (1:4) (1:23) (5:10) (7:3) (9:18) (14:14) (15:14)
  (17:11) (20:23) (31:19) (35:20) (35:22) (35:26)
plaintiffs  (4:19) (5:4) (8:21) (10:12) (11:19) (12:2)
  (14:15) (26:16) (28:5) (32:5)
plaintiffs-intervenors  (1:8) (2:3) (2:7)
plaintiffs's  (25:26)
plc  (1:14)
pleadings  (30:2) (34:25)
please  (3:15)
plenty  (39:3)
point  (18:11) (18:25) (21:10) (24:25) (25:20) (30:7) (33:26)
points  (37:18) (42:15)
polk  (2:9) (4:23) (24:10) (38:6)
pony  (28:10)
poor  (24:22)
porter  (2:12)
portion  (44:9)
post  (5:20)
power  (7:12) (37:5) (37:6)
precise  (13:25)
precluding  (16:23)
preliminary  (5:3) (5:5) (43:18)
prepared  (16:20)
president  (24:18)
pretty  (11:9) (35:13)
primary  (3:23)
primoff  (1:25) (3:7) (9:25) (10:4) (10:7) (10:14) (11:3)
  (11:6) (14:17) (15:17) (15:20) (15:23) (16:3) (16:12) (16:15)
  (16:20) (16:25) (17:13) (17:17) (17:23) (18:3) (18:17) (19:4)
  (35:22) (36:3) (36:15) (37:6) (41:18) (43:19) (44:12)
principal  (15:21) (18:20)
principles  (26:2)
priority  (7:5) (7:25)
pro  (4:17) (19:6) (19:8) (20:9) (22:17) (22:23) (28:3)
  (32:3) (32:4) (32:5) (33:22) (38:24)
probably  (39:17)
problem  (5:11) (31:16) (37:26)
proceed  (44:7)
produced  (19:20)
production  (1:11)
prohibited  (16:11)
prospered  (31:3)
protect  (15:26)
protection  (20:12)
provide  (8:22) (9:3) (28:22)
provided  (8:5) (8:19) (8:24) (11:12) (28:18) (38:25)
provides  (39:5)
providing  (20:17)
provision  (20:4) (20:16) (23:21) (28:2) (28:4) (31:25)
  (32:2) (32:4) (32:9) (32:19) (33:3) (33:10) (35:8) (37:12)
  (38:23)
provisions  (14:7) (14:10) (14:12) (14:23) (24:6) (31:14)
  (32:24) (33:8) (37:26) (39:11) (39:12) (39:14)
prudential  (11:26)
purpose  (11:18) (21:4) (21:5) (34:5) (35:5) (35:10) (35:11)
  (35:13) (36:16) (36:17) (37:12)
purposes  (21:25)
pursuant  (8:6)
put  (18:18) (26:10) (30:17)
putting  (31:11)

Q

qif  (1:14)
quacks  (42:11)
question  (9:19) (11:9) (11:17) (26:8) (30:13) (36:16)
quite  (23:18) (25:25)
quote  (13:20) (23:10)

R

racking  (35:10)
raises  (41:14)
ramos  (1:20)
ran  (38:12)
rata  (19:6) (19:8) (20:9) (22:17) (22:23) (28:3) (32:3)
  (32:4) (32:5) (33:22) (38:24)

| rather | stages |
|---|---|

**rather** (15:12) (20:25)
**read** (5:17) (10:5) (23:22) (25:12) (32:20) (39:11) (39:12)
**reading** (31:14)
**really** (5:21) (16:19) (20:14) (21:19) (23:14) (26:15)
(39:24) (40:20)
**reason** (30:22) (33:25) (37:9) (44:2)
**reasonable** (20:21) (21:12) (28:8) (28:24) (35:18) (37:20)
**reasonableness** (21:20) (27:19) (31:8) (31:20)
**reasons** (21:24)
**recall** (5:4) (19:25)
**recalling** (8:18)
**recite** (39:23)
**record** (44:13)
**recover** (7:14)
**reduction** (15:20)
**reference** (28:3)
**refers** (32:14)
**refinancing** (9:21) (20:25) (21:7) (30:15) (35:15)
**regard** (33:18) (43:10)
**regret** (4:20)
**regular** (5:23)
**relates** (18:21)
**release** (15:21)
**relief** (3:17) (29:13) (29:16) (30:10)
**remaining** (14:25)
**repaid** (21:10)
**replacement** (42:3)
**reply** (5:20)
**reporter** (2:24) (44:21)
**represent** (4:23) (24:22) (29:4) (36:3)
**representing** (3:22)
**require** (13:5) (13:6) (14:21) (14:25) (15:6) (15:12)
(15:13) (16:26) (24:6) (25:9) (39:10)
**required** (9:23) (13:20) (14:2) (14:5) (15:2) (15:4) (20:3)
(20:5) (22:16) (22:23) (23:7) (25:2) (26:3)
**requirement** (25:5) (25:19)
**requires** (14:9) (14:10) (17:3) (23:3)
**requiring** (14:13)
**resolve** (11:9)
**respect** (16:5) (20:12) (33:8) (38:24)
**respond** (44:8)
**responded** (5:19)
**responding** (43:11)
**response** (36:24)
**rest** (23:13)
**restaurants** (36:6)
**restructure** (22:6)
**restructuring** (9:22)
**retail** (1:11)
**retailer** (22:7) (22:8) (29:6)
**return** (28:21) (34:14)
**revised waterfall** (34:8)
**revolver** (10:15) (10:22) (19:13)
**revolvers** (37:8)
**revolving** (9:9) (9:11)
**reward** (34:11)
**richard** (2:20)
**right** (7:7) (9:3) (9:12) (10:18) (11:11) (15:24) (17:9)
(17:23) (18:3) (20:11) (31:5) (31:6) (40:2) (40:11) (40:26)
**right -** (40:26)
**rights** (7:14) (31:10) (33:5) (33:18)
**risk** (34:10)
**risks** (26:12)
**robert** (1:25)
**roger** (4:16)
**roman** (14:7) (36:16)
**romanette** (19:5) (36:17) (36:20)
**room** (23:11)
**ropes** (2:6)
**rosenthal** (1:15) (2:19) (9:6) (9:8) (9:15)
**rule** (13:19) (13:21) (13:24) (20:3)
**rules** (24:7) (25:8)

**S**

**sachs** (24:10) (24:19) (24:20) (24:21) (38:11)
**sacred** (20:10)
**said** (14:24) (23:23) (26:19) (26:25) (28:9) (29:14) (29:15)

(29:17) (34:22) (34:24) (36:12)
**sake** (6:19)
**same** (18:24) (23:22)
**satisfies** (21:19)
**save** (5:13) (21:7) (34:11)
**saw** (28:15)
**say** (4:13) (4:14) (4:26) (8:7) (12:5) (16:7) (16:10) (19:14)
(19:15) (20:7) (23:26) (29:13) (32:5) (36:21) (37:13) (41:7)
**saying** (15:5) (15:18) (21:15) (23:6) (23:12) (24:17) (30:4)
(37:2) (42:16) (44:4)
**says** (19:5) (24:2) (25:4) (25:14) (32:2) (32:6) (33:2) (34:2)
**scholer** (2:12)
**seal** (6:3) (6:4) (6:11)
**second** (7:24) (11:12)
**seconds** (43:3) (43:23)
**section** (12:6) (13:14) (13:24) (22:13) (22:22) (32:11)
(39:3) (40:2)
**securities** (25:8)
**see** (10:9) (25:7) (27:4) (28:6) (29:18) (30:13) (30:17)
(32:10) (43:17) (43:24)
**seem** (21:17)
**seems** (3:12) (13:18) (20:20) (20:22) (20:23) (23:14) (35:13)
**sell** (22:10)
**senior** (2:24) (44:21)
**sense** (28:12)
**separate** (8:23) (9:6) (18:19) (27:21) (43:2)
**separately** (5:19) (5:20)
**served** (5:11)
**serves** (28:22)
**set** (5:19) (43:17)
**seven** (14:8) (14:12) (14:24)
**shareholder** (24:8)
**shareholders** (22:20)
**sharing** (19:8) (22:17) (22:23)
**shot** (9:19)
**should** (8:10) (16:13) (20:10) (27:25) (35:23) (42:6)
**shouldn't** (35:20)
**shows** (10:18)
**side** (10:10) (10:18) (23:11) (24:22) (37:22) (37:23)
**sidney** (2:17) (3:21)
**silent** (33:6) (33:13) (33:22)
**simple** (6:13)
**simply** (26:22) (37:14) (39:4) (39:12)
**single** (7:20) (25:13) (40:10)
**sir** (6:13)
**sit** (38:2)
**sitting** (37:22) (37:23)
**situation** (25:16) (28:2) (31:22) (34:15) (35:19)
**situations** (31:21)
**six** (14:8)
**sized** (12:26)
**slight** (23:11)
**smaller** (34:13)
**solicit** (25:6) (25:10)
**solicitation** (24:7)
**some** (7:8) (14:4) (20:17) (20:26) (21:10) (21:14) (25:2)
(28:10) (30:16) (31:2) (33:16) (39:15)
**somebody** (3:13) (30:24) (35:21)
**somehow** (20:4)
**something** (4:13) (24:8) (26:20) (28:16) (28:21) (29:20)
(33:26) (39:6) (39:9)
**sometime** (38:12)
**somewhat** (36:11)
**soon** (43:16)
**sophisticated** (11:23) (26:13) (27:26) (31:11) (38:11)
**sorry** (9:7) (12:12) (15:22) (28:12) (29:24) (31:2) (35:24)
(41:12)
**sort** (22:19)
**sought** (3:17) (5:10)
**sounds** (21:21) (27:20) (28:11)
**speaking** (7:22)
**specific** (13:25) (31:25) (32:2) (33:10) (35:4)
**specifically** (20:8) (22:14) (32:16)
**spending** (39:18)
**spent** (41:19)
**stage** (22:2) (38:20)
**stages** (11:5)

stand

53

**stand**  (38:7)
**standard**  (27:15)
**start**  (8:12)(16:21)(16:22)(43:14)
**started**  (5:2)
**state**  (1:2)
**stenographic**  (44:17)
**stepping**  (19:25)
**still**  (28:25)
**stop**  (14:9)
**story**  (29:4)
**straightforward**  (11:10)(37:19)
**street**  (1:17)(2:13)(2:16)
**subject**  (33:13)(41:20)
**submit**  (27:24)
**subordinate**  (19:12)(19:14)(19:17)(36:18)(36:22)(37:7)
**subordinated**  (7:5)(16:6)(19:16)
**subordination**  (16:8)(18:22)(37:7)
**subsections**  (14:16)(16:18)
**such**  (23:16)
**suffer**  (35:17)
**sufficient**  (14:3)(20:3)
**suggesting**  (11:22)(20:4)
**suggests**  (35:5)
**summary**  (25:21)
**supply**  (13:12)
**supposed**  (7:8)
**supreme**  (1:2)
**sure**  (4:20)(7:6)(7:9)(10:3)(42:23)
**survive**  (21:10)(24:23)

**T**

**table**  (37:22)(37:24)
**take**  (14:14)(18:10)(19:19)(21:25)(25:6)(26:4)(34:9)(40:7)(43:3)(43:13)
**taken**  (22:19)
**takes**  (17:20)
**taking**  (34:10)
**talk**  (7:18)(7:20)(32:4)(33:8)(39:15)
**talking**  (7:7)(24:12)(27:14)(27:26)
**talks**  (7:2)(25:13)(41:24)
**telephone**  (12:26)
**tell**  (3:15)(21:15)(35:20)(35:22)
**telling**  (9:2)(20:23)(29:19)
**ten**  (13:25)(14:4)(14:24)(14:26)(15:14)(19:26)
**term**  (1:2)(7:19)(7:25)(7:26)(8:15)(8:16)(8:18)(8:22)(9:10)(9:23)(10:10)(10:21)(14:21)(13:21)(16:8)(17:4)(17:16)(17:17)(18:8)(18:21)(18:22)(19:12)(19:14)(20:24)(21:6)(23:24)(36:18)(36:21)(37:3)(37:8)(39:22)(40:10)(41:2)(42:14)
**termed**  (8:10)
**terms**  (7:5)(7:13)(9:13)(10:25)(18:8)(19:15)(19:22)(19:24)(21:22)(28:6)(41:25)
**test**  (42:10)
**than**  (36:5)(38:19)
**thank**  (5:25)(6:15)(11:7)(22:11)(43:19)(43:20)(43:21)(43:22)(44:11)(44:12)
**that**  (4:15)(4:25)(5:8)(5:9)(5:11)(6:2)(6:3)(6:6)(6:8)(6:9)(7:4)(7:8)(7:10)(8:5)(8:25)(9:4)(9:15)(9:20)(9:24)(10:12)(11:2)(11:18)(11:20)(12:2)(13:19)(13:21)(13:23)(14:5)(14:12)(14:20)(14:22)(15:3)(15:5)(15:6)(15:10)(15:25)(16:7)(17:2)(17:17)(17:19)(17:20)(18:10)(18:11)(18:19)(18:21)(18:25)(19:2)(19:8)(19:11)(20:3)(20:5)(20:8)(20:17)(20:20)(20:23)(21:9)(21:11)(22:22)(22:26)(23:26)(24:2)(24:6)(24:26)(25:4)(25:9)(25:13)(25:14)(25:18)(25:19)(26:4)(26:13)(26:18)(27:24)(28:6)(28:11)(28:14)(28:21)(28:22)(28:23)(28:24)(29:15)(30:8)(30:9)(30:13)(30:14)(30:16)(30:18)(30:20)(30:23)(30:26)(31:2)(31:3)(31:4)(31:19)(32:2)(32:6)(32:10)(32:23)(33:4)(33:8)(33:10)(33:13)(33:17)(34:2)(34:3)(34:4)(34:19)(34:21)(34:23)(34:24)(35:3)(35:5)(35:14)(36:19)(36:26)(36:24)(36:25)(37:10)(37:14)(37:15)(37:21)(37:23)(37:26)(38:5)(38:8)(38:9)(38:23)(38:24)(39:2)(39:5)(39:9)(39:12)(39:14)(39:16)(39:20)(40:10)(40:11)(41:7)(41:15)(42:4)(42:9)(42:16)(43:11)(44:4)(44:9)
**that's**  (7:17)(7:21)(8:6)(8:13)(9:5)(9:21)(11:6)(11:12)(12:8)(12:22)(13:21)(14:8)(14:19)(15:7)(18:4)

**trying**  (19:13)(19:21)(25:11)(26:22)(26:24)(27:2)(27:4)(27:21)(30:21)(31:26)(34:16)(34:17)(37:16)(38:13)(41:18)
**the waterfall**  (10:26)
**their**  (5:11)(7:14)(7:26)(11:20)(15:6)(26:19)(28:17)(31:20)(37:5)(39:10)
**them**  (9:2)(14:17)(14:24)(15:9)(16:21)(20:26)(21:2)(21:16)(24:3)(28:22)(31:21)(34:23)(38:9)(43:15)
**themselves**  (37:4)
**there**  (5:22)(6:8)(8:23)(9:17)(11:14)(12:7)(12:10)(13:24)(14:20)(14:21)(14:24)(16:7)(17:25)(17:26)(18:23)(21:3)(21:18)(22:12)(23:16)(23:18)(23:21)(24:6)(25:5)(25:8)(25:15)(26:6)(26:17)(28:3)(31:22)(32:19)(33:3)(34:8)(36:19)(36:25)(38:15)(42:4)(43:26)
**thereby**  (14:12)
**there's**  (4:12)(7:8)(9:6)(11:13)(13:23)(18:5)(24:5)(26:14)(29:10)(31:16)(35:4)(38:19)(40:10)(40:12)(42:26)
**these**  (3:16)(7:12)(12:15)(15:14)(16:18)(21:21)(21:22)(23:13)(26:10)(31:7)(31:17)(33:12)(39:11)
**they**  (5:11)(5:19)(5:20)(6:18)(8:18)(8:22)(8:24)(9:3)(9:9)(9:11)(9:12)(9:14)(10:19)(12:5)(12:16)(12:17)(13:24)(14:15)(14:20)(14:22)(15:3)(15:4)(15:5)(15:8)(15:12)(15:13)(16:6)(17:7)(18:23)(19:11)(19:13)(19:14)(20:11)(22:10)(22:13)(22:14)(23:4)(23:6)(26:12)(26:13)(26:24)(26:25)(27:2)(28:15)(29:14)(30:15)(31:4)(32:9)(32:10)(32:11)(32:12)(32:13)(32:15)(32:17)(32:22)(32:23)(32:24)(33:17)(34:24)(34:26)(36:12)(36:24)(37:2)(37:4)(37:7)(38:8)(38:12)(38:13)(39:2)(39:3)(39:14)(39:16)(41:7)(42:6)(42:8)(42:14)(42:22)
**they're**  (6:14)(15:5)(21:9)(26:18)(38:17)(38:18)
**they've**  (41:16)
**thing**  (28:24)(34:4)(38:12)
**things**  (6:6)(31:17)
**think**  (5:16)(6:2)(6:9)(8:13)(8:17)(9:5)(9:20)(9:26)(15:3)(16:24)(21:18)(23:2)(23:3)(23:18)(28:5)(28:8)(31:13)(37:18)(38:5)(38:13)(38:19)(39:24)(43:2)(44:5)
**this**  (3:12)(3:25)(4:2)(4:18)(5:2)(6:13)(6:17)(6:25)(7:14)(7:23)(9:19)(9:21)(10:2)(10:16)(11:4)(11:9)(13:4)(13:7)(16:2)(16:8)(17:20)(19:26)(20:4)(20:10)(20:15)(20:16)(20:17)(20:23)(20:25)(21:4)(21:10)(21:13)(21:19)(21:25)(22:2)(22:19)(23:4)(23:22)(24:3)(24:9)(24:12)(24:25)(25:20)(25:21)(25:24)(26:13)(26:26)(27:4)(27:20)(27:23)(27:24)(28:2)(28:6)(28:7)(28:26)(29:9)(29:12)(29:26)(30:8)(30:10)(31:23)(31:26)(33:14)(33:21)(33:23)(34:2)(34:10)(34:11)(34:19)(34:22)(35:2)(35:9)(35:11)(35:18)(35:19)(35:21)(36:7)(37:22)(38:9)(38:20)(39:8)(39:10)(39:23)(39:25)(40:5)(40:6)(40:19)(41:5)(41:9)(41:20)(42:2)(42:13)(43:5)(44:16)
**those**  (5:16)(14:2)(14:16)(14:22)(15:9)(15:25)(16:15)(19:7)(19:22)(19:23)(39:17)
**thought**  (19:2)(20:9)(32:26)(34:3)(41:14)
**thoughts**  (38:4)
**three**  (11:5)(14:10)(14:23)(14:26)
**through**  (7:18)(9:15)(10:2)(16:21)(21:20)(22:15)(27:18)(31:7)(41:20)
**throughout**  (32:11)
**time**  (3:13)(5:13)
**today**  (3:23)(33:23)
**today's**  (11:21)
**together**  (21:15)(26:10)(28:10)(30:17)(37:15)
**told**  (30:8)
**too**  (28:6)
**took**  (26:12)
**tool**  (22:5)
**tools**  (22:5)
**top**  (10:20)
**tort**  (27:21)
**total**  (10:16)(10:22)
**totals**  (14:12)
**transaction**  (8:4)(9:16)(20:15)(33:24)
**transcription**  (44:17)
**transfer**  (6:24)(39:19)
**tro**  (5:6)
**true**  (9:24)(11:15)(26:22)(26:24)(30:5)(44:16)
**trust**  (1:11)(2:13)(6:18)
**try**  (22:5)(26:11)
**trying**  (22:18)(24:23)(29:25)(30:23)

turn

| | |
|---|---|
| **turn** (12:6) (25:20) (31:17) | **you're** |
| **turns** (11:21) | |
| **tweed** (24:11) | |

**turn** (12:6) (25:20) (31:17)
**turns** (11:21)
**tweed** (24:11)
**two** (5:14) (5:24) (14:20) (14:21) (15:8) (15:10) (15:20) (15:23) (15:24) (15:25) (16:14) (32:23) (37:25) (39:16) (40:15) (41:8) (41:16) (43:3)

**U**

**uh-oh** (29:15)
**unambiguous** (11:16)
**unanimous** (15:4)
**under** (7:9) (7:12) (7:23) (11:11) (11:12) (13:19) (16:8) (16:10) (26:2) (30:6) (32:5) (39:23) (39:26) (40:17)
**underbrush** (4:25)
**undermined** (21:14)
**understand** (6:25) (18:2) (20:15) (41:6) (44:3)
**understood** (31:18)
**undisputed** (9:5)
**unethical** (23:14) (26:26) (34:22)
**unfairness** (7:15)
**unique** (31:26)
**unless** (4:13)
**unnecessary** (26:4)
**unreasonable** (31:24)
**until** (43:12)
**updated** (42:7)
**upside** (10:5)
**up-to-date** (4:25)
**use** (21:22)
**used** (19:22) (20:24) (34:6)
**usually** (33:12)

**V**

**valid** (38:9) (38:13)
**valuations** (6:6)
**value** (31:11)
**varies** (14:5)
**variety** (21:24)
**various** (7:12) (22:15) (33:5) (42:24)
**version** (12:8) (12:13) (12:14)
**versions** (12:7) (12:11) (12:12) (12:15)
**very** (8:3) (8:13) (19:7) (21:17) (28:17) (31:25) (31:26) (37:19) (41:20) (44:11)
**vesey** (2:16)
**vice** (4:17)
**view** (18:11) (20:7)
**violation** (41:16)
**vote** (9:12) (17:20) (20:13) (22:19) (25:6) (37:9) (37:11)
**votes** (25:7)
**voting** (7:11) (17:21)

**W**

**wait** (34:12)
**walks** (42:10)
**want** (3:16) (4:13) (16:17) (16:19) (16:23) (19:11) (26:25) (30:13) (32:25) (36:5) (37:14) (42:21) (42:22) (42:23) (44:5)
**wanted** (4:14) (32:10) (32:11) (39:2)
**wants** (38:3)
**wardwell** (2:9)
**wasn't** (11:22) (26:17) (28:14) (31:5) (31:6) (31:22) (41:2)
**waterfall** (10:26) (11:4) (16:2)
**way** (19:22) (20:17) (20:24) (20:26) (24:20) (28:14) (31:4) (32:3) (32:17) (32:22) (33:4) (34:6) (35:12) (35:14) (39:8)
**week** (5:21)
**welcome** (4:21)
**well** (12:14) (12:15) (14:19) (16:20) (18:17) (31:13) (31:23) (35:19) (38:18) (39:19) (40:26) (41:7)
**we'll** (7:18)
**went** (22:14) (25:24)
**were** (5:4) (14:24) (22:13) (24:11) (26:24) (29:11) (30:13) (30:23) (42:17)
**we're** (4:25) (5:23) (7:7) (19:14) (19:15) (19:17) (19:26) (20:11) (21:16) (23:12) (24:3) (24:12) (27:25) (27:26) (29:16) (34:14) (36:21)
**weren't** (36:13)
**west** (2:13) (11:26)
**we've** (5:23) (6:20) (25:23) (34:15) (42:9)

**you're**

**whatever** (7:16) (22:21) (38:2) (42:21)
**what's** (3:17) (19:3) (21:2) (41:23)
**when** (8:7) (10:17) (23:22) (25:16) (25:24) (31:12)
**where** (15:17) (16:5) (16:17) (28:2) (28:4) (31:21) (31:23) (33:16) (40:23)
**where's** (41:3)
**whether** (11:16) (17:20) (19:12) (20:10) (22:20)
**which** (5:22) (6:5) (11:10) (11:22) (12:6) (12:20) (14:26) (15:11) (15:14) (16:18) (18:8) (21:20) (28:22) (31:12) (32:13) (35:17) (38:6) (43:2)
**who** (3:18) (8:9) (8:19)
**whole** (20:15) (41:21)
**whose** (7:4)
**will** (4:20) (6:18) (7:20) (10:2) (10:5) (10:8) (15:9) (16:22) (17:10) (22:5) (39:20) (43:3) (43:4) (44:7) (44:9)
**wilmington** (1:11) (2:13)
**win** (26:14)
**windfall** (37:23)
**with** (5:2) (5:11) (6:5) (6:18) (8:12) (10:18) (12:13) (13:9) (15:3) (16:5) (16:21) (16:22) (17:11) (20:12) (20:16) (23:13) (25:16) (30:22) (33:8) (33:18) (35:16) (37:11) (37:26) (38:23) (38:25) (39:6) (43:10) (43:14)
**within** (13:26) (14:15) (15:5) (39:3) (40:13)
**without** (9:2) (19:8) (20:26) (22:24) (26:18) (28:16) (28:26) (34:19)
**wolff** (2:3)
**wonder** (22:9)
**wondering** (33:15)
**words** (19:5) (19:7) (21:3) (23:22) (34:4) (35:15) (36:22)
**working** (13:12)
**worth** (19:25) (39:17)
**would** (12:10) (20:5) (21:5) (21:23) (22:22) (23:9) (25:18) (26:8) (27:15) (27:24) (28:12) (28:21) (30:5) (30:13) (30:15) (30:16) (30:18) (31:3) (31:17) (33:23) (34:9) (37:26) (40:25) (41:6) (42:4)
**wouldn't** (33:24) (33:25) (33:26)
**write** (6:12) (32:9) (39:2) (43:4) (44:4) (44:5)
**writing** (12:5)
**written** (12:4) (22:24) (22:25) (23:3) (23:5) (23:7) (24:2) (27:10) (32:13) (32:17) (32:23) (44:6)
**wrote** (34:3)

**—**

---------------------------------------------**x** (1:3)

**Y**

**yeah** (31:4)
**yellow** (10:21)
**yes** (4:3) (6:7) (7:22) (8:26) (9:25) (11:3) (15:8) (15:19) (16:12) (22:8) (36:2)
**yet** (6:10) (27:6) (44:9)
**york** (1:2) (1:18) (1:24) (2:4) (2:8) (2:11) (2:14) (2:17) (2:20) (4:21)
**you** (3:15) (4:13) (4:25) (5:4) (5:5) (5:25) (6:15) (8:3) (8:7) (8:8) (8:25) (10:9) (11:7) (13:6) (13:9) (13:12) (15:15) (15:25) (16:10) (16:17) (16:18) (16:24) (17:6) (17:11) (18:16) (20:14) (20:18) (21:7) (22:4) (22:11) (22:21) (23:8) (23:9) (23:10) (23:22) (23:23) (24:3) (24:6) (24:7) (24:17) (24:26) (25:4) (25:7) (25:19) (26:4) (27:15) (27:22) (30:9) (30:12) (30:14) (30:16) (30:17) (30:22) (30:23) (31:5) (31:11) (31:13) (32:2) (32:7) (33:10) (33:16) (34:12) (34:13) (34:19) (35:22) (36:4) (36:5) (36:17) (36:22) (37:9) (37:26) (38:11) (39:7) (40:14) (40:25) (42:16) (43:11) (43:15) (43:16) (43:19) (43:20) (43:21) (43:22) (43:24) (44:7) (44:8) (44:11) (44:12)
**you'll** (13:7)
**your** (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:10) (3:11) (3:19) (3:23) (4:14) (4:22) (5:13) (6:7) (6:13) (6:15) (6:19) (7:17) (7:22) (8:7) (8:8) (9:22) (9:25) (11:8) (11:25) (12:2) (13:9) (14:20) (15:15) (15:25) (15:26) (16:3) (16:24) (17:14) (18:4) (18:26) (19:4) (19:21) (21:23) (23:2) (23:15) (23:21) (25:12) (26:2) (27:7) (27:16) (29:3) (29:7) (30:7) (30:26) (31:18) (33:20) (34:13) (34:14) (35:5) (35:23) (36:8) (36:15) (37:16) (38:2) (38:5) (38:21) (40:20) (40:21) (40:25) (40:26) (41:4) (41:6) (41:12) (41:18) (42:13) (42:16) (42:26) (43:8) (43:15) (43:19) (43:20) (43:21) (43:23) (43:25) (44:12)
**you're** (9:20) (15:18) (17:15) (20:18) (20:19) (22:26)

Case 23-09001   Document 81-2   Filed in TXSB on 03/16/23   Page 56 of 56

(24:24) (25:16) (27:22) (29:3) (29:6) (29:19) (30:3) (34:10)
(35:16) (37:2) (43:14) (44:3)