# EXHIBIT L

Case 23-09001   Document 91-26   Filed in TXSB on 03/17/23   Page 2 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

North Star Debt Holdings, L.P., Silver Oak Capital, L.L.C.,
AG Credit Solutions Non-ECI Master Fund, AG Centre
Street Partnership L.P., AG Super Fund Master, L.P., and
Gamut Capital SSB, LLC,

<em>Plaintiffs</em>,

v.

Serta Simmons Bedding, LLC, Advent International
Corporation, Eaton Vance Management, Invesco Senior
Secured Management, Inc., Credit Suisse Asset
Management, LLC, Boston Management and Research,
Barings LLC, and Does 1-50,

<em>Defendants</em>.

---

Index No. 652243/2020

IAS Part 48

Hon. Andrea Masley

Motion Sequence No. ___

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISCONTINUE THIS ACTION
WITHOUT PREJUDICE PURSUANT TO CPLR 3217(b)**

Case 23-09001   Document 91-26   Filed in TXSB on 03/17/23   Page 3 of 13

## TABLE OF CONTENTS

Page

Table of Authorities............................................................................................................ii

Preliminary Statement ........................................................................................................ 1

Facts .................................................................................................................................... 3

Argument ............................................................................................................................. 4

Conclusion ........................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Transit Ins. Co.* v. *Roberson*,
  114 A.D.3d 821 (2d Dep't 2014) ........................................................5

*Bank of America, Nat'l Ass'n.* v. *Douglas*,
  110 A.D.3d 452 (1st Dep't 2013) .....................................................5

*Burnham Serv. Corp.* v. *Nat'l Council on Comp. Ins., Inc.*,
  288 A.D.2d 31 (1st Dep't 2001) ....................................................4, 5

*Christenson* v. *Gutman*,
  249 A.D.2d 805 (3d Dep't 1998) ......................................................5

*Mathias* v. *Daily News L.P.*,
  301 A.D.2d 503 (2d Dep't 2003) ......................................................6

*OPGR Commodities, LLC* v. *Fleming*,
  2015 WL 3430624 (N.Y. Sup. Ct. May 28, 2015) ............................6

*Ruderman* v. *Brunn*,
  65 A.D.2d 771 (2d Dep't 1978) ........................................................5

*Wells Fargo Bank, N.A.* v. *Fisch*,
  103 A.D.3d 622 (2d Dep't 2013) ......................................................4

**STATUTES**

CPLR 3217(b) ......................................................................4, 5, 6

Plaintiffs North Star Debt Holdings, L.P., Silver Oak Capital, L.L.C., AG Credit Solutions Non-ECI Master Fund, AG Centre Street Partnership L.P., AG Super Fund Master, L.P., and Gamut Capital SSB, LLC (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion to discontinue this action without prejudice pursuant to CPLR 3217(b).[1]

## PRELIMINARY STATEMENT

It is well-settled that a court should grant a plaintiff's motion to voluntarily discontinue an action without prejudice where, as here, it is early in the proceedings. There is no reason to deviate from that rule here.

Plaintiffs filed this action on June 11, after Serta announced in a brief press release issued three days earlier that it had agreed to undertake a restructuring transaction that significantly prejudiced Plaintiffs by subordinating their loans, effectively stripping them of their collateral, and depriving them of the value of their guarantees (the "Transaction"). At the time Plaintiffs filed the complaint, Defendants had not yet disclosed the complex mechanics of the Transaction, which market observers have since commented are unprecedented. Plaintiffs thus challenged it generally on the basis that the provisions of the existing First Lien Credit Agreement[2] do not allow the kind of subordination that was described in the announcement of the Transaction (and indeed they do not), but without knowledge of the specific steps Defendants were taking to effect the subordination. As the Court is aware, even as the parties litigated

---

[1]  Plaintiffs asked Defendants to stipulate to dismissal without prejudice on the evening of July 9, 2020. As of the time of this filing, Defendants have not indicated whether they will consent to the request to stipulate.

[2]  Defined terms not defined herein are given the same meaning as in Plaintiffs' Memorandum of Law in Support of their Application for a Temporary Restraining Order, a Preliminary Injunction, and Expedited Discovery. (NYSCEF No. 3, Pls.' Mem. of Law.)

1

Plaintiffs' motion for a preliminary injunction, Serta refused to provide drafts of definitive documentation, and produced only a high-level term sheet that did not explain all of the Transaction's features.

Subsequent to the Transaction's close on June 22, Plaintiffs received the voluminous agreements that purport to effect the deal. They include extensive amendments to the existing First Lien Credit Agreement, an altogether new "Priority" First Lien Term Loan Agreement, as well as a new First Lien Intercreditor Agreement governing the Favored Lenders and the existing term loan lenders (including Plaintiffs). Defendants have now moved to dismiss the existing complaint, seeking an adjudication on the merits of a complaint that Plaintiffs filed before Serta disclosed the details of the Transaction to them. But Plaintiffs should not be compelled to pursue claims that were formulated before Serta disclosed all of the critical details about the Transaction. Plaintiffs should be afforded the opportunity to consider the transaction documents and determine whether, and how, to pursue their rights at the appropriate time. That is the very purpose of a dismissal without prejudice.

No prejudice is visited upon Defendants from a discontinuance without prejudice. Defendants have moved to dismiss, but against a complaint that Plaintiffs are entitled to amend as of right. There has been just a single document produced in discovery. And, Defendants will, regardless, be required to defend similar claims, as another existing First Lien Lender, independently and unrelated to Plaintiffs, has filed an action in the United States District Court for the Southern District of New York challenging the Transaction—in a case that was framed with the benefit of the final transaction documents.

There is, in short, no reason to depart from the general rule, and Plaintiffs' motion for leave to discontinue this action without prejudice pursuant CPLR 3217(b) should be granted.

2

Case 23-09001  Document 91-26  Filed in TXSB on 03/17/23  Page 7 of 13

## FACTS

On June 8, 2020, Serta announced a recapitalization transaction that purported to subordinate Plaintiffs' liens in violation of the plain terms of the parties' First Lien Credit Agreement. Plaintiffs promptly filed suit and sought a temporary restraining order and preliminary injunction to prevent the proposed unlawful Transaction from proceeding. (NYSCEF No. 1, Summons & Complaint.) The Court granted Plaintiffs' request for a temporary restraining order and scheduled a hearing on Plaintiffs' application for a preliminary injunction. (NYSCEF No. 48, Order to Show Cause and Temporary Restraining Order.)

The Court ultimately denied Plaintiffs' request for a preliminary injunction (NYSCEF No. 88, Decision & Order on Motion), and on June 22, 2020, Serta closed the Transaction. It was not until after closing that Plaintiffs received copies of the documents executed in connection with the Transaction. (Affirmation of Andrew J. Ehrlich dated July 10, 2020 ("Ehrlich Aff."), ¶ 6.)

On June 18, 2020, LCM Asset Management LLC, a holder of existing First Lien Loans unaffiliated with any Plaintiff, filed a complaint in the Supreme Court of the State of New York, New York County, also challenging the proposed Transaction. (NYSCEF No. 59, Shuster Aff., Ex. 1, LCM State Court Complaint.) It also sought to intervene in this action. (NYSCEF No. 57.) On July 2, 2020, LCM withdrew its motion to intervene in this action, as well as its separate complaint, and filed an action in the United States District Court for the Southern District of New York. (Ehrlich Aff., Ex. 1, LCM Federal Court Complaint.) Unlike its original state court action, LCM's federal complaint contained detailed allegations regarding the specific terms and mechanisms employed to effect the Transaction, and in this respect differed significantly from its original complaint. (*Id.* ¶ 7.) Plaintiffs in this case lack complete diversity from Defendants, and thus could not pursue further litigation in federal court.

3

On July 2, 2020, Defendants moved to dismiss Plaintiffs' original complaint. Plaintiffs subsequently asked Defendants to stipulate to discontinue this litigation without prejudice, given that the filing of the motion precluded dismissal by simple notice. (*Id.* ¶ 11.) Defendants, however, have not indicated whether they will agree to stipulate or to hold in abeyance Plaintiffs' obligation to respond to their motion to dismiss the original complaint. (*Id.*)

As a result, Plaintiffs now bring this motion seeking to voluntarily discontinue this action without prejudice pursuant to CPLR 3217(b).

## ARGUMENT

CPLR 3217(b) grants the Court broad discretion to grant a motion for voluntary discontinuance "upon terms and conditions, as the court deems proper." While such determination is within the sound discretion of the court, "a party ordinarily cannot be compelled to litigate." *Burnham Serv. Corp.* v. *Nat'l Council on Comp. Ins., Inc.,* 288 A.D.2d 31, 32 (1st Dep't 2001). Rather, a "plaintiff should be permitted to discontinue the action without prejudice, unless defendant would be prejudiced thereby" or other improper consequences would result. *Wells Fargo Bank, N.A.* v. *Fisch,* 103 A.D.3d 622, 622 (2d Dep't 2013). A defendant can overcome this presumption only by providing "evidence of prejudice that would outweigh the prejudice to plaintiffs in being prohibited from bringing their claim in the future." *Christenson* v. *Gutman*, 249 A.D.2d 805, 806 (3d Dep't 1998) (upholding dismissal without prejudice).

Although Plaintiffs are in fact "not required to demonstrate any basis for seeking a voluntary discontinuance," *Am. Transit Ins. Co.* v. *Roberson*, 114 A.D.3d 821, 821 (2d Dep't 2014) (reversing order granting discontinuance pursuant to CPLR 3217(b) with prejudice, and providing that discontinuance should be without prejudice), there is ample basis here. Namely, Plaintiffs seek the opportunity to further evaluate their claims in light of the transaction documents which were received only after the Transaction closed. Plaintiffs also may seek to

Case 23-09001 Document 91-26 Filed in TXSB on 03/17/23 Page 9 of 13

address procedural objections raised by Defendants that may be easily resolved outside of the courtroom. For instance, Defendants contend in their motion to dismiss that these claims should be brought by the Administrative Agent. While Defendants are wrong about this position, and flatly misread the First Lien Credit Agreement, Plaintiffs nonetheless intend to engage the Administrative Agent in dialogue about this matter. Significant resources will therefore be saved by all parties, and the Court, by granting Plaintiffs' motion to discontinue this action without prejudice.

No circumstances exist to overcome the general rule that Plaintiffs' request should be granted. Because this case is in a very early stage, Defendants face no risk of prejudice from a discontinuance. *See Burnham Serv. Corp.*, 288 A.D.2d at 32-33 (holding that court should have granted plaintiff's application to voluntarily to discontinue action as no special circumstances shown by defendant and action still in the pleading stage); *Ruderman* v. *Brunn*, 65 A.D.2d 771 (2d Dep't 1978) (finding discontinuance properly granted as plaintiff sought to discontinue action at very early stage in the proceedings); *Bank of America, Nat'l Ass'n.* v. *Douglas*, 110 A.D.3d 452 (1st Dep't 2013) (finding no special circumstances shown to warrant denial of discontinuance, especially since the action was still in the early stages of litigation). Defendant has not asserted counterclaims. Discovery has been limited to the production of a single document. And only limited motion practice has occurred in this action.

Indeed, the only substantive order that has been issued—the denial of Plaintiffs' request for a preliminary injunction—is not sufficient to give rise to prejudice, as it was a preliminary ruling and not a merits ruling. In *Mathias* v. *Daily News L.P.*, 301 A.D.2d 503 (2d Dep't 2003), the plaintiffs commenced an action seeking a preliminary injunction. The plaintiffs then filed an action in federal court and sought to discontinue the state court action. *Id.* The

5

Case 23-09001   Document 91-26   Filed in TXSB on 03/17/23   Page 10 of 13

lower court granted the application, but did so with prejudice. *Id*. On appeal to have the discontinuance granted without prejudice, the panel rejected the defendant's contention that the discontinuance would "enable the appellants to evade the adverse consequences of the prior order denying their motion for a preliminary injunction." *Id*. at 504. The panel held that the "denial of a motion for a preliminary injunction *is not an adjudication on the merits of a plaintiff's claim*," and that the "defendant's rights would not be prejudiced by a voluntary discontinuance of this action," and reversed on this basis to allow discontinuance without prejudice. *Id*. (emphasis added). The same is true here.

The holding in *OPGR Commodities, LLC* v. *Fleming*, No. 156141/2014, 2015 WL 3430624 (N.Y. Sup. Ct. May 28, 2015), is also instructive. In *OPGR*, the defendants moved to dismiss the plaintiff's complaint for lack of personal jurisdiction and failure to state a claim. *Id*. at *1. The plaintiff cross-moved for an order pursuant to CPLR 3217(b) permitting it to voluntarily discontinue the action without prejudice and without costs. *Id*. The defendants argued that dismissal without prejudice would prejudice them, because plaintiff could later re-file in another forum. *Id*. The court disagreed. *Id*. The court found that, as here, "no discovery has been undertaken; the motion to dismiss was briefed but not argued; and this Court issued no orders for plaintiff to circumvent." *Id*. at *2. The court further found that, although there were pending motions, they would not warrant disposition of the action with prejudice, and thus did not preclude granting discontinuance. *Id*. So too here—and all the more so given Plaintiffs' intention to amend the complaint if the case goes forward.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court discontinue this action without prejudice pursuant to CPLR 3217(b).

6

Case 23-09001   Document 91-26   Filed in TXSB on 03/17/23   Page 11 of 13

Dated: New York, New York
July 10, 2020

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

By: /s/ Andrew J. Ehrlich
Lewis R. Clayton
Andrew J. Ehrlich
Robert N. Kravitz

1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
*lclayton@paulweiss.com*
*aehrlich@paulweiss.com*
*rkravitz@paulweiss.com*

*Attorneys for Plaintiffs North Star Debt Holdings,
L.P., Silver Oak Capital, L.L.C., AG Credit
Solutions Non-ECI Master Fund, AG Centre Street
Partnership L.P., AG Super Fund Master, L.P., and
Gamut Capital SSB, LLC, only with regard to
claims asserted against Serta and Advent*

– and –

FRIEDMAN KAPLAN
  SEILER & ADELMAN LLP

Eric Seiler
Anne E. Beaumont
Andrew W. Goldwater
Danielle E. Tepper
7 Times Square
New York, NY 10036-6516
Tel.: 212-833-1100
eseiler@fklaw.com
abeaumont@fklaw.com
agoldwater@fklaw.com
dtepper@fklaw.com

*Attorneys for Plaintiffs North Star Debt Holdings,
L.P., Silver Oak Capital, L.L.C., AG Credit
Solutions Non-ECI Master Fund, AG Centre Street*

7

*Partnership L.P., AG Super Fund Master, L.P., and Gamut Capital SSB, LLC*

8

Case 23-09001 Document 91-26 Filed in TXSB on 03/17/23 Page 13 of 13

## CERTIFICATION OF COMPLIANCE
## (NYS COMMERCIAL DIVISION RULE 17)

Pursuant to Rule 17 of the Rules of the Commercial Division, Supreme Court, New York County, I hereby certify that this memorandum of law contains 1,847 words, excluding the caption and signature block.  In making this certification, I relied on Microsoft Word's "Word Count" tool.  I further certify that this memorandum of law complies with the word count limit set forth in Rule 17.


Dated: July 10, 2020
       New York, New York

By: */s/ Andrew J. Ehrlich*  _____
    Andrew J. Ehrlich

9