# EXHIBIT R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, North Star Debt Holdings, L.P., Silver Oak Capital, L.L.C., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., Z Capital Credit Partners CLO 2019-1 Ltd., Ascribe III Investments, LLC, Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Income Fund, a series of Columbia Funds Series Trust II, and Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I,<br><br>*Plaintiffs*,<br><br>v.<br><br>Eaton Vance Management, Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Boston Management and Research, Barings LLC, and Does 1-50,<br><br>*Defendants*. | 1:23-cv-00587<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9027, Plaintiffs AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, North Star Debt Holdings, L.P., Silver Oak Capital, L.L.C., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., Z Capital Credit Partners CLO 2019-1 Ltd., Ascribe III Investments,

3706904.1

LLC, Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Income Fund, a series of Columbia Funds Series Trust II, and Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby file this Notice of Removal to remove the Seventh, Eighth, and Ninth Causes of Action (the "Removed Causes of Action") asserted against Defendants Eaton Vance Management, Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Boston Management and Research, Barings LLC, and Does 1-50 (collectively, the "Favored Lender Defendants") in *AG Centre Street Partnership L.P. et al.* v. *Serta Simmons Bedding, LLC, et al.*, Index No. 654181/2022 (the "Action"), from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Pursuant to Bankruptcy Rule 9027(a)(1), Plaintiffs hereby provide a short and plain statement of the facts which entitle Plaintiffs to remove.

**Entitlement to Removal**

1. Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this [Title 28]." *See also Cal. Pub. Emps. Ret. Sys.* v. *WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[T]he bankruptcy removal statute authorizes *any* 'party,' including plaintiffs, to remove.") (emphasis in original). Section 1334(b), in turn, confers subject matter jurisdiction in the federal District Courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id*. The Action is pending in the Supreme Court of the State of New York, County of New York. New York County is located in the Southern District of New York, which also is the District in which litigation raising substantially identical central legal

2

3706904.1

issues has been pending before Judge Katherine Polk Failla for more than 20 months. *See LCM XXII Ltd., et al* v. *Serta Simmons Bedding, LLC*, 21 Civ. 3987 (KPF) (S.D.N.Y.).

3. Plaintiffs are lenders to Serta Simmons Bedding, LLC ("Serta"), a manufacturer of bedding products. Plaintiffs were specified as "first lien" lenders under the terms of a November 8, 2016 credit agreement (the "Credit Agreement") with Serta and its other lenders, meaning that, in the event of a default, Plaintiffs were among the lenders whose rights to collateral were contractually superior to all others. The Credit Agreement further provided that Plaintiffs, along with other "first lien" lenders, would share *pro rata* in all payments of principal and interest on their loans. The Credit Agreement is an enforceable contract to which Serta and its lenders—including Plaintiffs and the Favored Lender Defendants—are or were parties.

3. In June 2020, Serta entered into an unlawful transaction with the Favored Lender Defendants that fundamentally altered the terms of the Credit Agreement, enabling the Favored Lender Defendants to receive more than $850 million in new "super priority" term loans in exchange for their existing first lien loans, without Serta paying (or even offering) the same consideration to other lenders, including Plaintiffs. The effect of the unlawful transaction was to deprive Serta's first lien lenders, including Plaintiffs, of their bargained-for rights under the Credit Agreement. The unlawful restructuring transaction left Plaintiffs as first lien lenders in name only; in fact, they now stand behind the "super priority" first lien lenders, having had their collateral effectively stripped. The Favored Lender Defendants purport to justify the unlawful exchange transaction on the basis that it is permitted by one of the exceptions in the Credit Agreement to the requirement of *pro rata* treatment of all lenders, namely that this highly structured, privately negotiated transaction is in fact, according to the Favored Lender

3

3706904.1

Defendants, an "open market purchase" by Serta of their loans, permitted by Section 9.05(g) of the Credit Agreement.

4. On November 16, 2022, Plaintiffs filed an amended complaint, attached hereto as Exhibit A, asserting separate claims against Serta and the Favored Lender Defendants. The Removed Causes of Action, which are those against the Favored Lender Defendants only, are for breach of contract with respect to the Credit Agreement (Seventh and Ninth Causes of Action) (Am. Compl. ¶¶ 133-138, 146-150), and breach of the implied covenant of good faith and fair dealing concerning the Credit Agreement (Eighth Cause of Action) (Am. Compl. ¶¶ 139-145).

5. On January 23, 2023, Serta filed a chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas, initiating its bankruptcy case *In re Serta Simmons Bedding, LLC*, Case No. 23-90020 (the "Serta Bankruptcy Case") under Title 11 of the United States Code.

6. Removal of the Removed Causes of Action to the United States District Court for the Southern District of New York is proper under 28 U.S.C. § 1334(b), which confers on the district courts "original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11." The Removed Causes of Action are related to the Serta Bankruptcy Case. The outcome of the Removed Causes of Action "might have [a] conceivable effect on the bankrupt estate," satisfying the Second Circuit's standard for "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b). *See Parmalat Cap. Fin. Ltd.* v. *Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (citations and internal quotation marks omitted).

7. Removal of solely the Removed Causes of Action, as opposed to the entire Action, is proper under 28 U.S.C. § 1452(a), which allows for the removal of "any claim or

4

cause of action in a civil action," provided that the District Court to which such claims or causes of action are removed has jurisdiction under 28 U.S.C. § 1334(b). Thus, by the plain terms of Section 1452, removal "is not an all-or-nothing proposition. Section 1452 permits a party to remove only *some* of the claims or causes of action and to leave the remainder for litigation in the other forum." *Lead I JV, LP* v. *N. Fork Bank*, 401 B.R. 571, 588 (Bankr. E.D.N.Y. 2009) (quoting *In re Northwood Flavors, Inc.*, 202 B.R. 63, 67 (Bankr. W.D. Pa. 1996)) (emphasis in original).

8. While the claims against Serta in the Action presumptively are subject to the automatic stay under 11 U.S.C. § 362(a), the claims against the Favored Lender Defendants are not.

9. As noted above, there already is litigation pending in this District against Serta raising substantially the same legal issues as the Removed Causes of Action—namely, that the 2020 restructuring transaction violated the Credit Agreement because it did not constitute an "open market purchase." *See LCM XXII Ltd., et al* v. *Serta Simmons Bedding, LLC*, 21 Civ. 3987 (KPF).

10. Discovery in the *LCM* litigation is scheduled to conclude at the end of January 2023. Immediately upon removal, Plaintiffs intend to seek assignment to Judge Failla. In the *LCM* action, Judge Failla denied Serta's motion to dismiss, holding that the question of whether the unlawful exchange transaction constituted an "open market purchase," and thus violated the Credit Agreement, required discovery, as did LCM's claim for a breach of the covenant of good faith and fair dealing. She also has supervised discovery in the *LCM* action for nearly a year. As such, she has developed significant familiarity with the Credit Agreement and ancillary agreements, and the legal and factual issues in the case. The Favored Lender

5

3706904.1

Defendants also have acknowledged the interrelationship between the Action and the *LCM* litigation; in a motion to dismiss filed in the Action on January 9, 2023, the Favored Lender Defendants asked (in the alternative) to stay the Action pending resolution of the LCM litigation "because this case and the LCM Action share nearly identical underlying facts and claims." *See AG Centre Street Partnership L.P. et al.* v. *Serta Simmons Bedding, LLC, et al.*, Index No. 654181/2022, NYSECF Dkt. No. 56 at 21.

### **Plaintiffs Have Satisfied All Procedural Requirements**

11. Pursuant to Bankruptcy Rule 9027(a)(1), Defendants do not consent at this time to the entry of final orders or judgment by a Bankruptcy Court.

12. Pursuant to Bankruptcy Rule 9027(a)(1), Plaintiffs have attached copies of all process and pleadings from the docket in the Action as of the time of the filing of this Notice of Removal.

13. This Notice of Removal is timely under Bankruptcy Rule 9027(a)(2) because it is being filed within 90 days of January 23, 2023, the date on which the Serta Bankruptcy Case was commenced.

14. Pursuant to Bankruptcy Rule 9027(b), Plaintiffs will serve written notice of this Notice of Removal upon all Defendants in the Action through their counsel of record.

15. Pursuant to Bankruptcy Rule 9027(c), Plaintiffs will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of New York.

6

3706904.1

WHEREFORE, Plaintiffs remove the Removed Causes of Action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
January 23, 2023

Respectfully submitted,

FRIEDMAN KAPLAN SEILER &
   ADELMAN LLP

*s/ Eric Seiler*
Lawrence S. Robbins
Eric Seiler
Anne E. Beaumont
Blair R. Albom
7 Times Square
New York, NY 10036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
balbom@fklaw.com

*Attorneys for Plaintiffs*

7