# EXHIBIT AA

```
 1

 2    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK:CIVIL TERM: PART 53
 3    ----------------------------------------X
      OCTAGON CREDIT INVESTORS, LLC,
 4
                      Plaintiff,
 5
          -and-
 6
      LBC III JC FUNDING, LLC, AND LBC III WF
 7    FUNDING, LLC,                              Index No.
                                                656677/2017
 8                    Plaintiffs-Intervenors,

 9        -against-

10    NYDJ APPAREL, LLC, NYDJ CORPORATION, f/k/a
      APPAREL HOLDING I CORPORATION, APPAREL
11    HOLDING II CORPORATION, NYDJ PRODUCTION, LLC,
      NYDJ RETAIL, LLC, WILMINGTON TRUST, NATIONAL
12    ASSOCIATION, MUDRICK CAPITAL MANAGEMENT, L.P.,
      MUDRICK DISTRESSED OPPORTUNITY GLOBAL, L.P.,
13    BLACKWELL PARTNERS, LLC-SERIES A, BOSTON
      PATRIOT BATTERYMARCH ST LLC,MUDRICK DISTRESSED
14    OPPORTUNITY DRAWDOWN FUND, L.P., MERCER
      QIF FUND PLC, PBB INVESTMENTS III, LLC,
15    ROSENTHAL & ROSENTHAL OF CALIFORNIA, INC.,

16                    Defendants.

17    _____X
                          60 Centre Street
18                        New York, New York
                          January 9, 2018
19
      B E F O R E:
20
              CHARLES. E. RAMOS, J.S.C.
21

22    A P P E A R A N C E S:

23    FRESHFIELDS BRUCKHAUS DERINGER US LLP
      Attorneys for the Plaintiff - Octagon
24    601 Lexington Avenue, 31st Floor
      New York, NY 10022
25    BY: MADLYN GLEICH PRIMOFF, ESQ.
          ROBERT McCALLUM, ESQ.
26
      (Continues)
```

A P P E A R A N C E S: (Continued)

KLEINBERG KAPLAN WOLFF & COHEN, P.C.
Attorneys for the Plaintiffs-Intervenors
551 Fifth Avenue
New York, NY 10176
BY: DAVID PARKER, ESQ.
    JOSHUA K. BROMBERG, ESQ.

ROPES & GRAY LLP
Attorneys for the Plaintiffs-Intervenors PBB III
1211 Avenue of the Americas
New York, NY 10036
BY: MARTIN J. CRISP, ESQ.

DAVIS POLK & WARDWELL LLP
Attorneys for the Defendants - NYDJ
450 Lexington Avenue
New York, NY 10017
BY: BENJAMIN KAMINETZKY, ESQ.

ARNOLD & PORTER KAYE SCHOLER LLP
Attorneys for the Defendants - Wilmington Trust
250 West 55th Street
New York, NY 10019
BY: JEFFREY A. FUISZ, ESQ.

JONES DAY
Attorneys for the Defendants - Mudrick
250 Vesey Street
New York, NY 10281
BY: SIDNEY P. LEVINSON, ESQ.

OTTERBOURG, P.C.
Attorneys for the Defendant - Rosenthal
230 Park Avenue
New York, NY 10169
BY: RICHARD G. HADDAD, ESQ.

                              Carolyn Barna
                              Senior Court Reporter

1          Proceedings

2          THE COURT:  Good morning, everyone.

3          MR. LEVINSON: Good morning, your Honor.

4          MR. PARKER:  Good morning, your Honor.

5          MR. LEWIS: Good morning, your Honor.

6          MR. HADDAD:  Good morning, your Honor.

7          MS. PRIMOFF:  Good morning, your Honor.

8          MR. McCALLUM: Good morning, your Honor.

9          MR. FUISZ:  Good morning, your Honor.

10          MR. KAMINETZKY: God morning, your Honor.

11          MR. CRISP:  Good morning, your Honor.

12          THE COURT:  This seems to be the kind of

13    case every time I blink my eye somebody files another

14    motion.

15          For my benefit, please, tell me how you

16    want me to address these four or five motions we have

17    pending before us.  What's the relief being sought

18    and who is going to go first?

19          MR. LEVINSON:  Good morning, your Honor.

20          THE COURT:  Good morning.

21          MR. LEVINSON:  Sidney Levinson,

22    representing the Mudrick Defendants.

23          The primary motion before your Honor today

24    is Defendants' motion to dismiss the lawsuit.

25          THE COURT:  This is Defendant's -- this is

26    Mudrick?

```
 1                          Proceedings
 2              MR. LEVINSON:  This is all Defendants,
 3     yes.
 4              THE COURT:  All Defendants. Including
 5     NYDJ?
 6              MR. LEVINSON:  Including NYDJ.
 7              THE COURT:  Motion granted, everybody get
 8     out of here.
 9              (Laughter)
10              THE COURT:  A disposition is a disposition.
11              (Laughter)
12              THE COURT:  Okay.  There's the lectern,
13     unless you want to say something?
14              MR. PARKER:  I just wanted to say, your
15     Honor, that I'm David Parker and I'd like to
16     introduce Roger Lewis of the Law Firm Goldberg Kohn,
17     Ltd. in Chicago.  He has been admitted pro hac vice
18     for this case and he's going to be arguing this
19     motion for the LBC Plaintiffs.
20              THE COURT:  I'm sure he will live to regret
21     it.  But welcome to New York.
22              MR. KAMINETZKY:  Your Honor, Benjamin
23     Kaminetzky of Davis Polk. I represent the NYDJ
24     Defendants.  So we have an initial -- just bringing
25     you up-to-date so that we're clearing the underbrush,
26     nothing I'm going to say now is controversial.
```

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 6 of 56

1                              Proceedings

2              We started out this lawsuit with a

3      complaint and a motion for preliminary injunction

4      filed by the Octagon Plaintiffs.  You recall we were

5      in front of you, you denied the preliminary

6      injunction and the TRO, so it just became a

7      complaint.

8              We then moved to dismiss that complaint,

9      but before that happened, the other party, LBC,

10     sought to intervene as another Plaintiff.  We had now

11     a problem with that now and they served their own

12     complaint.

13             To save your Honor time and energy, we

14     filed a joint motion to dismiss the two complaints,

15     both the original complaint and the LBC complaint.

16             THE COURT:  I think those are briefs I

17     read.

18             MR. KAMINETZKY:  We, all Defendants, filed

19     one set of briefs.  They then responded separately.

20     We -- they post separately.  We filed a joint reply

21     last week, so it's really just a motion to dismiss.

22             Again, there is a motion to intervene which

23     we've agreed to and so we're here to -- on a regular

24     motion to dismiss the two complaints.

25             THE COURT:  Thank you.

26             MR. PARKER:  The motion to intervene has

1       Proceedings

2  been granted.  The only pending motion, I think, that

3  is left, is a motion to seal that LBC had made to be

4  able to seal its opposition to the motion to dismiss.

5       THE COURT:  Which mostly had to do with

6  amounts and valuations and things of that nature.

7       MR. PARKER:  Yes, your Honor.

8       There has been no opposition to that, so I

9  think that is the only outstanding motion.

10       THE COURT:  I haven't granted it yet.  We

11  don't grant motions to seal on default.  We have to

12  write an opinion.

13       This is your motion, sir.  A simple motion

14  to dismiss. They're so easy to grant.

15       MR. LEVINSON:  Thank you, your Honor.

16       And it is a motion of all of the

17  Defendants, to be clear.  This was a joinder filed by

18  a will and trust, but they joined with our brief.

19       For the sake of efficiency, your Honor,

20  we've divided the argument as follows:  I'm going to

21  address the breach of contract claims on behalf of

22  all of the Defendants and then Mr. Kaminetzky is

23  going to address the implied duty of good faith and

24  also the fraudulent transfer claim asserted by LBC.

25       THE COURT:  As I understand it, this is a

26  fight between different classes or classifications of

Proceedings

 1
 2    lenders, and the argument basically talks about --
 3    from the benefit of my law assistant, the Plaintiff
 4    claims it is a lender that -- whose loan has been
 5    subordinated in terms of priority because the
 6    majority of a class of lenders, and I'm not sure what
 7    class we're talking about right now, it's a little
 8    confusing, there's some -- supposed classes that may
 9    not be classes under the agreement, so I'm not sure.
10         But the argument is that because a majority
11    of the voting members of a particular class have
12    claimed to have the power under these various loan
13    agreements to modify the terms of the agreements and
14    to modify, indeed, their own rights to recover, this
15    is bad faith or commercial unfairness, or breach of
16    contract or whatever.
17         MR. LEVINSON:  That's the gist of it, your
18    Honor.  I mean, we'll talk about it as we go through
19    the argument.  The term loans at issue are part of a
20    single class and we will talk about the definition of
21    class and why that's the case.
22         But generally speaking, yes, your Honor
23    certain lenders under this credit agreement are
24    complaining about the second amendment and the effect
25    it has to elevate the priority of the term loans of
26    our clients and the other Defendants over their term

```
 1                         Proceedings
 2    loans.
 3              To give you a very brief overview of the
 4    transaction, it involved an incremental financing
 5    that was provided by our clients in the number of $20
 6    million and that's pursuant to --
 7              THE COURT:  When you say "your clients", do
 8    you mean all of the lenders or just your clients?
 9              MR. LEVINSON:  All of the lenders who are
10    Defendants.  And are termed lenders.  Maybe we should
11    --
12              THE COURT:  Let's start with the
13    classification of lenders.  I think that's very
14    important.
15              MR. LEVINSON:  So we have the term loans.
16    Our clients are in the class of term loans.  The
17    arbor language, I think the name of the fund is PBB,
18    if I'm recalling correctly, they are also a term
19    lender who provided the $20 million in incremental
20    financing.
21              The Plaintiffs are also members of the
22    class of term loans.  They obviously did not provide
23    the financing.  There is a separate --
24              THE COURT:  They have not provided the
25    additional financing that you folks agreed to.
26              MR. LEVINSON:  Yes.
```

Case 23-09001 Document 91-41 Filed in TXSB on 03/17/23 Page 10 of 56

1                           Proceedings

2                 THE COURT:  Without telling them.

3                 MR. LEVINSON:  Right.  They didn't provide

4     that.  One was offered the opportunity, one did not

5     know about it, but I think that's undisputed.

6                 There's a separate Defendant, Rosenthal --

7                 THE COURT:  I'm sorry?

8                 MR. LEVINSON:  Rosenthal is another

9     Defendant.  They are a revolving lender.

10                THE COURT:  Okay.  Not a term lender.

11                MR. LEVINSON:   They are a revolving.

12                THE COURT:  Do they have the right to vote

13    on modification of lending terms?

14                MR. LEVINSON:  They did.  The majority of

15    that class, through Rosenthal, consented to the

16    transaction.

17                THE COURT:  Is there -- let me ask the

18    Plaintiff.

19                This is kind of a one shot question.  I

20    think you're asserting that at least one aspect of

21    this refinancing, if that's what it is, or

22    restructuring of loans, at least one facet, from your

23    perspective, required consent of each individual term

24    lender; is that true?

25                MS. PRIMOFF:  Yes, your Honor.  I have got

26    a demonstrative, a one-page demonstrative I think

```
 1                         Proceedings
 2      will cut through a lot of this and hopefully help.
 3                THE COURT:  I love cartoons.  Sure.
 4                MS. PRIMOFF:  (Handing.)
 5                THE COURT:  If I read it upside down, will
 6      it help?
 7                MS. PRIMOFF:  No.  But maybe the colors
 8      will help.
 9                So the original agreement you see on the
10      left side in blue, term loans of 144 million as of
11      May.
12                THE COURT:  That encompasses Plaintiffs and
13      Defendants?
14                MS. PRIMOFF:  Correct.
15                The revolver of 2 and-a-half million, so
16      the total 12 and-a-half, and 156.5 million, this was
17      as of May 2017 when the amendment was effected.  And
18      the right side with the colors shows the effect of
19      the amendments, so they layered on 20 million of
20      incremental at the top.
21                In the middle, the yellow, has term loans
22      of 76.3 and a revolver of 12.5 for the total of 88.8
23      and then the bottom back of the line is the excluded
24      term lenders.
25                THE COURT:  If we looked at it in terms of
26      waterfall, was the original agreement the waterfall
```

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 12 of 56

1                           Proceedings

2      that everyone was a participant and --

3                    MS. PRIMOFF:  Yes.

4                    THE COURT:  And this is a new waterfall

5      now, the three stages?

6                    MS. PRIMOFF:  That's correct.

7                    THE COURT:  Okay. Thank you.

8                    MR. LEVINSON:  Your Honor, the breach of

9      contract question for this Court to resolve is pretty

10     straightforward, which is did Defendants have the

11     right under the credit agreement to amend it in the

12     matter that's provided under the second amendment and

13     if so, there's no breach.

14             Now, there is a motion to dismiss so we

15     have to accept the facts to be alleged as true, but

16     whether a contract is unambiguous is, of course, a

17     question of law and extrinsic evidence is not

18     admissible for that purpose.

19             So, despite the best efforts of Plaintiffs

20     to focus their opposition on the facts that are

21     alleged, today's motion turns on language of the

22     credit agreement which nobody is suggesting wasn't

23     negotiated and entered into by sophisticated

24     parties.

25             Indeed, as your Honor held in the

26     Prudential v. West LB case, a case cited by

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 13 of 56

12

```
 1                        Proceedings
 2      Plaintiffs and a case that both your Honor and
 3      counsel for Octagon are familiar, the best evidence
 4      of parties to a written agreement's intent is what
 5      they say in writing.
 6                   So let's turn to Section 9.02(b) which
 7      governs the amendment.  And there are many versions
 8      of it.  I'm looking at the version that's Exhibit 3
 9      --
10                   THE COURT:  Why would there be many
11      versions of it?
12                   MR. LEVINSON:  I'm sorry. Many versions
13      filed with the Court.  Each party filed a version --
14      well, not a version --
15                   THE COURT:  Well, these versions don't
16      differ, do they?
17                   MR. LEVINSON:  They do not.
18                   THE COURT:  Okay.
19                   MR. KAMINETZKY: Multiple copies.
20                   THE COURT:  Which exhibit?
21                   MR. LEVINSON:  I'm looking at the
22      affirmation of Mr. Kaminetzky that's attached to our
23      motion to dismiss a Exhibit C.
24                   THE COURT:  C?
25                   MR. LEVINSON:  It is.
26                   THE COURT:  It's the telephone book sized
```

```
 1                            Proceedings
 2       exhibit(indicating)?
 3                    MR. LEVINSON:  It is.
 4                    THE COURT:  This is a demonstrative exhibit
 5       as to why judges require, at least in the Commercial
 6       Division, require hard copies.  You cannot examine a
 7       document like this on the Internet; you'll go crazy
 8       or blind or both.
 9                    MR. LEVINSON:  I agree with you, your
10       Honor.
11                    It is page --
12                    THE COURT:  I appreciate you supply working
13       copies.
14                    MR. LEVINSON:  It is page 160, Section
15       9.02.
16                    THE COURT:  I love concise agreements; only
17       160 pages.
18                    MR. LEVINSON:  Everybody seems to agree
19       the general rule under 9.02(b) is that amendment only
20       needs consent of the, quote, "required lenders."
21       That's a general rule.  That's a defined term.  That
22       means a majority of all of the lenders.
23                    But there's a list of exceptions to that
24       rule.  And they are in Section 9.02(b) and there are
25       ten specific exceptions to be precise.
26                    Now, if an amendment doesn't fall within
```

INDEX NO. 656677/2017
RECEIVED NYSCEF: 02/06/2018

```
 1                      Proceedings
 2      one of those exceptions, required lender approval is
 3      sufficient.  But, in each of the circumstances of the
 4      ten exceptions, some additional level of consent is
 5      required.  That additional level of consent varies in
 6      degree.
 7                In four of the provisions, Roman Numeral,
 8      that's one, six, seven and eight, the amendment
 9      requires the consent of each lender full stop.  In
10      three of the provisions, the amendment requires the
11      consent of each lender directly and adversely
12      affected thereby.  That totals seven provisions
13      requiring individual lender consent.
14                THE COURT:  I take it the Plaintiff
15      contends or Plaintiffs contend they fall within the
16      parameters of at least one of those subsections?
17                MS. PRIMOFF:  Four of them.
18                THE COURT:  Only four?  Okay.
19                MR. LEVINSON:  Well, that's not correct,
20      your Honor.  There are two that they cite that
21      require individual lender consent, but there are two
22      that they cite that do not.  Those are the other
23      three provisions.
24                I said there were ten.  Seven of them
25      require individual lender consent.  In the remaining
26      three, which are four, nine and ten, individual
```

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 16 of 56

15

1                          Proceedings

2      lender consent is not required.

3              THE COURT:  I think they agree with that,

4      they are not all -- required unanimous consent.  But

5      they're saying that they fall within one or more

6      categories that require their client's consent.

7      That's what I have to focus on.

8              MR. LEVINSON:  What they allege, yes, two

9      of them do, and we will get to those certainly.

10             But the two key ones, the ones that get

11     focus of the attention, which are four and nine,

12     don't require individual lender consent; rather they,

13     they only require the consent of a class of lender.

14             THE COURT:  Plaintiff, which of these ten

15     categories do you contend your clients fall into?

16     Give me the numbers.

17             MS. PRIMOFF:  We fall into where we have a

18     block, you're saying?

19             THE COURT:  Yes.

20             MS. PRIMOFF:  Two and eight.  So reduction

21     of principal and release of collateral.

22             THE COURT:  Sorry?

23             MS. PRIMOFF:  Two and eight.

24             THE COURT:  Two and eight, all right.

25     Those are the only two that you feel cover your

26     client and protect your client from being essentially

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 17 of 56

16

1                     Proceedings

2     diminished in this waterfall?

3               MS. PRIMOFF:  No, no, no.  Not at all, your

4     Honor.

5               So, with respect to four and nine, where

6     they subordinated excluded lenders to included

7     lenders, we say that there is no intra class

8     subordination of term loan lenders allowed under this

9     agreement.

10              THE COURT:  So you say under four and nine

11    it's prohibited?

12              MS. PRIMOFF:  Yes.

13              THE COURT:  How should I be looking at

14    numbers two and eight?

15              MS. PRIMOFF: Those are additional

16    arguments, so.

17              THE COURT:  Where do you want me to focus

18    my attention?  Which of these subsections do you

19    really want me to focus on?

20              MS. PRIMOFF:  Well, I'm prepared to go

21    through all of them.  We start with four and nine.

22              THE COURT:  I will start with four and

23    nine.  I'm not precluding anything, but I do want to

24    focus what you think your best argument is.

25              MS. PRIMOFF:  Okay.

26              MR. LEVINSON: Four and nine don't require

1                          Proceedings

2      consent of individual lenders; we all agree on that.

3      It requires the consent of a Class of lenders and

4      Class is a capitalized defined term.

5                  THE COURT:  Hang on.

6                  So both four and nine if you have a

7      majority in interest on outstanding loans, they can

8      make the modification.

9                  MR. LEVINSON:   Right.  Of the Class,

10     capital C.  And we will get to what it means.

11                 THE COURT:  Plaintiff, do you agree with

12     counsel's characterization of four and nine?

13                 MS. PRIMOFF:  No.  It has to be each

14     adversely affected class, your Honor.  And --

15                 THE COURT:  Hang on.  So you're focusing on

16     the term each adversely affected class?

17                 MS. PRIMOFF:  I'm focusing on that term and

18     --

19                 THE COURT:  That means I have to look at

20     this vote that takes place and determine whether or

21     not the voting lenders fall into a class of adversely

22     affected lenders?

23                 MS. PRIMOFF:  Right.

24                 Also --

25                 THE COURT:  Is there a definition of

26     adversely affected class?  There is only a definition

```
 1                        Proceedings
 2       of class, as I understand it; correct?
 3                MS. PRIMOFF:  Right.
 4                MR. LEVINSON:  That's correct, your Honor.
 5                THE COURT:  There's no definition of
 6       adversely affected class?
 7                MR. LEVINSON:  Adversely affected are not
 8       defined terms. Class, which is a defined term, which
 9       is dispositive --
10                THE COURT:  Does that mean -- I take it
11       from the Movant's point of view that that means that
12       to be an adversely affected class, it has to be a
13       defined class in the first place?
14                MR. LEVINSON:  Has to be a defined class in
15       the first place.
16                THE COURT:  Do you agree?
17                MS. PRIMOFF:  Well, we have alternatively
18       included lenders and excluded lenders effectively put
19       into a separate class, we advance that argument as an
20       alternative argument, but our principal argument is
21       that the term loan lenders as it relates to a
22       subordination of excluded term lenders to included,
23       there is no adversely affected class.  They are all
24       in the same class.
25                MR. LEVINSON:  If I may address that point,
26       your Honor?
```

19

1                         Proceedings

2              THE COURT:  Hang on.  That thought is

3     bouncing on what's left on my brain.  Oh, my God.

4              MS. PRIMOFF:  Your Honor, if I could focus,

5     in fact, on the words of Romanette four, it says:

6     Change to 18(b) or (c), so change the pro rata, in a

7     manner, and those words "in a manner" are also very

8     important, that alters the pro rata sharing without

9     consent of lenders holding a majority of each

10    adversely affected class.

11             And to the extent that they want to

12    subordinate term, whether it's to the incremental or

13    to the revolver, that's fine, but they have to

14    subordinate all of the term.  They can't say we're

15    going to pick and choose among terms and say we're

16    going to let the included lenders not be subordinated

17    and we're just going to subordinate the excluded

18    lenders because each --

19             THE COURT:  I take it the included lenders

20    produced additional capital for the amendment?

21             MR. LEVINSON:  That's correct, your Honor.

22             By the way, those are not terms used

23    anywhere in the amendment.  Those are counsel's

24    terms.

25             But it's worth stepping back to recall what

26    this list is.  This list of ten exceptions, now we're

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 21 of 56

Proceedings

1

2     focused on clause four, are exceptions to the general

3     rule that required lender consent is sufficient.  So

4     if it is counsel suggesting this provision somehow

5     didn't apply, then it would be required lenders that

6     need to consent.

7          Now, we have a different view.  And I say

8     that because clause four specifically governs change

9     the pro rata distributions.  The parties thought

10    about this as to whether or not it should be a sacred

11    right.  And what they included was okay, we're going

12    to give it protection, but only with respect to a

13    class vote, not individual lender consent vote.

14          THE COURT:  You know what really bothers me

15    about this whole transaction, I can understand

16    lenders going into a deal like this with a provision

17    like this as a way of providing some leverage, that

18    is if you don't participate, if you're not an

19    included lender, you're going to be penalized.

20          So, to that extent, it seems to be a

21    commercially reasonable and not an overreaching or

22    bad faith effort.  But, it seems, from what the

23    Plaintiff is telling me anyway, it seems that this

24    was not used as a way of convincing other term

25    lenders to participate in this refinancing.  Rather,

26    it was a way of cutting some of them out without

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 22 of 56

21

1                          Proceedings

2       letting them know what's going on.

3              In other words, there can be a legitimate

4       and an illegitimate purpose to this kind of purpose.

5       The legitimate purpose would be to give to motivate

6       all of the term lenders to participate in its

7       refinancing so you can save the company and everybody

8       gets a little bit of benefit from it, the lenders get

9       a little bit more of the hope that they're going to

10      be repaid at some point if this company can survive.

11             Apparently that was not what was done.  And

12      it looks like the reasonable commercial expectations

13      of the lenders participating in this arrangement is

14      being undermined by some of the lenders getting

15      together and saying look, if we don't tell the other

16      guys what we're doing, we can cut them out of the

17      picture.  It doesn't seem very fair.

18             I don't think, I don't think there is

19      really -- this satisfies the commercial

20      reasonableness filters through which we look at all

21      of these kinds of contracts.  It sounds like an

22      abusive use of these terms.

23             MR. LEVINSON:  We would disagree, your

24      Honor, for a variety of reasons.  Again, we have to,

25      for purposes of this motion, take the facts as

26      alleged and we haven't attempted to dispute the facts

1                              Proceedings

2        at this particular stage.

3                But, again, what we have here is an ability

4        of a company, you know, a company is given a certain,

5        we will call it tool box, of tools to try to

6        restructure itself and --

7                THE COURT:  It's a retailer?

8                MR. LEVINSON:  It's a retailer, yes.

9                THE COURT:  No wonder it's going on.

10               MR. LEVINSON:  They sell jeans.

11               THE COURT:  Thank you, Amazon.

12               MR. LEVINSON:  There are certain

13       limitations imposed in Section 9.02 (b)and they were

14       specifically negotiated by the parties.  They went

15       through and created various exceptions to what can

16       and can't be -- what level of consent is required for

17       certain amendments, but as to pro rata sharing, --

18               THE COURT:  For example, I'm trying to look

19       at this as if it was any sort of a vote being taken

20       whether its lenders or shareholders or cooperators or

21       whatever.  How can you look at the paragraph 4,

22       change section 2.18 (b) or (c) in a matter that would

23       alter the pro rata sharing of payments required to

24       buy without the written consent of lenders.

25               Doesn't the phrase written consent imply

26       that you're going to ask everyone to consent?

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 24 of 56

```
 1                              Proceedings

 2                    MR. LEVINSON:  I don't think it does, your

 3          Honor.  I think it -- written consent requires an

 4          agreement among, in this case -- I mean, if they

 5          needed written consent of every lender --

 6                    THE COURT:  No, no.  I'm not saying they

 7          required the written consent of every lender.  But

 8          how do you determine if you have the consent of

 9          lender A, if you don't ask lender A would you

10          consent.  Instead, you have a quote majority, a

11          slight majority, going off into a side room and

12          saying we're going to consent amongst ourselves and

13          the hell with the rest of these guys.

14                    It really seems unethical --

15                    MR. KAMINETZKY: Your Honor. May I --

16                    THE COURT:  -- as if there is such a

17          concept of business ethics and it's not an oxymoron.

18          And I think there is, quite frankly, I think judges

19          adhere to it.

20                    MR. KAMINETZKY:  Mr. Levinson is arguing

21          the contract.  Your Honor, there is no provision --

22          this number four when you read the same words over

23          and over you can find ambiguity.  It said you needed

24          majority of affected class.  The class are the term

25          lenders. And we --

26                    THE COURT:  But it doesn't say that.  It
```

1                        Proceedings

2       says the written consent.  To me, that implies that

3       you ask them, you inform them this is what we're

4       going to do.

5               MR. KAMINETZKY:  There's certainly

6       provisions out there that require, you know,

7       solicitation rules and everything else you ask every

8       shareholder, every bondholder something.

9               This was an agreement negotiated between

10      Goldman Sachs and my client, NYDJ.  Davis Polk,

11      Milbank Tweed, Morrison & Forrester were the lawyers

12      on this agreement.  So we're not talking about

13      babies --

14              THE COURT:  Guess what?  I'm not

15      impressed.

16              MR. KAMINETZKY:  I don't mean to impress

17      you, but I'm saying --

18              THE COURT:  The former president of Goldman

19      Sachs Emeritus is a friend of mine.  He's appalled at

20      the way Goldman Sachs has been behaving lately.

21              MR. KAMINETZKY:  Goldman Sachs is on the

22      other side of my client. I represent the poor jeans

23      company trying to survive.

24              THE COURT:  Look, you're asking for a

25      dismissal of the case at this point.  And I'm

26      offended by the idea that you can obtain consent, the

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 26 of 56
25

1                          Proceedings

2    required consent, by only notifying some of the

3    lenders.

4              MR. KAMINETZKY:  It says that you need a

5    majority of the lenders.  There is no requirement in

6    here to solicit everybody, take a vote, and then

7    count votes and see if you have a majority.

8              There are certain rules in securities laws

9    and everything else that require people to go out to

10   the class or to the market and solicit everyone.

11   That's just not here.

12             Of course your Honor could read it in, but

13   every single case that talks about the implied

14   covenant of good faith and fair dealing says that is

15   -- if there is plain language addressing the

16   situation, especially when you're dealing with

17   parties --

18             THE COURT:  I would agree that if the plain

19   language excluded that requirement, but you are

20   asking us to turn a blind eye.  And, at this point,

21   this is a motion for dismissal.  This is not summary

22   judgment.

23             We've conducted no discovery at all. I have

24   no idea what went on between the parties when this

25   agreement was being negotiated.  Quite frankly, nor

26   do the Plaintiffs's attorneys.

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 27 of 56

```
 1                        Proceedings
 2              MR. LEVINSON:  Your Honor, under principles
 3      of contract interpretation, parties aren't required
 4      to take actions that are, you know, so unnecessary or
 5      --
 6              THE COURT:  Isn't there an implied covenant
 7      of good faith anymore?
 8              MR. LEVINSON:  The question here is would
 9      --
10              THE COURT:  These lenders put together a
11      package of over $150 million to try to bail out a
12      failing company.  They all took risks. They know
13      that.  They are sophisticated parties.  This is
14      not -- there's no win win here.
15              And I'm really disturbed at what the
16      Plaintiffs are alleging happened.  And I don't know
17      what happened because I wasn't there.  But what
18      they're alleging is that a group of lenders, without
19      notifying another group of lenders, on their own said
20      look, we can do something for ourselves at the
21      expense of our co-lenders.
22              MR. LEVINSON:  That's simply not true as to
23      Octagon and --
24              THE COURT:  That's true.  They were
25      informed and they said we don't want to be a part of
26      this because it's so unethical.
```

Case 23-09001 Document 91-41 Filed in TXSB on 03/17/23 Page 28 of 56

27

1                       Proceedings

2               MR. LEVINSON:  That's what they claim, but

3      --

4               THE COURT:  That's what I see now.  This

5      is a motion to dismiss.  We haven't had discovery

6      yet.

7               MR. LEVINSON:  Your Honor, again, coming

8      back to the plain language of the agreement and what

9      is expressed because the intent of the parties is to

10     be determined by what is written in the agreement.

11     Here --

12              THE COURT:  And if the intent of the

13     parties as expressed in the agreement clearly

14     excluded what I'm talking about, as is the

15     application of a good faith standard, okay, you would

16     have your dismissal.

17              But I do, and we do, in the Commercial

18     Division, look through a filter of commercial

19     reasonableness and good faith dealing.

20              This sounds like a conspiracy.  I know

21     that's not a separate tort, but it offends me.

22     Doesn't mean you're going to lose.  But it means you

23     might not get this motion granted.

24              MR. LEVINSON:  And I would submit that this

25     motion should be granted because, again, we're

26     talking about sophisticated parties.  We're talking

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 29 of 56

28

<pre>
  1                         Proceedings

  2       about a provision -- this isn't a situation where

  3       there was no reference to changing the pro rata

  4       provision anywhere in the agreement where --

  5               THE COURT:  I think Plaintiffs acknowledge

  6       that, too.  Again, I see this in terms of how do I

  7       interpret this agreement as being commercially

  8       reasonable.  And it's, to me, an incentive, I think I

  9       said it before, incentive for all of the lenders to

 10       get together and pony up some additional money.

 11               That is what it sounds like to me.  That

 12       would be the common sense approach to it.  Sorry

 13       about the oxymoron.

 14               But it wasn't interpreted that way by the

 15       Defendants.  They saw it as an opportunity apparently

 16       to do something without notice to all of the other

 17       lenders.  Very much to their detriment.

 18               MR. LEVINSON:  What it provided was an

 19       opportunity for the company to get $20 million of

 20       incremental financing and being able to offer

 21       something in return to our clients that would induce

 22       them to provide that $20 million which serves a --

 23               THE COURT:  It may be that what was done

 24       here was the only commercially reasonable thing that

 25       could have been done.  I'm still offended by why

 26       this -- it was done without notifying all of the
</pre>

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 30 of 56

1              Proceedings

2    other lenders.

3              MR. KAMINETZKY:  Your Honor, you're missing

4    part of the story.  Again, we represent the

5    borrower --

6              THE COURT:  You're the retailer.

7              MR. KAMINETZKY:  The jean company, Not Your

8    Daughter's Jeans.

9              The allegations in the complaint are this:

10   We needed covenant.  There's a credit agreement

11   here.  We were in danger of breaching covenant. So we

12   did go to the lenders group, this is in the

13   complaint, and say can we have covenant relief and

14   they said no.

15             It's only then that we said uh-oh, okay,

16   now, we didn't get the covenant relief, we're going

17   to be in default.  And so we said let's look at the

18   credit agreement and see what we could do to get --

19             THE COURT:  What you're telling me is

20   something I'll certainly be interested in hearing

21   about, but --

22             MR. KAMINETZKY:  The --

23             THE COURT:  Excuse me. Excuse me.

24             MR. KAMINETZKY:  I'm so sorry.

25             THE COURT:  And I'm not trying to be curt

26   about this, but it's a motion to dismiss.  This is a

30

1                    Proceedings

2    motion based on pleadings, based on the contract.

3    And what you're giving me is outside of the

4    contract.  It's factual.  And I'm not saying it's not

5    true, but it's not what I would be considering on a

6    motion under 3211.

7              MR. KAMINETZKY:  My only point, your Honor,

8    is that this is in the complaint.  What I just told

9    you is alleged in the complaint.  That we did go out

10   to lenders for covenant relief.  This is in the

11   complaint at paragraphs 35 and --

12             THE COURT:  Let me ask you the next logical

13   question that I would want to see happen if it were

14   all lenders.  Did you inform all of the lenders that

15   if they would not agree to the refinancing as a

16   group, that you would then approach some of the

17   lenders to see if you could put together a package

18   that would be majority?

19             MR. KAMINETZKY:  Not to my knowledge.  I

20   don't know the answer to that.

21             THE COURT:  That's what I find offensive.

22   I can't come up with a good reason why you didn't do

23   it, except that you were trying to get over on

24   somebody.

25             MR. KAMINETZKY:  I'm --

26             THE COURT:  Because it may be, that your

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 32 of 56

```
 1                          Proceedings
 2      clients -- I'm sorry.  That the some of the
 3      Defendants would not have prospered as much if that
 4      was case.  Why did they do it that way?  Yeah, maybe
 5      you had the right to do it because it wasn't
 6      excluded, but the right wasn't granted either.
 7             Again, we look at these contracts through a
 8      filter of commercial reasonableness and good faith.
 9             MR. LEVINSON:  The contract confers certain
10      rights on all of the parties.  All lenders, all
11      sophisticated.  Putting value judgments on, you know,
12      when a lender gets benefits to which it might be
13      entitled, I think goes beyond, you know, well, you
14      have expressed provisions, a reading of the
15      agreement --
16             THE COURT:  My problem is there's a limit
17      to these things we would turn a blind eye to.
18             MR. LEVINSON:  Understood, your Honor. But
19      in all of the cases that Plaintiff cited on the issue
20      of commercial reasonableness in their papers,
21      interestingly, all of them involve situations where
22      there wasn't express language.  It wasn't a situation
23      where the court found well, this is commercially
24      unreasonable in the face of the express language.
25             Here, we have a very specific provision.
26      That's what makes this agreement unique.  A very
```

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 33 of 56

Proceedings

1  specific provision, clause four, that says you can

2  change the pro rata.  I mean -- by the way, the

3  provision doesn't only talk about pro rata among the

4  classes like Plaintiffs say. It's any pro rata under

5  218 (b) or (c). That covers all lenders.  And it says

6  you can do it so long as you have the consent of a

7  majority of an adversely affected class.

8  They knew how to write a provision

9  differently if they had wanted to.  We see that

10  throughout Section 902(b). If they wanted to make it

11  just apply to a class by class basis, they could have

12  written it like they did clause nine which only

13  applies to what counsel refers to as inter class.

14  But they didn't.  It applies to intra class

15  specifically on its face.

16  By the way, they also could have written

17  the --

18  THE COURT:  Is there any provision, I

19  haven't read the entire document, it's over 200 pages

20  long.

21  MR. LEVINSON:  By the way, they could have

22  written it like they did clause two.  That is one of

23  the provisions they cite --

24  THE COURT:  Hang on.  I don't want to lose

25  my thought.

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 34 of 56

33

|     |                                                          |
| --- | -------------------------------------------------------- |
| 1   | Proceedings                                              |
| 2   | MR. LEVINSON:  It's what it says.                        |
| 3   | THE COURT:  Is there any provision in the                |
| 4   | agreement that expresses in one way or the other,        |
| 5   | what rights or obligations the various lenders have      |
| 6   | to one another, or is it silent?                         |
| 7   | MR. LEVINSON:  The agreement does have                   |
| 8   | provisions with respect to -- that talk about duties     |
| 9   | of the borrower and the loan parties.  I'm not aware     |
| 10  | of a specific provision that addresses, you know, on     |
| 11  | a lender by lender basis.                                |
| 12  | THE COURT:  Usually these agreements are                 |
| 13  | silent on that subject.                                  |
| 14  | MR. LEVINSON:  I believe this one is.                    |
| 15  | THE COURT:  I was just wondering because in              |
| 16  | some cases you might have a disclaimer where the         |
| 17  | parties agree that the lenders have acknowledged they    |
| 18  | have no rights or obligations with regard to one         |
| 19  | another.                                                 |
| 20  | MR. LEVINSON:  Again, your Honor, if the                 |
| 21  | intent -- if this agreement didn't include clause        |
| 22  | four, if it had just been silent on pro rata, none of    |
| 23  | us would be in this courtroom today.  This               |
| 24  | transaction wouldn't have happened.                      |
| 25  | And the reason it wouldn't have happened is              |
| 26  | because we wouldn't be able to point to something in     |

1                              Proceedings

2          the agreement that says this is an issue that was

3          thought about and that the parties wrote the

4          following words that mean the following thing.

5                    THE COURT:  But the purpose of it, I'm

6          assuming, had to be used as a way of cajoling all of

7          the lenders to at least consider participating in the

8          extended financing.  The revised waterfall.  There

9          would have been a give and take.

10                   This is additional risk you're taking, but

11         this is the reward, we may be able to save the

12         company.  You might have to wait a little longer for

13         your money, you might get a few less -- a smaller

14         percentage of return on your investment, but we're in

15         a bad situation, we've got to do the best, given the

16         circumstances.  That's fine.

17                   But that's not what happened.  I can't

18         ignore what happened here.  I can't ignore the fact

19         that you folks did this without letting the other

20         lenders know.

21                   And the only lender that did know, Octagon,

22         said this is unethical and I'm not going to be part

23         of it.  And I commend them for that.

24                   MR. LEVINSON:  They allege they said that.

25                   THE COURT:  I'm looking at the pleadings.

26                   They could be the devil incarnate, but I

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 36 of 56

```
 1                        Proceedings
 2      don't know.  This is just a motion to dismiss.
 3                    MR. LEVINSON:  Again, the fact that clause
 4      four is so specific and there's nothing in clause
 5      four that suggests purpose that your Honor is
 6      ascribing to it.
 7                    Clause nine covers --
 8                    THE COURT:  But every provision in a
 9      contract like this, particularly like this, has a
10      purpose.  And I am racking my brain as to what the
11      purpose is.  I can't imagine the purpose is this is a
12      way of cheating our co-lenders.
13                    The purpose seems to me pretty apparent
14      that it's a way of cajoling all of the lenders to
15      participate in refinancing.  In other words, come
16      along with the majority; otherwise, you're going to
17      suffer the consequences of not coming along, which is
18      commercially reasonable.  I mean, this is a bad
19      situation.  This company is not doing well.
20                    Plaintiff, tell me why I shouldn't grant
21      this motion.  Somebody.
22                    MS. PRIMOFF:  Plaintiff tell us why you
23      should not grant the motion? Your Honor --
24                    THE COURT:  I'm sorry.
25                    Is everybody here(indicating) for the
26      Plaintiff?
```

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 37 of 56

1          Proceedings

2              MR. LEWIS:  Yes.

3              MS. PRIMOFF:  So we represent Octagon.

4              THE COURT:  Why are you here from Chicago,

5      other than the fact you want to come here and eat at

6      our restaurants?

7              MR. LEWIS:  LBC has its own claims in this

8      case, your Honor.

9              THE COURT:  Okay.

10             MR. LEWIS:  Breach of contract -- the

11     claims are somewhat different.  LBC was not given any

12     notice.  Octagon was given notice and they said no.

13     We weren't given --

14             THE COURT:  Octagon first.

15             MS. PRIMOFF:  So your Honor asked the

16     question what was the purpose of Roman four.  We have

17     an answer. The purpose of Romanette four is if you

18     allow the class of term loans to subordinate to

19     another class, if the class decides to do that, there

20     is nothing in Romanette four that allows a majority

21     of term loans to say great, we're going to

22     subordinate you, the minority.  The words don't allow

23     for that.

24             And they don't have a response to that

25     because there is no adversely affected class in that

26     context.

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 38 of 56

1        Proceedings

2        THE COURT:  So what you're saying is they

3    couldn't carve a class out of the term loans except

4    by creating it themselves, but if they -- how

5    extensive is their power to amend?

6        MS. PRIMOFF:  The power to amend covers

7    inter class subordination.  So they could subordinate

8    all of the term to all of the revolvers.  And the

9    reason you have the class vote is so the majority of

10   the class can bind the holdouts that don't go along

11   with class vote.

12        The purpose of the provision isn't to allow

13   the majority to say ha ha to the minority.  It's

14   simply to buy the holdouts that don't want to go

15   along so that everybody gets bound together. And

16   that's our interpretation of the agreement, your

17   Honor.

18        So, on points four and nine, we think the

19   agreement is very straightforward in our favor.  It's

20   a cogent commercially reasonable interpretation.  It

21   is not one that imposes a penalty on everybody

22   sitting on this side of the table and gives a

23   windfall to everybody sitting on that side of the

24   table.

25        I'm happy to address the other two

26   provisions that we have a problem with if you would

```
 1                        Proceedings
 2      like me to or I'm happy to sit down, whatever your
 3      Honor wants.
 4               THE COURT:  Any thoughts?
 5               MR. LEWIS:  Your Honor, I think that the
 6      fact Davis Polk, which was deal counsel in the
 7      litigation, didn't stand behind the amendment
 8      either.  They issued an opinion that did not give
 9      them -- opinion that this was a valid exercise
10      either.
11               Goldman Sachs, you know, sophisticated,
12      they ran away sometime before the thing got done.
13      They didn't think it was valid.  That's all in the
14      complaint.
15               There are other indicia of fraud here.
16      Constructive fraud or breach of contract or breach of
17      implied duty of good faith.  They're all in the
18      complaint.  They're all well alleged.  And I don't
19      think there's anything other than to deny the motion
20      at this stage.
21               MR. LEVINSON:  Again, your Honor, we come
22      back to the plain language of the agreement.  And the
23      fact that the parties included a provision with
24      respect to pro rata.  The explanation that has been
25      provided is just not consistent with the express
26      language.
```

Case 23-09001 Document 91-41 Filed in TXSB on 03/17/23 Page 40 of 56

Proceedings

1

2          If they had wanted to write four like that,

3     they had plenty of models within Section 902(b)to do

4     it.  And the parties didn't do it.  And to simply

5     disregard what the parties agreed to that provides

6     the company with the flexibility to offer something

7     to certain lenders and, you know, and not others as a

8     way to, in this case, to induce additional financing,

9     is something that was negotiated.

10         I mean, all of their arguments require this

11    Court to read the provisions and language into these

12    provisions that simply don't exist.  As read, it

13    allows for it.

14         And the other provisions that they have

15    cited, and we can talk about some of the other

16    arguments that they make as to clause two or eight as

17    to why those are not applicable and probably worth

18    spending a moment, we certainly can address the

19    fraudulent transfer claim as well, but Mr. Kaminetzky

20    will do that.

21         Again, it comes down to the language and

22    the definition of class.  Class is a defined term

23    under this agreement.  And I recite the Music Land

24    case.  I think Music Land is a really important case

25    in this context because Music Land --

26         THE COURT:  Did the authority granted under

Case 23-09001  Document 91-41  Filed in TXSB on 03/17/23  Page 41 of 56

40

Proceedings

1  
2  section four grant to the majority the right to

3  create additional classes or classifications of

4  lenders?

5       MR. LEVINSON:  This isn't creating

6  additional class.  This is changing --

7       THE COURT:  I take it it did not.

8       MR. LEVINSON: It did not and it did not

9  contemplate it because it's one class.

10       There's a single class of term loans that

11  the right to consent, the majority of that class.

12  There's no creation of a new class of creditors.  It

13  doesn't fall within the definition of class.

14       THE COURT:  But if you look at the excluded

15  and included loans, aren't we, in fact, creating two

16  new classes of loans?

17       MR. LEVINSON:  We are not, under the

18  definition of class.

19       And this is why the Music Land case is

20  really important, your Honor. The --

21       MR. KAMINETZKY:  Can I just answer your

22  Honor's --

23       THE COURT:  Where is the definition of

24  class?

25       MR. KAMINETZKY:  Your Honor, you would

26  maybe be right - well, your Honor's always right, no

1                        Proceedings
2       matter what - if class wasn't a defined term.
3                   THE COURT:  Where's the definition?
4                   MR. KAMINETZKY:  Page 8, your Honor.
5                   And if this was a lower case C instead of
6       capital C, I would understand your Honor's
7       inclination to say that well, now they divided it
8       into two classes.  But it's a capital C.
9                   MR. LEVINSON:  And this is why Music
10      Land --
11                  THE COURT:  Hold on.
12                  MR. LEVINSON:  I'm sorry, your Honor.  My
13      apologies.
14                  THE COURT:  The definition raises a thought
15      in my mind that what Defendants have done here is in
16      violation of the agreement, they've created two new
17      classes, included and excluded.
18                  MS. PRIMOFF:  That's correct, your Honor.
19                  And we spent four pages of our brief on
20      this very subject and we go through a lengthy
21      analysis of the agreement as a whole, not just the
22      definition of class.
23                  And we analyze what's the hallmark of the
24      class. Because the definition of class talks about
25      loans having different terms and conditions as being
26      the hallmark of a class.

```
 1                          Proceedings
 2            And this agreement contemplated future
 3     classes and it had replacement loans, it had
 4     extension loans.  It contemplated that there would be
 5     future classes.
 6            So they did the amendment, they should have
 7     updated the definition of class to include included
 8     loans and excluded loans.  They conveniently and
 9     intentionally chose not to do that.  But we've got
10     the duck test cited in our papers.  If it walks like
11     a duck and it quacks like a duck, it's a duck.  Not a
12     chicken.
13            MR. LEVINSON:  Your Honor, this is -- a
14     class is a defined term.  And they did, in fact, as
15     counsel correctly points out --
16            THE COURT:  And are you saying that your
17     clients were incapable of breaching the contract and
18     creating new classes?
19            MR. LEVINSON:  Of course not.
20            THE COURT:  It's a free country.  We can do
21     whatever we want to do. It may not be legal, but if
22     they want to.
23            First I want to make sure I've covered all
24     of the various elements of the motions to dismiss
25     here.
26            MR. KAMINETZKY:  Your Honor, there's a
```

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 44 of 56

Proceedings

1

2      separate fraudulent conveyance claim which I think

3      will take me two seconds to --

4                    THE COURT:  No.  I'll do it.  I will write

5      on all of this.

6                    But I am denying the motion.  The action is

7      continuing.  The motion is denied.

8                    Get your answers in and get going on

9      discovery.

10                   With regard to the fraudulent conveyance,

11     you can hold off on responding to that element of the

12     complaint until I have decided on the papers here.

13                   I've got to take care of other motions

14     here.  But you're going to start with discovery, get

15     your document demands out if you haven't gotten them

16     out already, and as soon as you get answers from the

17     Defendants, go see Ms. O'Neill and set up a date for

18     a preliminary conference.

19                   MS. PRIMOFF: Thank you, your Honor.

20                   MR. PARKER:  Thank you, your Honor.

21                   MR. LEWIS:  Thank you, your Honor.

22                   MR. KAMINETZKY:  Thank you.

23                   Your Honor, could I have 30 more seconds?

24                   THE COURT:  Goodbye.  Nice to see you all.

25                   MR. KAMINETZKY:  Your Honor, the fraudulent

26     conveyance, it's out of left field. There was no

Case 23-09001   Document 91-41   Filed in TXSB on 03/17/23   Page 45 of 56

```
 1                       Proceedings
 2     conveyance by my client period.  So the reason --
 3              THE COURT:  I understand what you're
 4     saying, but give me a chance to write on that.  I
 5     want to write on both.  I think it's important to
 6     have a written opinion.
 7              You will proceed on the main claim.  The
 8     fraudulent conveyance you don't have to respond to
 9     yet, that portion of the motion will be held in
10     abeyance.  I'll decide it on papers.
11              MR. KAMINETZKY:  Thank you very much.
12              MS. PRIMOFF:  Thank you, your Honor.
13              (Record is closed.)
14
15     **          **          **
16              This is certified to be a true and accurate
17     transcription of my stenographic notes.
18
19     _____
20     CAROLYN BARNA
21     SENIOR COURT REPORTER
22
23
24
25
26
```

**A**

abeyance (44:10)
ability (22:3)
able (6:4) (28:20) (33:26) (34:11)
abusive (21:22)
accept (11:15)
accurate (44:16)
acknowledge (28:5)
acknowledged (33:17)
action (43:6)
actions (26:4)
additional (8:25) (14:4) (14:5) (16:15) (19:20) (28:10) (34:10) (39:8) (40:3) (40:6)
address (3:16) (6:21) (6:23) (18:25) (37:25) (39:18)
addresses (33:10)
addressing (25:15)
adhere (23:19)
admissible (11:18)
admitted (4:17)
advance (18:19)
adversely (14:11) (17:14) (17:16) (17:21) (17:26) (18:6) (18:7) (18:12) (18:23) (19:10) (32:8) (36:25)
affected (14:12) (17:14) (17:16) (17:22) (17:26) (18:6) (18:7) (18:12) (18:23) (19:10) (23:24) (32:8) (36:25)
affirmation (12:22)
again (5:22) (21:24) (22:3) (27:7) (27:25) (28:6) (29:4) (31:7) (33:20) (35:3) (38:21) (39:21)

**–**

-against- (1:9)

**A**

agree (13:9) (13:18) (15:3) (17:2) (17:11) (18:16) (25:18) (30:15) (33:17)
agreed (5:23) (8:25) (39:5)
agreement (7:9) (7:23) (10:9) (10:26) (11:11) (11:22) (16:9) (23:4) (24:9) (24:12) (25:25) (27:8) (27:10) (27:13) (28:4) (28:7) (29:10) (29:18) (31:15) (31:26) (33:4) (33:7) (33:21) (34:2) (37:16) (37:19) (38:22) (39:23) (41:16) (41:21) (42:2)
agreements (7:13) (13:16) (33:12)
agreement's (12:4)
all (4:2) (4:4) (5:18) (6:16) (6:22) (8:8) (8:9) (13:22) (15:4) (15:24) (16:3) (16:21) (17:2) (18:23) (19:14) (21:6) (21:20) (25:23) (26:12) (28:9) (28:16) (28:26) (30:14) (31:10) (31:19) (31:21) (32:6) (34:6) (35:14) (37:8) (38:13) (38:17) (38:18) (39:10) (42:3) (43:5) (43:24)
allegations (29:9)
allege (15:8) (34:24)
alleged (11:15) (11:21) (21:26) (30:9) (38:18)
alleging (26:16) (26:18)
allow (36:18) (36:22) (37:12)
allowed (16:8)
allows (36:20) (39:13)
along (35:16) (35:17) (37:10) (37:15)
already (43:16)
also (6:24) (8:18) (8:21) (17:24) (19:7) (32:17)
alter (22:23)
alternative (18:20)
alternatively (18:17)
alters (19:8)
always (40:26)
amazon (22:11)
ambiguity (23:23)
amend (11:11) (37:5) (37:6)
amendment (7:24) (10:17) (11:12) (12:7) (13:19) (13:26) (14:8) (14:10) (19:20) (19:23) (38:7) (42:6)
amendments (10:19) (22:17)
americas (2:7)
among (19:15) (23:4) (32:4)
amongst (23:12)
amounts (6:6)
analysis (41:21)
analyze (41:23)

**–**

-and- (1:5)

**A**

and-a-half (10:15) (10:16)
another (3:13) (5:10) (9:8) (26:19) (33:6) (33:19) (36:19)
answer (30:20) (36:17) (40:21)
answers (43:8) (43:16)
anymore (26:7)
anything (16:23) (38:19)
anyway (20:23)
anywhere (19:23) (28:4)
apologies (41:13)
appalled (24:19)
apparel (1:10)
apparent (35:13)
apparently (21:11) (28:15)
applicable (39:17)
application (27:15)
applies (32:14) (32:15)
apply (20:5) (32:12)
appreciate (13:12)
approach (28:12) (30:16)
approval (14:2)
arbor (8:17)
are (5:16) (7:19) (7:23) (8:9) (8:10) (8:16) (8:18) (8:21) (9:9) (9:11) (11:20) (12:3) (12:7) (13:24) (14:20) (14:21) (14:22) (14:26) (15:4) (15:11) (15:25) (16:15) (18:17) (18:23) (19:7) (19:22) (19:23) (20:2) (22:12) (23:24) (25:8) (25:19) (26:4) (26:13) (26:16) (29:9) (33:12) (36:4) (36:11) (38:15) (39:17) (40:17) (42:16)
aren't (26:3) (40:15)
arguing (4:18) (23:20)
argument (6:20) (7:2) (7:10) (7:19) (16:24) (18:19) (18:20)
arguments (16:16) (39:10) (39:16)
arnold (2:12)
arrangement (21:13)
ascribing (35:6)
ask (9:17) (22:26) (23:9) (24:3) (24:7) (30:12)
asked (36:15)
asking (24:24) (25:20)
aspect (9:20)
asserted (6:24)
asserting (9:20)
assistant (7:3)
association (1:12)
assuming (34:6)
attached (12:22)
attempted (21:26)
attention (15:11) (16:18)
attorneys (1:23) (2:3) (2:7) (2:10) (2:13) (2:16) (2:19) (25:26)
authority (39:26)
avenue (1:24) (2:4) (2:7) (2:10) (2:19)
aware (33:9)
away (38:12)

**B**

babies (24:13)
back (10:23) (19:25) (27:8) (38:22)
bad (7:15) (20:22) (34:15) (35:18)
bail (26:11)
barna (2:23) (44:20)
based (30:2)
basically (7:2)
basis (32:12) (33:11)
batterymarch (1:13)
became (5:6)
because (7:5) (7:10) (19:18) (20:8) (26:17) (26:26) (27:9) (27:25) (30:26) (31:5) (33:15) (33:26) (36:25) (39:25) (40:9) (41:24)
been (4:17) (6:2) (6:8) (7:4) (24:20) (28:25) (33:22) (34:9) (38:24)
before (3:17) (3:23) (5:9) (28:9) (38:12)
behalf (6:21)
behaving (24:20)

**behind**

behind  (38:7)
being  (3:17) (15:26) (21:14) (22:19) (25:25) (28:7) (28:20) (41:25)
believe  (33:14)
benefit  (3:15) (7:3) (21:8)
benefits  (31:12)
benjamin  (2:11) (4:22)
best  (11:19) (12:3) (16:24) (34:15)
between  (6:26) (24:9) (25:24)
beyond  (31:13)
bind  (37:10)
bit  (21:8) (21:9)
blackwell  (1:13)
blind  (13:8) (25:20) (31:17)
blink  (3:13)
block  (15:18)
blue  (10:10)
bondholder  (24:8)
book  (12:26)
borrower  (29:5) (33:9)
boston  (1:13)
both  (5:15) (12:2) (13:8) (17:6) (44:5)
bothers  (20:14)
bottom  (10:23)
bouncing  (19:3)
bound  (37:15)
box  (22:5)
brain  (19:3) (35:10)
breach  (6:21) (7:15) (11:8) (11:13) (36:10) (38:16)
breaching  (29:11) (42:17)
brief  (6:18) (8:3) (41:19)
briefs  (5:16) (5:19)
bringing  (4:24)
bromberg  (2:5)
bruckhaus  (1:23)
business  (23:17)
but  (4:21) (5:9) (6:18) (7:10) (7:22) (9:5) (10:7) (11:15) (13:23) (14:3) (14:21) (15:4) (15:10) (16:23) (18:20) (19:13) (19:25) (20:12) (20:22) (22:3) (22:17) (23:7) (23:26) (24:17) (25:12) (25:19) (26:17) (27:2) (27:17) (27:21) (27:22) (28:14) (29:21) (29:26) (30:5) (31:6) (31:18) (32:15) (34:5) (34:10) (34:14) (34:17) (34:26) (35:8) (37:4) (39:19) (40:14) (41:8) (42:9) (42:21) (43:6) (43:14) (44:4)
buy  (22:24) (37:14)

**C**

cajoling  (34:6) (35:14)
california  (1:15)
call  (22:5)
can  (17:7) (20:15) (21:3) (21:7) (21:10) (21:16) (22:15) (22:21) (23:23) (24:26) (26:20) (29:13) (32:2) (32:7) (37:10) (39:15) (39:18) (40:21) (42:20) (43:11)
cannot  (13:6)
can't  (19:14) (22:16) (30:22) (34:17) (34:18) (35:11)
capital  (1:12) (17:10) (19:20) (41:6) (41:8)
capitalized  (17:4)
care  (43:13)
carolyn  (2:23) (44:20)
cartoons  (10:3)
carve  (37:3)
case  (3:13) (4:18) (7:21) (11:26) (12:2) (23:4) (24:25) (25:13) (31:4) (36:8) (39:8) (39:24) (40:19) (41:5)
cases  (31:19) (33:16)
categories  (15:6) (15:15)
centre  (1:17)
certain  (7:23) (22:4) (22:12) (22:17) (25:8) (31:9) (39:7)
certainly  (15:9) (24:5) (29:20) (39:18)
certified  (44:16)
chance  (44:4)
change  (19:6) (20:8) (22:22) (32:3)
changing  (28:3) (40:6)
characterization  (17:12)
charles  (1:20)
cheating  (35:12)
chicago  (4:17) (36:4)
chicken  (42:12)
choose  (19:15)

**contract**

chose  (42:9)
circumstances  (14:3) (34:16)
cite  (14:20) (14:22) (32:24)
cited  (11:26) (31:19) (39:15) (42:10)
civil  (1:2)
claim  (6:24) (27:2) (39:19) (43:2) (44:7)
claimed  (7:12)
claims  (6:21) (7:4) (36:7) (36:11)
class  (7:6) (7:7) (7:11) (7:20) (7:21) (8:16) (8:22) (9:15) (15:13) (16:7) (17:3) (17:4) (17:9) (17:14) (17:16) (17:21) (17:26) (18:2) (18:6) (18:8) (18:12) (18:13) (18:14) (18:19) (18:23) (18:24) (19:10) (20:13) (23:24) (25:10) (32:8) (32:12) (32:14) (32:15) (36:18) (36:19) (36:25) (37:3) (37:7) (37:9) (37:10) (37:11) (39:22) (40:6) (40:9) (40:10) (40:11) (40:12) (40:13) (40:18) (40:24) (41:2) (41:22) (41:24) (41:26) (42:7) (42:14)
classes  (6:26) (7:8) (7:9) (32:5) (40:3) (40:16) (41:8) (41:17) (42:3) (42:5) (42:18)
classification  (8:13)
classifications  (6:26) (40:3)
clause  (20:2) (20:8) (32:2) (32:13) (32:23) (33:21) (35:3) (35:4) (35:7) (39:16)
clear  (6:17)
clearing  (4:25)
clearly  (27:13)
client  (15:26) (24:10) (24:22) (44:2)
clients  (7:26) (8:5) (8:7) (8:8) (8:16) (15:15) (28:21) (31:2) (42:17)
client's  (15:6)
closed  (44:13)
cogent  (37:20)
cohen  (2:3)
co-lenders  (26:21) (35:12)
collateral  (15:21)
colors  (10:18)
come  (30:22) (35:15) (36:5) (38:21)
comes  (39:21)
coming  (27:7) (35:17)
commend  (34:23)
commercial  (7:15) (13:5) (21:12) (21:19) (27:17) (27:18) (31:8) (31:20)
commercially  (20:21) (28:7) (28:24) (31:23) (35:18) (37:20)
common  (28:12)
company  (21:7) (21:10) (22:4) (24:23) (26:12) (28:19) (29:7) (34:12) (35:19) (39:6)
complaining  (7:24)
complaint  (5:3) (5:7) (5:8) (5:12) (5:15) (29:9) (29:13) (30:8) (30:9) (30:11) (38:14) (38:18) (43:12)
complaints  (5:14) (5:24)
concept  (23:17)
concise  (13:16)
conditions  (41:25)
conducted  (25:23)
conference  (43:18)
confers  (31:9)
confusing  (7:8)
consent  (9:23) (13:20) (14:4) (14:5) (14:9) (14:11) (14:13) (14:21) (14:25) (15:2) (15:4) (15:6) (15:12) (15:13) (17:2) (17:3) (19:9) (20:3) (20:6) (20:13) (22:16) (22:24) (22:25) (22:26) (23:3) (23:5) (23:7) (23:8) (23:10) (23:12) (24:2) (24:26) (25:2) (32:7) (40:11)
consented  (9:15)
consequences  (35:17)
consider  (34:7)
considering  (30:5)
consistent  (38:25)
conspiracy  (27:20)
constructive  (38:16)
contemplate  (40:9)
contemplated  (42:2) (42:4)
contend  (14:15) (15:15)
contends  (14:15)
context  (36:26) (39:25)
continued  (2:2)
continues  (1:26)
continuing  (43:7)
contract  (6:21) (7:16) (11:9) (11:16) (23:21) (26:3) (30:2)

**contracts**                                                                **essentially**                                    **47**

(30:4) (31:9) (35:9) (36:10) (38:16) (42:17)
**contracts** (21:21) (31:7)
**controversial** (4:26)
**conveniently** (42:8)
**conveyance** (43:2) (43:10) (43:26) (44:2) (44:8)
**convincing** (20:24)
**cooperators** (22:20)
**copies** (12:19) (13:6) (13:13)
**corporation** (1:10) (1:11)
**correct** (10:14) (11:6) (14:19) (18:2) (18:4) (19:21) (41:18)
**correctly** (8:18) (42:15)
**could** (19:4) (25:12) (28:25) (29:18) (30:17) (32:12)
(32:17) (32:22) (34:26) (37:7) (43:23)
**couldn't** (37:3)
**counsel** (12:3) (20:4) (32:14) (38:6) (42:15)
**counsel's** (17:12) (19:23)
**count** (25:7)
**country** (42:20)
**county** (1:2)
**course** (11:16) (25:12) (42:19)
**court** (1:2) (2:24) (3:2) (3:12) (3:20) (3:25) (4:4) (4:7)
(4:10) (4:12) (4:20) (5:16) (5:25) (6:5) (6:10) (6:25) (8:7)
(8:12) (8:24) (9:2) (9:7) (9:10) (9:12) (9:17) (10:3) (10:5)
(10:12) (10:25) (11:4) (11:7) (11:9) (12:10) (12:13) (12:15)
(12:18) (12:20) (12:24) (12:26) (13:4) (13:12) (13:16)
(14:14) (14:18) (15:3) (15:14) (15:19) (15:22) (15:24)
(16:10) (16:13) (16:17) (16:22) (17:5) (17:11) (17:15)
(17:19) (17:25) (18:5) (18:10) (18:16) (19:2) (19:19) (20:14)
(22:7) (22:9) (22:11) (22:18) (23:6) (23:16) (23:26) (24:14)
(24:18) (24:24) (25:18) (26:6) (26:10) (26:24) (27:4) (27:12)
(28:5) (28:23) (29:6) (29:19) (29:23) (29:25) (30:12) (30:21)
(30:26) (31:16) (31:23) (32:19) (32:25) (33:3) (33:12)
(33:15) (34:5) (34:25) (35:8) (35:24) (36:4) (36:9) (36:14)
(37:2) (38:4) (39:11) (39:26) (40:7) (40:14) (40:23) (41:3)
(41:11) (41:14) (42:16) (42:20) (43:4) (43:24) (44:3) (44:21)
**courtroom** (33:23)
**covenant** (25:14) (26:6) (29:10) (29:11) (29:13) (29:16)
(30:10)
**cover** (15:25)
**covered** (42:23)
**covers** (32:6) (35:7) (37:6)
**crazy** (13:7)
**create** (40:3)
**created** (22:15) (41:16)
**creating** (37:4) (40:5) (40:15) (42:18)
**creation** (40:12)
**credit** (1:3) (7:23) (11:11) (11:22) (29:10) (29:18)
**creditors** (40:12)
**crisp** (2:8) (3:11)
**curt** (29:25)
**cut** (10:2) (21:16)
**cutting** (20:26)

                            **D**

**danger** (29:11)
**date** (43:17)
**daughter's** (29:8)
**david** (2:5) (4:15)
**davis** (2:9) (4:23) (24:10) (38:6)
**day** (2:15)
**deal** (20:16) (38:6)
**dealing** (25:14) (25:16) (27:19)
**decide** (44:10)
**decided** (43:12)
**decides** (36:19)
**default** (6:11) (29:17)
**defendant** (2:19) (9:6) (9:9)
**defendants** (1:16) (2:10) (2:13) (2:16) (3:22) (4:2) (4:4)
(4:24) (5:18) (6:17) (6:22) (7:26) (8:10) (10:13) (11:10)
(28:15) (31:3) (41:15) (43:17)
**defendant's** (3:25)
**defendants'** (3:24)
**defined** (13:21) (17:4) (18:8) (18:13) (18:14) (39:22)
(41:2) (42:14)
**definition** (7:20) (17:25) (17:26) (18:5) (39:22) (40:13)
(40:18) (40:23) (41:3) (41:14) (41:22) (41:24) (42:7)
**degree** (14:6)

**demands** (43:15)
**demonstrative** (9:26) (13:4)
**denied** (5:5) (43:7)
**deny** (38:19)
**denying** (43:6)
**deringer** (1:23)
**despite** (11:19)
**determine** (17:20) (23:8)
**determined** (27:10)
**detriment** (28:17)
**devil** (34:26)
**did** (8:22) (9:4) (9:14) (11:10) (29:12) (30:9) (30:14)
(31:4) (32:13) (32:23) (34:19) (34:21) (38:8) (39:26) (40:7)
(40:8) (42:6) (42:14)
**didn't** (9:3) (20:5) (29:16) (30:22) (32:15) (33:21) (38:7)
(38:13) (39:4)
**differ** (12:16)
**different** (6:26) (20:7) (36:11) (41:25)
**differently** (32:10)
**diminished** (16:2)
**directly** (14:11)
**disagree** (21:23)
**disclaimer** (33:16)
**discovery** (25:23) (27:5) (43:9) (43:14)
**dismiss** (3:24) (5:8) (5:14) (5:21) (5:24) (6:4) (6:14)
(11:14) (12:23) (27:5) (29:26) (35:2) (42:24)
**dismissal** (24:25) (25:21) (27:16)
**disposition** (4:10)
**dispositive** (18:9)
**dispute** (21:26)
**disregard** (39:5)
**distressed** (1:12) (1:13)
**distributions** (20:9)
**disturbed** (26:15)
**divided** (6:20) (41:7)
**division** (13:6) (27:18)
**document** (13:7) (32:20) (43:15)
**does** (18:10) (23:2) (33:7)
**doesn't** (13:26) (21:17) (22:25) (23:26) (27:22) (32:4)
(40:13)
**doing** (21:16) (35:19)
**done** (21:11) (28:23) (28:25) (28:26) (38:12) (41:15)
**don't** (6:11) (12:15) (15:12) (16:26) (20:18) (21:15)
(21:18) (23:2) (23:9) (24:16) (26:16) (26:25) (30:20) (32:25)
(35:2) (36:22) (36:24) (37:10) (37:14) (38:18) (39:12) (44:8)
**down** (10:5) (38:2) (39:21)
**drawdown** (1:14)
**duck** (42:10) (42:11)
**duties** (33:8)
**duty** (6:23) (38:17)

                            **E**

**each** (9:23) (12:13) (14:3) (14:9) (14:11) (17:13) (17:16)
(19:9) (19:18)
**easy** (6:14)
**eat** (36:5)
**effect** (7:24) (10:18)
**effected** (10:17)
**effectively** (18:18)
**efficiency** (6:19)
**effort** (20:22)
**efforts** (11:19)
**eight** (14:8) (15:20) (15:23) (15:24) (16:14) (39:16)
**either** (31:6) (38:8) (38:10)
**element** (43:11)
**elements** (42:24)
**elevate** (7:25)
**else** (24:7) (25:9)
**emeritus** (24:19)
**encompasses** (10:12)
**energy** (5:13)
**entered** (11:23)
**entire** (32:20)
**entitled** (31:13)
**especially** (25:16)
**esq** (1:25) (2:5) (2:8) (2:11) (2:14) (2:17) (2:20)
**essentially** (15:26)

ethics

**ethics** (23:17)
**every** (3:13) (23:5) (23:7) (24:7) (24:8) (25:13) (35:8)
**everybody** (4:7) (13:18) (21:7) (25:6) (35:25) (37:15) (37:21) (37:23)
**everyone** (3:2) (11:2) (22:26) (25:10)
**everything** (24:7) (25:9)
**evidence** (11:17) (12:3)
**examine** (13:6)
**example** (22:18)
**except** (30:23) (37:3)
**exceptions** (13:23) (13:25) (14:2) (14:4) (19:26) (20:2) (22:15)
**excluded** (10:23) (16:6) (18:18) (18:22) (19:17) (25:19) (27:14) (31:6) (40:14) (41:17) (42:8)
**excuse** (29:23)
**exercise** (38:9)
**exhibit** (12:8) (12:20) (12:23) (13:2) (13:4)
**exist** (39:12)
**expectations** (21:12)
**expense** (26:21)
**explanation** (38:24)
**express** (31:22) (31:24) (38:25)
**expressed** (27:9) (27:13) (31:14)
**expresses** (33:4)
**extended** (34:8)
**extension** (42:4)
**extensive** (37:5)
**extent** (19:11) (20:20)
**extrinsic** (11:17)
**eye** (3:13) (25:20) (31:17)

## F

**f/k/a** (1:10)
**face** (31:24) (32:16)
**facet** (9:22)
**fact** (19:5) (34:18) (35:3) (36:5) (38:6) (38:23) (40:15) (42:14)
**facts** (11:15) (11:20) (21:25) (21:26)
**factual** (30:4)
**failing** (26:12)
**fair** (21:17) (25:14)
**faith** (6:23) (7:15) (20:22) (25:14) (26:7) (27:15) (27:19) (31:8) (38:17)
**fall** (13:26) (14:15) (15:5) (15:15) (15:17) (17:21) (40:13)
**familiar** (12:3)
**favor** (37:19)
**feel** (15:25)
**few** (34:13)
**field** (43:26)
**fifth** (2:4)
**fight** (6:26)
**filed** (5:4) (5:14) (5:18) (5:20) (6:17) (12:13)
**files** (3:13)
**filter** (27:18) (31:8)
**filters** (21:20)
**financing** (8:4) (8:20) (8:23) (8:25) (28:20) (34:8) (39:8)
**find** (23:23) (30:21)
**fine** (19:13) (34:16)
**firm** (4:16)
**first** (3:18) (18:13) (18:15) (36:14) (42:23)
**five** (3:16)
**flexibility** (39:6)
**floor** (1:24)
**focus** (11:20) (15:7) (15:11) (16:17) (16:19) (16:24) (19:4)
**focused** (20:2)
**focusing** (17:15) (17:17)
**folks** (8:25) (34:19)
**following** (34:4)
**follows** (6:20)
**for** (1:23) (2:3) (2:7) (2:10) (2:13) (2:16) (2:19) (3:15) (4:18) (4:19) (5:3) (6:19) (10:22) (11:9) (11:18) (12:3) (19:20) (21:24) (21:25) (22:16) (22:18) (24:24) (25:21) (26:20) (28:9) (28:19) (30:10) (34:12) (34:23) (35:25) (36:23) (39:13) (43:17)
**former** (24:18)
**forrester** (24:11)
**found** (31:23)

have

**four** (3:16) (14:7) (14:17) (14:18) (14:26) (15:11) (16:5) (16:10) (16:21) (16:22) (16:26) (17:6) (17:12) (19:5) (20:2) (20:8) (23:22) (32:2) (33:22) (35:4) (35:5) (36:16) (36:17) (36:20) (37:18) (39:2) (40:2) (41:19)
**frankly** (18:18) (25:25)
**fraud** (38:15) (38:16)
**fraudulent** (6:24) (39:19) (43:2) (43:10) (43:25) (44:8)
**free** (42:20)
**freshfields** (1:23)
**friend** (24:19)
**from** (7:3) (9:22) (15:26) (18:11) (20:22) (21:8) (36:4) (43:16)
**front** (5:5)
**fuisz** (2:14) (3:9)
**full** (14:9)
**fund** (1:14) (8:17)
**funding** (1:6) (1:7)
**future** (42:2) (42:5)

## G

**general** (13:19) (13:21) (20:2)
**generally** (7:22)
**get** (4:7) (15:9) (15:10) (17:10) (21:8) (27:23) (28:10) (28:19) (29:16) (29:18) (30:23) (34:13) (43:8) (43:14) (43:16)
**gets** (21:8) (31:12) (37:15)
**getting** (21:14)
**gist** (7:17)
**give** (8:3) (15:16) (20:12) (21:5) (34:9) (38:8) (44:4)
**given** (22:4) (34:15) (36:11) (36:12) (36:13)
**gives** (37:22)
**giving** (30:3)
**gleich** (1:25)
**global** (1:12)
**god** (3:10) (19:3)
**goes** (31:13)
**going** (3:18) (4:18) (4:26) (6:20) (6:23) (19:15) (19:16) (19:17) (20:11) (20:16) (20:19) (21:2) (21:9) (22:9) (22:26) (23:11) (23:12) (24:4) (27:22) (29:16) (34:22) (35:16) (36:21) (43:8) (43:14)
**goldberg** (4:16)
**goldman** (24:10) (24:18) (24:20) (24:21) (38:11)
**good** (3:2) (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:11) (3:19) (3:20) (6:23) (25:14) (26:7) (27:15) (27:19) (30:22) (31:8) (38:17)
**goodbye** (43:24)
**got** (9:25) (34:15) (38:12) (42:9) (43:13)
**gotten** (43:15)
**governs** (12:7) (20:8)
**grant** (6:11) (6:14) (35:20) (35:23) (40:2)
**granted** (4:7) (6:2) (6:10) (27:23) (27:25) (31:6) (39:26)
**gray** (2:6)
**great** (36:21)
**group** (26:18) (26:19) (29:12) (30:16)
**guess** (24:14)
**guys** (21:16) (23:13)

## H

**hac** (4:17)
**had** (5:10) (6:3) (6:5) (27:5) (31:5) (32:10) (33:22) (34:6) (39:2) (39:3) (42:3)
**haddad** (2:20) (3:6)
**hallmark** (41:23) (41:26)
**handing** (10:4)
**hang** (17:5) (17:15) (19:2) (32:25)
**happen** (30:13)
**happened** (5:9) (26:16) (26:17) (33:24) (33:25) (34:17) (34:18)
**happy** (37:25) (38:2)
**hard** (13:6)
**has** (4:17) (5:26) (6:8) (7:4) (7:25) (10:21) (17:13) (18:12) (18:14) (24:20) (35:9) (36:7) (38:24)
**have** (3:16) (4:24) (6:11) (7:11) (7:12) (8:15) (8:24) (9:12) (9:25) (11:10) (11:15) (15:7) (15:17) (17:6) (17:19) (18:17) (19:13) (20:7) (21:24) (22:3) (23:8) (23:10) (25:7) (25:23) (27:16) (28:25) (29:13) (31:3) (31:14) (31:25) (32:7) (32:12) (32:17) (32:22) (33:5) (33:7) (33:16) (33:17) (33:18) (33:24) (33:25) (34:9) (34:12) (36:16) (36:24) (37:9) (37:26) (39:14)

**haven't**

legitimate

49

(41:15) (42:6) (43:12) (43:23) (44:6) (44:8)
**haven't**  (6:10) (21:26) (27:5) (32:20) (43:15)
**having**  (41:25)
**hearing**  (29:20)
**held**  (11:25) (44:9)
**hell**  (23:13)
**help**  (10:2) (10:6) (10:8)
**here**  (4:8) (5:23) (22:3) (25:6) (25:11) (26:8) (26:14)
(27:11) (28:24) (29:11) (31:25) (34:18) (35:25) (36:4) (36:5)
(38:15) (41:15) (42:25) (43:12) (43:14)
**he's**  (4:18) (24:19)
**hold**  (41:11) (43:11)
**holding**  (1:10) (1:11) (19:9)
**holdouts**  (37:10) (37:14)
**honor**  (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:10) (3:11)
(3:19) (3:23) (4:15) (4:22) (5:13) (6:7) (6:15) (6:19) (7:18)
(7:22) (9:25) (11:8) (11:25) (12:2) (13:10) (14:20) (16:4)
(17:14) (18:4) (18:26) (19:4) (19:21) (21:24) (23:3) (23:15)
(23:21) (25:12) (26:2) (27:7) (29:3) (30:7) (31:18) (33:20)
(35:5) (35:23) (36:8) (36:15) (37:17) (38:3) (38:5) (38:21)
(40:20) (40:25) (41:4) (41:12) (41:18) (42:13) (42:26)
(43:19) (43:20) (43:21) (43:23) (43:25) (44:12)
**honor's**  (40:22) (40:26) (41:6)
**hope**  (21:9)
**hopefully**  (10:2)
**how**  (3:15) (16:13) (22:21) (23:8) (28:6) (32:9) (37:4)

### I

**i'd**  (4:15)
**idea**  (24:26) (25:24)
**ignore**  (34:18)
**iii**  (1:6) (1:14) (2:7)
**i'll**  (29:25) (43:4) (44:10)
**illegitimate**  (21:4)
**i'm**  (4:15) (4:20) (4:26) (6:20) (7:6) (7:9) (8:18) (9:7)
(12:8) (12:12) (12:21) (16:20) (16:23) (17:17) (22:18) (23:6)
(24:14) (24:17) (24:25) (26:15) (27:14) (28:25) (29:24)
(29:25) (30:4) (30:25) (31:2) (33:9) (34:5) (34:22) (34:25)
(35:24) (37:25) (38:2) (41:12)
**imagine**  (35:11)
**implied**  (6:23) (25:13) (26:6) (38:17)
**implies**  (24:2)
**imply**  (22:25)
**important**  (8:14) (19:8) (39:24) (40:20) (44:5)
**imposed**  (22:13)
**imposes**  (37:21)
**impress**  (24:16)
**impressed**  (24:15)
**inc**  (1:15)
**incapable**  (42:17)
**incarnate**  (34:26)
**incentive**  (28:8) (28:9)
**inclination**  (41:7)
**include**  (33:21) (42:7)
**included**  (16:6) (18:18) (18:22) (19:16) (19:19) (20:11)
(20:19) (38:23) (40:15) (41:17) (42:7)
**including**  (4:4) (4:6)
**incremental**  (8:4) (8:19) (10:20) (19:12) (28:20)
**indeed**  (7:14) (11:25)
**index**  (1:7)
**indicating**  (13:2) (35:25)
**indicia**  (38:15)
**individual**  (9:23) (14:13) (14:21) (14:25) (14:26) (15:12)
(17:2) (20:13)
**induce**  (28:21) (39:8)
**inform**  (24:3) (30:14)
**informed**  (26:25)
**initial**  (4:24)
**injunction**  (5:3) (5:6)
**instead**  (23:10) (41:5)
**intent**  (12:4) (27:9) (27:12) (33:21)
**intentionally**  (42:9)
**inter**  (32:14) (37:7)
**interest**  (17:7)
**interested**  (29:20)
**interestingly**  (31:21)
**internet**  (13:7)

**interpret**  (28:7)
**interpretation**  (26:3) (37:16) (37:20)
**interpreted**  (28:14)
**intervene**  (5:10) (5:22) (5:26)
**into**  (11:23) (15:15) (15:17) (17:21) (18:19) (20:16)
(23:11) (39:11) (41:8)
**intra**  (16:7) (32:15)
**introduce**  (4:16)
**investment**  (34:14)
**investments**  (1:14)
**investors**  (1:3)
**involve**  (31:21)
**involved**  (8:4)
**is a**  (27:5)
**isn't**  (26:6) (28:2) (37:12) (40:5)
**issue**  (7:19) (31:19) (34:2)
**issued**  (38:8)
**its**  (6:4) (21:6) (22:20) (32:16) (36:7)
**it's**  (5:21) (7:7) (12:26) (16:11) (19:12) (19:25) (22:7)
(22:8) (22:9) (23:17) (26:26) (28:8) (29:15) (29:26) (30:4)
(30:5) (32:5) (32:20) (33:2) (35:14) (37:13) (37:19) (40:9)
(41:8) (42:11) (42:20) (43:26) (44:5)
**itself**  (22:6)
**i've**  (42:23) (43:13)

### J

**january**  (1:18)
**jean**  (29:7)
**jeans**  (22:10) (24:22) (29:8)
**jeffrey**  (2:14)
**joinder**  (6:17)
**joined**  (6:18)
**joint**  (5:14) (5:20)
**jones**  (2:15)
**joshua**  (2:5)
**judges**  (13:5) (23:18)
**judgment**  (25:22)
**judgments**  (31:11)
**just**  (4:14) (4:24) (5:6) (5:21) (8:8) (19:17) (25:11) (30:8)
(32:12) (33:15) (33:22) (35:2) (38:25) (40:21) (41:21)

### K

**kaminetzky**  (2:11) (3:10) (4:22) (4:23) (5:18) (6:22)
(12:19) (12:22) (23:15) (23:20) (24:5) (24:16) (24:21) (25:4)
(29:3) (29:7) (29:22) (29:24) (30:7) (30:19) (30:25) (39:19)
(40:21) (40:25) (41:4) (42:26) (43:22) (43:25) (44:11)
**kaplan**  (2:3)
**kaye**  (2:12)
**key**  (15:10)
**kind**  (3:12) (9:19) (21:4)
**kinds**  (21:21)
**kleinberg**  (2:3)
**knew**  (32:9)
**know**  (9:5) (20:14) (21:2) (22:4) (24:6) (26:4) (26:12)
(26:16) (27:20) (30:20) (31:11) (31:13) (33:10) (34:20)
(34:21) (35:2) (38:11) (39:7)
**knowledge**  (30:19)
**kohn**  (4:16)

### L

**land**  (39:23) (39:24) (39:25) (40:19) (41:10)
**language**  (8:17) (11:21) (25:15) (25:19) (27:8) (31:22)
(31:24) (38:22) (38:26) (39:11) (39:21)
**last**  (5:21)
**lately**  (4:20)
**laughter**  (4:9) (4:11)
**law**  (4:16) (7:3) (11:17)
**laws**  (25:8)
**lawsuit**  (3:24) (5:2)
**lawyers**  (24:11)
**layered**  (10:19)
**lbo**  (1:6) (4:19) (5:9) (5:15) (6:3) (6:24) (36:7) (36:11)
**least**  (9:20) (9:22) (13:5) (14:16) (34:7)
**lectern**  (4:12)
**left**  (6:3) (10:10) (19:3) (43:26)
**legal**  (42:21)
**legitimate**  (21:3) (21:5)

50

**lender**

**lender** (7:4) (8:19) (9:9) (9:10) (9:24) (14:2) (14:9)
(14:11) (14:13) (14:21) (14:25) (15:2) (15:12) (15:13) (20:3)
(20:13) (20:19) (23:5) (23:7) (23:9) (31:12) (33:11) (34:21)
**lenders** (7:2) (7:6) (7:23) (8:8) (8:9) (8:10) (8:13) (10:24)
(13:20) (13:22) (16:6) (16:7) (16:8) (17:2) (17:3) (17:21)
(17:22) (18:18) (18:21) (18:22) (19:9) (19:16) (19:18)
(19:19) (20:5) (20:16) (20:25) (21:6) (21:8) (21:15) (21:14)
(22:20) (22:24) (23:25) (25:3) (25:5) (26:10) (26:18) (26:19)
(28:9) (28:17) (29:2) (29:12) (30:10) (30:14) (30:17) (31:10)
(32:6) (33:5) (33:17) (34:7) (34:20) (35:14) (39:7) (40:4)
**lending** (9:13)
**lengthy** (41:20)
**less** (34:13)
**let** (9:17) (19:16) (30:12)
**let's** (8:12) (12:6) (29:17)
**letting** (21:2) (34:19)
**level** (14:4) (14:5) (22:16)
**leverage** (20:17)
**levinson** (2:17) (3:3) (3:19) (3:21) (4:2) (4:6) (6:15)
(7:17) (8:9) (8:15) (8:26) (9:3) (9:8) (9:11) (9:14) (11:8)
(12:12) (12:17) (12:21) (12:25) (13:3) (13:9) (13:14) (13:18)
(14:19) (15:8) (16:26) (17:9) (18:4) (18:7) (18:14) (18:25)
(19:21) (21:23) (22:8) (22:10) (22:12) (23:2) (23:20) (26:2)
(26:8) (26:22) (27:2) (27:7) (27:24) (28:18) (31:9) (31:18)
(32:22) (33:2) (33:7) (33:14) (33:20) (34:24) (35:3) (38:21)
(40:5) (40:8) (40:17) (41:9) (41:12) (42:13) (42:19)
**lewis** (3:5) (4:16) (36:2) (36:7) (36:10) (38:5) (43:21)
**lexington** (1:24) (2:10)
**like** (4:15) (13:7) (20:16) (20:17) (21:12) (21:21) (27:20)
(28:11) (32:5) (32:13) (32:23) (35:9) (38:2) (39:2) (42:10)
(42:11)
**limit** (31:16)
**limitations** (22:13)
**line** (10:23)
**list** (13:23) (19:26)
**litigation** (38:7)
**little** (7:7) (21:8) (21:9) (34:12)
**live** (4:20)
**llc** (1:3) (1:6) (1:7) (1:10) (1:11) (1:13) (1:14)
**llc-series** (1:13)
**llp** (1:23) (2:6) (2:9) (2:12)
**loan** (7:4) (7:12) (16:8) (18:21) (33:9)
**loans** (7:19) (7:25) (8:2) (8:15) (8:16) (8:22) (9:22)
(10:10) (10:21) (17:7) (36:18) (36:21) (37:3) (40:10) (40:15)
(40:16) (41:25) (42:3) (42:4) (42:8)
**logical** (30:12)
**long** (32:7) (32:21)
**longer** (34:12)
**look** (17:19) (21:15) (21:20) (22:18) (22:21) (24:24)
(26:20) (27:18) (29:17) (31:7) (40:14)
**looked** (10:25)
**looking** (12:8) (12:21) (16:13) (34:25)
**looks** (21:12)
**lose** (27:22) (32:25)
**lot** (10:2)
**love** (10:3) (13:16)
**lower** (41:5)
**ltd** (4:17)

---

**M**

**made** (6:3)
**madlyn** (1:25)
**main** (44:7)
**majority** (7:6) (7:10) (9:14) (13:22) (17:7) (19:9) (23:10)
(23:11) (23:24) (25:5) (25:7) (30:18) (32:8) (35:16) (36:20)
(37:9) (37:13) (40:2) (40:11)
**make** (17:8) (32:11) (39:16) (42:23)
**makes** (31:26)
**management** (1:12)
**manner** (19:7)
**many** (12:7) (12:10) (12:12)
**market** (25:10)
**martin** (2:8)
**matter** (11:12) (22:22) (41:2)
**may** (7:8) (10:11) (10:17) (18:25) (23:15) (28:23) (30:26)
(34:11) (42:21)
**maybe** (8:10) (10:7) (31:4) (40:26)

---

**obligations**

**mccallum** (1:25) (3:8)
**mean** (7:18) (8:8) (18:10) (23:4) (24:16) (27:22) (32:3)
(34:4) (35:18) (39:10)
**means** (13:22) (17:10) (17:19) (18:11) (27:22)
**members** (7:11) (8:21)
**mercer** (1:14)
**middle** (10:21)
**might** (27:23) (31:12) (33:16) (34:12) (34:13)
**milbank** (24:11)
**million** (8:6) (8:19) (10:10) (10:15) (10:16) (10:19)
(26:11) (28:19) (28:22)
**mind** (41:15)
**mine** (24:19)
**minority** (36:22) (37:13)
**missing** (29:3)
**models** (39:3)
**modification** (9:13) (17:8)
**modify** (7:13) (7:14)
**moment** (39:18)
**money** (28:10) (34:13)
**more** (15:5) (21:9) (43:23)
**morning** (3:2) (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9)
(3:10) (3:11) (3:19) (3:20)
**morrison** (24:11)
**mostly** (6:5)
**motion** (3:14) (3:23) (3:24) (4:7) (4:19) (5:3) (5:14) (5:21)
(5:22) (5:24) (5:26) (6:2) (6:3) (6:4) (6:9) (6:13) (6:16)
(11:14) (11:21) (12:23) (21:25) (25:21) (27:5) (27:23)
(27:25) (29:26) (30:2) (30:6) (35:2) (35:21) (35:23) (38:19)
(43:6) (43:7) (44:9)
**motions** (3:16) (6:11) (42:24) (43:13)
**motivate** (21:5)
**movant's** (18:11)
**moved** (5:8)
**much** (28:17) (31:3) (44:11)
**mudrick** (1:12) (1:13) (2:16) (3:22) (3:26)
**multiple** (12:19)
**music** (39:23) (39:24) (39:25) (40:19) (41:9)

---

**N**

**name** (8:17)
**national** (1:11)
**nature** (6:6)
**need** (20:6) (25:4)
**needed** (23:5) (23:23) (29:10)
**needs** (13:20)
**negotiated** (11:23) (22:14) (24:9) (25:25) (39:9)
**new** (1:2) (1:18) (1:24) (2:4) (2:8) (2:11) (2:14) (2:17)
(2:20) (4:21) (11:4) (40:12) (40:16) (41:16) (42:18)
**next** (30:12)
**nice** (43:24)
**nine** (14:26) (15:11) (16:5) (16:10) (16:21) (16:23) (16:26)
(17:6) (17:12) (32:13) (35:7) (37:18)
**nobody** (11:22)
**none** (33:22)
**nor** (25:25)
**not** (7:6) (7:9) (8:22) (8:24) (9:4) (9:10) (11:17) (12:14)
(12:17) (14:19) (14:22) (15:2) (15:4) (16:3) (16:23) (17:21)
(18:7) (19:16) (19:22) (20:10) (20:18) (20:21)
(20:24) (21:11) (23:6) (23:17) (24:12) (24:14) (25:11)
(25:21) (26:14) (26:22) (27:21) (27:23) (29:7) (29:25) (30:4)
(30:5) (30:15) (30:19) (31:3) (33:9) (34:17) (34:22) (35:17)
(35:19) (35:23) (36:11) (37:21) (38:8) (38:25) (39:7) (39:17)
(40:7) (40:8) (40:17) (41:21) (42:9) (42:11) (42:14) (42:21)
**notes** (44:17)
**nothing** (4:26) (35:4) (36:20)
**notice** (28:16) (36:12)
**notifying** (25:2) (26:19) (28:26)
**now** (4:26) (5:10) (5:11) (7:7) (11:5) (11:14) (13:26)
(19:26) (20:7) (27:4) (29:16) (41:7)
**number** (8:5) (23:22)
**numbers** (15:16) (16:14)
**numeral** (14:7)
**nydj** (1:10) (1:11) (2:10) (4:5) (4:6) (4:23) (24:10)

---

**O**

**obligations** (33:5) (33:18)

obtain                                                                  rata

51

**obtain** (24:26)
**obviously** (8:22)
**octagon** (1:3) (1:23) (5:4) (12:3) (26:23) (34:21) (36:3)
  (36:12) (36:14)
**off** (23:11) (43:11)
**offended** (24:26) (28:25)
**offends** (27:21)
**offensive** (30:21)
**offer** (28:20) (39:6)
**offered** (9:4)
**okay** (4:12) (9:10) (11:7) (12:18) (14:18) (16:25) (20:11)
  (27:15) (29:15) (36:9)
**one** (5:19) (9:4) (9:19) (9:20) (9:22) (14:2) (14:8) (14:16)
  (15:5) (32:23) (33:4) (33:6) (33:14) (33:18) (37:21) (40:9)
**o'neill** (43:17)
**one-page** (9:26)
**ones** (15:10)
**only** (6:2) (6:9) (13:16) (13:19) (14:18) (15:13) (15:25)
  (17:26) (20:12) (25:2) (28:24) (29:15) (30:7) (32:4) (32:13)
  (34:21)
**opinion** (6:12) (38:8) (38:9) (44:6)
**opportunity** (1:12) (1:14) (9:4) (28:15) (28:19)
**opposition** (6:4) (6:8) (11:20)
**original** (5:15) (10:9) (10:26)
**other** (5:9) (7:26) (14:22) (20:24) (21:3) (21:15) (24:22)
  (28:16) (29:2) (33:4) (34:19) (35:15) (36:5) (37:25) (38:15)
  (38:19) (39:14) (39:15) (43:13)
**others** (39:7)
**otherwise** (35:16)
**otterbourg** (2:18)
**our** (6:18) (7:26) (8:5) (8:16) (12:22) (18:20) (26:21)
  (28:21) (35:12) (36:6) (37:16) (37:19) (41:19) (42:10)
**ourselves** (23:12) (26:20)
**out** (4:8) (5:2) (20:26) (21:16) (24:6) (25:9) (26:11) (30:9)
  (37:3) (42:15) (43:15) (43:16) (43:26)
**outside** (30:3)
**outstanding** (6:9) (17:7)
**over** (7:26) (23:22) (23:23) (26:11) (30:23) (32:20)
**overreaching** (20:21)
**overview** (8:3)
**own** (5:11) (7:14) (26:19) (36:7)
**oxymoron** (23:17) (28:13)

**P**

**package** (26:11) (30:17)
**page** (13:11) (13:14) (41:4)
**pages** (13:17) (32:20) (41:19)
**papers** (31:20) (42:10) (43:12) (44:10)
**paragraph** (22:21)
**paragraphs** (30:11)
**parameters** (14:16)
**park** (2:19)
**parker** (2:5) (3:4) (4:14) (4:15) (5:26) (6:7) (43:20)
**part** (1:2) (7:19) (26:25) (29:4) (34:22)
**participant** (11:2)
**participate** (20:18) (20:25) (21:6) (35:15)
**participating** (21:13) (34:7)
**particular** (7:11) (22:2)
**particularly** (35:9)
**parties** (11:24) (12:4) (20:9) (22:14) (25:17) (25:24)
  (26:3) (26:13) (27:9) (27:13) (27:26) (31:10) (33:9) (33:17)
  (34:3) (38:23) (39:4) (39:5)
**partners** (1:13)
**party** (5:9) (12:13)
**patriot** (1:13)
**payments** (22:23)
**pbb** (1:14) (2:7) (8:17)
**penalized** (20:19)
**penalty** (37:21)
**pending** (3:17) (6:2)
**people** (25:9)
**percentage** (34:14)
**period** (44:2)
**perspective** (9:23)
**phrase** (22:25)
**pick** (19:15)
**picture** (21:17)

**place** (17:20) (18:13) (18:15)
**plain** (25:15) (25:18) (27:8) (38:22)
**plaintiff** (1:4) (1:23) (5:10) (7:3) (9:18) (14:14) (15:14)
  (17:11) (20:23) (31:19) (35:20) (35:22) (35:26)
**plaintiffs** (4:19) (5:4) (8:21) (10:12) (11:19) (12:2)
  (14:15) (26:16) (28:5) (32:5)
**plaintiffs-intervenors** (1:8) (2:3) (2:7)
**plaintiffs's** (25:26)
**plc** (1:14)
**pleadings** (30:2) (34:25)
**please** (3:15)
**plenty** (39:3)
**point** (18:11) (18:25) (21:10) (24:25) (25:20) (30:7) (33:26)
**points** (37:18) (42:15)
**polk** (2:9) (4:23) (24:10) (38:6)
**pony** (28:10)
**poor** (24:22)
**porter** (2:12)
**portion** (44:9)
**post** (5:20)
**power** (7:12) (37:5) (37:6)
**precise** (13:25)
**precluding** (16:23)
**preliminary** (5:3) (5:5) (43:18)
**prepared** (16:20)
**president** (24:18)
**pretty** (11:9) (35:13)
**primary** (3:23)
**primoff** (1:25) (3:7) (9:25) (10:4) (10:7) (10:14) (11:3)
  (11:6) (14:17) (15:17) (15:20) (15:23) (16:3) (16:12) (16:15)
  (16:20) (16:25) (17:13) (17:17) (17:23) (18:3) (18:17) (19:4)
  (35:22) (36:3) (36:15) (37:6) (41:18) (43:19) (44:12)
**principal** (15:21) (18:20)
**principles** (26:2)
**priority** (7:5) (7:25)
**pro** (4:17) (19:6) (19:8) (20:9) (22:17) (22:23) (28:3)
  (32:3) (32:4) (32:5) (33:22) (38:24)
**probably** (39:17)
**problem** (5:11) (31:16) (37:26)
**proceed** (44:7)
**produced** (19:20)
**production** (1:11)
**prohibited** (16:11)
**prospered** (31:3)
**protect** (15:26)
**protection** (20:12)
**provide** (8:22) (9:3) (28:22)
**provided** (8:5) (8:19) (8:24) (11:12) (28:18) (38:25)
**provides** (39:5)
**providing** (20:17)
**provision** (20:4) (20:16) (23:21) (28:2) (28:4) (31:25)
  (32:2) (32:4) (32:9) (32:19) (33:3) (33:10) (35:8) (37:12)
  (38:23)
**provisions** (14:7) (14:10) (14:12) (14:23) (24:6) (31:14)
  (32:24) (33:8) (37:26) (39:11) (39:12) (39:14)
**prudential** (11:26)
**purpose** (11:18) (21:4) (21:5) (34:5) (35:5) (35:10) (35:11)
  (35:13) (36:16) (36:17) (37:12)
**purposes** (21:25)
**pursuant** (8:6)
**put** (18:18) (26:10) (30:17)
**putting** (31:11)

**Q**

**qif** (1:14)
**quacks** (42:11)
**question** (9:19) (11:9) (11:17) (26:8) (30:13) (36:16)
**quite** (23:18) (25:25)
**quote** (13:20) (23:10)

**R**

**racking** (35:10)
**raises** (41:14)
**ramos** (1:20)
**ran** (38:12)
**rata** (19:6) (19:8) (20:9) (22:17) (22:23) (28:3) (32:3)
  (32:4) (32:5) (33:22) (38:24)

**rather**

**stages**

52

**rather** (15:12) (20:25)
**read** (5:17) (10:5) (23:22) (25:12) (32:20) (39:11) (39:12)
**reading** (31:14)
**really** (5:21) (16:19) (20:14) (21:19) (23:14) (26:15) (39:24) (40:20)
**reason** (30:22) (33:25) (37:9) (44:2)
**reasonable** (20:21) (21:12) (28:8) (28:24) (35:18) (37:20)
**reasonableness** (21:20) (27:19) (31:8) (31:20)
**reasons** (21:24)
**recall** (5:4) (19:25)
**recalling** (8:18)
**recite** (39:23)
**record** (44:13)
**recover** (7:14)
**reduction** (15:20)
**reference** (28:3)
**refers** (32:14)
**refinancing** (9:21) (20:25) (21:7) (30:15) (35:15)
**regard** (33:18) (43:10)
**regret** (4:20)
**regular** (5:23)
**relates** (18:21)
**release** (15:21)
**relief** (3:17) (29:13) (29:16) (30:10)
**remaining** (14:25)
**repaid** (21:10)
**replacement** (42:3)
**reply** (5:20)
**reporter** (2:24) (44:21)
**represent** (4:23) (24:22) (29:4) (36:3)
**representing** (3:22)
**require** (13:5) (13:6) (14:21) (14:25) (15:6) (15:12) (15:13) (16:26) (24:6) (25:9) (39:10)
**required** (9:23) (13:20) (14:2) (14:5) (15:2) (15:4) (20:3) (20:5) (22:16) (22:23) (23:7) (25:2) (26:3)
**requirement** (25:5) (25:19)
**requires** (14:9) (14:10) (17:3) (23:3)
**requiring** (14:13)
**resolve** (11:9)
**respect** (16:5) (20:12) (33:8) (38:24)
**respond** (44:8)
**responded** (5:19)
**responding** (43:11)
**response** (36:24)
**rest** (23:13)
**restaurants** (36:6)
**restructure** (22:6)
**restructuring** (9:22)
**retail** (1:11)
**retailer** (22:7) (22:8) (29:6)
**return** (28:21) (34:14)
**revised waterfall** (34:8)
**revolver** (10:15) (10:22) (19:13)
**revolvers** (37:8)
**revolving** (9:9) (9:11)
**reward** (34:11)
**richard** (2:20)
**right** (7:7) (9:3) (9:12) (10:18) (11:11) (15:24) (17:9) (17:23) (18:3) (20:11) (31:5) (31:6) (40:2) (40:11) (40:26)
**right -** (40:26)
**rights** (7:14) (31:10) (33:5) (33:18)
**risk** (34:10)
**risks** (26:12)
**robert** (1:25)
**roger** (4:16)
**roman** (14:7) (36:16)
**romanette** (19:5) (36:17) (36:20)
**room** (23:11)
**ropes** (2:6)
**rosenthal** (1:15) (2:19) (9:6) (9:8) (9:15)
**rule** (13:19) (13:21) (13:24) (20:3)
**rules** (24:7) (25:8)

**S**

**sachs** (24:10) (24:19) (24:20) (24:21) (38:11)
**sacred** (20:10)
**said** (14:24) (23:23) (26:19) (26:25) (28:9) (29:14) (29:15)

(29:17) (34:22) (34:24) (36:12)
**sake** (6:19)
**same** (18:24) (23:22)
**satisfies** (21:19)
**save** (5:13) (21:7) (34:11)
**saw** (28:15)
**say** (4:13) (4:14) (4:26) (8:7) (12:5) (16:7) (16:10) (19:14) (19:15) (20:7) (23:26) (29:13) (32:5) (36:21) (37:13) (41:7)
**saying** (15:5) (15:18) (21:15) (23:6) (23:12) (24:17) (30:4) (37:2) (42:16) (44:4)
**says** (19:5) (24:2) (25:4) (25:14) (32:2) (32:6) (33:2) (34:2)
**scholer** (2:12)
**seal** (6:3) (6:4) (6:11)
**second** (7:24) (11:12)
**seconds** (43:3) (43:23)
**section** (12:6) (13:14) (13:24) (22:13) (22:22) (32:11) (39:3) (40:2)
**securities** (25:8)
**see** (10:9) (25:7) (27:4) (28:6) (29:18) (30:13) (30:17) (32:10) (43:17) (43:24)
**seem** (21:17)
**seems** (3:12) (13:18) (20:20) (20:22) (20:23) (23:14) (35:13)
**sell** (22:10)
**senior** (2:24) (44:21)
**sense** (28:12)
**separate** (8:23) (9:6) (18:19) (27:21) (43:2)
**separately** (5:19) (5:20)
**served** (5:11)
**serves** (28:22)
**set** (5:19) (43:17)
**seven** (14:8) (14:12) (14:24)
**shareholder** (24:8)
**shareholders** (22:20)
**sharing** (19:8) (22:17) (22:23)
**shot** (9:19)
**should** (8:10) (16:13) (20:10) (27:25) (35:23) (42:6)
**shouldn't** (35:20)
**shows** (10:18)
**side** (10:10) (10:18) (23:11) (24:22) (37:22) (37:23)
**sidney** (2:17) (3:21)
**silent** (33:6) (33:13) (33:22)
**simple** (6:13)
**simply** (26:22) (37:14) (39:4) (39:12)
**single** (7:20) (25:13) (40:10)
**sir** (6:13)
**sit** (38:2)
**sitting** (37:22) (37:23)
**situation** (25:16) (28:2) (31:22) (34:15) (35:19)
**situations** (31:21)
**six** (14:8)
**sized** (12:26)
**slight** (23:11)
**smaller** (34:13)
**solicit** (25:6) (25:10)
**solicitation** (24:7)
**some** (7:8) (14:4) (20:17) (20:26) (21:10) (21:14) (25:2) (28:10) (30:16) (31:2) (33:16) (39:15)
**somebody** (3:13) (30:24) (35:21)
**somehow** (20:4)
**something** (4:13) (24:8) (26:20) (28:16) (28:21) (29:20) (33:26) (39:6) (39:9)
**sometime** (38:12)
**somewhat** (36:11)
**soon** (43:16)
**sophisticated** (11:23) (26:13) (27:26) (31:11) (38:11)
**sorry** (9:7) (12:12) (15:22) (28:12) (29:24) (31:2) (35:24) (41:12)
**sort** (22:19)
**sought** (3:17) (5:10)
**sounds** (21:21) (27:20) (28:11)
**speaking** (7:22)
**specific** (13:25) (31:25) (32:2) (33:10) (35:4)
**specifically** (20:8) (22:14) (32:16)
**spending** (39:18)
**spent** (41:19)
**stage** (22:2) (38:20)
**stages** (11:5)

stand                                                    trying
                                                              53

stand (38:7)                                        (19:13) (19:21) (25:11) (26:22) (26:24) (27:2) (27:4) (27:21)
standard (27:15)                                    (30:21) (31:26) (34:16) (34:17) (37:16) (38:13) (41:18)
start (8:12) (16:21) (16:22) (43:14)                the waterfall (10:26)
started (5:2)                                       their (5:11) (7:14) (7:26) (11:20) (15:6) (26:19) (28:17)
state (1:2)                                         (31:20) (37:5) (39:10)
stenographic (44:17)                                them (9:2) (14:17) (14:24) (15:9) (16:21) (20:26) (21:2)
stepping (19:25)                                    (21:16) (24:3) (28:22) (31:21) (34:23) (38:9) (43:15)
still (28:25)                                       themselves (37:4)
stop (14:9)                                         there (5:22) (6:8) (8:23) (9:17) (11:14) (12:7) (12:10)
story (29:4)                                        (13:24) (14:20) (14:21) (14:24) (16:7) (17:25) (17:26)
straightforward (11:10) (37:19)                     (18:23) (21:3) (21:18) (22:12) (23:16) (23:18) (23:21) (24:6)
street (1:17) (2:13) (2:16)                         (25:5) (25:8) (25:15) (26:6) (26:17) (28:3) (31:22) (32:19)
subject (33:13) (41:20)                             (33:3) (34:8) (36:19) (36:25) (38:15) (42:4) (43:26)
submit (27:24)                                      thereby (14:12)
subordinate (19:12) (19:14) (19:17) (36:18) (36:22) (37:7)   there's (4:12) (7:8) (9:6) (11:13) (13:23) (18:5) (24:5)
subordinated (7:5) (16:6) (19:16)                   (26:14) (29:10) (31:16) (35:4) (38:19) (40:10) (40:12) (42:26)
subordination (16:8) (18:22) (37:7)                 these (3:16) (7:12) (12:15) (15:14) (16:18) (21:21) (21:22)
subsections (14:16) (16:18)                         (23:13) (26:10) (31:7) (31:17) (33:12) (39:11)
such (23:16)                                        they (5:11) (5:19) (5:20) (6:18) (8:18) (8:22) (8:24) (9:3)
suffer (35:17)                                      (9:9) (9:11) (9:12) (9:14) (10:19) (12:5) (12:16) (12:17)
sufficient (14:3) (20:3)                            (13:24) (14:15) (14:20) (14:22) (15:3) (15:4) (15:5) (15:8)
suggesting (11:22) (20:4)                           (15:12) (15:13) (16:6) (17:7) (18:23) (19:11) (19:13) (19:14)
suggests (35:5)                                     (20:11) (22:10) (22:13) (22:14) (23:4) (23:6) (26:12) (26:13)
summary (25:21)                                     (26:24) (26:25) (27:2) (28:15) (29:14) (30:15) (31:4) (32:9)
supply (13:12)                                      (32:10) (32:11) (32:12) (32:13) (32:15) (32:17) (32:22)
supposed (7:8)                                      (32:23) (32:24) (33:17) (34:24) (34:26) (36:12) (36:24)
supreme (1:2)                                       (37:2) (37:4) (37:7) (38:8) (38:12) (38:13) (39:2) (39:3)
sure (4:20) (7:6) (7:9) (10:3) (42:23)              (39:14) (39:16) (41:7) (42:6) (42:8) (42:14) (42:22)
survive (21:10) (24:23)                             they're (6:14) (15:5) (21:9) (26:18) (38:17) (38:18)
                                                    they've (41:16)
                    T                               thing (28:24) (34:4) (38:12)
table (37:22) (37:24)                               things (6:6) (31:17)
take (14:14) (18:10) (19:19) (21:25) (25:6) (26:4) (34:9)   think (5:16) (6:2) (6:9) (8:13) (8:17) (9:5) (9:20) (9:26)
(40:7) (43:3) (43:13)                               (15:3) (16:24) (21:18) (23:2) (23:3) (23:18) (28:5) (28:8)
taken (22:19)                                       (31:13) (37:18) (38:5) (38:13) (38:19) (39:24) (43:2) (44:5)
takes (17:20)                                       this (3:12) (3:25) (4:2) (4:18) (5:2) (6:13) (6:17) (6:25)
taking (34:10)                                      (7:14) (7:23) (9:19) (9:21) (10:2) (10:16) (11:4) (11:9)
talk (7:18) (7:20) (32:4) (33:8) (39:15)            (13:4) (13:7) (16:2) (16:8) (17:20) (19:26) (20:4) (20:10)
talking (7:7) (24:12) (27:14) (27:26)               (20:15) (20:16) (20:17) (20:23) (20:25) (21:4) (21:10)
talks (7:2) (25:13) (41:24)                         (21:13) (21:19) (21:25) (22:2) (22:19) (23:4) (23:22) (24:3)
telephone (12:26)                                   (24:9) (24:12) (24:25) (25:20) (25:21) (25:24) (26:13)
tell (3:15) (21:15) (35:20) (35:22)                 (26:26) (27:4) (27:20) (27:23) (27:24) (28:2) (28:6) (28:7)
telling (9:2) (20:23) (29:19)                       (28:26) (29:9) (29:12) (29:26) (30:8) (30:10) (31:23) (31:26)
ten (13:25) (14:4) (14:24) (14:26) (15:14) (19:26)  (33:14) (33:21) (33:23) (34:2) (34:10) (34:11) (34:19)
term (1:2) (7:19) (7:25) (7:26) (8:15) (8:16) (8:18) (8:22)  (34:22) (35:2) (35:9) (35:11) (35:18) (35:19) (35:21) (36:7)
(9:10) (9:23) (10:10) (10:21) (10:24) (13:21) (16:8) (17:4)  (37:22) (38:9) (38:20) (39:8) (39:10) (39:23) (39:25) (40:5)
(17:16) (17:17) (18:8) (18:21) (18:22) (19:12) (19:14)  (40:6) (40:19) (41:5) (41:9) (41:20) (42:2) (42:13) (43:5)
(20:24) (21:6) (23:24) (36:18) (36:21) (37:3) (37:8) (39:22)  (44:16)
(40:10) (41:2) (42:14)                              those (5:16) (14:2) (14:16) (14:22) (15:9) (15:25) (16:15)
termed (8:10)                                       (19:7) (19:22) (19:23) (39:17)
terms (7:5) (7:13) (9:13) (10:25) (18:8) (19:15) (19:22)  thought (9:2) (20:9) (32:26) (34:3) (41:14)
(19:24) (21:22) (28:6) (41:25)                      thoughts (38:4)
test (42:10)                                        three (11:5) (14:10) (14:23) (14:26)
than (36:5) (38:19)                                 through (7:18) (9:15) (10:2) (16:21) (21:20) (22:15)
thank (5:25) (6:15) (11:7) (22:11) (43:19) (43:20) (43:21)  (27:18) (31:7) (41:20)
(43:22) (44:11) (44:12)                             throughout (32:11)
that (4:15) (4:25) (5:8) (5:9) (5:11) (6:2) (6:3) (6:6) (6:8)  time (3:13) (5:13)
(6:9) (7:4) (7:8) (7:10) (8:5) (8:25) (9:4) (9:15) (9:20)  today (3:23) (33:23)
(9:24) (10:12) (11:2) (11:18) (11:20) (12:2) (13:19) (13:21)  today's (11:21)
(13:23) (14:5) (14:12) (14:20) (14:22) (15:3) (15:5) (15:6)  together (21:15) (26:10) (28:10) (30:17) (37:15)
(15:10) (15:25) (16:7) (17:2) (17:17) (17:19) (17:20) (18:10)  told (30:8)
(18:11) (18:19) (18:21) (18:25) (19:2) (19:8) (19:11) (20:3)  too (28:6)
(20:5) (20:8) (20:17) (20:20) (20:23) (21:9) (21:11) (22:22)  took (26:12)
(22:26) (23:26) (24:2) (24:6) (24:26) (25:4) (25:9) (25:13)  tool (22:5)
(25:14) (25:18) (25:19) (26:4) (26:13) (26:18) (27:24) (28:6)  tools (22:5)
(28:11) (28:14) (28:21) (28:22) (28:23) (28:24) (29:15)  top (10:20)
(30:8) (30:9) (30:13) (30:14) (30:16) (30:18) (30:20) (30:23)  tort (27:21)
(30:26) (31:2) (31:3) (31:4) (31:19) (32:2) (32:6) (32:10)  total (10:16) (10:22)
(32:23) (33:4) (33:8) (33:10) (33:13) (33:17) (34:2) (34:3)  totals (14:12)
(34:4) (34:19) (34:21) (34:23) (34:24) (35:3) (35:5) (35:14)  transaction (8:4) (9:16) (20:15) (33:24)
(36:19) (36:20) (36:24) (36:25) (37:10) (37:14)  transcription (44:17)
(37:15) (37:21) (37:23) (37:26) (38:5) (38:8) (38:9) (38:23)  transfer (6:24) (39:19)
(38:24) (39:2) (39:5) (39:9) (39:12) (39:14) (39:16) (39:20)  tro (5:6)
(40:10) (40:11) (41:7) (41:15) (42:4) (42:9) (42:16) (43:11)  true (9:24) (11:15) (26:22) (26:24) (30:5) (44:16)
(44:4) (44:9)                                       trust (1:11) (2:13) (6:18)
that's (7:17) (7:21) (8:6) (8:13) (9:5) (9:21) (11:6)  try (22:5) (26:11)
(11:12) (12:8) (12:22) (13:21) (14:8) (14:19) (15:7) (18:4)  trying (22:18) (24:23) (29:25) (30:23)

turn
you're
54

**turn** (12:6) (25:20) (31:17)
**turns** (11:21)
**tweed** (24:11)
**two** (5:14) (5:24) (14:20) (14:21) (15:8) (15:10) (15:20) (15:23) (15:24) (15:25) (16:14) (32:23) (37:25) (39:16) (40:15) (41:8) (41:16) (43:3)

## U

**uh-oh** (29:15)
**unambiguous** (11:16)
**unanimous** (15:4)
**under** (7:9) (7:12) (7:23) (11:11) (11:12) (13:19) (16:8) (16:10) (26:2) (30:6) (32:5) (39:23) (39:26) (40:17)
**underbrush** (4:25)
**undermined** (21:14)
**understand** (6:25) (18:2) (20:15) (41:6) (44:3)
**understood** (31:18)
**undisputed** (9:5)
**unethical** (23:14) (26:26) (34:22)
**unfairness** (7:15)
**unique** (31:26)
**unless** (4:13)
**unnecessary** (26:4)
**unreasonable** (31:24)
**until** (43:12)
**updated** (42:7)
**upside** (10:5)
**up-to-date** (4:25)
**use** (21:22)
**used** (19:22) (20:24) (34:6)
**usually** (33:12)

## V

**valid** (38:9) (38:13)
**valuations** (6:6)
**value** (31:11)
**varies** (14:5)
**variety** (21:24)
**various** (7:12) (22:15) (33:5) (42:24)
**version** (12:8) (12:13) (12:14)
**versions** (12:7) (12:11) (12:12) (12:15)
**very** (8:3) (8:13) (19:7) (21:17) (28:17) (31:25) (31:26) (37:19) (41:20) (44:11)
**vesey** (2:16)
**vice** (4:17)
**view** (18:11) (20:7)
**violation** (41:16)
**vote** (9:12) (17:20) (20:13) (22:19) (25:6) (37:9) (37:11)
**votes** (25:7)
**voting** (7:11) (17:21)

## W

**wait** (34:12)
**walks** (42:10)
**want** (3:16) (4:13) (16:17) (16:19) (16:23) (19:11) (26:25) (30:13) (32:25) (36:5) (37:14) (42:21) (42:22) (42:23) (44:5)
**wanted** (4:14) (32:10) (32:11) (39:2)
**wants** (38:3)
**wardwell** (2:9)
**wasn't** (11:22) (26:17) (28:14) (31:5) (31:6) (31:22) (41:2)
**waterfall** (10:26) (11:4) (16:2)
**way** (19:22) (20:17) (20:24) (20:26) (24:20) (28:14) (31:4) (32:3) (32:17) (32:22) (33:4) (34:6) (35:12) (35:14) (39:8)
**week** (5:21)
**welcome** (4:21)
**well** (12:14) (12:15) (14:19) (16:20) (18:17) (31:13) (31:23) (35:19) (38:18) (39:19) (40:26) (41:7)
**we'll** (7:18)
**went** (22:14) (25:24)
**were** (5:4) (14:24) (22:13) (24:11) (26:24) (29:11) (30:13) (30:23) (42:17)
**we're** (4:25) (5:23) (7:7) (19:14) (19:15) (19:17) (19:26) (20:11) (21:16) (23:12) (24:3) (24:12) (27:25) (27:26) (29:16) (34:14) (36:21)
**weren't** (36:13)
**west** (2:13) (11:26)
**we've** (5:23) (6:20) (25:23) (34:15) (42:9)

**you're** (7:16) (22:21) (38:2) (42:21)
**whatever** (7:16) (22:21) (38:2) (42:21)
**what's** (3:17) (19:3) (21:2) (41:23)
**when** (8:7) (10:17) (23:22) (25:16) (25:24) (31:12)
**where** (15:17) (16:5) (16:17) (28:2) (28:4) (31:21) (31:23) (33:16) (40:23)
**where's** (41:3)
**whether** (11:16) (17:20) (19:12) (20:10) (22:20)
**which** (5:22) (6:5) (11:10) (11:22) (12:6) (12:20) (14:26) (15:11) (15:14) (16:18) (18:8) (21:20) (28:22) (31:12) (32:13) (35:17) (38:6) (43:2)
**who** (3:18) (8:9) (8:19)
**whole** (20:15) (41:21)
**whose** (7:4)
**will** (4:20) (6:18) (7:20) (10:2) (10:5) (10:8) (15:9) (16:22) (17:10) (22:5) (39:20) (43:3) (43:4) (44:7) (44:9)
**wilmington** (1:11) (2:13)
**win** (26:14)
**windfall** (37:23)
**with** (5:2) (5:11) (6:5) (6:18) (8:12) (10:18) (12:13) (13:9) (15:3) (16:5) (16:21) (16:22) (17:11) (20:12) (20:16) (23:13) (25:16) (30:22) (33:8) (33:18) (35:16) (37:11) (37:26) (38:23) (38:25) (39:6) (43:10) (43:14)
**within** (13:26) (14:15) (15:5) (39:3) (40:13)
**without** (9:2) (19:8) (20:26) (22:24) (26:18) (28:16) (28:26) (34:19)
**wolff** (2:3)
**wonder** (22:9)
**wondering** (33:15)
**words** (19:5) (19:7) (21:3) (23:22) (34:4) (35:15) (36:22)
**working** (13:12)
**worth** (19:25) (39:17)
**would** (12:10) (20:5) (21:5) (21:23) (22:22) (23:9) (25:18) (26:8) (27:15) (27:24) (28:12) (28:21) (30:5) (30:13) (30:15) (30:16) (30:18) (31:3) (31:17) (33:23) (34:9) (37:26) (40:25) (41:6) (42:4)
**wouldn't** (33:24) (33:25) (33:26)
**write** (6:12) (32:9) (39:2) (43:4) (44:4) (44:5)
**writing** (12:5)
**written** (12:4) (22:24) (22:25) (23:3) (23:5) (23:7) (24:2) (27:10) (32:13) (32:17) (32:23) (44:6)
**wrote** (34:3)

## —

-------------------------------------x (1:3)

## Y

**yeah** (31:4)
**yellow** (10:21)
**yes** (4:3) (6:7) (7:22) (8:26) (9:25) (11:3) (15:8) (15:19) (16:12) (22:8) (36:2)
**yet** (6:10) (27:6) (44:9)
**york** (1:2) (1:18) (1:24) (2:4) (2:8) (2:11) (2:14) (2:17) (2:20) (4:21)
**you** (3:15) (4:13) (4:25) (5:4) (5:5) (5:25) (6:15) (8:3) (8:7) (8:8) (8:25) (10:9) (11:7) (13:6) (13:9) (13:12) (13:15) (15:25) (16:10) (16:17) (16:18) (16:24) (17:6) (17:11) (18:16) (20:14) (20:18) (21:7) (22:4) (22:11) (22:21) (23:8) (23:9) (23:10) (23:22) (23:23) (24:3) (24:6) (24:7) (24:17) (24:26) (25:4) (25:7) (25:19) (26:4) (27:15) (27:22) (30:9) (30:12) (30:14) (30:16) (30:17) (30:22) (30:23) (31:5) (31:11) (31:13) (32:2) (32:7) (33:10) (33:16) (34:12) (34:13) (34:19) (35:22) (36:4) (36:5) (36:17) (36:22) (37:9) (37:26) (38:11) (39:7) (40:14) (40:25) (42:16) (43:11) (43:15) (43:16) (43:19) (43:20) (43:21) (43:22) (43:24) (44:7) (44:8) (44:11) (44:12)
**you'll** (13:7)
**your** (3:3) (3:4) (3:5) (3:6) (3:7) (3:8) (3:9) (3:10) (3:11) (3:19) (3:23) (4:14) (4:22) (5:13) (6:7) (6:13) (6:15) (6:19) (7:17) (7:22) (8:7) (8:8) (9:22) (9:25) (11:8) (11:25) (12:2) (13:9) (14:20) (15:15) (15:25) (15:26) (16:3) (16:24) (17:14) (18:4) (18:26) (19:4) (19:21) (21:23) (23:2) (23:15) (23:21) (25:12) (26:2) (27:7) (27:16) (29:3) (29:7) (30:7) (30:26) (31:18) (33:20) (34:13) (34:14) (35:5) (35:23) (36:8) (36:15) (37:16) (38:2) (38:5) (38:21) (40:20) (40:21) (40:25) (40:26) (41:4) (41:6) (41:12) (41:18) (42:13) (42:16) (42:26) (43:8) (43:15) (43:19) (43:20) (43:21) (43:23) (43:25) (44:12)
**you're** (9:20) (15:18) (17:15) (20:18) (20:19) (22:26)

Case 23-09001   Document 91-41   Filed in TxSB on 03/17/23   Page 56 of 56

(24:24) (25:16) (27:22) (29:3) (29:6) (29:19) (30:3) (34:10)
(35:16) (37:2) (43:14) (44:3)