IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Debtors, | Chapter 11<br><br>Case No. 23-90020 (DRJ)<br>(Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>AG CENTRE STREET PARTNERSHIP L.P., et al.,<br><br>Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs,<br><br>v.<br><br>AGF FLOATING RATE INCOME FUND, et al.,<br><br>Third-Party Defendants. | Adversary Proc. No. 23-09001 (DRJ) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE EXCLUDED LENDERS TO FILE UNDER SEAL PORTIONS OF THEIR MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND CERTAIN EXHIBITS THERETO**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Defendants and counterclaim/third-party plaintiffs AG Centre Street Partnership L.P., AG

Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L),

L.P., Silver Oak Capital, L.L.C., Ascribe III Investments, LLC, Cent CLO 21 Limited, Columbia

1

13634890

Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II, Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, North Star Debt Holdings, L.P., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., and Z Capital Credit Partners CLO 2019-1 Ltd. (collectively, the "Excluded Lenders"), by and through its undersigned counsel, files this *Motion for Entry of an Order Authorizing the Excluded Lenders to File Under Seal Portions of Their Memorandum of Law in Opposition to Plaintiffs' Motions for Partial Summary Judgment and Certain Exhibits Thereto* (the "Motion to Seal").  In support of this Motion, the Excluded Lenders respectfully state as follows:

### RELIEF REQUESTED

1. Pursuant to Bankruptcy Code section 107(b), Federal Rule of Bankruptcy Procedure 9018, and Bankruptcy Local Rule 9037-1, the Excluded Lenders request that the Court enter an order to file under seal the following which have been designated as confidential: portions of the Excluded Lenders' Memorandum of Law in Opposition to Plaintiffs' Motions for Partial Summary Judgment (the "Opposition"); Exhibits S and T to the Opposition; portions of the Expert Report of Marti P. Murray (the "Murray Report"), which is annexed to the declaration of Marti P. Murray (the "Murray Declaration"); portions of the Declaration of Daniel Ryan dated March 16, 2023 (the "Ryan Decl."); Exhibit 1 to the Ryan Declaration;  portions of the Declaration of Ryan Mollett dated March 16, 2023 (the "Mollett Decl."); portions of the Declaration of Theodore Kwon dated March 16, 2023 (the "Kwon Decl."); Exhibits 1–8 to the Kwon Declaration; portions of the Declaration of Michael Hanigan dated March 16, 2023 (the "Hanigan Decl."); Exhibits 1–8 to the

13634890

Hanigan Declaration; portions of the Declaration of Erik Kreutzer dated March 16, 2023 (the "Kreutzer Decl."); and Exhibits 1–2 to the Kreuzter Declaration (collectively, the "Designated Materials"). The Excluded Lenders propose providing unsealed copies of these materials on a confidential basis to: (a) the Court, (b) the Plaintiffs, and (c) any other party as may be ordered by the Court.

## BACKGROUND

2. On January 24, 2023, Debtor Serta Simmons Bedding, LLC ("Serta"), Barings LLC ("Barings"), Credit Suisse Asset Management, LLC ("Credit Suisse"), and Invesco Senior Secured Management, Inc. ("Invesco") filed this adversary proceeding [Docket No. 1].

3. On February 14, 2023, Debtor Serta Simmons Bedding, LLC ("Serta"), along with Barings LLC ("Barings"), Boston Management and Research ("Boston Management"), Credit Suisse Asset Management, LLC ("Credit Suisse"), Eaton Vance Management ("Eaton Vance"), and Invesco Senior Secured Management, Inc. ("Invesco") (Barings, Boston Management, Credit Suisse, Eaton Vance, and Invesco, together the "Preferred Lenders," and together with Serta, the "Plaintiffs"), filed an Amended Complaint in this adversary proceeding [Docket No. 38].

4. On February 24, 2023, Serta filed its Motion for Summary Judgment (the "Serta Motion") [Docket No. 69], and the Preferred Lenders filed their Motion for Summary Judgment [Docket No. 73]. On March 15, 2023, the Preferred Lenders filed their Amended Motion for Summary Judgment (the "Preferred Lenders Motion") [Docket No. 77].

5. On March 3, 2023, this Court entered the Protective Order.

6. The Protective Order provides that a party producing any Discovery Material in this Litigation may designate such material as "Confidential." Protective Order ¶ 4.2. Confidential Information is defined as follows: "All Discovery Material that has not been publicly disclosed

3

13634890

and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information, including a Party's customers, supplies, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information." Protective Order ¶ 1.3.  Persons in possession of Confidential materials, other than the Designating Party, may not disclose those Confidential materials to any person other than those enumerated in the Protective Order.  Protective Order ¶ 5.2.

7.     The Excluded Lenders are on this day submitting the Opposition and various materials in support, including Exhibits to the Opposition, the Murray Declaration, which annexes the Murray Report, the Ryan Declaration and Exhibits, the Mollett Declaration, the Kwon Declaration and Exhibits, the Hanigan Declaration and Exhibits, and the Kreutzer Declaration and Exhibits.  These submissions include the Designated Materials.

8.     The Excluded Lenders have received limited Discovery Materials from Plaintiffs. Certain of these Discovery Materials produced by Plaintiffs have been designated as Confidential under the Protective Order.  The Designated Materials include, describe, or quote Confidential documents produced by Plaintiffs.  Additionally, certain of the declarations themselves have been marked as Confidential.

9.     The Designated Materials have been filed under seal.  Certain Designated Materials—namely, the Opposition, the Murray Declaration, which annexes the Murray Report, the Ryan Declaration, the Mollett Declaration, the Kwon Declaration, the Hanigan Declaration, and the Kreutzer Declaration—have been filed publicly with redactions, to remove Confidential information within them.

10. The Excluded Lenders have provided complete, unredacted versions of the Designated Materials to counsel for the Plaintiffs, pending the Court's disposition of this Motion to Seal.

## BASIS FOR RELIEF

11. Bankruptcy Code section 105(a) codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

12. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b), providing, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Additionally, Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

13. Here, Plaintiffs have taken the position that the produced documents marked "Confidential" contain confidential information. The Excluded Lenders, therefore, submit that good cause exists to authorize the Excluded Lenders to file the Designated Materials under seal.

13634890

14. No previous request for the relief sought herein has been made by the Excluded Lenders to this or any other court.

## **RESERVATION OF RIGHTS**

15. The Excluded Lenders reserve the right to challenge any assertion that the documents at issue actually constitute confidential information at a later date.

[*Remainder of Page Intentionally Left Blank*]

13634890

**WHEREFORE**, for the reasons set forth herein, the Excluded Lenders respectfully request that the Court enter the Proposed Order granting the relief requested herein and provide such other and further relief as the Court deems just, proper, and equitable.

Houston, Texas
Dated: March 17, 2023

By: /s/ M. Shane Johnson

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*Attorneys for the Excluded Lenders*

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

7

13634890

*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*

-and-

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*

*\*admitted pro hac vice*

## CERTIFICATE OF SERVICE

    I certify that on March 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    */s/ M. Shane Johnson*
    M. Shane Johnson

8

13634890