# Exhibit 30

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, et al., | Case No. 23-90020 (DRJ) |
| Debtors. | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al., | |
| Plaintiffs and Counterclaim Defendants, | Adversary Proc. No. 23-09001 (DRJ) |
| v. | |
| AG CENTRE STREET PARTNERSHIP L.P., et al., | |
| Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs, | |
| v. | |
| AGF FLOATING RATE INCOME FUND, et al., | |
| Third-Party Defendants. | |

**OBJECTIONS AND RESPONSES OF DEFENDANT GAMUT CAPITAL SSB, LLC TO PLAINTIFFS' JOINT FIRST SET OF REQUESTS FOR ADMISSION TO CERTAIN DEFENDANTS**

Pursuant to Rules 9014, 7026, and 7036 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 36 of the Federal Rules of Civil Procedure, and the corresponding Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), defendant Gamut Capital SSB, LLC ("Gamut"), by and through its undersigned attorneys, makes the following responses and objections (each, a "Response and Objection," and together, the "Responses and Objections") to the Joint First Set of Requests for Admission to Certain Defendants of adversary plaintiffs Serta Simmons Bedding, LLC, Invesco Senior Secured Management Inc., Credit Suisse Asset Management, LLC, Boston Research

Management, Eaton Vance Management, and Barings, LLC's, (together, "Plaintiffs") dated February 10, 2023 (each, a "Request for Admission," and together, the "Requests for Admission").[1]

## **GENERAL OBJECTIONS**[2]

1. Gamut objects to each Definition, Instruction, and Request for Admission to the extent that it imposes burdens and requirements upon Gamut that exceed or differ from those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, including Rules 26 and 36, the Local Rules, and/or any other applicable rules or Orders of this Court. Gamut will respond to the Requests for Admission in accordance with the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rules or Orders of this Court.

2. Gamut objects to the Requests for Admission to the extent that they call for information that is protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable privilege, protection or doctrine. Where information contains material that is confidential, privileged, or otherwise protected from disclosure, Gamut will produce only those portions of the information that is not confidential, privileged or otherwise protected from disclosure. In the event any privileged or otherwise protected information is revealed, such production is inadvertent and does not constitute a waiver of any applicable privilege, protection, or doctrine.

---

[1] Although Plaintiffs Boston Management and Research and Eaton Vance Management were not parties to this Action at the time the Requests for Admission were served, North Star deems the within Responses and Objections to apply to all Plaintiffs named in the Amended Complaint dated Feb. 14, 2023, Adv. Proc. ECF 38 ("Amended Complaint").

[2] Capitalized, undefined terms herein shall have the meanings used in the Requests for Admission.

2

3. Gamut's Responses and Objections to the Requests for Admission are not intended to be, and shall not be construed as, an agreement or concurrence by Gamut with the Plaintiffs' characterizations of any facts, circumstances, and/or legal obligations. Gamut reserves the right to contest any such characterizations as inaccurate.

4. Gamut objects to the Requests for Admission to the extent that they contain undefined or other terminology that is vague, ambiguous, or colloquial, insofar as such terminology does not permit Gamut to ascertain the content of the Request for Admission, rendering the Request for Admission unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Gamut will nonetheless make a good faith effort to interpret and respond to the Requests for Admission subject to the limitations stated herein.

5. Gamut objects to each Instruction, General Definition, and Request for Admission to the extent that it seeks information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, trade secrets, or other confidential or proprietary research, development, commercial, or business information ("Confidential Information"). To the extent Gamut's Responses and Objections to the Requests for Admission contain Confidential Information, as defined in the Stipulated Protective Order executed by the parties in this Action and so-ordered by the Court on March 3, 2023, Adv. Proc. ECF 74 (the "Protective Order"), Gamut's Responses are subject to the terms of the Protective Order.

6. These Responses and Objections are made solely for the purposes of this Action. Gamut provides these Responses and Objections without waiver of, or prejudice to, but, on the contrary, preserving and intending to preserve, its right, at any later time, to raise objections to (a) any further demand or discovery involving or relating to the matters raised in

the Requests for Admission, or (b) the competence, relevance, materiality, privilege, or admissibility, on any grounds, at any time, of (i) the Requests for Admission or any part thereof, and/or (ii) statements made in these Responses to the Requests for Admission or any part thereof, for any purpose whatsoever.

7. Gamut objects to the Requests for Admission to the extent they are premature. Gamut has not completed its discovery and preparation in this matter, and Gamut's investigation of this matter is ongoing. Gamut's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Gamut. Further investigation and discovery may result in the identification of additional information, and Gamut reserves the right to modify its Responses. Gamut's Responses and Objections should not be construed to prejudice Gamut's right to conduct further investigation in this matter, or to limit Gamut's use of any additional evidence that may be developed. Gamut reserves the right to supplement, amend, or correct all or any parts of any response provided herein, and reserves the right to object to the admissibility of all or any part of the Responses and Objections and information provided herein.

8. Gamut reserves the right to complete its investigation and discovery of the facts, and to rely in motion practice, at trial or in other proceedings upon information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in evidence. Gamut further reserves the right to supplement or amend its Responses and Objections to reflect newly discovered information.

9. Gamut has responded to these Requests for Admission as it interprets and understands them. If the Plaintiffs subsequently assert an interpretation of any Request for

Admission or response that differs from Gamut's understanding, Gamut reserves the right to supplement or amend its Responses and Objections.

10. Gamut expressly states that these Responses and Objections and/or Gamut's provision of information in response to the Requests for Admission: (i) are without prejudice to any relief requested by Gamut in connection with the Amended Complaint in this Action, or any other action; and (ii) will not function as a waiver of any kind of Gamut's rights in this or any other proceeding.

11. All of the General Objections set forth above are incorporated in each of the specific responses to the individual Requests for Admission set forth below and have the same force and effect as if fully set forth below.  Where a General Objection is repeated or referred to in a specific response, it is for emphasis only.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

12. Gamut further objects to the Definitions, individually and collectively, and to any Definition, Instruction or Request that incorporates the Definitions to the extent that they are overly broad, unduly burdensome, vague and ambiguous.

13. Gamut objects to the Definitions, individually and collectively, and to any Definition, Instruction, or Request that incorporates the Definitions, to the extent that they purport to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Applicable Rules.

14. Gamut objects to Definitions 7 ("Gamut") and 12 ("North Star") on the grounds that the phrase "affiliates, subsidiaries, and sponsors, collectively" as used therein is vague and ambiguous.  Gamut further objects to these Definitions as they are overbroad, vague, and unduly burdensome to the extent they purport to include entities that are not parties to this

litigation. Subject to, and without waiver of, these objections, Gamut will interpret the phrase "Gamut" to refer to Defendant Gamut Capital SSB, LLC and will interpret the phrase "North Star" to refer to Defendant North Star Debt Holdings, L.P.

15. Gamut objects to Definition 19 ("You" and "Your") on the grounds and to the extent that it incorporates Plaintiff's proposed definitions of "Gamut" and "North Star." Gamut further objects to Definition 19 on the grounds that the phrase "anyone else acting on their behalf" as used therein is vague, ambiguous, overbroad, and unduly burdensome and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of this Action to the extent that they purport to include entities or people not named as parties in this Action. Gamut furthers object to Definition 19 to the extent that it purports to impose on Gamut burdens and obligations that exceed those imposed by the Applicable Rules, including, without limitation, by purporting to call for information outside of Gamut's possession, custody or control. Subject to, and without waiver of, these objections, in responding to the Requests, Defendants will construe the terms "You" and "Your" to refer to the Defendants.

16. Gamut objects to Instruction Nos. 5, 7, 8, and 11 to the extent that they purport to impose requirements or obligations on Gamut beyond the scope of, or different from, those imposed by the Protective Order, Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rules or Orders of this Court. Gamut will provide information responsive to the Interrogatories in a manner consistent with the Protective Order, applicable Federal Rule of Civil Procedure, the Local Rules, and/or any other applicable rules or Orders of this Court.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Request No. 1:** Admit that the Alternative Transaction You proposed to Serta Simmons Bedding would not have involved utilization of a Dutch Auction as that term is defined in the Non-PTL Term Loan Agreement.

Response to Request No. 1:

Gamut incorporates the foregoing General Objections as if fully set forth herein. Gamut objects to this Request on the grounds that it is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about debt transactions other than the Transaction.

Subject to and without waiving the foregoing General and Specific Objections, Gamut admits that, as of the time Serta Simmons Bedding cut off discussions, none of the various options considered for the unconsummated Alternative Transaction discussed among Gamut, Apollo, Angelo Gordon, and Serta Simmons Bedding had until that point involved utilization of a Dutch Auction as that term is defined in the Non-PTL Term Loan Agreement.

**Request No. 2:** Admit that the Alternative Transaction You proposed to Serta Simmons Bedding would have involved an open-market purchase of some of Your existing First Lien Term Loans pursuant to section 9.05(g) of the Non-PTL Term Loan Agreement and/or Second Lien Term Loans pursuant to section 9.05(g) of the Second Lien Term Loan Agreement.

Response to Request No. 2:

Gamut incorporates the foregoing General Objections as if fully set forth herein. Gamut further objects to this Request on the grounds that it is compound, and thus is vague and ambiguous. Gamut objects to this Request on the grounds that it is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about debt transactions other than the Transaction.

Subject to and without waiving the foregoing General and Specific Objections, Gamut admits that various options considered for the unconsummated Alternative Transaction

7

discussed among Angelo Gordon, Apollo, Gamut, and Serta Simmons Bedding may have relied on section 9.05(g) of the Non-PTL Term Loan Agreement and/or section 9.05(g) of the Second Lien Term Loan Agreement, although such a potential transaction was under preliminary discussion, and subject to further legal documentation.

**Request No. 3:** Admit that the Alternative Transaction You proposed to Serta Simmons Bedding was permitted under the Non-PTL Term Loan Agreement.

Response to Request No. 3:

Gamut incorporates the foregoing General Objections as if fully set forth herein. Gamut objects to this Request on the grounds that it is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about debt transactions other than the Transaction. Gamut further objects to this Request as it seeks an admission as to its belief about a legal conclusion which Gamut only could have held as a result of communications with its counsel. Admitting or denying this Request would necessarily reveal the contents of those privileged communications with counsel, as well as the substance of its counsel's attorney work product. Gamut thus declines to answer this Request on privilege grounds. *See In re Hardwood P-G, Inc.*, 403 B.R. 445, 469-72 (Bankr. W.D. Tex. 2009).

**Request No. 4:** Admit that You believed at the time You proposed the Alternative Transaction to Serta Simmons Bedding that it was permitted under the Non-PTL Term Loan Agreement.

Response to Request No. 4:

Gamut incorporates the foregoing General Objections as if fully set forth herein. Gamut objects to this Request on the grounds that it is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about debt transactions other than the Transaction. Gamut further objects to this

Request as it seeks an admission as to its belief about a legal conclusion, which Gamut only could have held as a result of communications with its counsel.  Admitting or denying this Request would necessarily reveal the contents of those privileged communications with counsel, as well as the substance of its counsel's attorney work product.   Gamut thus declines to answer this Request on privilege grounds.  *See In re Hardwood P-G, Inc*., 403 B.R. at 469-72.

**Request No. 5:**  **Admit that You believed at the time you proposed the Alternative Transaction to Serta Simmons Bedding that it would not have violated the implied covenant of good faith and fair dealing.**

Response to Request No. 5:

Gamut incorporates the foregoing General Objections as if fully set forth herein. Gamut objects to this Request on the grounds that it is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about debt transactions other than the Transaction.  Gamut further objects to this Request as it seeks an admission as to its belief about a legal conclusion, which Gamut only could have held as a result of communications with its counsel.  Admitting or denying this Request would necessarily reveal the contents of those privileged communications with counsel, as well as the substance of its counsel's attorney work product.   Gamut thus declines to answer this Request on privilege grounds.  *See In re Hardwood P-G, Inc*., 403 B.R. at 469-72.

**Request No. 6:**  **Admit that You believed you acted in good faith in proposing the Alternative Transaction.**

Response to Request No. 6:

Gamut incorporates the foregoing General Objections as if fully set forth herein. Gamut objects to this Request on the grounds that it is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about debt transactions other than the Transaction.  Gamut further objects to this

9

Request to the extent it seeks an admission as to a legal matter, as opposed to the truth of a matter relating to facts, the application of law to fact, or opinions about either, and thus exceeds the scope of Rule 36(a)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing General and Specific Objections, Gamut admits that at all times it acted in good faith when negotiating the unconsummated Alternative Transaction with Apollo, Angelo Gordon, and Serta Simmons Bedding.

Dated: New York, New York
March 13, 2023

FRIEDMAN KAPLAN SEILER
 ADELMAN & ROBBINS LLP

*s/ Jamuna D. Kelley*
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON LLP
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

10

PORTER HEDGES LLP
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*admitted pro hac vice

Attorneys for Gamut Capital SSB, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2023, I caused to be served true and correct copies of the foregoing Responses and Objections of Gamut Capital SSB, LLC to Plaintiffs' Joint First Requests for Admission to Certain Defendants via electronic mail and overnight Federal Express delivery service upon:

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel: (713) 546-5040
Email: Gabriel.Morgan@weil.com
Stephanie.Morrison@weil.com

David J. Lender*
Luna Barrington*
Richard Gage*
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Email: david.lender@weil.com
luna.barrington@weil.com
richard.gage@weil.com

*Attorneys for Debtor and Plaintiff Serta Simmons Bedding, LLC*

GIBSON, DUNN & CRUTCHER LLP
Gregg J. Costa (24028160)
811 Main Street, Suite 3000
Houston, TX 77002
Tel: (346) 718-6600
Email: gcosta@gibsondunn.com

Orin Snyder*
Jennifer L. Conn*
Amanda M. Aycock*
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Email: osnyder@gibsondunn.com
jconn@gibsondunn.com
aaycock@gibsondunn.com

*Attorneys for Plaintiffs Invesco Senior Secured Management, Inc., Barings, LLC, Credit Suisse Asset Management, LLC, Eaton Vance Management, and Boston Management and Research*

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Madlyn Gleich Primoff (*pro hac vice* forthcoming)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Email: madlyn.primoff@freshfields.com

HOLWELL SHUSTER & GOLDBERG LLP
Michael Shuster*
Neil R. Lieberman*
Brian T. Goldman*
Vincent Levy*
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5168
Email: mshuster@hsgllp.com
nlieberman@hsgllp.com

12

*Attorneys for Barings LLC*

MCKOOL SMITH P.C.
John J. Sparacino
S. Margie Venus
600 Travis Street
Suite 7000
Houston, TX  77002
Tel: (713) 485-7306
Email:  jsparacino@mckoolsmith.com
             mvenus@mckoolsmith.com

*Attorneys for LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., and LCM 28 LTD*

Dated:  New York, New York
            March 13, 2023

bgoldman@hsgllp.com
vlevy@hsgllp.com

*Attorneys for LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., and LCM 28 LTD*

FRIEDMAN KAPLAN SEILER
   ADELMAN & ROBBINS LLP

*s/ Jamuna D. Kelley*
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY  10036-6516
212-833-1100 (Phone)
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*admitted pro hac vice