# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **SERTA SIMMONS BEDDING, LLC, et al.,** | § § § | **Case No. 23-90020 (DRJ)** |
| Debtors.[1] | § § § § | **(Jointly Administered)** |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

| | |
|---|---|
| **SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, BOSTON MANAGEMENT AND RESEARCH, EATON VANCE MANAGEMENT, AND BARINGS LLC,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013- III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD.**<br><br>    **Defendants.** | **Adversary No. 23-09001** |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING SERTA SIMMONS BEDDING, LLC TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**" or the "**Company**") respectfully represents as follows in support of this motion (this "**Motion to Seal**"):

## BACKGROUND

1. The Company is filing its Reply Memorandum of Law in Further Support of its Motion for Summary Judgment ("**Reply**"), requesting this Court grant its Motion for Summary Judgment, declaring (i) that the recapitalization transaction the Company entered into in 2020 (the "**Transaction**")[2] was permitted under the Term Loan Agreement, (ii) that the Company did not breach the implied covenant of good faith and fair dealing, and (iii) that North Star is a Disqualified Institution under the Term Loan Agreement and therefore not allowed to hold First Lien Term Loans; and requesting further (iv) that the Court grant summary judgment in Plaintiffs' favor on Defendants' mirror image counterclaims, provided in the Answering Defendants' Answer to the Amended Adversary Complaint, Counterclaims, and Third-Party Claims, and (v) that the Court deny Defendants' motions under Fed. R. Civ. P. 56(f), provided in the LCM Defendants' Memorandum of Law in Opposition to Plaintiffs' Motions for Summary Judgment and the Drop-Down Group's Memorandum of Law in Opposition to Plaintiffs' Motions for Partial Summary Judgment, to the extent it wishes to consider them.

2. The Company is simultaneously submitting the redacted version of the Reply on the public docket in the above-captioned adversary proceeding.

3. The Company files this Motion to Seal concurrently with its Reply.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Serta Simmons Bedding, LLC's Its Motion for Summary Judgment.  Docket No. 69.

## JURISDICTION

4. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5. By this Motion to Seal, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, the Company requests: (i) authority to file entirely under seal Exhibit 31 accompanying its Reply (the "**Exhibit**"); (ii) authority to file under seal the unredacted version of the Reply, whose redacted version was filed concurrently with this Motion to Seal on the public docket in the above-captioned adversary proceeding; (iii) direction that the Exhibit and Reply remain under seal and not be made available to anyone without the prior written consent of the Company; and (iv) related relief.

6. A proposed form of order granting the relief requested herein is attached hereto (the "**Proposed Order**").

## RELIEF REQUESTED SHOULD BE GRANTED

7. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Company to file the Exhibit and the Reply under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of confidential commercial information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b). *See also In re Gen. Homes Corp.,* 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires [] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018.

9. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 25, 28 (2d Cir. 1994) (holding that good cause is not required to issue a sealing order and that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

10. Bankruptcy Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion

3

requesting that the document be maintained under seal." *See* Local Rule 9037-1. Bankruptcy Local Rule 9037-1(d) provides that for documents containing relevant information that a party seeks to redact, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal." *Id.*

11. The Company respectfully requests that, pursuant to Bankruptcy Local Rule 9037-1, the Court permit the Exhibit and Reply to be filed under seal, as set forth below.

12. The Company submits that the Exhibit and Reply fall within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information whose disclosure to the public would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27). Section 107(b)'s protections are "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) (quoting *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). Once a court determines that a party in interest is seeking to protect "commercial information," the court is required to protect a requesting interested party and has "no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d at 27.

13. The Company is filing documents (the Exhibit and the Reply) that contain commercial information such as confidential business terms and sensitive financial information regarding the Company, the disclosure of which would likely result in competitive harm to the Company, and commercial information such as confidential business terms and sensitive financial information regarding other parties that those other parties designated confidential under the

4

Stipulated Protective Order, *see* Docket No. 74, and which must remain under seal pursuant to the orders to seal that this Court has already entered in this action, *see* Docket Nos. 105, 106, the disclosure of which may result in competitive harm to these other parties. The commercial information includes material nonpublic information that the Company, its advisors, and other parties relied on in the consideration and consummation of the Transaction and material nonpublic information about the Company's and other parties' strategic industry initiatives. The public disclosure of such commercial information could disadvantage the Company or other parties by revealing sensitive information about their finances, sensitive information the Company and other parties privately disclosed in the negotiation of the Transaction, and sensitive competitive information that industry competitors could use to the Company's and other parties' competitive harm.

## PREVIOUS RELIEF GRANTED

14. The Court in this action has already granted prior requests to seal exhibits submitted by Defendants containing substantially the same commercial information that the Company requests to seal in the instant motion. *See Serta Simmons Bedding, LLC et al. v. AG Centre Street Partnership, L.P., et al.*, No. 23-09001 (DRJ) (S.D. Tex. Bankr.), Docket Nos. 105, 106.

## CONCLUSION

WHEREFORE, the Company respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief, at law or in equity, as the Court may deem just and appropriate.

Dated: New York, New York  
       March 24, 2023

Respectfully submitted,

*/s/ David J. Lender*  
WEIL, GOTSHAL & MANGES LLP  
David J. Lender (admitted *pro hac vice*)  
Ray C. Schrock (admitted *pro hac vice*)  
Luna N. Barrington (admitted *pro hac vice*)  
Alexander W. Welch (admitted *pro hac vice*)  
Richard D. Gage (admitted *pro hac vice*)  
Taylor B. Dougherty (admitted *pro hac vice*)  
Joseph R. Rausch (admitted *pro hac vice*)  
Michael P. Goodyear (admitted *pro hac vice*)  
Nicholas J. Reade (admitted *pro hac vice*)  
767 Fifth Avenue  
New York, NY 10153  
Tel:   (212) 310-8000  
Fax:   (212) 310-8007  
Email: david.lender@weil.com  
       ray.schrock@weil.com  
       luna.barrington@weil.com  
       alexander.welch@weil.com  
       richard.gage@weil.com  
       taylor.dougherty@weil.com  
       joseph.rausch@weil.com  
       michael.goodyear@weil.com  
       nick.reade@weil.com

Gabriel A. Morgan  
Stephanie N. Morrison  
700 Louisiana Street, Suite 1700  
Houston, TX 77002  
Tel: (713) 546-5040  
Fax: (713) 224-9511  
Email: Gabriel.Morgan@weil.com  
       Stephanie.Morrison@weil.com

*Attorneys for Serta Simmons Bedding, LLC, as debtor and debtor-in-possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and administrative agent.

*/s/ Nicholas J. Reade*
Nicholas J. Reade