IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| § | | |
| **SERTA SIMMONS BEDDING, LLC,** § | **Case No. 23-90020** | |
| *et al.*, § | | |
| § | | |
| Debtors.[1] § | **(Jointly Administered)** | |
| § | | |
| ------------------------------------------------------- § | | |
| § | | |
| **SERTA SIMMONS BEDDING, LLC,** § | **Adversary Proc. No. 23-09001** | |
| *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | | |
| **AG CENTRE STREET PARTNERSHIP** § | | |
| **L.P.,** *et al.*, § | | |
| § | | |
| Defendants. § | | |
| ------------------------------------------------------- § | | |

### ORDER AUTHORIZING SERTA SIMMONS BEDDING, LLC
### TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

Upon the motion, dated March 24, 2023 (the "**Motion to Seal**"), filed by Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**") and its debtor affiliates in the above-captioned chapter 11 cases, for entry of an order pursuant to sections 107(b) and 105(a) of the Bankruptcy

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1 (i) authorizing Serta Simmons Bedding to file entirely under seal Exhibit 31 accompanying its Reply in Further Support of its Motion for Summary Judgment (the "**Reply**") (the "**Exhibit**"); (ii) authorizing Serta Simmons Bedding to file under seal the unredacted version of the Reply; (iii) directing that the Exhibit and Reply remain under seal and not be made available to anyone without the prior written consent of Serta Simmons Bedding; and this Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion to Seal and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Seal having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion to Seal; and all objections, if any, to the Motion to Seal having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted therein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

           **IT IS HEREBY ORDERED THAT**

1. To the extent it has not already done so, Serta Simmons Bedding is authorized, but not directed, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9037-1, to file the Exhibit and the Reply under seal.

2. The Exhibit and Reply are confidential and shall remain under seal, and shall not be made available to anyone, except with the prior written consent of Serta Simmons Bedding.

3. Any party who receives the Exhibit or the Reply in accordance with this Order shall not disclose or otherwise disseminate the Exhibit or the Reply, or the information contained therein, to any other person or entity without the prior written consent of Serta Simmons Bedding.

4. Serta Simmons Bedding is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023

    Houston, Texas

 

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**