United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Case No. 23-90020 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| ------------------------------------------- | § § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Adversary Proc. No. 23-09001 |
| Plaintiffs, | § § | |
| v. | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § § § § | |
| Defendants. | § | |
| ------------------------------------------- | § | |

## ORDER ON SUMMARY JUDGMENT

Upon the motion filed by Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**") and its debtor affiliates in the above-captioned chapter 11 cases, and the motion filed by Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Eaton Vance Management, Boston Management and Research, and Barings, LLC (together with Serta

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

Simmons Bedding, the "**Plaintiffs**"), dated February 24, 2023 (the "**Motions**"), for summary judgment in the above-captioned adversary proceeding on their claims for declaratory judgment as more fully set forth in the Motions; and upon consideration of Serta Simmons Bedding's Statement of Uncontroverted Facts in Support of Its Motion for Summary Judgment (the "**SUF**"); and due and proper notice of the Motions having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motions and all oppositions thereto and underlying evidence in support thereof, and the SUF; and the Court having held a hearing to consider the relief requested in the Motions (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motions and the SUF have established an entitlement to relief pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056; and upon the record of the Hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. For the reasons stated on the record at the Hearing, Plaintiffs' Motions are **GRANTED IN PART** and **DENIED IN PART**.

2. The Court finds that it has jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. § 1334, that consideration of the Motions and the requested relief are a core proceeding pursuant to 28 U.S.C. § 157(b), that venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and that it has Constitutional authority to issue a final order.

3. The Court finds that a substantial controversy exists between the parties and hereby exercises its discretion under the Declaratory Judgment Act to enter summary judgment in

Plaintiffs' favor on their claim that the Transaction was permitted under the First Lien Term Loan Agreement, dated November 8, 2016, among Serta Simmons Bedding and certain lenders (the "**Non-PTL Term Loan Agreement**") to the following extent:  the Court finds as a matter of law that the term "open market purchase" in Section 9.05(g) of the Non-PTL Term Loan Agreement is clear and unambiguous, and therefore has not resorted to any extrinsic evidence to interpret that provision.  On that basis, the Court **GRANTS** summary judgment for Plaintiffs, declares that the term "open market purchase" in Section 9.05(g) of the Non-PTL Term Loan Agreement is clear and unambiguous, and declares that the transaction entered into by Plaintiffs and certain other lenders in June 2020 (the "**Transaction**") constituted an "open market purchase" under Section 9.05(g) of the Non-PTL Term Loan Agreement.

4. Whereas the parties to this adversary proceeding agree that, in light of the Court's summary judgment ruling, the Court should enter partial final judgment in Plaintiffs' favor on Plaintiffs' claim that the Transaction was permitted under the Non-PTL Term Loan Agreement, the Court finds that there is no just reason for delay in entering partial final judgment and hereby **ENTERS** partial final judgment in Plaintiffs' favor on that claim under Federal Rule of Civil Procedure 54(b).  The Court hereby **CERTIFIES** Defendants' appeal of this partial final judgment (or, in the alternative, as an interlocutory order) to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 158(d)(2)(A).  Plaintiffs reserve all rights to respond to Defendants' certification application and appeal.

5. The Court **DENIES**, based on the current record, summary judgment for Plaintiffs on their other claim for a declaratory judgment that the Transaction complied with the covenant of good faith and fair dealing.

6. The Court **DENIES**, based on the current record, summary judgment for Serta Simmons Bedding on its claim for a declaratory judgment that Defendant North Star Debt Holdings, L.P. is a Disqualified Institution, as that term is defined under the Term Loan Agreement, and therefore not allowed to hold first lien term loans.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  April 06, 2023.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**