IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § | **Case No. 23-90020** |
| | § | |
| Debtors.[1] | § § | **(Jointly Administered)** |
| ------------------------------------------------- | § § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | **Adversary Proc. No. 23-09001** |
| Plaintiffs, | § § § | |
| v. | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § § § § | |
| Defendants. | § | |
| ------------------------------------------------- | § | |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING
PLAINTIFFS' PROPOSED DISCOVERY SCHEDULE, AND (II)
LIMITING DEPOSITIONS, OR IN THE ALTERNATIVE, TO SCHEDULE
A STATUS CONFERENCE**

Serta Simmons Bedding, LLC (the "**Company**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession in the chapter 11 cases

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

(collectively, the "**Debtors**"), and as Plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**") respectfully represents as follows in support of this motion (the "**Motion**"):

## Background

1.     At the First Day Hearing on January 24, 2023, the Court set the confirmation hearing in the above-captioned chapter 11 cases (the "**Confirmation Hearing**") for May 8, 2023. First Day Hearing Tr., Jan. 24, 2023, at 74.

2.     On February 2, 2023, the Court entered its *Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection With Such Hearings, and (III) Granting Related Relief* (Docket No. 267) (the "**Order**"). The Order set a schedule of key dates and deadlines (the "**Schedule**") with respect to both these chapter 11 cases and the declaratory judgment Adversary Proceeding. As relevant hereto, the Order set May 8, 2023 as the date for the Confirmation Hearing, which the parties understood to encompass the trial in the Adversary Proceeding (the "**Trial**"), to the extent necessary.

3.     The Defendants in the Adversary Proceeding served discovery requests on Plaintiffs on February 1 and Plaintiffs served discovery requests on Defendants on February 10, 2023. Plaintiffs served objections and responses to the discovery requests on March 3, 2023, and Defendants served objections and responses on March 13, 2023. Since then, Plaintiffs have produced over 57,000 documents in the Adversary Proceeding.

4.     At the DIP Hearing on March 1, 2023, the Court specifically inquired whether the Schedule—which set May 8, 2023 for the Confirmation Hearing and Trial—still worked for the parties. Defendants did not raise any objections to the Schedule. *See* DIP Order Hearing Tr., Mar. 1, 2023, at 43–44. At the summary judgment hearing in this Adversary Proceeding on March 28,

2023, the Court inquired again whether the Schedule still worked for the parties. Again, Defendants did not object to the Schedule. *See* Hearing Tr., Mar. 28, 2023, at 124–25.

**Request for a Scheduling Conference to Finalize Discovery Deadlines**

5. Plaintiffs have been working diligently to meet the May 8, 2023 date for the Trial and Confirmation Hearing. Following the Court's summary judgment ruling, on March 30, 2023, Plaintiffs requested a meet and confer with Defendants to discuss any additional discovery Defendants intended to take in the Adversary Proceeding. At the meet and confer on April 4, 2023, the parties acknowledged that the Trial and Confirmation Hearing were set for May 8, 2023, and Defendants represented that they would work expeditiously to complete discovery in the Adversary Proceeding in order to maintain that date.

6. On April 5, 2023, Plaintiffs sent a proposed schedule to Defendants proposing certain interim discovery and other deadlines related to the Trial and Confirmation Hearing scheduled for May 8, 2023 ("**Plaintiffs' Initial Proposed Discovery Schedule**").

7. After five days of silence, on April 10, 2023, Defendants responded to Plaintiffs' proposed schedule and stated—for the very first time—that they "have concerns" that the proposed schedule did not give them "enough time to fairly litigate" the Adversary Proceeding. However, they also referenced the RSA milestones of May 22, 2023 for a hearing on the Adversary Proceeding, and June 5, 2023 for entry of a Confirmation Order, implying that at most they were seeking a limited additional period of time.[2]

---

[2] As Plaintiffs explained to Defendants, simply because the RSA milestones are a bit later than the scheduled Trial and Confirmation Hearing provides no basis to extend the scheduled date, given the extensive costs and negative implications for SSB's business the longer it remains in Chapter 11, as discussed further below.

3

8. On April 10, 2023, and consistent with Plaintiffs' Initial Proposed Discovery Schedule, Plaintiffs served amended discovery requests on Defendants narrowed to address the remaining two claims in the case, and also provided a list of deponents to Defendants identifying the four depositions that Plaintiffs intended to take. Consistent with Plaintiffs' Initial Proposed Discovery Schedule, Defendants likewise served amended discovery requests on Plaintiffs on April 10, 2023, and, on April 11, 2023, Defendants' provided their list identifying 25 depositions that they purportedly intended to take.

9. At the parties' next meet and confer on April 11, 2023, Defendants requested to delay the Trial and Confirmation Hearing by a couple of weeks and to push out the interim deadlines accordingly. Defendants indicated that they were going to continue to work expeditiously toward a May 8, 2023 Trial and Confirmation Hearing, while also expressing that some modest amount of additional time may ultimately prove to be necessary if, for example, Plaintiffs were unable to schedule all of the depositions that Defendants claimed to need before the May 8 hearing. Although Plaintiffs indicated they were willing to negotiate the interim deadlines, Plaintiffs advised Defendants that they could not agree to push out the date for the Trial and Confirmation Hearing because of the increased expense and burden on the Debtors' each day that they remain in chapter 11. Plaintiffs also advised Defendants that their list of intended deponents far exceeded the limit allowed under the Federal Bankruptcy Rules and requested that Defendants narrow their list so that Plaintiffs could begin immediately scheduling depositions.

10. On April 12, 2023, after learning of the Court's limited availability during the week of May 8 for Trial and Confirmation Hearing, Plaintiffs immediately advised Defendants and sent Defendants an amended proposed schedule (the "**Plaintiffs' Proposed Discovery Schedule**"), which pushed back several interim discovery deadlines in Plaintiffs' Initial Proposed Discovery

Schedule and proposed May 15, 2023, as the first day of the Trial and Confirmation Hearing. A copy of Plaintiffs' Proposed Discovery Schedule is attached hereto as Exhibit A. That same day, consistent with Plaintiffs' Proposed Discovery Schedule, as well as Plaintiffs' Initial Proposed Discovery Schedule sent to Defendants on April 5, 2023, Plaintiffs sent Defendants their may call witness list, but received no may call witness list from Defendants. The next day, Defendants pushed back the parties scheduled meet and confer, saying they needed more time to review the newly proposed schedule.

11.     Then, on April 14, 2023, nine days after Plaintiffs first sent their initial proposed schedule, Defendants sent Plaintiffs a revised proposed discovery schedule (the "**Defendants' Proposed Discovery Schedule**"). A redline Defendants sent comparing Defendants' Proposed Discovery Schedule to Plaintiffs' Proposed Discovery Schedule is attached hereto as Exhibit B. At this point, it became clear that Defendants did not intend to meet the discovery deadlines that the long-accepted May 8th Confirmation date required—despite prior communications indicating that all parties were largely on the same page regarding moving discovery along expeditiously.

12.     Despite Defendants' repeated statements in the parties earlier meet and confers that they were working expeditiously toward a May 8, 2023 confirmation hearing, Defendants' Proposed Discovery Schedule now proposes delaying commencement of the Trial and Confirmation Hearing by nearly two months—to July 11, 2023. Defendants claim that they need additional time to complete document production despite the fact that they were served with the majority of Plaintiffs' document requests over two months ago, and a more narrowed set of requests on April 10, 2023. Defendants also claim that they need additional time to retain experts despite the fact that they managed to retain three experts in connection with summary judgment in just seven weeks and despite their statements during meet and confers that they may use the same

experts. Defendants also claim they need additional time despite the fact that the Court inquired—multiple times—whether the May 8th confirmation date Schedule worked for all parties, and Defendants never once raised an objection.

13. On Friday, April 14, 2023, the Court advised counsel for Debtors that the Court intended to set May 15, 2023 as the date for the Confirmation Hearing and Trial. Plaintiffs informed the Defendants of the Court's statement on Monday, April 17, 2023, and asked whether Defendants would agree to the interim deadlines set forth in Plaintiffs' Proposed Discovery Schedule in light of the Court's decision to set May 15, 2023 as the date for the Confirmation Hearing and Trial. That same day, Defendants again rejected the interim deadlines in Plaintiffs' Proposed Discovery Schedule and proposed no alternative interim deadlines. Upon receiving Defendants' blanket rejection, Plaintiffs decided to file this Motion immediately to seek the Court's intervention to approve Plaintiffs' Proposed Discovery Schedule.

14. Meanwhile, the Debtors and PTL Lenders have been working diligently since commencement of these chapter 11 Cases and the Adversary Proceeding to resolve the claims in the Adversary Proceeding, and to ensure the Company emerges from chapter 11 as a going concern. The Plaintiffs have already produced 57,000 documents on behalf of all themselves and associated third parties in response to Defendants' discovery requests, and intend to complete their productions by April 20, 2023, the date for substantial completion contemplated in the Plaintiffs' Proposed Discovery Schedule. Plaintiffs have also narrowed their discovery requests on Defendants to focus on the remaining two claims in the Adversary Proceeding, noticed only four depositions, and invited Defendants to negotiate further ways to narrow discovery if necessary to preserve the Trial and Confirmation Hearing dates. Plaintiffs have identified for Defendants the four witnesses that they may call at Trial and five witnesses they may call at the Confirmation

6

Hearing, and have also committed to providing dates for all of the depositions that Defendants have told Plaintiffs they wish to take within the April 21 to May 5 window proposed for fact depositions in the Plaintiffs' Proposed Discovery Schedule.

15. There is no dispute that an expedient chapter 11 process is in the best interests of the Company, its estate, and all interested parties. Every single day that the Debtors remain in bankruptcy increases the expenses of the estate, distracts senior management, and burdens the Debtors' relationship with its vendors and customers. Defendants' Proposed Discovery Schedule takes none of those interests in mind, and instead, proposes a schedule that would needlessly prolong Debtors' bankruptcy by over two months longer than what was contemplated in the Schedule set back on February 2, 2023.

16. The Court should decline to do so and should enter Plaintiffs' Proposed Discovery Schedule. Plaintiffs' Proposed Discovery Schedule was reasonable when proposed to Defendants on April 12, 2023 and remains a reasonable schedule. Defendants' decision to play games with Plaintiffs and indicate that they were working toward a May 8 Confirmation Hearing and Trial for two weeks, only to turn around and say that they need until July 11, should not be countenanced and if the schedule now requires more work from Defendants, that is a result of their own actions.

**Defendants' Proposed Depositions**

17. On April 11, 2023, Defendants sent Plaintiffs a list of 25 potential deponents. This far exceeds the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a), as incorporated by Federal Rule of Bankruptcy Procedure 7030, and far exceeds what should be reasonably needed for the issues that remain. Plaintiffs advised Defendants that they would not consent to any party exceeding the ten-deposition limit allowed under the Federal Rules.

Notwithstanding, on April 14, 2023, Defendants served 20 notices of depositions and subpoenas, still double the presumptive cap set by the Federal Rules.

18.     The issues remaining in the Adversary Proceeding after the Court's Order on Summary Judgment (Docket No. 142) are narrow. There are only two claims remaining, *i.e.*, one for breach of the implied covenant of good faith and fair dealing, and one concerning whether Defendant North Star Debt Holdings, L.P. is a Disqualified Institution under the Term Loan Agreement. Plaintiffs have identified the nine witnesses they may call at the Confirmation Hearing and Trial in the Adversary Proceeding, which is one below the ten deposition limit. Plaintiffs see no reason why Defendants should be allowed to take more than the ten depositions that the Federal Rules permit them.

**Conclusion**

19.     Debtors respectfully request that this Court enter an order, the proposed form of which is attached hereto, (i) approving and entering the Plaintiffs' Proposed Discovery Schedule, and (ii) prohibiting defendants from taking more than ten deponents in this Adversary Proceeding, or in the alternative, that this Court hold a scheduling conference on April 18, 2023 to discuss and resolve the outstanding discovery deadlines in the Adversary Proceeding consistent with the May 15, 2023 commencement of the Confirmation Hearing and Trial.

Dated: April 17, 2023
      New York, New York

Respectfully submitted,

  */s/ Luna N. Barrington*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
         Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
David J. Lender (admitted *pro hac vice*)
Luna Barrington (admitted *pro hac vice*)
Alexander W. Welch (admitted *pro hac vice*)
Richard D. Gage (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Joseph R. Rausch (admitted *pro hac vice*)
Michael P. Goodyear (admitted *pro hac vice*)
Nicholas J. Reade  (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel:     (212) 310-8000
Fax:    (212) 310-8007
Email: Ray.Schrock@weil.com
       David.Lender@weil.com
       Alexander.Welch@weil.com
       Luna.Barrington@weil.com
       Richard.Gage@weil.com
       Taylor.Dougherty@weil.com
       Joseph.Rausch@weil.com
       Michael.Goodyear@weil.com
       Nick.Reade@weil.com

*Attorneys for Serta Simmons Bedding, LLC, as Debtor and Debtor in Possession*

## **Certificate of Service**

I hereby certify that on April 17, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

*/s/ Nicholas J. Reade*
Nicholas J. Reade