**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **SERTA SIMMONS BEDDING, LLC, et al.,** | § | **Chapter 11** |
| | § | |
| **Debtors.** | § | **Case No. 23-90020 (DRJ)** |
| | § | |
| | | **(Jointly Administered)** |

| | | |
|---|---|---|
| **SERTA SIMMONS BEDDING, LLC, INVESCO SENIOR SECURED MANAGEMENT, INC., CREDIT SUISSE ASSET MANAGEMENT, LLC, BOSTON MANAGEMENT AND RESEARCH, EATON VANCE MANAGEMENT, AND BARINGS LLC,** | § § § § § § § § | **Adversary No. 23-09001** |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P., AG CREDIT SOLUTIONS NON-ECI MASTER FUND, L.P., AG SF MASTER (L), L.P., AG SUPER FUND MASTER, L.P., SILVER OAK CAPITAL, L.L.C., ASCRIBE III INVESTMENTS, LLC, COLUMBIA CENT CLO 21 LIMITED, COLUMBIA CENT CLO 27 LIMITED, COLUMBIA FLOATING RATE INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST II, COLUMBIA STRATEGIC INCOME FUND, A SERIES OF COLUMBIA FUNDS SERIES TRUST I, CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CENTRE STREET PARTNERSHIP, L.P., CONTRARIAN DISTRESSED DEBT FUND, L.P., GAMUT CAPITAL SSB, LLC, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., NORTH STAR DEBT HOLDINGS, L.P., SHACKLETON 2013- III CLO, LTD., SHACKLETON 2013-IV-R CLO, LTD., SHACKLETON 2014-V-R CLO, LTD., SHACKLETON 2015-VII-R CLO, LTD., SHACKLETON 2017-XI CLO, LTD., Z CAPITAL CREDIT PARTNERS CLO 2018-1 LTD., AND Z CAPITAL CREDIT PARTNERS CLO 2019-1 LTD.** | § § § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § § | |

## SERTA SIMMONS BEDDING, LLC'S RESPONSE TO ANSWERING DEFENDANTS' AMENDED COUNTERCLAIMS

Plaintiff Serta Simmons Bedding, LLC (the "**Company**")[1], by and through its attorneys, Weil, Gotshal & Manges LLP, responds to the Amended Counterclaims filed against it on April 7, 2023 by Defendants AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Silver Oak Capital, L.L.C., Ascribe III Investments, LLC, Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Income Fund, a series of Columbia Funds Series Trust II, Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, Z Capital Credit Partners CLO 2018-1 Ltd., Z Capital Credit Partners CLO 2019-1 Ltd., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., and North Star Debt Holdings, L.P. (collectively, the "**Counterclaim Plaintiffs**") as follows (the "**Answer**").  Except as specifically admitted, the Company denies the Allegations in the Amended Counterclaims.  The Amended Counterclaims' section headings are carried over for ease of reference only, and the Company denies any allegations contained in the section headings. In addition, any definitions used in the Amended Counterclaims that are carried over are for ease of reference only, and the Company does not adopt those definitions or accept them as true.

In submitting this Answer, the Company expressly preserves and does not waive any applicable rights, defenses, or objections.  The Company also expressly reserves the right to

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in the Complaint filed in this adversary proceeding, Serta Simmons Bedding, LLC v. AG Centre Street Partnership L.P., No. 23-9001 (Bankr. S.D. Tex. Jan. 24, 2023), ECF No. 1, or as the context otherwise requires.

amend this Answer and its affirmative defenses based on, inter alia, discovery, factual developments, and the Company's ongoing investigation of the Counterclaim Plaintiffs' claims. No incidental or implied admissions are intended by this Answer. Unless expressly stated herein, nothing in this Answer should be construed as an admission regarding the existence of any facts set forth in the Amended Counterclaims. The Company makes no representations, concessions, or admissions regarding the relevance or appropriateness of any facts set forth in the Amended Counterclaims.

## NATURE OF THE CLAIMS

94.     The allegations contained in Paragraph 94 characterize the Counterclaim Plaintiffs' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 94.

95.     The Company admits that its financial condition had deteriorated prior to the COVID-19 pandemic and worsened because of the pandemic. The Company avers that it filed for protection pursuant to chapter 11 of the Bankruptcy Code on January 23, 2023 and not January 11, 2023. The Company avers it completed a financing and debt purchase transaction in June 2020 (the "Transaction"). The remainder of the allegations in Paragraph 95 characterize the Counterclaim Plaintiffs' claims, to which no response is required. To the extent a response is required, the Company denies all remaining allegations in Paragraph 95.

96.     The Company admits that certain of the Non-PTL Lenders owned First Lien Term Loans that were outstanding in June 2020 pursuant to the Non-PTL Term Loan Agreement. The Company respectfully refers the Court to the Non-PTL Term Loan Agreement (together with all amendments, "Non-PTL Term Loan Agreement") referenced in Paragraph 96 for a complete and

accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 96.

97.     The Company admits that it announced the Transaction on June 8, 2020.  The remainder of the allegations in Paragraph 97 characterize the Counterclaim Plaintiffs' claims, to which no response is required.

98.     The Company admits that the Transaction provided for a new super-priority term loan facility with two tranches: (i) a $200 million new money tranche and (ii) a debt-for-debt purchase tranche, pursuant to which the Company purchased approximately $1.2 billion of PTL Loans on the open market in exchange for approximately $875 million of priority term loans. The Company denies the remaining allegations in Paragraph 98 and the included diagram.

99.     The Company respectfully refers the Court to the referenced Moody's documents for a complete and accurate statement of their contents.  The Company denies the remaining allegations in Paragraph 99.

100.     The Company denies the allegations in Paragraph 100.

101.     The Company respectfully refers the Court to the opinion in *LCM XXI Ltd. v. Serta Simmons Bedding, LLC*, No. 21 Civ. 3987 (KPF) (S.D.N.Y), Dkt. 1 (the "LCM Action") for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 101.

102.     The Company respectfully refers the Court to the published client memoranda for a complete and accurate statement of their contents.  The Company denies the allegations in Paragraph 102. See Glenn D. West et al., DeLevering Portfolio Companies Through Debt Buybacks – US and UK Perspectives, at 3, https://www.weil.com/~/media/files/pdfs/Private_Equity_Alert_March_2009.pdf and James

Monoley et al., Convertible Debt Exchange Offers: Considerations for Distressed Issuers, at 2, https://www.gibsondunn.com/wpcontent/uploads/documents/publications/Moloney-PollnerShaw-ConvertDebtExchangeOffers.pdf.

103.    The Company asserts that the Amended Non-PTL Term Loan Agreement referenced in Paragraph 103 speaks for itself, and respectfully refers the Court to such Amended Non-PTL Term Loan Agreement for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 103.

104.    The Company asserts that the Amended Non-PTL Term Loan Agreement referenced in Paragraph 104 speaks for itself and respectfully refers the Court to such Amended Non-PTL Term Loan Agreement for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 104.

105.    The Company denies the allegations in Paragraph 105.

106.    The Company denies the allegations in Paragraph 106.

## **PARTIES**

*The Counterclaim/Third-Party Plaintiffs*

107.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 107 and on that basis denies the allegations in Paragraph 107.

108.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 108 and on that basis denies the allegations in Paragraph 108.

109.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 109 and on that basis denies the allegations in Paragraph 109.

110.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 110 and on that basis denies the allegations in Paragraph 110.

111.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 111 and on that basis denies the allegations in Paragraph 111.

112.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 112 and on that basis denies the allegations in Paragraph 112.

113.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 113 and on that basis denies the allegations in Paragraph 113.

114.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 114 and on that basis denies the allegations in Paragraph 114.

115.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 115 and on that basis denies the allegations in Paragraph 115.

116.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 116 and on that basis denies the allegations in Paragraph 116.

117.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 117 and on that basis denies the allegations in Paragraph 117.

***The Counterclaim Defendant***

118.     The Company admits to the allegations in Paragraph 118.

***The Third-Party Defendants***

119.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 119 and on that basis denies the allegations in Paragraph 119.

120.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 120 and on that basis denies the allegations in Paragraph 120.

121.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 121 and on that basis denies the allegations in Paragraph 121.

122.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 122 and on that basis denies the allegations in Paragraph 122.

123.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 123 and on that basis denies the allegations in Paragraph 123.

124.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 124 and on that basis denies the allegations in Paragraph 124.

125.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 125 and on that basis denies the allegations in Paragraph 125.

126.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 126 and on that basis denies the allegations in Paragraph 126.

127.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 127 and on that basis denies the allegations in Paragraph 127.

128.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 128 and on that basis denies the allegations in Paragraph 128.

129.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 129 and on that basis denies the allegations in Paragraph 129.

130.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 130 and on that basis denies the allegations in Paragraph 130.

131.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 131 and on that basis denies the allegations in Paragraph 131.

132.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 132 and on that basis denies the allegations in Paragraph 132.

133.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133 and on that basis denies the allegations in Paragraph 133.

134.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 134 and on that basis denies the allegations in Paragraph 134.

135.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 135 and on that basis denies the allegations in Paragraph 135.

136.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 136 and on that basis denies the allegations in Paragraph 136.

137.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 137 and on that basis denies the allegations in Paragraph 137.

138.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 138 and on that basis denies the allegations in Paragraph 138.

139.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 139 and on that basis denies the allegations in Paragraph 139.

140.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 140 and on that basis denies the allegations in Paragraph 140.

141.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 141 and on that basis denies the allegations in Paragraph 141.

142.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 142 and on that basis denies the allegations in Paragraph 142.

143.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 143 and on that basis denies the allegations in Paragraph 143.

144.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 144 and on that basis denies the allegations in Paragraph 144.

145.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 145 and on that basis denies the allegations in Paragraph 145.

146.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 146 and on that basis denies the allegations in Paragraph 146.

147.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 147 and on that basis denies the allegations in Paragraph 147.

148.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 148 and on that basis denies the allegations in Paragraph 148.

149.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149 and on that basis denies the allegations in Paragraph 149.

150.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 150 and on that basis denies the allegations in Paragraph 150.

151.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 151 and on that basis denies the allegations in Paragraph 151.

152.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 152 and on that basis denies the allegations in Paragraph 152.

153.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 153 and on that basis denies the allegations in Paragraph 153.

154.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 154 and on that basis denies the allegations in Paragraph 154.

155.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 155 and on that basis denies the allegations in Paragraph 155.

156.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 156 and on that basis denies the allegations in Paragraph 156.

157.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 157 and on that basis denies the allegations in Paragraph 157.

158.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 158 and on that basis denies the allegations in Paragraph 158.

159.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 159 and on that basis denies the allegations in Paragraph 159.

160.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 160 and on that basis denies the allegations in Paragraph 160.

161.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 161 and on that basis denies the allegations in Paragraph 161.

162.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 162 and on that basis denies the allegations in Paragraph 162.

163.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 163 and on that basis denies the allegations in Paragraph 163.

164.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 164 and on that basis denies the allegations in Paragraph 164.

165.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 165 and on that basis denies the allegations in Paragraph 165.

166.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 166 and on that basis denies the allegations in Paragraph 166.

167.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 167 and on that basis denies the allegations in Paragraph 167.

168.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 168 and on that basis denies the allegations in Paragraph 168.

169.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 169 and on that basis denies the allegations in Paragraph 169.

170.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 170 and on that basis denies the allegations in Paragraph 170.

171.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 171 and on that basis denies the allegations in Paragraph 171.

172.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 172 and on that basis denies the allegations in Paragraph 172.

173.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 173 and on that basis denies the allegations in Paragraph 173.

174.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 174 and on that basis denies the allegations in Paragraph 174.

175.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 175 and on that basis denies the allegations in Paragraph 175.

176.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 176 and on that basis denies the allegations in Paragraph 176.

177.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 177 and on that basis denies the allegations in Paragraph 177.

178.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 178 and on that basis denies the allegations in Paragraph 178.

179.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 179 and on that basis denies the allegations in Paragraph 179.

180.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 180 and on that basis denies the allegations in Paragraph 180.

181.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 181 and on that basis denies the allegations in Paragraph 181.

182.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 182 and on that basis denies the allegations in Paragraph 182.

183.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 183 and on that basis denies the allegations in Paragraph 183.

184.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 184 and on that basis denies the allegations in Paragraph 184.

185.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 185 and on that basis denies the allegations in Paragraph 185.

186.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 186 and on that basis denies the allegations in Paragraph 186.

187.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 187 and on that basis denies the allegations in Paragraph 187.

188.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 188 and on that basis denies the allegations in Paragraph 188.

189.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 189 and on that basis denies the allegations in Paragraph 189.

190.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 190 and on that basis denies the allegations in Paragraph 190.

191.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 191 and on that basis denies the allegations in Paragraph 191.

192.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 192 and on that basis denies the allegations in Paragraph 192.

193.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 193 and on that basis denies the allegations in Paragraph 193.

194.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 194 and on that basis denies the allegations in Paragraph 194.

195.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 195 and on that basis denies the allegations in Paragraph 195.

196.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 196 and on that basis denies the allegations in Paragraph 196.

197.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 197 and on that basis denies the allegations in Paragraph 197.

198.     The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 198 and on that basis denies the allegations in Paragraph 198.

199.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 199 and on that basis denies the allegations in Paragraph 199.

200.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 200 and on that basis denies the allegations in Paragraph 200.

201.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 201 and on that basis denies the allegations in Paragraph 201.

202.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 202 and on that basis denies the allegations in Paragraph 202.

203.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 203 and on that basis denies the allegations in Paragraph 203.

204.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 204 and on that basis denies the allegations in Paragraph 204.

205.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 205 and on that basis denies the allegations in Paragraph 205.

206.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 206 and on that basis denies the allegations in Paragraph 206.

207.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 207 and on that basis denies the allegations in Paragraph 207.

208.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 208 and on that basis denies the allegations in Paragraph 208.

209.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 209 and on that basis denies the allegations in Paragraph 209.

210.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 210 and on that basis denies the allegations in Paragraph 210.

211.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 211 and on that basis denies the allegations in Paragraph 211.

212.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 212 and on that basis denies the allegations in Paragraph 212.

213.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 213 and on that basis denies the allegations in Paragraph 213.

214.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 214 and on that basis denies the allegations in Paragraph 214.

215.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 215 and on that basis denies the allegations in Paragraph 215.

216.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 216 and on that basis denies the allegations in Paragraph 216.

217.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 217 and on that basis denies the allegations in Paragraph 217.

218.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 218 and on that basis denies the allegations in Paragraph 218.

219.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 219 and on that basis denies the allegations in Paragraph 219.

220.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 220 and on that basis denies the allegations in Paragraph 220.

221.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 221 and on that basis denies the allegations in Paragraph 221.

222.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 222 and on that basis denies the allegations in Paragraph 222.

223.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 223 and on that basis denies the allegations in Paragraph 223.

224.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 224 and on that basis denies the allegations in Paragraph 224.

225.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 225 and on that basis denies the allegations in Paragraph 225.

226.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 226 and on that basis denies the allegations in Paragraph 226.

227.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 227 and on that basis denies the allegations in Paragraph 227.

228.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 228 and on that basis denies the allegations in Paragraph 228.

229.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 229 and on that basis denies the allegations in Paragraph 229.

230.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 230 and on that basis denies the allegations in Paragraph 230.

231.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 231 and on that basis denies the allegations in Paragraph 231.

## JURISDICTION AND VENUE

232.     The allegations contained in Paragraph 232 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, the Company admits the allegations contained in Paragraph 232.

233.     The Company avers that on March 13, 2023, the Bankruptcy Court issued an order extending the Automatic Stay and further enjoining the parties to the action captioned *AG Centre Street Partnership, L.P. et al. v. Eaton Vance Management et al.*, 23-cv-0587 (S.D.N.Y.) from litigating it further.  The Company denies the allegation that the Non-PTL Lenders have moved to transfer.  The Company admits that an action concerning the Transaction is currently pending and stayed in the Southern District of New York.  The remainder of the allegations contained in Paragraph 233 constitute legal contentions and/or conclusions to which no response is required.

234.     The Company denies the allegation in Paragraph 234.

235.     The allegations contained in Paragraph 235 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, the Company asserts that this Court can enter final orders or judgments consistent with Article III of the United States Constitution because this is a core proceeding.

## FACTUAL ALLEGATIONS

236.     The Company avers that it is a leading bedding manufacturer in North America. The Company admits the remaining allegations contained in Paragraph 236.

### *The Credit Agreement Requires Pro Rata Payments to First Lien Lenders, Which May Be Circumvented Only with the Consent of All Affected Lenders*

237.     The Company admits that before the Transaction, it was a party to three separate Non-PTL credit facilities: (1) the Non-PTL Term Loan Agreement that provided for $1.95

billion in first lien term loans ("**First Lien Term Loans**"); (2) a second lien term loan agreement, that provided for $450 million in second lien term loans ("**Second Lien Term Loans**"); and (3) a $225 million asset-based revolving credit facility. The Company avers that a dividend was paid to the Company's private equity sponsor in 2016. The Company denies the remaining allegations in paragraph 237.

238.    The Company admits that the Non-PTL Term Loan Agreement contains Section 2.18(b) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company lacks knowledge or information sufficient to admit or deny the allegation regarding lenders' perspectives in Paragraph 238, and on that basis denies that allegation in Paragraph 238. The Company denies the remaining allegations in Paragraph 238.

239.    The Company admits that the Non-PTL Term Loan Agreement contains Section 2.18(c) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 239.

240.    The Company admits that the Non-PTL Term Loan Agreement contains Section 9.02(b)(A) and Section 2.18 and respectfully refers the Court to those provisions for a complete and accurate statement of their contents. The Company denies the remaining allegations in Paragraph 240.

241.    The Company admits that the Non-PTL Term Loan Agreement contains Section 9.02(b)(A)(6) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 241.

242.    The Company admits that the Non-PTL Term Loan Agreement contains Section 9.02(b)(B)(1) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 242.

243.    The Company admits that the Non-PTL Term Loan Agreement contains Section 9.02(b)(B)(3) and respectfully refers the Court to that provision for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 243.

***Serta Negotiates the Unlawful Exchange Transaction with the Favored Lenders***

244.    The Company admits that its financial condition had deteriorated prior to the COVID-19 pandemic and worsened because of the pandemic.  The Company avers that in March 2020 its First Lien Term Loans traded at times at below sixty cents on the dollar and its Second Lien Term Loans traded at times at below thirty cents on the dollar.  The Company lacks information knowledge or information sufficient to admit or deny the allegations in Paragraph 244 and on that basis denies the remaining allegations in Paragraph 244.

245.    The Company avers that in early 2020 it began exploring potential avenues to reduce it indebtedness and engaged in a competitive marketing process in which it negotiated separately with lenders, including certain Non-PTL Lenders.  The Company avers that it entered into non-disclosure agreements ("NDAs") with certain of the Company's existing lenders to facilitate that competitive marketing process.  The Company denies the remaining allegations in Paragraph 245.

246.    The Company avers that it was negotiating with certain of the Non-PTL Lenders regarding an alternate transaction that would have excluded all other existing Lenders.  The Company avers it ultimately rejected that proposed alternative transaction on June 5, 2020.  The Company denies all remaining allegations in Paragraph 246.

247.    The Company admits it issued a press release on June 8, 2020 announcing the Transaction.  The Company asserts that the June 8, 2020 press release speaks for itself and

respectfully refers the Court to such press release for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 247.

248.    The Company admits it issued a press release on June 8, 2020 announcing the Transaction.  The Company asserts that the June 8, 2020 press release speaks for itself and respectfully refers the Court to such press release for a complete and accurate statement of its contents.  The Company admits that the Non-PTL Term Loan Agreement and the Second Lien Term Loan Agreement were amended as part of the Transaction. The Company admits that it entered into a new intercreditor agreement (the "Intercreditor Agreement").  The Company asserts that the Intercreditor Agreement speaks for itself and respectfully refers the Court to such press release for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 248.

249.    The Company admits that the definition of Incremental Equivalent Debt in the Non-PTL Term Loan Agreement was amended.  The Company admits that Section 8.08 of the Non-PTL Term Loan Agreement was amended.  The Company admits that a new sub-part was added to Section 2.11(b) in the Non-PTL Term Loan Agreement.  The Company admits that Section 7.01 was removed from the Non-PTL Term Loan Agreement.  The Company respectfully refers the Court to the Non-PTL Term Loan Agreement for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 249.

250.    The Company admits that the Non-PTL Term Loan Agreement contains Section 1.01 and respectfully refers the Court to the Non-PTL Term Loan Agreement for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 250.

251.    The Company respectfully refers the Court to the Amended Non-PTL Term Loan Agreement for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 251.

252.    The Company denies the allegations in Paragraph 252.

***Certain of the Excluded Lenders Initiate Litigation, and Serta Refuses to Provide Information About the Unlawful Exchange Transaction Prior to Closing***

253.    The Company admits the allegations in Paragraph 253.

254.    The Company admits the allegations in Paragraph 254.

255.    Company admits the Transaction closed on June 22, 2020.  The Company admits that after the Transaction closed, the agreements effectuating the Transaction were provided to the Company's existing First Lien Lenders.  The Company denies the remaining allegations in Paragraph 255.

256.    The Company admits that the Transaction provided for a new super-priority term loan facility with two tranches: (i) a $200 million new money tranche and (ii) a debt-for-debt purchase tranche, pursuant to which approximately $875 million of priority terms loans were issued as consideration for the open market purchase of over $1.2 billion of First and Second Lien Term Loans.  The Company denies the remaining allegations in Paragraph 256.

257.    The Company admits that the Non-PTL Term Loan Agreement was amended in connection with the Transaction.  The Company denies the remaining allegations in Paragraph 257.

258.    The Company admits that Apollo, Angelo Gordon, and Gamut are disqualified institutions for the PTL Term Loan Agreement.  The Company denies the remaining allegations in Paragraph 258.

259.     The Company admits that the LCM Defendants brought an action challenging the Transaction in the United States District Court of New York against the Company and the PTL Lenders that was dismissed for lack of federal subject matter jurisdiction.  The Company admits that the LCM Defendants then filed a separate action against just the Company in the Southern District of New York and the Company moved to dismiss.  The Company admits the court denied in part its motion to dismiss the LCM Action.  The Company respectfully refers the Court to the Southern District of New York's order denying the Company's motion to dismiss for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 259.

260.     The Company admits that the New York state court issued a decision in the unrelated case captioned *ICG Global Loan Fund I DAC v. Boardriders Inc.*, Index No. 655175/2020 (Sup. Ct. N.Y. Cnty. Oct. 17, 2022).  The Company respectfully refers the Court to the decision for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 260.

261.     The Company admits the certain of the Counterclaim Plaintiffs filed a complaint in the New York state court on November 3, 2022 asserting claims related to the Transaction. The Company respectfully refers the Court to the complaint for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 261.

262.     The Company admits the allegations in Paragraph 262.

263.     The Company avers that on March 13, 2023, the Bankruptcy Court issued an order extending the Automatic Stay and further enjoining the parties to the action captioned *AG Centre Street Partnership, L.P. et al. v. Eaton Vance Management et al.*, 23-cv-0587 (S.D.N.Y.) from litigating it further.  The Company admits the remaining allegations in Paragraph 263.

***The Unlawful Exchange Transaction Does Not Satisfy the "Open Market Purchases"
Exception to the Pro Rata Sharing Requirement of the Credit Agreement***

264.    The Company admits that the Transaction was effectuated through open market purchases pursuant to Section 9.05(g) of the Non-PTL Term Loan Agreement.  The Company respectfully refers the Court to its summary judgment motion for a complete and accurate statement of this issue.  The Company denies the remaining allegations in Paragraph 264.

265.    The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 265 contains sections 2.22, 2.23, 9.02(c), and 9.05(g) and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.  The Company denies the remaining allegations in Paragraph 265.

266.    The Company admits that the Transaction was effectuated through open market purchases pursuant to Section 9.05(g) of the Non-PTL Term Loan Agreement.  The Company respectfully refers the Court to its summary judgment motion for a complete and accurate statement of this issue.  The Company denies the remaining allegations in Paragraph 266.

267.    The Company admits that as part of the Transaction, the Non-PTL Term Loan Agreement and the Second Lien Term Loan Agreement were amended and the Company entered into the PTL Agreement and the Intercreditor Agreement.  The Company respectfully refers the Court to the aforementioned agreements for complete and accurate statements of their contents. The Company denies the remaining allegations in Paragraph 267.

268.    The Company admits that it has at times described the Transaction as a recapitalization transaction.  The Company respectfully refers the Court to its adversary complaint for a complete and accurate explanation of the Transaction.  The Company denies the remaining allegations in Paragraph 268.

269.     The Company denies the allegations in Paragraph 269, but avers that it has compared the Transaction to other precedent transactions in various litigation filings.

270.     The Company admits that the Southern District of New York denied in part its motion to dismiss in the LCM Action and respectfully refers the Court to the opinion and order for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 270.

### The Unlawful Exchange Transaction Violates the Payment Waterfall and Pro Rata Sharing Provision

271.     The Company denies the allegations in Paragraph 271.

272.     The Company admits that the Non-PTL Term Loan Agreement contains Section 2.18(b) and respectfully refers the Court to that provision for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 272.

273.     The Company admits that the Non-PTL Term Loan Agreement contains Section 2.18(b) and respectfully refers the Court to that provision for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 273.

274.     The claims in Paragraph 274 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 274.

275.     The claims in Paragraph 275 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 275.

276.     The claims in Paragraph 276 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 276.

277.     The claims in Paragraph 277 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 277.

278.     The allegation that the Transaction violates the Credit Agreement because it improperly strips the Non-PTL Lenders' loans of their collateral and value is a legal contention to which no response is required.  The Company admits that the Non-PTL Term Loan Agreement includes Sections 9.02(b)(B)(2) and 9.02(b)(B)(3) and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.  The Company denies the remaining allegations in Paragraph 278.

***The Unlawful Exchange Transaction Violates the Credit Agreement by Stripping the Excluded Lenders' Loans of Their Collateral and Value***

279.     The allegations in Paragraph 279 constitute legal conclusions and contentions to which no response is required.  To the extent that a response is required, the Company admits that the Non-PTL Term Loan Agreement includes Sections 9.02(b)(B)(2) and 9.02(b)(B)(3) and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.  The Company denies the remaining allegations in Paragraph 279.

280.     The Company denies the allegations in Paragraph 280.

***Serta Improperly Interfered with Apollo's Purchase of First Lien Term Loans***

281.     The Company admits that the Non-PTL Term Loan Agreement includes Section 9.05 and respectfully refers the Court to that provision for a complete and accurate statement of its contents.  The Company denies the remaining allegations in Paragraph 281.

282.     The allegations in Paragraph 282 constitute legal conclusions to which no response is required.  To the extent that a response is necessary, the Company admits that the Non-PTL Term Loan Agreement contains Section 9.05 and respectfully refers the Court to that

26

provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 282.

283. The Company admits that the Non-PTL Term Loan Agreement restricted a First Lien Lender's ability to transfer its rights and obligations to disqualified institutions or affiliates of a disqualified institution and respectfully refers the Court to the Non-PTL Term Loan Agreement for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 283.

284. The Company denies the allegations in Paragraph 284.

285. The Company admits the allegations in the first two sentences of Paragraph 285. The Company further admits that UBS, as the administrative agent, seeks the Company's consent to a proposed assignment. The Company respectfully refers the Court to Section 9.05 of the Non-PTL Term Loan Agreement for the consent procedures regarding assignments for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 285.

286. The Company avers that once UBS is in receipt of an executed assignment agreement and Serta's consent, it may then accept the assignment agreement and record the assignment of the Lenders and their assignees. The Company admits that the assignment then becomes effective. The Company denies the remaining allegations in Paragraph 286.

287. The Company admits the allegations in Paragraph 287.

288. The Company admits that Apollo held First Lien Loans in 2016. The Company lacks information sufficient to admit or deny the timing and amounts of Apollo's purchase and sales practices. The Company denies the remaining allegations in Paragraph 288.

289. The Company denies the allegations in Paragraph 289.

290.    The Company denies the allegations in Paragraph 290.

291.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 291 and on that basis denies the allegations in Paragraph 291.

292.    The Company denies the allegations in Paragraph 292.

293.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 293 and on that basis denies the allegations in Paragraph 293.

294.    The Company admits that Apollo agreed to an NDA in April 2020.  The Company denies the remaining allegations in Paragraph 294.

295.    The Company denies the allegations in Paragraph 295.

296.    The Company denies the allegations in Paragraph 296.

297.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 297 and on that basis denies the allegations in Paragraph 297.

298.    The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 298 and on that basis denies the allegations in Paragraph 298.

299.    The Company denies the allegations in Paragraph 299.

## **CLAIMS FOR RELIEF**

### **FIRST CAUSE OF ACTION[2]**
**(Declaratory Judgment That the Unlawful Exchange Transaction and All Agreements Purporting to Implement It Are Invalid – By the Excluded Lenders Against Serta)[3]**

300.    The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 94 through 299 as if fully set forth herein.

---

[2] To the extent the First Cause of Action is based on claims or defenses that were expressly or implicitly rejected by the Court in its March 28, 2023 decision and April 6, 2023 Order, such claims and defenses are reasserted here for purposes of appeal only.

[3] The allegations in the First Cause of Action as elaborated on in Footnote 2 constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this First Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the Counterclaim Plaintiffs' consent.

301.   The Company admits the allegations in Paragraph 301.

302.   The allegations in Paragraph 302 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 302.

303.   The allegations in Paragraph 303 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 303.

304.   The allegations in Paragraph 304 constitute legal conclusions to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 304.

## SECOND CAUSE OF ACTION[4]
### (Breach of Contract, Section 2.18 – By the Excluded Lenders Against Serta)[5]

305.   The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 94 through 304 as if fully set forth herein.

306.   The Company admits the allegations in Paragraph 306.

307.   The allegations in Paragraph 307 constitute legal conclusions to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 307.

---

[4] To the extent the Second Cause of Action is based on claims or defenses that were expressly or implicitly rejected by the Court in its March 28, 2023 decision and April 6, 2023 Order, such claims and defenses are reasserted here for purposes of appeal only.

[5] The allegations in the Second Cause of Action as elaborated on in Footnote 4 constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this Second Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the Counterclaim Plaintiffs' consent.

308.   The allegations in Paragraph 308 constitute legal conclusions to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 308.

309.   The Company denies the allegations in Paragraph 309.

### THIRD CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing – By the Excluded Lenders Against Serta)**

310.   The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 94 through 309 as if fully set forth herein.

311.   The Company admits the allegations in Paragraph 311.

312.   The Company denies the allegations in Paragraph 312.

313.   The allegations in Paragraph 313 constitute legal conclusions to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 313.

314.   The claims in Paragraph 314 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 314.

315.   The claims in Paragraph 315 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 315.

316.   The Company denies the allegations in Paragraph 316.

317.   The Company denies the allegations in Paragraph 317.

318.   The Company denies the allegations in Paragraph 318.

319.   The Company denies the allegations in Paragraph 319.

320.    The Company admits that it was negotiating with three of the Counterclaim Plaintiffs. The Company denies the remaining allegations in Paragraph 320.

321.    The Company denies the allegations in Paragraph 321.

322.    The Company admits that the three Non-PTL Lenders were on the disqualified institutions list.  The Company denies the remaining allegations in Paragraph 322.

323.    The Company avers that various existing First Lien and Second Lien Lenders who did not participate in the Transaction contacted the Company through various channels regarding participation. The Company denies the remaining allegations in Paragraph 323.

324.    The Company respectfully refers the Court to the referenced emails for complete and accurate statements of their contents. The Company denies the allegations in Paragraph 324.

325.    The Company avers that certain amendments were made to the Non-PTL Term Loan Agreement. The Company denies the remaining allegations in Paragraph 325.

326.    The Company respectfully refers the Court to the transcript of the hearing held on March 28, 2023 and the Court's subsequent Order entered on April 6, 2023 for a complete and accurate statement of their contents.  The Company admits that the parties proposed an order that allows for the immediate appeal of the ruling.  To the extent necessary, the Company denies the remaining allegations in Paragraph 326.

327.    The claims in Paragraph 327 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 327.

328.    The Company denies the allegations in Paragraph 328.

329.    The Company denies the allegations in Paragraph 329.

330.    The Company denies the allegations in Paragraph 330.

331.   The Company respectfully refers the Court to the above referenced presentation for a complete and accurate statement of its contents.  *See* ECF No. 72-5.  The Company denies the remaining allegations in Paragraph 331.

332.   The Company denies the allegations in Paragraph 332.  The Company respectfully refers the Court to the referenced decision for a complete and accurate statement of its contents.

333.   The Company denies the allegations in Paragraph 333.  The Company respectfully refers the Court to the referenced decision for a complete and accurate statement of its contents.

334.   The claims in Paragraph 334 constitute characterizations of the Counterclaim Plaintiffs' claims to which no response is required.  To the extent that a response is required, the Company denies the allegations in Paragraph 334.

335.   The Company denies the allegations in Paragraph 335.

336.   The Company denies the allegations in Paragraph 336.

337.   The Company denies the allegations in Paragraph 337.

338.   The Company denies the allegations in Paragraph 338.

339.   The Company admits that the trading value of its First Lien Term Loans have varied since June 2020.  The Company denies the remaining allegations in Paragraph 339.

340.   The allegations in Paragraph 340 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, the Company denies the allegations in Paragraph 340.

341.    The allegations in Paragraph 341 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, the Company denies the allegations in Paragraph 341.

### FOURTH CAUSE OF ACTION[6]
### (Breach of Contract, Section 9.02 – By the Excluded Lenders Against Serta)

342.    The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 94 through 341 as if fully set forth herein.

343.    The Company admits the allegations in Paragraph 343.

344.    The Company denies the allegations in Paragraph 344.

345.    The Company denies the allegations in Paragraph 345.

346.    The Company denies the allegations in Paragraph 346.

### FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Valid Assignment – By Apollo Against Serta)[7]

347.    The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 94 through 346 as if fully set forth herein.

348.    The Company denies the allegation in Paragraph 348.

349.    The Company denies the allegation in Paragraph 349.

350.    The allegations in Paragraph 350 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, the Company denies the allegations in Paragraph 350.

351.    The Company denies the allegation in Paragraph 351.

---

[6] To the extent the Fourth Cause of Action is based on claims or defenses that were expressly or implicitly rejected by the Court in its March 28, 2023 decision and April 6, 2023 Order, such claims and defenses are reasserted here for purposes of appeal only.

[7] The allegations in the Fourth Cause of Action as elaborated on in Footnote 6 constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this Fourth Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the Counterclaim Plaintiffs' consent.

## SIXTH CAUSE OF ACTION[8]
**(Declaratory Judgment That the Unlawful Exchange Transaction and All Agreements Purporting to Implement It Are Invalid –By the Excluded Lenders Against the Favored Lenders)[9]**

352.   The allegations in Paragraphs 352-356 are not directed at the Company, so no response is required.  To the extent a response is required, the Company denies the allegations in Paragraphs 352-356.

## SEVENTH CAUSE OF ACTION[10]
**(Breach of Contract, Section 2.18 – By the Excluded Lenders Against the Favored Lenders)[11]**

353.   The allegations in Paragraphs 357-362 are not directed at the Company, so no response is required.  To the extent a response is required, the Company denies the allegations in Paragraphs 357-362.

## EIGHTH CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing – By the Excluded Lenders Against the Favored Lenders)**

354.   The allegations in Paragraphs 363-392 are not directed at the Company, so no response is required.  To the extent a response is required, the Company denies the allegations in Paragraphs 363-392.

---

[8] To the extent the Sixth Cause of Action is based on claims or defenses that were expressly or implicitly rejected by the Court in its March 28, 2023 decision and April 6, 2023 Order, such claims and defenses are reasserted here for purposes of appeal only.

[9] The allegations in the Sixth Cause of Action as elaborated on in Footnote 8 constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this Sixth Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the Counterclaim Plaintiffs' consent.

[10] To the extent the Seventh Cause of Action is based on claims or defenses that were expressly or implicitly rejected by the Court in its March 28, 2023 decision and April 6, 2023 Order, such claims and defenses are reasserted here for purposes of appeal only.

[11] The allegations in the Seventh Cause of Action as elaborated on in Footnote 10 constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this Seventh Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the Counterclaim Plaintiffs' consent.

## NINTH CAUSE OF ACTION[12]
### (Breach of Contract, Section 9.02 – By the Excluded Lenders Against the Favored Lenders)[13]

355.   The allegations in Paragraphs 393-397 are not directed at the Company, so no response is required.  To the extent a response is required, the Company denies the allegations in Paragraphs 363-392.

## PRAYER FOR RELIEF

The Company denies that the Counterclaim Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Without waiving and hereby expressly reserving the right to assert any and all defenses based on, inter alia, discovery and factual developments, the Company avers the following affirmative defense to the claims asserted in the Counterclaims and does not concede that it has the burden of proof with respect to these defenses.

## FIRST AFFIRMATIVE DEFENSE
### *(No Standing)*

Counterclaim Plaintiffs' claims are barred because they do not have standing and thus cannot be heard by this Court. Counterclaim Plaintiffs do not have standing to bring the claims in this action against the Company or the PTL Lenders because the claims belong to the estate.  *See generally, In re Revlon, Inc.*, 2023 WL 2229352 (Bankr. SDNY Feb. 24, 2023); *In re Serta Simmons Bedding, LLC*, Case No. 23-90020, Amended Final Order (I) Authorizing Debtors to

---

[12] To the extent the Ninth Cause of Action is based on claims or defenses that were expressly or implicitly rejected by the Court in its March 28, 2023 decision and April 6, 2023 Order, such claims and defenses are reasserted here for purposes of appeal only.

[13] The allegations in the Ninth Cause of Action as elaborated on in Footnote 12 constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this Ninth Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the Counterclaim Plaintiffs' consent.

(A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and

Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain

Prepetition Lenders, (III) Modifying Automatic Stay, and (IV) granting Related Relief, No. 406

(setting Challenge Deadline of April 10, 2023).

### SECOND AFFIRMATIVE DEFENSE
*(Failure to State a Claim)*

Counterclaim Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
*(No Damages)*

Counterclaim Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered

no damages for the conduct alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
*(Damages Are Speculative)*

Counterclaim Plaintiffs' damages, if any, are speculative and uncertain, and are

impossible to ascertain.

### FIFTH AFFIRMATIVE DEFENSE
*(Failure to Mitigate)*

Counterclaim Plaintiffs' claims are barred, in whole or in part, on the ground that

Plaintiffs failed to mitigate any damages they may have suffered.

### SIXTH AFFIRMATIVE DEFENSE
*(Compliance with Contracts)*

Counterclaim Plaintiffs' claims are barred because the Company discharged its duties, if

any, with respect to and in accordance with the terms of the parties' agreements.

## SEVENTH AFFIRMATIVE DEFENSE
*(Barred by First Lien Term Loan Agreement)*

Counterclaim Plaintiffs' claims for damages are barred under the First Lien Term Loan

Agreement to the extent that they seek special, indirect, consequential, or punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE
*(Waiver, Estoppel, Laches or Unclean Hands)*

Counterclaim Plaintiffs' claims are barred, in whole or in part, under the doctrines of

waiver, estoppel, laches, or unclean hands.

## NINTH AFFIRMATIVE DEFENSE
*(Good Faith)*

Counterclaim Plaintiffs' claims are barred because the Company acted in good faith and

without wrongful intent, malice or any other applicable degree of fault.

## TENTH AFFIRMATIVE DEFENSE
*(Implied Covenant Relief is Not Permissible)*

Counterclaim Plaintiffs' implied covenant claims are barred because Plaintiffs seek to

impose obligations on the Company that go beyond the obligations set forth in the contract.

## ELEVENTH AFFIRMATIVE DEFENSE
*(Law of the Case, Res Judicata, Collateral Estoppel)*

Counterclaim Plaintiffs' claims are barred by the law of the case, res judicata and

collateral estoppel in light of the Court's ruling on Plaintiffs' motion for summary judgment and

the partial final judgment consented to by Counterclaim Plaintiffs.

## NOTICE OF RESERVATION

The Company hereby gives notice that it intends to rely upon such other and further

defenses as may be or become available or apparent during pretrial proceedings in this action,

and the Company expressly reserves its right to amend this Answer and assert all such defenses.

Dated: New York, New York
      April 21, 2023

Respectfully submitted,

*/s/ David J. Lender*

WEIL, GOTSHAL & MANGES LLP
David J. Lender (admitted *pro hac vice*)
Ray C. Schrock (admitted *pro hac vice*)
Luna N. Barrington (admitted *pro hac vice*)
Alexander W. Welch (admitted *pro hac vice*)
Richard D. Gage (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Joseph R. Rausch (admitted *pro hac vice*)
Michael P. Goodyear (admitted *pro hac vice*)
Nicholas J. Reade  (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel:    (212) 310-8000
Fax:    (212) 310-8007
Email: david.lender@weil.com
       ray.schrock@weil.com
       luna.barrington@weil.com
       alexander.welch@weil.com
       richard.gage@weil.com
       taylor.dougherty@weil.com
       joseph.rausch@weil.com
       michael.goodyear@weil.com
       nick.reade@weil.com

Gabriel A. Morgan
Stephanie N. Morrison
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel:  (713) 546-5040
Fax: (713) 224-9511
Email:  Gabriel.Morgan@weil.com
       Stephanie.Morrison@weil.com

*Attorneys for Plaintiff Serta Simmons Bedding,*
*LLC*