IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | § | **Chapter 11** |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, § | § § § | **Case No. 23-90020** |
| Debtors.[1] § | § § | **(Jointly Administered)** |
| ------------------------------------------------------- § | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, § | § § | **Adversary Proc. No. 23-09001** |
| Plaintiffs, § | § § | |
| v. § | § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, § | § § § | |
| Defendants. § | § | |
| ------------------------------------------------------- § | § | |

**SERTA SIMMONS BEDDING, LLC'S RESPONSE TO LCM DEFENDANTS'**

**COUNTERCLAIMS**

Plaintiff Serta Simmons Bedding, LLC (the "**Company**")[2], by and through its attorneys, Weil, Gotshal & Manges LLP, responds to the Counterclaims filed against it on April 7, 2023 by Defendants LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd., LCM XXV Ltd., LCM 26 Ltd.,

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Complaint filed in this adversary proceeding, Serta Simmons Bedding, LLC v. AG Centre Street Partnership L.P., No. 23-9001 (Bankr. S.D. Tex. Jan. 24, 2023), ECF No. 1, or as the context otherwise requires.

LCM 27 Ltd. and LCM 28 Ltd.. (collectively, the "**LCM Defendants**,") as follows (the "**Answer**"). Except as specifically admitted, the Company denies the Allegations in the Counterclaims. The Counterclaims' section headings are carried over for ease of reference only, and the Company denies any allegations contained in the section headings. In addition, any definitions used in the Counterclaims that are carried over are for ease of reference only, and the Company does not adopt those definitions or accept them as true.

In submitting this Answer, the Company expressly preserves and does not waive any applicable rights, defenses, or objections. The Company also expressly reserves the right to amend this Answer and its affirmative defenses based on, inter alia, discovery, factual developments, and the Company's ongoing investigation of the LCM Defendants' claims. No incidental or implied admissions are intended by this Answer. Unless expressly stated herein, nothing in this Answer should be construed as an admission regarding the existence of any facts set forth in the Counterclaims. The Company makes no representations, concessions, or admissions regarding the relevance or appropriateness of any facts set forth in the Counterclaims.

## Preliminary Statement

92. The allegations contained in Paragraph 92 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 92.

93. The allegations in Paragraph 93 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 93.

94. The Company denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 97.

## THE PARTIES

98. The Company respectfully refers the Court to the referenced order for a complete and accurate statement of its contents. The Company lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 98 and on that basis denies the remaining allegations in Paragraph 98.

99. The Company admits the allegations in Paragraph 99.

100. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 100 and on that basis denies the allegations in Paragraph 100.

101. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 101 and on that basis denies the allegations in Paragraph 101.

102. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 102 and on that basis denies the allegations in Paragraph 102.

103. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 103 and on that basis denies the allegations in Paragraph 103.

104. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 104 and on that basis denies the allegations in Paragraph 104.

## JURISDICTION AND VENUE

105. The allegations contained in Paragraph 105 constitute legal contentions and/or conclusions to which no response is required.

106. The allegations contained in Paragraph 106 constitute legal contentions and/or conclusions to which no response is required.

107. The Company denies the allegations in Paragraph 107.

108. The allegations contained in Paragraph 108 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company asserts that this Court can enter final orders or judgments consistent with Article III of the United States Constitution because this is a core proceeding.

## FACTUAL BACKGROUND

109. The Company admits that the LCM Defendants held First Lien Loans in 2016. The Company lacks information sufficient to admit or deny the timing and amounts of the LCM Defendants' purchase and sales practices. The Company denies the remaining allegations in Paragraph 109.

110. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 110, and on that basis denies the allegations in Paragraph 110.

111. The Company lacks knowledge or information sufficient to admit or deny the allegations in the last sentence of Paragraph 111, and on that basis denies those allegations in Paragraph 111. The Company denies the remaining allegations in Paragraph 111.

112. The Company avers that it is a leading bedding manufacturer in North America. The Company admits the remaining allegations in Paragraph 112.

*The First Lien Agreement*

113. The Company admits the allegations in Paragraph 113.

114. The Company respectfully refers the Court to the Non-PTL Term Loan Agreement referenced in Paragraph 114 for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 114.

115. The Company lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 115 and on that basis denies the allegations in Paragraph 115.

116. The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 116 contains Sections 2.18(b) and 2.18(c) and respectfully refers the Court to those provisions for complete and accurate statements of their contents. The Company denies the remaining allegations in Paragraph 116.

117. The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 117 contains Section 2.18 and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 117.

118. The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 118 contains Section 9.02(b)(A)(6) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company avers that the allegations in Paragraph 118 contradict the summary judgment decision issued by this Court on March 28, 2023. The Company denies the remaining allegations in Paragraph 118.

119. The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 119 contains Section 9.02(b)(B)(1) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 119.

120. The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 120 contains Sections 2.22, 2.23, 9.02(c), and 9.05(g) and respectfully refers the Court to those provisions for complete and accurate statements of their contents. The Company denies the remaining allegations in Paragraph 120.

*The Exchange Transaction*

121. The Company admits that it issued a press release on June 8, 2020 (the "**Press Release**") announcing the Transaction. The Company asserts that the Press Release speaks for itself and respectfully refers the Court to such Press Release for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 121.

122. The Company admits that it issued the Press Release on June 8, 2020 announcing the Transaction. The Company asserts that the Press Release speaks for itself and respectfully refers the Court to such Press Release for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 122.

123. The Company admits the Transaction closed on June 22, 2020.

124. The Company asserts that the PTL Agreement described in Paragraph 124 speaks for itself and respectfully refers the Court to such PTL Agreement for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 124.

125. The Company admits that the LCM Defendants did not participate in the Transaction.

126. The Company admits that it issued at least $1.075 billion in first out and second out priority debt. The Company denies the remaining allegations in Paragraph 126.

127. The Company denies the allegations in Paragraph 127.

*The Subordination Amendment and Plaintiffs' Breach of the First Lien Agreement*

128. The Company admits that the Non-PTL Term Loan Agreement was amended in connection with the Transaction and respectfully refers the Court to the agreement for an accurate and

6

complete statement of its contents. The Company denies the remaining allegations in Paragraph 128.

129. The Company admits that it made certain amendments to the Non-PTL Term Loan Agreement. The Company also admits that it entered into the PTL Intercreditor Agreement. The Company admits that the Non-PTL Term Loan Agreement contains Section 2.11 and respectfully refers the Court to such Non-PTL Term Loan Agreement and PTL Intercreditor Agreement for a complete and accurate statement of their contents. The Company denies the remaining allegations in Paragraph 129.

130. The allegations contained in Paragraph 130 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 130.

131. The Company admits that the Non-PTL Term Loan Agreement referenced in Paragraph 131 contains Section 9.02(b) and respectfully refers the Court to that provision for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 131.

132. The allegations contained in Paragraph 132 characterize the LCM Defendants' claims to which no response is required. The Company avers that the allegations in Paragraph 132 contradict the summary judgment decision issued by this Court on March 28, 2023. To the extent a response is required, the Company denies the allegations in Paragraph 132.

133. The allegations contained in Paragraph 133 characterize the LCM Defendants' claims to which no response is required. The Company avers that the allegations in Paragraph 133 contradict the summary judgment decision issued by this Court on March 28, 2023. To the extent a response is required, the Company denies the allegations in Paragraph 133.

134. The allegations contained in Paragraph 134 characterize the LCM Defendants' claims to which no response is required. The Company avers that the allegations in Paragraph 134 contradict the summary judgment decision issued by this Court on March 28, 2023. To the extent a response is required, the Company denies the allegations in Paragraph 134.

135. The allegations contained in Paragraph 135 characterize the LCM Defendants' claims to which no response is required. The Company avers that the allegations in Paragraph 135 contradict the summary judgment decision issued by this Court on March 28, 2023. To the extent a response is required, the Company denies the allegations in Paragraph 135.

136. The allegations contained in Paragraph 136 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 136.

137. The Company respectfully refers the Court to the transcript of the summary judgment hearing for a complete and accurate statement of its contents. The Company denies the allegations in Paragraph 137.

138. The allegations contained in Paragraph 138 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 138.

139. The allegations in Paragraph 139 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 139.

140. The allegations contained in Paragraph 140 characterize the referenced documents to which no response is required. The Company respectfully refers the Court to the referenced

documents for a complete and accurate representation of their contents. To the extent a response is required, the Company denies the allegations in Paragraph 140.

141. The Company denies the allegations Paragraph 141.

142. The Company denies the allegations in Paragraph 142.

143. The Company denies the allegations in Paragraph 143.

144. The Company respectfully refers the Court to the documents referenced in Paragraph 144 for a complete and accurate statement of their contents. The Company denies the allegations in Paragraph 144.

145. The Company denies the allegations in Paragraph 145.

146. The Company respectfully refers the Court to the documents referenced in Paragraph 146 for a complete and accurate statement of their contents. The Company denies the allegations in Paragraph 146.

147. The Company admits the allegations in Paragraph 147.

148. The Company denies the allegations in Paragraph 148.

149. The allegations in Paragraph 149 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 149.

150. The allegations in Paragraph 150 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 150.

151. The allegations in Paragraph 151 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 151.

152. The allegations in Paragraph 152 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 152.

153. The allegations in Paragraph 153 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required, the Company denies the allegations in Paragraph 153.

154. The allegations in Paragraph 154 constitute legal contentions and/or conclusions to which no response is required. The Company avers that the allegations in Paragraph 154 contradict the summary judgment decision issued by this Court on March 28, 2023. To the extent that a response is required, the Company denies the allegations in Paragraph 154.

155. The allegations contained in Paragraph 155 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 155.

156. The allegations contained in Paragraph 156 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 156.

## FIRST CAUSE OF ACTION[3]
### (Breach of Contract)

157. The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 92 through 156 as if fully set forth herein.

---

[3] The allegations in the First Cause of Action as elaborated constitute legal contentions and/or conclusions to which no response is required. However, the Company notes that this First Cause of Action is barred by the Order on Summary Judgment, ECF No. 142, which the Court entered on April 6, 2023, with the LCM Defendants' consent.

158. The allegations contained in Paragraph 158 characterize the LCM Defendants' claims to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 158.

159. The Company admits that it and the LCM Defendants are parties to the Non-PTL Term Loan Agreement dated November 8, 2016 which constitutes a valid and enforceable contract. The remainder of the allegations in Paragraph 159 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the remaining allegations in Paragraph 159.

160. The allegations in Paragraph 160 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 160.

161. The allegations in Paragraph 161 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 161.

162. The allegations in Paragraph 162 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 162.

163. The allegations in Paragraph 163 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 163.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

164. The Company repeats, realleges, and incorporates by reference its responses to the allegations contained in Paragraphs 92 through 163 as if fully set forth herein.

165. The allegations in Paragraph 165 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 165.

166. The allegations in Paragraph 166 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 166.

167. The allegations in Paragraph 167 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 167.

168. The allegations in Paragraph 168 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 168.

169. The Company respectfully refers the Court to Judge Failla's opinion for a complete and accurate statement of its contents. The Company denies the remaining allegations in Paragraph 169.

170. The allegations in Paragraph 170 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 170.

171. The allegations in Paragraph 171 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 171.

**PRAYER FOR RELIEF**

The Company denies that the LCM Defendants are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Without waiving and hereby expressly reserving the right to assert any and all defenses based on, inter alia, discovery and factual developments, the Company avers the following affirmative defenses to the claims asserted in the Counterclaims and does not concede that it has the burden of proof with respect to these defenses.

### FIRST AFFIRMATIVE DEFENSE
*(No Standing)*

LCM Defendants' claims are barred because they do not have standing and thus cannot be heard by this Court. LCM Defendants do not have standing to bring the claims in this action against the Company or the PTL Lenders because the claims belong to the estate and the challenge period for LCM to seek standing has expired. *See generally, In re Revlon, Inc.*, 2023 WL 2229352 (Bankr. SDNY Feb. 24, 2023).

### SECOND AFFIRMATIVE DEFENSE
*(Failure to State a Claim)*

LCM Defendants fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
*(No Damages)*

LCM Defendants' claims are barred, in whole or in part, because LCM Defendants suffered no damages for the conduct alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
*(Damages are Speculative)*

LCM Defendants' damages, if any, are speculative and uncertain, and are impossible to ascertain.

### FIFTH AFFIRMATIVE DEFENSE
*(Failure to Mitigate)*

LCM Defendants' claims are barred, in whole or in part, on the ground that Plaintiffs failed to mitigate any damages they may have suffered.

### SIXTH AFFIRMATIVE DEFENSE
*(Compliance with Contracts)*

LCM Defendants' claims are barred because the Company discharged its duties, if any, with respect to and in accordance with the terms of the parties' agreements.

### SEVENTH AFFIRMATIVE DEFENSE
*(Barred by First Lien Term Loan Agreement)*

LCM Defendants' claims for damages are barred under the First Lien Term Loan Agreement to the extent that they seek special, indirect, consequential, or punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE
*(Waiver, Estoppel, Laches or Unclean Hands)*

LCM Defendants' claims are barred, in whole or in part, under the doctrines of waiver, estoppel, laches, or unclean hands.

### NINTH AFFIRMATIVE DEFENSE
*(Good Faith)*

LCM Defendants' claims are barred because the Company acted in good faith and without wrongful intent, malice or any other applicable degree of fault.

### TENTH AFFIRMATIVE DEFENSE
*(Implied Covenant Relief is Not Permissible)*

LCM Defendants' implied covenant claims are barred because LCM Defendants seek to impose obligations on the Company that go beyond the obligations set forth in the contract.

### ELEVENTH AFFIRMATIVE DEFENSE
*(Preclusion)*

LCM Defendants' claims are barred by the law of the case, *res judicata*, and collateral estoppel in light of the Court's ruling on Plaintiffs' motion for summary judgment and the partial final judgment consented to by LCM Defendants.

## **NOTICE OF RESERVATION**

The Company hereby gives notice that it intends to rely upon such other and further defenses as may be or become available or apparent during pretrial proceedings in this action, and the Company expressly reserves its right to amend this Answer and assert all such defenses.

Dated: April 28, 2023
      New York, New York

Respectfully submitted,

  /s/ David J. Lender
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
          Stephanie.Morrison@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
David J. Lender (admitted *pro hac vice*)
Luna Barrington (admitted *pro hac vice*)
Alexander W. Welch (admitted *pro hac vice*)
Richard D. Gage (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Joseph R. Rausch (admitted *pro hac vice*)
Michael P. Goodyear (admitted *pro hac vice*)
Nicholas J. Reade  (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel:     (212) 310-8000
Fax:    (212) 310-8007
Email: Ray.Schrock@weil.com
       David.Lender@weil.com
       Alexander.Welch@weil.com
       Luna.Barrington@weil.com
       Richard.Gage@weil.com
       Taylor.Dougherty@weil.com
       Joseph.Rausch@weil.com
       Michael.Goodyear@weil.com
       Nick.Reade@weil.com

*Attorneys for Serta Simmons Bedding, LLC, as Debtor and Debtor in Possession*