IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | **Case No. 23-90020 (DRJ)** |
| | § | |
| Debtors.[1] | § § | **(Joint Administration Requested)** |
| ------------------------------------------------- | § § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | **Adversary Proc. No. 23-09001** |
| Plaintiffs, | § § § | |
| v. | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § § § § | |
| Defendants. | § § | |
| ------------------------------------------------- | § | |

**<u>ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO COMPEL
PRODUCTION FROM DEFENDANTS</u>**

Upon the motion (the "<u>Motion</u>")[2] of Plaintiffs Serta Simmons Bedding, LLC, Barings LLC, Boston Management and Research, Credit Suisse Asset Management, LLC, Eaton Vance Management and Invesco Senior Secured Management, Inc. (collectively, "<u>Plaintiffs</u>") for entry of an order ("<u>Order</u>") compelling document production in response to certain Requests for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); Serta Simmons Bedding Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); Serta Simmons Bedding Hospitality, LLC (2016); Serta Simmons Bedding Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); Serta Simmons Bedding Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Production, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plaintiffs' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. On or May 6, 2023, the Defendants AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG SF Master (L), L.P., AG Super Fund Master, L.P., Silver Oak Capital, L.L.C., Gamut Capital Serta Simmons Bedding, and North Star Debt Holdings, L.P (collectively, "Defendants") are compelled to produce non-privileged documents responsive to the following Requests for Production:

> Request 12: Without regard to time period, documents sufficient to show the identity and terms of any transaction in which You participated, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, that resulted in existing debt being (a) exchanged for new debt and/or (b) repurchased by the borrower of such debt with the consideration being new debt, in each case, with such new debt being contractually or structurally senior to such borrower's existing debt.

> Request 13: Without regard to time period, documents sufficient to show the identity and terms of any offers You have made or received to participate as a lender in a transaction, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, that would result in existing debt being (a) exchanged for new debt and/or (b) repurchased by the borrower of such debt with the consideration being new debt, in each

case, with such new debt being contractually or structurally senior to such borrower's existing debt.

Request 14: Without regard to time period, documents sufficient to show the identity and terms of any transaction, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, in which You allowed a borrower to repurchase debt You held, as a result of direct negotiations with the relevant borrower.

Request 15: Without regard to time period, documents sufficient to show the identity and terms of any offers You have made or received to participate as a lender in a transaction that would allow a borrower to repurchase debt You held.

Request 18: Without regard to the time period, Documents sufficient to show the identity, structure and terms of any transactions in which You have participated that resulted in certain lenders in a class of debt receiving differential treatment, consideration, benefits, or terms than other lenders in that same class of debt, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction.

Request 19: Without regard to the time period, for the transactions identified in the Documents produced in response to request number 18 above, Documents sufficient to identify the participating and non-participating lenders in those transaction.

2. This Order is immediately effective upon entry.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                             DAVID R. JONES
                                             UNITED STATES BANKRUPTCY JUDGE