# Exhibit 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, et al., | Case No. 23-90020 (DRJ) |
| Debtors. | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al., | |
| Plaintiffs and Counterclaim Defendants, | Adversary Proc. No. 23-09001 (DRJ) |
| v. | |
| AG CENTRE STREET PARTNERSHIP L.P., et al., | |
| Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs, | |
| v. | |
| AGF FLOATING RATE INCOME FUND, et al., | |
| Third-Party Defendants. | |

**RESPONSES AND OBJECTIONS OF DEFENDANT ALCENTRA**
**TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy

Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure, and the corresponding

Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local

Rules"), defendants Shackleton 2013-III CLO, Ltd.; Shackleton 2013-IV-R CLO, Ltd.;

Shackleton 2014-V-R CLO, Ltd.; Shackleton 2015-VII-R CLO, Ltd.; and Shackleton 2017-XI

CLO, Ltd. (collectively, the "Shackleton Entities" or "Alcentra"),[1] by and through their

---

[1] The Shackleton Entities are collateralized loan obligations managed by Alcentra, a European affiliate of Benefit Street Partners L.L.C. ("Benefit Street Partners"). Alcentra and Benefit Street Partners' document storage systems are in the process of being merged. That process is expected

undersigned attorneys, make the following responses and objections (each, a "Response and Objection," and together, the "Responses and Objections") to the Second Set of Requests for Production to Defendants of adversary plaintiffs Serta Simmons Bedding, LLC, Invesco Senior Secured Management Inc., Credit Suisse Asset Management, LLC, Boston Management and Research, Eaton Vance Management, and Barings LLC, (collectively, "Plaintiffs") dated April 10, 2023 (each, a "Request," and together, the "Requests").

## <u>GENERAL OBJECTIONS</u>[2]

1.      Alcentra objects to the Requests (numbering twenty-two individual Requests, many with subparts) as unduly burdensome and voluminous in scope, particularly given the expedited schedule in the Action.  Alcentra's disclosures within these Responses and Objections and any documents it may produce on a rolling basis in response to the Requests are made and/or produced in good faith and represent Alcentra's best efforts to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, including Rules 26 and 34, the Local Rules, and/or any other applicable rules (the "Applicable Rules") or Orders of this Court.

2.      Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it imposes burdens and requirements upon Alcentra that exceed or differ from those imposed by the Applicable Rules and/or any other Orders of this

---

to be complete within the coming months, but prior to completion, it would be extremely difficult or impossible for Benefit Partners to obtain any of Alcentra's documents.  When the systems are merged, we will meet and confer about what, if any, discovery remains necessary for Alcentra.

[2] Capitalized, undefined terms herein shall have the meanings used in the Requests.

Court.  Alcentra will respond to the Plaintiffs' Requests in accordance with the Applicable Rules or other Orders of this Court.

3.    Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it is vague and ambiguous, duplicative, overly broad, unduly burdensome, and/or seeks discovery of materials or information that is not relevant to the claims or defenses of any of the parties.

4.    Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it purports to impose a duty on Alcentra to undertake a search for documents and things beyond a diligent search of the files where Alcentra would reasonably expect to find documents or things responsive to each individual Request.  Alcentra's representations below that it will produce certain documents responsive to certain Requests mean that it will make a diligent, good faith effort to locate responsive documents and will produce non-privileged, responsive documents, if any.  The fact that Alcentra has responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Alcentra acknowledges the propriety of that Request.

5.    Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities from disclosure.  If a document that is privileged or exempt from disclosure is produced by Alcentra, it will have been produced through inadvertence and shall not constitute a waiver of any privileges applicable to that or any other document.

6.      Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, trade secrets, or other confidential or proprietary research, development, commercial, or business information ("Confidential Information").  To the extent Alcentra's Responses and Objections to the Requests contain Confidential Information, as defined in the Stipulated Protective Order executed by the parties in this Action and so-ordered by this Court on March 3, 2023, Adv. Proc. ECF 74 (the "Protective Order"), Alcentra's responses are subject to the terms of the Protective Order.

7.      Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks documents and things that are not within Alcentra's possession, custody, or control.

8.      Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks documents and things that are publicly available, in the public domain, and/or already within the Plaintiffs' or their affiliates' possession, custody, or control.

9.      Alcentra objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it calls for the production of "all documents" or "all documents and communications," except to the extent that such Instruction, General Definition, Specific Definition, or Request seeks reasonably narrow information.  In producing any documents in response to Requests for "all documents" or "all documents and communications," Alcentra will undertake a reasonable search for responsive documents in those places where such documents are reasonably likely to exist.

10.     Alcentra objects to each Instruction, General Definition, Specific Definition, and Request, in particular General Definition No. 6 and Instruction Nos. 1 and 15, to the extent that it seeks to require Alcentra to search and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

11.     Alcentra objects to General Definition No. 6 and Instruction Nos. 1 and 15 to the extent that they purport to impose requirements or obligations on Alcentra beyond the scope of, or different from, those imposed by the Protective Order, the Applicable Rules, and/or Orders of this Court.  Alcentra will produce responsive, non-privileged Electronically Stored Information, as appropriate, in accordance with the parameters agreed to by the parties or set forth in the Protective Order, the Applicable Rules, and/or any other Orders of this Court.

12.     Alcentra objects to Specific Definitions Nos. 3 ("Angelo Gordon"), 4 ("Ascribe"), 5 ("Columbia"), 6 ("Contrarian"), 9 ("Gamut"), 10 ("LCM"), 12 ("North Star"), 24 ("Shackleton"), and 21 ("Z Capital") on the grounds that the phrase "any of their affiliates and any of their affiliates' officers, employees, representatives, agents, or others that act for or on their behalf," as used therein, is vague and ambiguous.  Alcentra further objects to these Definitions as they are overbroad, vague, and unduly burdensome to the extent they purport to include entities that are not parties to this Action.  Subject to, and without waiver of, these objections, Alcentra will interpret the phrase "Angelo Gordon" to refer to Defendants AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG SF Master (L), L.P., AG Super Fund Master, L.P., and Silver Oak Capital, L.L.C., the phrase "Ascribe" to refer to Defendant Ascribe III Investments, L.L.C., the phrase "Columbia" to refer to Defendants

5

Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II, and Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, the phrase "Contrarian" to refer to Defendants Contrarian Capital Fund I, L.P., Contrarian Centre Street Partnership, L.P., and Contrarian Distressed Debt Fund, L.P., the phrase "Gamut" to refer to Defendant Gamut Capital SSB, LLC, the phrase "LCM" to refer to Defendants LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd., LCM XXV Ltd., LCM 26 Ltd., LCM 27 Ltd., and LCM 28 Ltd., the phrase "North Star" to refer to Defendant North Star Debt Holdings, L.P., the phrase "Shackleton" to refer to Defendants Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., and Shackleton 2017-XI CLO, Ltd., and the phrase "Z Capital" to refer to Defendants Z Capital Credit Partners CLO 2018-1 Ltd., and/or Z Capital Credit Partners CLO 2019-1 Ltd.

13.     Alcentra objects to Definition No. 7 ("Defendants," "You," and "Your") on the grounds and to the extent that it incorporates Plaintiffs' proposed definitions of "Angelo Gordon," "Ascribe," "Columbia," "Contrarian," "Gamut," "LCM," "North Star," "Shackleton" and "Z Capital." Alcentra further objects to Definition No. 7 to the extent that it purports to impose on Alcentra burdens and obligations that exceed those imposed by the Applicable Rules, including, without limitation, by purporting to call for information outside of Alcentra's possession, custody or control. Subject to, and without waiver of, these objections, in responding to the Requests, Defendants will construe the terms "You" and "Your" to refer to the Defendants.

14.     Alcentra objects to Instruction Nos. 5, 8–9, 11, and 15–16 to the extent that they purport to impose requirements or obligations on Alcentra beyond the scope of, or

different from, those imposed by the Protective Order, Applicable Rules, and/or any other Orders

of this Court.  Alcentra further objects to Instruction No. 9 on the grounds that Alcentra is not

required to provide information concerning documents not in its possession, custody, or control,

including documents that no longer exist.  Alcentra will search for and produce responsive, non-

privilege documents and Electronically Stored Information (if any) and will produce a privilege

log and/or redaction log to the extent necessary, in a manner consistent with the Protective

Order, Applicable Rules, and/or any other Orders of this Court.

15.     Alcentra objects to Instruction No. 17 on the grounds that the time period

for which documents are requested (October 1, 2019 to January 23, 2023) is overbroad and not

reasonably calculated to lead to the production of admissible and relevant evidence given that the

relevant events in this Action took place entirely in 2020.  Alcentra also objects to Request Nos.

12–15 and 18–22 to the extent that they lack applicable time periods within which documents or

communications are requested.  Alcentra will produce responsive, non-privileged documents

dated between June 1, 2020 to July 15, 2020 (the "Relevant Period"), if any, to all Requests.

16.     In making these objections, Alcentra does not in any way waive, or intend

to waive, but rather intends to preserve and is preserving:

a.     all objections as to competency, relevance, materiality, privilege,

and/or admissibility of any responses, documents, tangible things and/or the

subject matter thereof, for any purpose and in any further proceeding in this

Action (including trial and post-confirmation proceedings) and in any other action

or matter;

b.     all rights to object on any ground to the use of any such responses,

documents, tangible things and/or the subject matter thereof that may be produced

7

in response to the Requests, in any further proceeding in this Action (including trial and post-confirmation proceedings) and in any other action or matter;

       c.     all rights to object on any ground at any time to a demand or request for further responses to the Requests or any other document requests;

       d.     all rights to object to any Request or parts thereof even after a response or partial response is provided;

       e.     all rights to rely on at any time, including at trial or any hearing, any subsequently discovered discovery material, or discovery material omitted from these Responses and Objections due to error, oversight, or inadvertence;

       f.     all rights to redact any privileged material from discovery material produced in response to any Request; and

       g.     all rights to redact any sensitive personal information that is not relevant to the subject matter of this Action from discovery material produced in response to any Request.

17.     Alcentra expressly states that these Responses and Objections and/or Alcentra's production of any documents in response to the Requests:  (i) are without prejudice to any relief requested by Alcentra in connection with the Amended Complaint in this Action, or the Prior Actions; and (ii) will not function as a waiver of any kind of Alcentra's rights in this or any other proceeding, including but not limited to the Prior Actions.

18.     The Responses and Objections herein reflect only the present state of Alcentra's knowledge, information, and belief regarding the Requests.  Alcentra therefore reserves the right to, at any time, revise, clarify, supplement, amend, correct, withdraw, or add to

any or all of these Responses and Objections and to supplement the production of documents hereunder, if any, where and when appropriate.

19.     All of the General Objections set forth above are incorporated in each of the specific responses to the individual Requests set forth below and have the same force and effect as if fully set forth below.  Where a General Objection is repeated or referred to in a specific response, it is for emphasis only.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**     **Documents sufficient to show any Serta Simmons Bedding debt You currently hold or have previously held, other than Serta Simmons Bedding's First Lien Debt, including any PTL Debt.**

Response to Request No. 1:

Alcentra objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 1).  Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about loans or securities that were not involved in the Transaction.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Alcentra further objects to this Request to the extent that it seeks the production of internal documents that are competitively sensitive and/or highly confidential.  Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

9

Subject to and without waiver of the foregoing General and Specific Objections, Alcentra states that there are no responsive documents because it only held Serta Simmons Bedding's First Lien Debt.

**Request No. 2:**      **Documents sufficient to show Your purchases of Serta Simmons Bedding's First Lien Debt, including but not limited to the date(s) of Your purchases, the purchase price, and from whom You purchased the First Lien Debt.**

Response to Request No. 2:

Alcentra objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 2).  Alcentra further objects to this Request to the extent that it seeks production of purchase price and counterparty identity and information when such information has no bearing on the claims or defenses of the parties in this Action.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra further objects to this Request to the extent that it seeks the production of internal documents that are competitively sensitive and/or highly confidential.  Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 3:**      **Documents sufficient to show Your sales of Serta Simmons Bedding's First Lien Debt, including but not limited to the date(s) of Your sales, the sale price, and to whom You sold the First Lien Debt.**

Response to Request No. 3:

Alcentra objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production

(Previously Request No. 3).  Alcentra further objects to this Request to the extent that it seeks

production of purchase price and counterparty identity and information when such information

has no bearing on the claims or defenses of the parties in this Action.  Alcentra further objects to

this Request as overbroad and unduly burdensome in light of the expedited schedule in this

Action.  Alcentra further objects to this Request to the extent that it seeks the production of

internal documents that are competitively sensitive and/or highly confidential.  Alcentra further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.

Subject to and without waiver of the foregoing General and Specific Objections,

upon completion of the merger of Alcentra and Benefit Street Partners' document storage

systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 4:** **Documents sufficient to show any transactions You participated in that increased, decreased, or otherwise impacted Your economic exposure to Serta Simmons Bedding's First Lien Debt as well as Your rationale for each such transaction, including but not limited to Documents and Communications that reveal the date(s) of those transactions, the price at which the transactions were consummated, the counterparty to the transactions, and your analysis or basis for engaging in each such transaction.**

Response to Request No. 4:

Alcentra objects to this Request as largely similar to a request that has already

been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set

of Requests for Production (Previously Request No. 6).  Alcentra further objects to this Request

as duplicative of Request Nos. 1, 2, 3 and 5.  Alcentra further objects to this Request on the

ground that the phrases "Your economic exposure to Serta," "Your rationale for each such

transaction" and "your analysis or basis for engaging in each such transaction," as used therein,

are vague and ambiguous.  Alcentra further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions with no connection to the Transaction.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action and to the extent that it seeks production of "Documents sufficient to show any transactions Alcentra participated in that increased, decreased, or otherwise impacted Alcentra's  economic exposure to Serta Simmons Bedding's First Lien Debt," without regard to the claims or defenses of the parties in this Action and whether such transactions in fact occurred.  Alcentra further objects to this Request to the extent that the undefined term "economic exposure" is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, including because it seeks production of documents without regard to whether such "economic exposure" was potential or actual.  Alcentra further objects to this Request to the extent that it seeks competitively sensitive information regarding any proprietary trading strategy.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control. Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.  Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 5:**       **All Documents and Communications relating to Your purchase or sale of Serta Simmons Bedding's First Lien Debt, including but not limited to any efforts by You to purchase or sell Serta Simmons Bedding's First Lien Debt, any offers to or by You to purchase or sell Serta Simmons Bedding's First Lien Debt, and any negotiations surrounding Your purchases or sales of Serta Simmons Bedding's First Lien Debt.**

Response to Request No. 5:

Alcentra objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 7).  Alcentra further objects to this Request as duplicative of Request Nos. 1, 2, 3, and 4.  Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule  in this Action.  Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action and to the extent that it seeks production of "All Documents and Communications relating to Alcentra purchase or sale of Serta Simmons Bedding's First Lien Debt, including . . . any efforts . . . any offer . . . and any negotiations" by Alcentra pertaining to the same, without regard to the claims or defenses of the parties in this Action or whether any such "efforts, "offer[s]," and "negotiations" were potential or actual.  Alcentra further objects to this Request to the extent that it seeks production of documents relating to purchase price and counterparty information when such information has no bearing on the claims or defenses of the parties in this Action.   Alcentra further objects to this Request to the extent that it seeks

13

competitively sensitive information regarding any proprietary trading strategy.  Alcentra further

objects to this Request to the extent that it seeks the discovery of materials protected from

disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or

common interest privilege, or any other applicable privileges, protections, or immunities.

Alcentra further objects to this Request to the extent that it seeks documents that are not within

Alcentra's possession, custody, or control.  Alcentra further objects to this Request to the extent

that it seeks documents that are already in Plaintiffs' possession.  Alcentra further states that this

Request poses a unique burden because the individual whose custodial documents may be

responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

upon completion of the merger of Alcentra and Benefit Street Partners' document storage

systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 6:** **All Documents and Communications relating to Your investment strategy or strategies with respect to the Serta Simmons Bedding First Lien Debt and any PTL Debt.**

Response to Request No. 6:

Alcentra objects to this Request as it has already been raised, responded to, and

objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production

(Previously Request No. 8).  Alcentra further objects to this Request as duplicative of Request

Nos. 2, 3, and 4.  Alcentra further objects to this Request as overbroad, unduly burdensome,

vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of

any party nor proportional to the needs of the case.  Alcentra further objects to this Request as

overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra

further objects to this Request on the ground that it is overbroad and not proportionate to the

needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at

14

issue in this Action.  Alcentra further objects to this Request to the extent that it seeks production

of "All Documents and Communications relating to Alcentra's investment strategy or strategies

with respect to the Serta Simmons Bedding First Lien Debt and any PTL Debt," without regard

to the claims or defenses of the parties in this Action or whether any such strategy or strategies

were ever implemented.  Alcentra further objects to this Request to the extent that it seeks

competitively sensitive information regarding any proprietary trading strategy.   Alcentra further

objects to this Request to the extent that it seeks production of documents relating to purchase

price and counterparty information when such information has no bearing on the claims or

defenses of the parties in this Action.  Alcentra further objects to this Request to the extent that it

seeks the discovery of materials protected from disclosure by the attorney-client privilege,

attorney work product doctrine, the joint defense or common interest privilege, or any other

applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the

extent that it seeks the production of internal documents that are competitively sensitive and/or

highly confidential.  Alcentra further objects to this Request to the extent that it seeks documents

that are not within Alcentra's possession, custody, or control.  Alcentra further objects to this

Request to the extent that it seeks documents that are already in Plaintiffs' possession.  Alcentra

further objects to this Request to the extent that it seeks information regarding Alcentra's

investment strategy, which is Confidential Information.  Alcentra further states that this Request

poses a unique burden because the individual whose custodial documents may be responsive to

the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

upon completion of the merger of Alcentra and Benefit Street Partners' document storage

systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 7:**      **All Documents and Communications relating to any proposal or transaction to restructure, sell or repurchase, or refinance any of Serta Simmons Bedding's debt or extend any new financing to Serta Simmons Bedding, including but not limited to the Transaction, the North Star Lenders' Offer or any other proposals from Apollo, Angelo Gordon, Gamut, and/or North Star, and any decision by You to participate or not participate in any proposal or transaction to restructure, sell or repurchase, or refinance any of Serta Simmons Bedding's debt or extend any new financing to Serta Simmons Bedding.**

Response to Request No. 7:

Alcentra objects to this Request as a largely similar request has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 9). Alcentra further objects to this Request on the ground that the phrases "proposal or transaction to restructure," "sell or repurchase" and "extend any new financing to Serta Simmons Bedding," as used therein, are vague and ambiguous. Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions with no connection to the Transaction. Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action and to the extent that it seeks production of "All Documents and Communications relating to any proposal or transaction to restructure, sell or repurchase any of Serta Simmons Bedding's debt," without regard to the claims or defenses of the parties in this Action or whether any such proposals or transactions were potential, actual, or ever implemented. Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product

16

doctrine, the joint defense or common interest privilege, or any other applicable privileges,

protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks

documents that are not within Alcentra's possession, custody, or control.  Alcentra further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Alcentra further states that this Request poses a unique burden because the

individual whose custodial documents may be responsive to the Request is a former employee of

Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

upon completion of the merger of Alcentra and Benefit Street Partners' document storage

systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 8:**         **All Documents and Communications relating to Your analysis or interpretation of the Non- PTL Term Loan Agreement, including but not limited to how the terms of the North Star Lenders' Offer or the Transaction would or could be effectuated under the Non-PTL Term Loan Agreement.**

Response to Request No. 8:

Alcentra objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 10).  Alcentra further objects to this Request on

the ground that the phrase "analysis or interpretation," as used therein, is vague and ambiguous.

Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous,

and seeking information that is neither relevant to the claims or defenses of any party nor

proportional to the needs of the case.  Alcentra further objects to this Request as overbroad and

unduly burdensome in light of the expedited schedule in this Action.  Alcentra further objects to

this Request on the ground that it is overbroad and not proportionate to the needs of the Action,

to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.

17

Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.  Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 9:**        **All Documents and Communications concerning any efforts by You to participate in the Transaction.**

Response to Request No. 9:

Alcentra objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because the term "efforts," as used therein, is vague and ambiguous.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra further objects to this Request to the extent that it seeks documents

18

that are already in Plaintiffs' possession.  Alcentra further states that this Request poses a unique

burden because the individual whose custodial documents may be responsive to the Request is a

former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

upon completion of the merger of Alcentra and Benefit Street Partners' document storage

systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 10:**       **All Documents and Communications concerning any efforts by You to purchase PTL Debt after the Transaction closed.**

Response to Request No. 10:

Alcentra objects to this Request as overbroad, unduly burdensome, vague,

ambiguous, and seeking information that is neither relevant to the claims or defenses of any party

nor proportional to the needs of the case, including because the term "efforts," as used therein, is

vague and ambiguous.  Alcentra further objects to this Request as overbroad and unduly

burdensome in light of the expedited schedule in this Action.  Alcentra further objects to this

Request to the extent that it seeks the discovery of materials protected from disclosure by the

attorney-client privilege, attorney work product doctrine, the joint defense or common interest

privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects

to this Request to the extent that it seeks documents that are not within Alcentra's possession,

custody, or control.  Alcentra further objects to this Request to the extent that it seeks documents

that are already in Plaintiffs' possession.  Alcentra further states that this Request poses a unique

burden because the individual whose custodial documents may be responsive to the Request is a

former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 11:** **All Documents and Communications concerning Your analysis of the Transaction.**

Response to Request No. 11:

Alcentra objects to this Request on the ground that the phrase "analysis," as used therein, is vague and ambiguous. Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it is not the case that any and all "analysis" by Alcentra "of the Transaction" is necessarily relevant to the issues in this Action. Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities. Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control. Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession. Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 12:**     **Without regard to time period, documents sufficient to show the identity and terms of any transaction in which You participated, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, that resulted in existing debt being (a) exchanged for new debt and/or (b) repurchased by the borrower of such debt with the consideration being new debt, in each case, with such new debt being contractually or structurally senior to such borrower's existing debt.**

Response to Request No. 12:

Alcentra objects to this Request as a largely similar request has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 17). Alcentra further objects to this Request on the ground that the phrase "sufficient to show the identity and terms of any transaction," as used therein, is vague and ambiguous.  Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions including the April 2022 Envision Transaction and October 2022 Mitel Transaction, with no connection to the Transaction.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Alcentra further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra objects to this Request to the extent that it seeks documents that contain or are subject to non-disclosure or confidentiality provisions or court orders in other matters.  Alcentra further objects to this Request to the extent

21

that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra

further objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Alcentra further objects to this Request because Alcentra's good faith and fair

dealing in other transactions is not relevant to, or at issue in, this Action.  Alcentra further states

that this Request poses a unique burden because the individual whose custodial documents may

be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

Alcentra states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Alcentra

will not respond further to this Request.

**Request No. 13:**        **Without regard to time period, documents sufficient to show the identity and terms of any offers You have made or received to participate as a lender in a transaction, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, that would result in existing debt being (a) exchanged for new debt and/or (b) repurchased by the borrower of such debt with the consideration being new debt, in each case, with such new debt being contractually or structurally senior to such borrower's existing debt.**

Response to Request No. 13:

Alcentra objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 17). Alcentra further objects to this Request as

duplicative of Request No. 12.  Alcentra further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case, particularly to the extent that it

seeks information about transactions, including the April 2022 Envision Transaction and October

2022 Mitel Transaction, with no connection to the Transaction.  Alcentra further objects to this

Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.

22

Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Alcentra further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that contain or are subject to non-disclosure or confidentiality provisions or court orders in other matters.  Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession. Alcentra further objects to this Request because Alcentra's good faith and fair dealing in other transactions is not relevant to, or at issue, in this Action. Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, Alcentra states that the burden of conducting a search and identifying any potentially relevant transactions outweighs any potential de minimis relevance of such transactions, and Alcentra will not respond further to this Request.

**Request No. 14:**        **Without regard to time period, documents sufficient to show the identity and terms of any transaction, including without limitation, the April 2022 Envision**

**Transaction and October 2022 Mitel Transaction, in which You allowed a borrower to repurchase debt You held, as a result of direct negotiations with the relevant borrower.**

<u>Response to Request No. 14:</u>

Alcentra objects to this Request as a largely similar request has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 19). Alcentra further objects to this Request as duplicative of Request No. 15. Alcentra further objects to this Request on the ground that the phrase "sufficient to show the identity and terms of any transaction," as used therein, is vague and ambiguous. Alcentra objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions, including the April 2022 Envision Transaction and October 2022 Mitel Transaction, with no connection to the Transaction. Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action. Alcentra further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation. Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities. Alcentra further objects to this Request to the extent that it seeks documents that contain or are subject to non-disclosure or confidentiality provisions or court orders in other matters. Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control. Alcentra further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Alcentra further objects to this Request because Alcentra's good faith and fair

dealing in other transactions is not relevant to, or at issue in, this Action.  Alcentra further states

that this Request poses a unique burden because the individual whose custodial documents may

be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

Alcentra states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of unrelated transactions, and

Alcentra will not respond further to this Request.

**Request No. 15:        Without regard to time period, documents sufficient to show the identity and terms of any offers You have made or received to participate as a lender in a transaction that would allow a borrower to repurchase debt You held.**

Response to Request No. 15:

Alcentra objects to this Request to the extent that it is duplicative of Request No.

14.  Alcentra further objects to this Request as overbroad, unduly burdensome, vague,

ambiguous, and seeking information that is neither relevant to the claims or defenses of any party

nor proportional to the needs of the case, particularly to the extent that it seeks information about

transactions with no connection to the Transaction.  Alcentra further objects to this Request as

overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra

further objects to this Request on the ground that it is overbroad and not proportionate to the

needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at

issue in this Action.  Alcentra further objects to this Request as unduly broad and burdensome to

the extent that it lacks a time limitation.  Alcentra further objects to this Request to the extent

that it seeks the discovery of materials protected from disclosure by the attorney-client privilege,

attorney work product doctrine, the joint defense or common interest privilege, or any other

applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the

extent that it seeks documents that contain or are subject to non-disclosure or confidentiality

provisions or court orders in other matters.  Alcentra further objects to this Request to the extent

that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra

further objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Alcentra further objects to this Request because Alcentra's good faith and fair

dealing in other transactions is not relevant to, or at issue in, this Action.  Alcentra further states

that this Request poses a unique burden because the individual whose custodial documents may

be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

Alcentra states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Alcentra

will not respond further to this Request.

**Request No. 16:**      **All Documents and Communications between You and any holders of Serta Simmons' First Lien Debt, including Defendants, concerning the terms of the Non-PTL Term Loan Agreement referenced in your counterclaims, the Amended Non-PTL Term Loan Agreement, or the Transaction.**

Response to Request No. 16:

Alcentra objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 22).  Alcentra further objects to this Request on

the ground that the phrase "any holders," as used therein, is vague and ambiguous.  Alcentra

further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking

information that is neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.  Alcentra further objects to this Request as overbroad and unduly burdensome

in light of the expedited schedule in this Action.  Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Alcentra further objects to this Request to the extent that it seeks production of documents pertaining to "All Documents and Communications," without regard to the claims or defenses of the parties in this Action.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.  Alcentra further objects to the Request as nonsensical to the extent that it asks for "documents . . . referenced in . . . the Amended Non-PTL Term Loan Agreement, or the Transaction."  Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.  Alcentra will interpret this Request as a request for documents referenced in the counterclaims to the extent that they are not already produced.

Subject to and without waiver of the foregoing General and Specific Objections, Alcentra will produce documents cited in the counterclaims to the extent that they are not already produced in this Action.

27

**Request No. 17:** **All Documents and Communications between You and the other Defendants concerning the First Lien Debt, the Second Lien Debt, the PTL Debt, and/or any exchanges of Serta Simmons Bedding debt.**

Response to Request No. 17:

Alcentra objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 23). Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action. Alcentra further objects to this Request to the extent that it seeks production of documents pertaining to "All Documents and Communications," without regard to the claims or defenses of the parties in this Action. Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities. Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control. Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession. Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 18:**        **Without regard to the time period, Documents sufficient to show the identity, structure and terms of any transactions in which You have participated that resulted in certain lenders in a class of debt receiving differential treatment, consideration, benefits, or terms than other lenders in that same class of debt, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction.**

Response to Request No. 18:

Alcentra objects to this Request on the ground that the phrases "sufficient to show the identity, structure and terms of any transaction" and "differential treatment, consideration, benefits, or terms," as used therein, are vague and ambiguous.  Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions, including the April 2022 Envision Transaction and October 2022 Mitel Transaction, with no connection to the Transaction.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Alcentra further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that contain or are subject to non-disclosure or confidentiality provisions or court

29

orders in other matters.  Alcentra further objects to this Request to the extent that it seeks

documents that are not within Alcentra's possession, custody, or control.  Alcentra further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Alcentra further objects to this Request because Alcentra's good faith and fair

dealing in other transactions is not relevant to, or at issue in, this Action.  Alcentra further states

that this Request poses a unique burden because the individual whose custodial documents may

be responsive to the Request is a former employee of Alcentra.

>        Subject to and without waiver of the foregoing General and Specific Objections,

Alcentra states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Alcentra

will not respond further to this Request.

**Request No. 19:**        **Without regard to the time period, for the transactions identified in the Documents produced in response to request number 18 above, Documents sufficient to identify the participating and non-participating lenders in those transactions.**

Response to Request No. 19:

>        Alcentra objects to this Request as duplicative of Request No. 18.  Alcentra

further objects to this Request on the ground that the phrase "sufficient to identify the

participating and non-participating lenders," as used therein, is vague and ambiguous.  Alcentra

further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking

information that is neither relevant to the claims or defenses of any party nor proportional to the

needs of the case, particularly to the extent that it seeks information about transactions, including

the April 2022 Envision Transaction and October 2022 Mitel Transaction referenced in Request

No. 18, with no connection to the Transaction.  Alcentra further objects to this Request as

overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra

further objects to this Request on the ground that it is overbroad and not proportionate to the

needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at

issue in this Action.  Alcentra further objects to this Request as unduly broad and burdensome to

the extent that it lacks a time limitation. Alcentra further objects to this Request to the extent that

it seeks the discovery of materials protected from disclosure by the attorney-client privilege,

attorney work product doctrine, the joint defense or common interest privilege, or any other

applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the

extent that it seeks documents that contain or are subject to non-disclosure or confidentiality

provisions or court orders in other matters.  Alcentra further objects to this Request to the extent

that it seeks documents that are not within Alcentra's possession, custody, or control.  Alcentra

further objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Alcentra further objects to this Request because Alcentra's good faith and fair

dealing in other transactions is not relevant to, or at issue in, this Action.  Alcentra further states

that this Request poses a unique burden because the individual whose custodial documents may

be responsive to the Request is a former employee of Alcentra.

       Subject to and without waiver of the foregoing General and Specific Objections,

Alcentra states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Alcentra

will not respond further to this Request.

**Request No. 20:**     **All Communications with the trade or any press Concerning this
Action, the Prior Actions, or the Transaction.**

Response to Request No. 20:

       Alcentra objects to this Request as it has already been raised, responded to, and

objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production

(Previously Request No. 25).  Alcentra further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case, particularly to the extent that it

seeks information about transactions with no connection to the Transaction.  Alcentra further

objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in

this Action.  Alcentra further objects to this Request to the extent that it seeks production of

documents pertaining to "All Communications," without regard to the claims or defenses of the

parties in this Action.  Alcentra further objects to this Request to the extent that it seeks the

discovery of materials protected from disclosure by the attorney-client privilege, attorney work

product doctrine, the joint defense or common interest privilege, or any other applicable

privileges, protections, or immunities. Alcentra further objects to this Request to the extent that it

seeks documents that are not within Alcentra's possession, custody, or control, or that are

publicly available.  Alcentra further objects to this Request to the extent that it seeks documents

that are already in Plaintiffs' possession.  Alcentra further states that this Request poses a unique

burden because the individual whose custodial documents may be responsive to the Request is a

former employee of Alcentra.

    Subject to and without waiver of the foregoing General and Specific Objections,

Alcentra will not respond further to this Request.

**Request No. 21:**  **Without regard to the time period, all Documents and Communications supporting, undermining, or concerning Your claim for damages in the Prior Actions.**

Response to Request No. 21:

    Alcentra objects to this Request as it has already been raised, responded to, and

objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production

(Previously Request No. 28).  Alcentra further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case.  Alcentra further objects to this

Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.

Alcentra further objects to this Request on the ground that it is overbroad and not proportionate

to the needs of the Action, to the extent that it seeks documents that post-date the 2020

Transaction at issue in this Action.  Alcentra further objects to this Request as unduly broad and

burdensome to the extent that it lacks a time limitation.  Alcentra further objects to this Request

to the extent that it seeks the discovery of materials protected from disclosure by the attorney-

client privilege, attorney work product doctrine, the joint defense or common interest privilege,

or any other applicable privileges, protections, or immunities.  Alcentra further objects to this

Request to the extent that it seeks documents that are not within Alcentra's possession, custody,

or control, or that are publicly available.  Alcentra further objects to this Request to the extent

that it seeks documents that are already in Plaintiffs' possession.  Alcentra further objects to the

extent this Request calls for information that is properly the subject of expert testimony.

Alcentra further states that this Request poses a unique burden because the individual whose

custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections,

upon completion of the merger of Alcentra and Benefit Street Partners' document storage

systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

**Request No. 22:**      **Without regard to the time period, and to the extent not covered by the other document requests, all Documents and Communications that support or are inconsistent with the allegations set forth in your implied covenant of good faith and fair dealing counterclaims.**

Response to Request No. 22:

Alcentra objects to this Request on the ground that the phrases "not covered by

the other document requests" and "support or are inconsistent with," as used therein, are vague

and ambiguous.  Alcentra further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Alcentra further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Alcentra further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Alcentra further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation.  Alcentra further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Alcentra further objects to this Request to the extent that it seeks documents that are not within Alcentra's possession, custody, or control, or that are publicly available.  Alcentra further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.  Alcentra further states that this Request poses a unique burden because the individual whose custodial documents may be responsive to the Request is a former employee of Alcentra.

Subject to and without waiver of the foregoing General and Specific Objections, upon completion of the merger of Alcentra and Benefit Street Partners' document storage systems, we will meet and confer to discuss what, if any, discovery is needed from Alcentra.

Dated: New York, New York
April 21, 2023

**FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP**

*s/ Jamuna D. Kelley*
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Elizabeth Bierut*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
ebierut@fklaw.com
balbom@fklaw.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*admitted pro hac vice*

*Attorneys for Shackleton 2013-III CLO, Ltd.;
Shackleton 2013-IV-R CLO, Ltd.; Shackleton
2014-V-R CLO, Ltd.; Shackleton 2015-VII-R
CLO, Ltd.; and Shackleton 2017-XI CLO, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2023, I caused to be served true and correct

copies of the foregoing Responses and Objections of Alcentra to Plaintiffs' Second Set of

Requests for Production via electronic mail:

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel: (713) 546-5040
Email: Gabriel.Morgan@weil.com
        Stephanie.Morrison@weil.com

Ray C. Schrock*
David J. Lender*
Alexander W. Welch*
Luna N. Barrington*
Richard D. Gage*
Taylor B. Dougherty*
Joseph R. Rausch*
Michael P. Goodyear*
Nicholas J. Reade*
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Email: Ray.Schrock@weil.com
David.Lender@weil.com
        Alexander.Welch@weil.com
        Luna.Barrington@weil.com
        Richard.Gage@weil.com
        Taylor.Dougherty@weil.com
        Joseph.Rausch@weil.com
        Michael.Goodyear@weil.com
        Nick.Reade@weil.com

*Attorneys for Debtor and Plaintiff Serta
Simmons Bedding, LLC*

**GIBSON, DUNN & CRUTCHER LLP**
Gregg J. Costa (24028160)
811 Main Street, Suite 3000
Houston, TX 77002
Tel: (346) 718-6600
Email: gcosta@gibsondunn.com


Orin Snyder*
Amanda M. Aycock*
C. Lee Wilson*
Akiva Shapiro*
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Email: osnyder@gibsondunn.com
        aaycock@gibsondunn.com
        clwilson@gibsondunn.com
        ashapiro@gibsondunn.com
        osnyder@gibsondunn.com

Helgi C. Walker*
1050 Connecticut Avenue N.W.
Washington, DC 20036
Tel: (202) 955-8500
Email: hwalker@gibsondunn.com

-and-

**JACKSON WALKER LLP**
Bruce J Ruzinsky
1401 McKinney Street, Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Email: bruzinsky@jw.com

*Attorneys for Plaintiffs Invesco Senior
Secured Management, Inc., Barings, LLC,
Credit Suisse Asset Management, LLC, Eaton*

*Vance Management, and Boston Management and Research*

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Madlyn Gleich Primoff (*pro hac vice* forthcoming)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Email: madlyn.primoff@freshfields.com

*Attorneys for Barings LLC*

**HOLWELL SHUSTER & GOLDBERG LLP**
Michael Shuster*
Neil R. Lieberman*
Brian T. Goldman*
Vincent Levy*
Alison B. Miller*
Patrick J. Woods*
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5168
Email:  mshuster@hsgllp.com
        nlieberman@hsgllp.com
        bgoldman@hsgllp.com
        vlevy@hsgllp.com
        amiller@hsgllp.com
        pwoods@hsgllp.com

-and-

**McKool Smith, PC**
John J. Sparacino (SBN 18873700)
S. Margie Venus (SBN 20545900)
Regan S. Jones (SBN 24110060)
600 Travis Street, Suite 7000
Houston, Texas 77002
Tel: (713) 485-7300
Email:  jsparacino@mckoolsmith.com
        mvenus@mckoolsmith.com
        rjones@mckoolsmith.com

*Attorneys for LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., and LCM 28 LTD*

Dated:  New York, New York
      April 21, 2023

                               **PAUL, WEISS, RIFKIND, WHARTON &**
                               **GARRISON LLP**

                               s/ *Sarah J. Prostko*
                               Sarah J. Prostko

3