# Exhibit 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, et al., | Case No. 23-90020 (DRJ) |
| Debtors. | (Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al., | |
| Plaintiffs and Counterclaim Defendants, | Adversary Proc. No. 23-09001 (DRJ) |
| v. | |
| AG CENTRE STREET PARTNERSHIP L.P., et al., | |
| Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs, | |
| v. | |
| AGF FLOATING RATE INCOME FUND, et al., | |
| Third-Party Defendants. | |

**RESPONSES AND OBJECTIONS OF DEFENDANT COLUMBIA
TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy

Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure, and the corresponding

Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local

Rules"), defendants Columbia Cent CLO 21 Limited; Columbia Cent CLO 27 Limited;

Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II; and Columbia

Strategic Income Fund, a series of Columbia Funds Series Trust I (collectively, "Columbia"), by

and through their undersigned attorneys, make the following responses and objections (each, a

"Response and Objection," and together, the "Responses and Objections") to the Second Set of

Requests for Production to Defendants of adversary plaintiffs Serta Simmons Bedding, LLC, Invesco Senior Secured Management Inc., Credit Suisse Asset Management, LLC, Boston Management and Research, Eaton Vance Management, and Barings LLC, (collectively, "Plaintiffs") dated April 10, 2023 (each, a "Request," and together, the "Requests").

## GENERAL OBJECTIONS[1]

1.      Columbia objects to the Requests (numbering twenty-two individual Requests, many with subparts) as unduly burdensome and voluminous in scope, particularly given the expedited schedule in the Action.  Columbia's disclosures within these Responses and Objections and any documents it may produce on a rolling basis in response to the Requests are made and/or produced in good faith and represent Columbia's best efforts to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, including Rules 26 and 34, the Local Rules, and/or any other applicable rules (the "Applicable Rules") or Orders of this Court.

2.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it imposes burdens and requirements upon Columbia that exceed or differ from those imposed by the Applicable Rules and/or any other Orders of this Court.  Columbia will respond to the Plaintiffs' Requests in accordance with the Applicable Rules or other Orders of this Court.

3.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it is vague and ambiguous, duplicative, overly broad, unduly burdensome, and/or seeks discovery of materials or information that is not relevant to the claims or defenses of any of the parties.

---

[1] Capitalized, undefined terms herein shall have the meanings used in the Requests.

4.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it purports to impose a duty on Columbia to undertake a search for documents and things beyond a diligent search of the files where Columbia would reasonably expect to find documents or things responsive to each individual Request. Columbia's representations below that it will produce certain documents responsive to certain Requests mean that it will make a diligent, good faith effort to locate responsive documents and will produce non-privileged, responsive documents, if any.  The fact that Columbia has responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Columbia acknowledges the propriety of that Request.

5.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities from disclosure.  If a document that is privileged or exempt from disclosure is produced by Columbia, it will have been produced through inadvertence and shall not constitute a waiver of any privileges applicable to that or any other document.

6.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks information that is competitively sensitive, confidential, or proprietary, including information that is subject to third-party confidentiality obligations, trade secrets, or other confidential or proprietary research, development, commercial, or business information ("Confidential Information").  To the extent Columbia's Responses and Objections to the Requests contain Confidential Information, as defined in the Stipulated Protective Order executed by the parties in this Action and so-ordered by this Court

on March 3, 2023, Adv. Proc. ECF 74 (the "Protective Order"), Columbia's responses are subject to the terms of the Protective Order.

7.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks documents and things that are not within Columbia's possession, custody, or control.

8.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it seeks documents and things that are publicly available, in the public domain, and/or already within the Plaintiffs' or their affiliates' possession, custody, or control.

9.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request to the extent that it calls for the production of "all documents" or "all documents and communications," except to the extent that such Instruction, General Definition, Specific Definition, or Request seeks reasonably narrow information.  In producing any documents in response to requests for "all documents" or "all documents and communications," Columbia will undertake a reasonable search for responsive documents in those places where such documents are reasonably likely to exist.

10.      Columbia objects to each Instruction, General Definition, Specific Definition, and Request, in particular General Definition No. 6 and Instruction Nos. 1 and 15, to the extent that it seeks to require Columbia to search and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

4

11.     Columbia objects to General Definition No. 6 and Instruction Nos. 1 and 15 to the extent that they purport to impose requirements or obligations on Columbia beyond the scope of, or different from, those imposed by the Protective Order, the Applicable Rules, and/or Orders of this Court.  Columbia will produce responsive, non-privileged Electronically Stored Information, as appropriate, in accordance with the parameters agreed to by the parties or set forth in the Protective Order, the Applicable Rules, and/or any other Orders of this Court.

12.     Columbia objects to Specific Definition Nos. 3 ("Angelo Gordon"), 4 ("Ascribe"), 5 ("Columbia"), 6 ("Contrarian"), 9 ("Gamut"), 10 ("LCM"), 12 ("North Star"), 24 ("Shackleton"), and 21 ("Z Capital") on the grounds that the phrase "any of their affiliates and any of their affiliates' officers, employees, representatives, agents, or others that act for or on their behalf," as used therein, is vague and ambiguous.  Columbia further objects to these Definitions as they are overbroad, vague, and unduly burdensome to the extent they purport to include entities that are not parties to this Action.  Subject to, and without waiver of, these objections, Columbia will interpret the phrase "Angelo Gordon" to refer to Defendants AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG SF Master (L), L.P., AG Super Fund Master, L.P., and Silver Oak Capital, L.L.C., the phrase "Ascribe" to refer to Defendant Ascribe III Investments, L.L.C., the phrase "Columbia" to refer to Defendants Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II, and Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, the phrase "Contrarian" to refer to Defendants Contrarian Capital Fund I, L.P., Contrarian Centre Street Partnership, L.P., and Contrarian Distressed Debt Fund, L.P., the phrase "Gamut" to refer to Defendant Gamut Capital SSB, LLC, the phrase "LCM" to refer to Defendants LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd., LCM XXV

Ltd., LCM 26 Ltd., LCM 27 Ltd., and LCM 28 Ltd., the phrase "North Star" to refer to

Defendant North Star Debt Holdings, L.P., the phrase "Shackleton" to refer to Defendants

Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO,

Ltd., Shackleton 2015-VII-R CLO, Ltd., and Shackleton 2017-XI CLO, Ltd., and the phrase "Z

Capital" to refer to Defendants Z Capital Credit Partners CLO 2018-1 Ltd., and/or Z Capital

Credit Partners CLO 2019-1 Ltd.

13.     Columbia objects to Definition No. 7 ("Defendants," "You," and "Your")

on the grounds and to the extent that it incorporates Plaintiffs' proposed definitions of "Angelo

Gordon," "Ascribe," "Columbia," "Contrarian," "Gamut," "LCM," "North Star,"  "Shackleton"

and "Z Capital."  Columbia further objects to Definition No. 7 to the extent that it purports to

impose on Columbia burdens and obligations that exceed those imposed by the Applicable

Rules, including, without limitation, by purporting to call for information outside of Columbia's

possession, custody or control.  Subject to, and without waiver of, these objections, in

responding to the Requests, Defendants will construe the terms "You" and "Your" to refer to the

Defendants.

14.     Columbia objects to Instruction Nos. 5, 8–9, 11, and 15–16 to the extent

that they purport to impose requirements or obligations on Columbia beyond the scope of, or

different from, those imposed by the Protective Order, Applicable Rules, and/or any other Orders

of this Court.  Columbia further objects to Instruction No. 9 on the grounds that Columbia is not

required to provide information concerning documents not in its possession, custody, or control,

including documents that no longer exist.  Columbia will search for and produce responsive,

non-privilege documents and Electronically Stored Information (if any) and will produce a

privilege log and/or redaction log to the extent necessary, in a manner consistent with the Protective Order, Applicable Rules, and/or any other Orders of this Court.

15.     Columbia objects to Instruction No. 17 on the grounds that the time period for which documents are requested (October 1, 2019 to January 23, 2023) is overbroad and not reasonably calculated to lead to the production of admissible and relevant evidence given that the relevant events in this Action took place entirely in 2020.  Columbia also objects to Request Nos. 12–15 and 18–22 to the extent that they lack applicable time periods within which documents or communications are requested.  Columbia will produce responsive, non-privileged documents dated between June 1, 2020 to July 15, 2020 (the "Relevant Period"), if any, to all Requests.

16.     In making these objections, Columbia does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

a.     all objections as to competency, relevance, materiality, privilege, and/or admissibility of any responses, documents, tangible things and/or the subject matter thereof, for any purpose and in any further proceeding in this Action (including trial and post-confirmation proceedings) and in any other action or matter;

b.     all rights to object on any ground to the use of any such responses, documents, tangible things and/or the subject matter thereof that may be produced in response to the Requests, in any further proceeding in this Action (including trial and post-confirmation proceedings) and in any other action or matter;

c.     all rights to object on any ground at any time to a demand or request for further responses to the Requests or any other document requests;

7

d.      all rights to object to any Request or parts thereof even after a response or partial response is provided;

e.      all rights to rely on at any time, including at trial or any hearing, any subsequently discovered discovery material, or discovery material omitted from these Responses and Objections due to error, oversight, or inadvertence;

f.      all rights to redact any privileged material from discovery material produced in response to any Request; and

g.       all rights to redact any sensitive personal information that is not relevant to the subject matter of this Action from discovery material produced in response to any Request.

17.      Columbia expressly states that these Responses and Objections and/or Columbia's production of any documents in response to the Requests:  (i) are without prejudice to any relief requested by Columbia in connection with the Amended Complaint in this Action, or the Prior Actions; and (ii) will not function as a waiver of any kind of Columbia's rights in this or any other proceeding, including but not limited to the Prior Actions.

18.      The Responses and Objections herein reflect only the present state of Columbia's knowledge, information, and belief regarding the Requests.  Columbia therefore reserves the right to, at any time, revise, clarify, supplement, amend, correct, withdraw, or add to any or all of these Responses and Objections and to supplement the production of documents hereunder, if any, where and when appropriate.

19.      All of the General Objections set forth above are incorporated in each of the specific responses to the individual Requests set forth below and have the same force and

effect as if fully set forth below.  Where a General Objection is repeated or referred to in a specific response, it is for emphasis only.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 1:**        **Documents sufficient to show any Serta Simmons Bedding debt You currently hold or have previously held, other than Serta Simmons Bedding's First Lien Debt, including any PTL Debt.**

Response to Request No. 1:

Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 1).  Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about loans or securities that were not involved in the Transaction.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further objects to this Request to the extent that it seeks the production of internal documents that are competitively sensitive and/or highly confidential.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia is willing to meet and confer regarding this Request.

**Request No. 2:**      **Documents sufficient to show Your purchases of Serta Simmons Bedding's First Lien Debt, including but not limited to the date(s) of Your purchases, the purchase price, and from whom You purchased the First Lien Debt.**

Response to Request No. 2:

           Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 2).  Columbia further objects to this Request to the extent that it seeks production of purchase price and counterparty identity and information when such information has no bearing on the claims or defenses of the parties in this Action.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request to the extent that it seeks the production of internal documents that are competitively sensitive and/or highly confidential.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

           Subject to and without waiver of the foregoing General and Specific Objections, Columbia is willing to meet and confer regarding this Request.

**Request No. 3:**      **Documents sufficient to show Your sales of Serta Simmons Bedding's First Lien Debt, including but not limited to the date(s) of Your sales, the sale price, and to whom You sold the First Lien Debt.**

Response to Request No. 3:

           Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 3).  Columbia further objects to this Request to the extent that it seeks production of purchase price and counterparty identity and information when such information has no bearing on the claims or defenses of the parties in this Action.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this

Action,.  Columbia further objects to this Request to the extent that it seeks the production of

internal documents that are competitively sensitive and/or highly confidential.  Columbia further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia is willing to meet and confer regarding this Request.

**Request No. 4:**        **Documents sufficient to show any transactions You participated in that increased, decreased, or otherwise impacted Your economic exposure to Serta Simmons Bedding's First Lien Debt as well as Your rationale for each such transaction, including but not limited to Documents and Communications that reveal the date(s) of those transactions, the price at which the transactions were consummated, the counter-party to the transactions, and your analysis or basis for engaging in each such transaction.**

Response to Request No. 4:

Columbia objects to this Request as largely similar to a request that has already

been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set

of Requests for Production (Previously Request No. 6).  Columbia further objects to this Request

as duplicative of Request Nos. 1, 2, 3 and 5.  Columbia further objects to this Request on the

ground that the phrases "Your economic exposure to Serta," "Your rationale for each such

transaction," and "your analysis or basis for engaging in each such transaction," as used therein,

are vague and ambiguous.  Columbia further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case, particularly to the extent that it

seeks information about transactions with no connection to the Transaction.  Columbia further

objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in

this Action. Columbia further objects to this Request on the ground that it is overbroad and not

proportionate to the needs of the Action, to the extent that it seeks documents that post-date the

2020 Transaction at issue in this Action and to the extent that it seeks production of "Documents

sufficient to show any transactions Columbia participated in that increased, decreased, or

otherwise impacted Columbia's  economic exposure to Serta Simmons Bedding's First Lien

Debt," without regard to the claims or defenses of the parties in this Action and whether such

transactions in fact occurred.  Columbia further objects to this Request to the extent that the

undefined term "economic exposure" is vague, overbroad, and not reasonably calculated to lead

to the discovery of admissible evidence, including because it seeks production of documents

without regard to whether such "economic exposure" was potential or actual.  Columbia further

objects to this Request to the extent that it seeks competitively sensitive information regarding

any proprietary trading strategy.  Columbia further objects to this Request to the extent that it

seeks the discovery of materials protected from disclosure by the attorney-client privilege,

attorney work product doctrine, the joint defense or common interest privilege, or any other

applicable privileges, protections, or immunities.  Columbia further objects to this Request to the

extent that it seeks documents that are not within Columbia's possession, custody, or control.

Columbia further objects to this Request to the extent that it seeks documents that are already in

Plaintiffs' possession.

    Subject to and without waiver of the foregoing General and Specific Objections,

Columbia is willing to meet and confer regarding this Request.

**Request No. 5:**   **All Documents and Communications relating to Your purchase or sale of Serta Simmons Bedding's First Lien Debt, including but not limited to any efforts by You to purchase or sell Serta Simmons Bedding's First Lien Debt, any offers to or by You to purchase or sell Serta Simmons Bedding's First Lien Debt, and any negotiations surrounding Your purchases or sales of Serta Simmons Bedding's First Lien Debt.**

Response to Request No. 5:

    Columbia objects to this Request as it has already been raised, responded to, and

objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production

(Previously Request No. 7).  Columbia further objects to this Request as duplicative of Request Nos. 1, 2, 3, and 4.  Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule  in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action and to the extent that it seeks production of "All Documents and Communications relating to Columbia purchase or sale of Serta Simmons Bedding's First Lien Debt, including . . . any efforts . . . any offer . . . and any negotiations" by Columbia pertaining to the same, without regard to the claims or defenses of the parties in this Action or whether any such "efforts, "offer[s]," and "negotiations" were potential or actual.  Columbia further objects to this Request to the extent that it seeks production of documents relating to purchase price and counterparty information when such information has no bearing on the claims or defenses of the parties in this Action.   Columbia further objects to this Request to the extent that it seeks competitively sensitive information regarding any proprietary trading strategy.  Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia is willing to meet and confer regarding this Request.

**Request No. 6:**       **All Documents and Communications relating to Your investment strategy or strategies with respect to the Serta Simmons Bedding First Lien Debt and any PTL Debt.**

Response to Request No. 6:

Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 8). Columbia further objects to this Request as duplicative of Request Nos. 2, 3, and 4. Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action. Columbia further objects to this Request to the extent that it seeks production of "All Documents and Communications relating to Columbia's investment strategy or strategies with respect to the Serta Simmons Bedding First Lien Debt and any PTL Debt," without regard to the claims or defenses of the parties in this Action or whether any such strategy or strategies were ever implemented. Columbia further objects to this Request to the extent that it seeks competitively sensitive information regarding any proprietary trading strategy. Columbia further objects to this Request to the extent that it seeks production of documents relating to purchase price and counterparty information when such information has no bearing on the claims or defenses of the parties in this Action. Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client

14

privilege, attorney work product doctrine, the joint defense or common interest privilege, or any

other applicable privileges, protections, or immunities.  Columbia further objects to this Request

to the extent that it seeks the production of internal documents that are competitively sensitive

and/or highly confidential.  Columbia further objects to this Request to the extent that it seeks

documents that are not within Columbia's possession, custody, or control.  Columbia further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession.  Columbia further objects to this Request to the extent that it seeks information

regarding Columbia's investment strategy, which is Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia is willing to meet and confer regarding this Request.

**Request No. 7:**      **All Documents and Communications relating to any proposal or
transaction to restructure, sell or repurchase, or refinance any of Serta Simmons Bedding's
debt or extend any new financing to Serta Simmons Bedding, including but not limited to
the Transaction, the North Star Lenders' Offer or any other proposals from Apollo, Angelo
Gordon, Gamut, and/or North Star, and any decision by You to participate or not
participate in any proposal or transaction to restructure, sell or repurchase, or refinance
any of Serta Simmons Bedding's debt or extend any new financing to Serta Simmons
Bedding.**

Response to Request No. 7:

Columbia objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 9).  Columbia further objects to this Request on

the ground that the phrases "proposal or transaction to restructure," "sell or repurchase" and

"extend any new financing to Serta Simmons Bedding," as used therein, are vague and

ambiguous.  Columbia further objects to this Request as overbroad, unduly burdensome, vague,

ambiguous, and seeking information that is neither relevant to the claims or defenses of any party

nor proportional to the needs of the case, particularly to the extent that it seeks information about

transactions with no connection to the Transaction.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action and to the extent that it seeks production of "All Documents and Communications relating to any proposal or transaction to restructure, sell or repurchase any of Serta Simmons Bedding's debt," without regard to the claims or defenses of the parties in this Action or whether any such proposals or transactions were potential, actual, or ever implemented.  Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 8:** **All Documents and Communications relating to Your analysis or interpretation of the Non- PTL Term Loan Agreement, including but not limited to how the terms of the North Star Lenders' Offer or the Transaction would or could be effectuated under the Non-PTL Term Loan Agreement.**

Response to Request No. 8:

Columbia objects to this Request as a largely similar request has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 10).  Columbia further objects to this Request

on the ground that the phrase "analysis or interpretation," as used therein, is vague and ambiguous.  Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 9:**        **All Documents and Communications concerning any efforts by You to participate in the Transaction.**

Response to Request No. 9:

Columbia objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because the term "efforts," as used therein, is vague and ambiguous.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this

17

Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 10:**      **All Documents and Communications concerning any efforts by You to purchase PTL Debt after the Transaction closed.**

Response to Request No. 10:

Columbia objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because the term "efforts," as used therein, is vague and ambiguous.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's

possession, custody, or control.  Columbia further objects to this Request to the extent that it

seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 11:**       **All Documents and Communications concerning Your analysis of the Transaction.**

Response to Request No. 11:

Columbia objects to this Request on the ground that the phrase "analysis," as used

therein, is vague and ambiguous.  Columbia further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case, including because it is not the

case that any and all "analysis" by Columbia "of the Transaction" is necessarily relevant to the

issues in this Action.  Columbia further objects to this Request as overbroad and unduly

burdensome in light of the expedited schedule in this Action.  Columbia further objects to this

Request to the extent that it seeks the discovery of materials protected from disclosure by the

attorney-client privilege, attorney work product doctrine, the joint defense or common interest

privilege, or any other applicable privileges, protections, or immunities.  Columbia further

objects to this Request to the extent that it seeks documents that are not within Columbia's

possession, custody, or control.  Columbia further objects to this Request to the extent that it

seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 12:**       **Without regard to time period, documents sufficient to show the identity and terms of any transaction in which You participated, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, that resulted in existing debt being (a) exchanged for new debt and/or (b) repurchased by the**

**borrower of such debt with the consideration being new debt, in each case, with such new debt being contractually or structurally senior to such borrower's existing debt.**

Response to Request No. 12:

        Columbia objects to this Request as a largely similar request has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 17). Columbia further objects to this Request on the ground that the phrase "sufficient to show the identity and terms of any transaction," as used therein, is vague and ambiguous.  Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions, including the April 2022 Envision Transaction and October 2022 Mitel Transaction, with no connection to the Transaction. Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation. Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that contain or are subject to non-disclosure or confidentiality provisions or court orders in other matters.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request

to the extent that it seeks documents that are already in Plaintiffs' possession.  Columbia further

objects to this Request because Columbia's good faith and fair dealing in other transactions is

not relevant to, or at issue in, this Action.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Columbia

will not respond further to this Request.

**Request No. 13:        Without regard to time period, documents sufficient to show the identity and terms of any offers You have made or received to participate as a lender in a transaction, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, that would result in existing debt being (a) exchanged for new debt and/or (b) repurchased by the borrower of such debt with the consideration being new debt, in each case, with such new debt being contractually or structurally senior to such borrower's existing debt.**

Response to Request No. 13:

Columbia objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 17). Columbia further objects to this Request

as duplicative of Request No. 12.  Columbia further objects to this Request as overbroad, unduly

burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or

defenses of any party nor proportional to the needs of the case, particularly to the extent that it

seeks information about transactions, including the April 2022 Envision Transaction and October

2022 Mitel Transaction, with no connection to the Transaction.  Columbia further objects to this

Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.

Columbia further objects to this Request on the ground that it is overbroad and not proportionate

to the needs of the Action, to the extent that it seeks documents that post-date the 2020

Transaction at issue in this Action.  Columbia further objects to this Request as unduly broad and

burdensome to the extent that it lacks a time limitation.  Columbia further objects to this Request

to the extent that it seeks the discovery of materials protected from disclosure by the attorney-

client privilege, attorney work product doctrine, the joint defense or common interest privilege,

or any other applicable privileges, protections, or immunities.  Columbia further objects to this

Request to the extent that it seeks documents that contain or are subject to non-disclosure or

confidentiality provisions or court orders in other matters.  Columbia further objects to this

Request to the extent that it seeks documents that are not within Columbia's possession, custody,

or control.  Columbia further objects to this Request to the extent that it seeks documents that are

already in Plaintiffs' possession.  Columbia further objects to this Request because Columbia's

good faith and fair dealing in other transactions is not relevant to, or at issue in, this Action.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Columbia

will not respond further to this Request.

**Request No. 14:** **Without regard to time period, documents sufficient to show the identity and terms of any transaction, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction, in which You allowed a borrower to repurchase debt You held, as a result of direct negotiations with the relevant borrower.**

Response to Request No. 14:

Columbia objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 19).  Columbia further objects to this Request

as duplicative of Request No. 15.  Columbia further objects to this Request on the ground that

the phrase "sufficient to show the identity and terms of any transaction," as used therein, is vague

and ambiguous.  Columbia objects to this Request as overbroad, unduly burdensome, vague,

ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions, including the April 2022 Envision Transaction and October 2022 Mitel Transaction, with no connection to the Transaction.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation.  Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that contain or are subject to non-disclosure or confidentiality provisions or court orders in other matters.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control. Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.  .  Columbia further objects to this Request because Columbia's good faith and fair dealing in other transactions is not relevant to, or at issue in, this Action.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Columbia

will not respond further to this Request.

**Request No. 15:** **Without regard to time period, documents sufficient to show the identity and terms of any offers You have made or received to participate as a lender in a transaction that would allow a borrower to repurchase debt You held.**

Response to Request No. 15:

Columbia objects to this Request to the extent that it is duplicative of Request No.

14. Columbia further objects to this Request as overbroad, unduly burdensome, vague,

ambiguous, and seeking information that is neither relevant to the claims or defenses of any party

nor proportional to the needs of the case, particularly to the extent that it seeks information about

transactions with no connection to the Transaction. Columbia further objects to this Request as

overbroad and unduly burdensome in light of the expedited schedule in this Action. Columbia

further objects to this Request on the ground that it is overbroad and not proportionate to the

needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at

issue in this Action. Columbia further objects to this Request as unduly broad and burdensome

to the extent that it lacks a time limitation. Columbia further objects to this Request to the extent

that it seeks the discovery of materials protected from disclosure by the attorney-client privilege,

attorney work product doctrine, the joint defense or common interest privilege, or any other

applicable privileges, protections, or immunities. Columbia further objects to this Request to the

extent that it seeks documents that contain or are subject to non-disclosure or confidentiality

provisions or court orders in other matters. Columbia further objects to this Request to the extent

that it seeks documents that are not within Columbia's possession, custody, or control.

Columbia further objects to this Request to the extent that it seeks documents that are already in

Plaintiffs' possession.  Columbia further objects to this Request because Columbia's good faith

and fair dealing in other transactions is not relevant to, or at issue in, this Action.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Columbia

will not respond further to this Request.

**Request No. 16:**     **All Documents and Communications between You and any holders of
Serta Simmons' First Lien Debt, including Defendants, concerning the terms of the Non-
PTL Term Loan Agreement referenced in your counterclaims, the Amended Non-PTL
Term Loan Agreement, or the Transaction.**

Response to Request No. 16:

Columbia objects to this Request as a largely similar request has already been

raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of

Requests for Production (Previously Request No. 22).  Columbia further objects to this Request

on the ground that the phrase "any holders," as used therein, is vague and ambiguous.  Columbia

further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking

information that is neither relevant to the claims or defenses of any party nor proportional to the

needs of the case.  Columbia further objects to this Request as overbroad and unduly burdensome

in light of the expedited schedule in this Action.  Columbia further objects to this Request on the

ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it

seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further

objects to this Request to the extent that it seeks production of documents pertaining to "All

Documents and Communications," without regard to the claims or defenses of the parties in this

Action.  Columbia further objects to this Request to the extent that it seeks the discovery of

materials protected from disclosure by the attorney-client privilege, attorney work product

doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.  Columbia further objects to the Request as nonsensical to the extent that it asks for "documents . . . referenced in . . . the Amended Non-PTL Term Loan Agreement, or the Transaction."  Columbia will interpret this Request as a request for documents referenced in the counterclaims to the extent that they are not already produced.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will produce documents cited in the counterclaims to the extent they are not already produced in this Action.

**Request No. 17:**     **All Documents and Communications between You and the other Defendants concerning the First Lien Debt, the Second Lien Debt, the PTL Debt, and/or any exchanges of Serta Simmons Bedding debt.**

Response to Request No. 17:

Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 23).  Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further objects to this Request to the extent that it seeks production of documents pertaining to "All Documents and Communications," without

26

regard to the claims or defenses of the parties in this Action.  Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities.  Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control.  Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 18:        Without regard to the time period, Documents sufficient to show the identity, structure and terms of any transactions in which You have participated that resulted in certain lenders in a class of debt receiving differential treatment, consideration, benefits, or terms than other lenders in that same class of debt, including without limitation, the April 2022 Envision Transaction and October 2022 Mitel Transaction.**

Response to Request No. 18:

Columbia objects to this Request on the ground that the phrases "sufficient to show the identity, structure and terms of any transaction" and "differential treatment, consideration, benefits, or terms," as used therein, are vague and ambiguous.  Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions, including the April 2022 Envision Transaction and October 2022 Mitel Transaction, with no connection to the Transaction.  Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action.  Columbia further

objects to this Request as unduly broad and burdensome to the extent that it lacks a time

limitation.  Columbia further objects to this Request to the extent that it seeks the discovery of

materials protected from disclosure by the attorney-client privilege, attorney work product

doctrine, the joint defense or common interest privilege, or any other applicable privileges,

protections, or immunities.  Columbia further objects to this Request to the extent that it seeks

documents that contain or are subject to non-disclosure or confidentiality provisions or court

orders in other matters.  Columbia further objects to this Request to the extent that it seeks

documents that are not within Columbia's possession, custody, or control.  Columbia further

objects to this Request to the extent that it seeks documents that are already in Plaintiffs'

possession. Columbia further objects to this Request because Columbia's good faith and fair

dealing in other transactions is not relevant to, or at issue in, this Action.

Subject to and without waiver of the foregoing General and Specific Objections,

Columbia states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Columbia

will not respond further to this Request.

**Request No. 19:**      **Without regard to the time period, for the transactions identified in the Documents produced in response to request number 18 above, Documents sufficient to identify the participating and non-participating lenders in those transactions.**

Response to Request No. 19:

Columbia objects to this Request as duplicative of Request No. 18.  Columbia

further objects to this Request on the ground that the phrase "sufficient to identify the

participating and non-participating lenders," as used therein, is vague and ambiguous.  Columbia

further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking

information that is neither relevant to the claims or defenses of any party nor proportional to the

needs of the case, particularly to the extent that it seeks information about transactions, including

the April 2022 Envision Transaction and October 2022 Mitel Transaction referenced in Request
No. 18, with no connection to the Transaction.  Columbia further objects to this Request as
overbroad and unduly burdensome in light of the expedited schedule in this Action.  Columbia
further objects to this Request on the ground that it is overbroad and not proportionate to the
needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at
issue in this Action.  Columbia further objects to this Request as unduly broad and burdensome
to the extent that it lacks a time limitation. Columbia further objects to this Request to the extent
that it seeks the discovery of materials protected from disclosure by the attorney-client privilege,
attorney work product doctrine, the joint defense or common interest privilege, or any other
applicable privileges, protections, or immunities.  Columbia further objects to this Request to the
extent that it seeks documents that contain or are subject to non-disclosure or confidentiality
provisions or court orders in other matters.  Columbia further objects to this Request to the extent
that it seeks documents that are not within Columbia's possession, custody, or control.
Columbia further objects to this Request to the extent that it seeks documents that are already in
Plaintiffs' possession.  Columbia further objects to this Request because Columbia's good faith
and fair dealing in other transactions is not relevant to, or at issue in, this Action.

Subject to and without waiver of the foregoing General and Specific Objections,
Columbia states that the burden of conducting a search and identifying any potentially relevant

transactions outweighs any potential de minimis relevance of such transactions, and Columbia will not respond further to this Request.

**Request No. 20:** **All Communications with the trade or any press Concerning this Action, the Prior Actions, or the Transaction.**

Response to Request No. 20:

Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 25). Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, particularly to the extent that it seeks information about transactions with no connection to the Transaction. Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Columbia further objects to this Request to the extent that it seeks production of documents pertaining to "All Communications," without regard to the claims or defenses of the parties in this Action. Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities. Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control, or that are publicly available. Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will not respond further to this Request.

30

**Request No. 21:** **Without regard to the time period, all Documents and Communications supporting, undermining, or concerning Your claim for damages in the Prior Actions.**

Response to Request No. 21:

Columbia objects to this Request as it has already been raised, responded to, and objected to in the Responses and Objections to Plaintiffs' First Set of Requests for Production (Previously Request No. 28). Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action. Columbia further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation. Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities. Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control, or that are publicly available. Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession. Columbia further objects to the extent this Request calls for information that is properly the subject of expert testimony.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will conduct a reasonable search for responsive, non-privileged documents.

**Request No. 22:** **Without regard to the time period, and to the extent not covered by the other document requests, all Documents and Communications that support or are**

**inconsistent with the allegations set forth in your implied covenant of good faith and fair dealing counterclaims.**

Response to Request No. 22:

Columbia objects to this Request on the ground that the phrases "not covered by the other document requests" and "support or are inconsistent with," as used therein, are vague and ambiguous. Columbia further objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case. Columbia further objects to this Request as overbroad and unduly burdensome in light of the expedited schedule in this Action. Columbia further objects to this Request on the ground that it is overbroad and not proportionate to the needs of the Action, to the extent that it seeks documents that post-date the 2020 Transaction at issue in this Action. Columbia further objects to this Request as unduly broad and burdensome to the extent that it lacks a time limitation. Columbia further objects to this Request to the extent that it seeks the discovery of materials protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privileges, protections, or immunities. Columbia further objects to this Request to the extent that it seeks documents that are not within Columbia's possession, custody, or control, or that are publicly available. Columbia further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession.

Subject to and without waiver of the foregoing General and Specific Objections, Columbia will conduct a reasonable search for responsive, non-privileged documents.

Dated: New York, New York
April 21, 2023

**FRIEDMAN KAPLAN SEILER**
  **ADELMAN & ROBBINS LLP**

*s/ Jamuna D. Kelley*
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Elizabeth Bierut*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
ebierut@fklaw.com
balbom@fklaw.com

**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*admitted pro hac vice*

*Attorneys for Columbia Cent CLO 21 Limited; Columbia Cent CLO 27 Limited; Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II; and Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2023, I caused to be served true and correct copies of the foregoing Responses and Objections of Columbia to Plaintiffs' Second Set of Requests for Production via electronic mail:

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel: (713) 546-5040
Email: Gabriel.Morgan@weil.com
      Stephanie.Morrison@weil.com

Ray C. Schrock*
David J. Lender*
Alexander W. Welch*
Luna N. Barrington*
Richard D. Gage*
Taylor B. Dougherty*
Joseph R. Rausch*
Michael P. Goodyear*
Nicholas J. Reade*
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Email: Ray.Schrock@weil.com
David.Lender@weil.com
      Alexander.Welch@weil.com
      Luna.Barrington@weil.com
      Richard.Gage@weil.com
      Taylor.Dougherty@weil.com
      Joseph.Rausch@weil.com
      Michael.Goodyear@weil.com
      Nick.Reade@weil.com

*Attorneys for Debtor and Plaintiff Serta Simmons Bedding, LLC*

**GIBSON, DUNN & CRUTCHER LLP**
Gregg J. Costa (24028160)
811 Main Street, Suite 3000
Houston, TX 77002
Tel: (346) 718-6600
Email: gcosta@gibsondunn.com

Orin Snyder*
Amanda M. Aycock*
C. Lee Wilson*
Akiva Shapiro*
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Email: osnyder@gibsondunn.com
      aaycock@gibsondunn.com
      clwilson@gibsondunn.com
      ashapiro@gibsondunn.com
      osnyder@gibsondunn.com

Helgi C. Walker*
1050 Connecticut Avenue N.W.
Washington, DC 20036
Tel: (202) 955-8500
Email: hwalker@gibsondunn.com

-and-

**JACKSON WALKER LLP**
Bruce J Ruzinsky
1401 McKinney Street, Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Email: bruzinsky@jw.com

*Attorneys for Plaintiffs Invesco Senior Secured Management, Inc., Barings, LLC, Credit Suisse Asset Management, LLC, Eaton*

*Vance Management, and Boston Management and Research*

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Madlyn Gleich Primoff (*pro hac vice* forthcoming)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Email: madlyn.primoff@freshfields.com

*Attorneys for Barings LLC*

**HOLWELL SHUSTER & GOLDBERG LLP**
Michael Shuster*
Neil R. Lieberman*
Brian T. Goldman*
Vincent Levy*
Alison B. Miller*
Patrick J. Woods*
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5168
Email:  mshuster@hsgllp.com
        nlieberman@hsgllp.com
        bgoldman@hsgllp.com
        vlevy@hsgllp.com
        amiller@hsgllp.com
        pwoods@hsgllp.com

-and-

**McKOOL SMITH, PC**
John J. Sparacino (SBN 18873700)
S. Margie Venus (SBN 20545900)
Regan S. Jones (SBN 24110060)
600 Travis Street, Suite 7000
Houston, Texas 77002
Tel: (713) 485-7300
Email:  jsparacino@mckoolsmith.com
        mvenus@mckoolsmith.com
        rjones@mckoolsmith.com

*Attorneys for LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., and LCM 28 LTD*

Dated:  New York, New York
        April 21, 2023

                                **PAUL, WEISS, RIFKIND, WHARTON &**
                                    **GARRISON LLP**

                                s/ *Sarah J. Prostko*
                                Sarah J. Prostko

3