United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-90020 |
| SERTA SIMMONS BEDDING, LLC, et al., | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | |
| SERTA SIMMONS BEDDING LLC et al., | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-9001 |
| | § | |
| AG CENTRE STREET PARTNERSHIP L.P., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER
(Docket No. 221)

    The Court has considered the Plaintiffs' Emergency Motion to Exclude the Testimony of Sarah Ward. As part of its consideration, the Court has carefully reviewed Ms. Ward's May 3, 2023, Expert Declaration and accompanying curriculum vitae that are attached as Exhibit B to the Motion. The Court has also reviewed the transcript of the summary judgment hearing on March 28, 2023.

    The admission of expert testimony is governed by FED. R. EVID. 702. The rule provides that:

> a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

    No genuine dispute exists that Ms. Ward is an accomplished attorney within her chosen specialty. In her declaration, Ms. Ward states that the purpose of her engagement is to "render opinions regarding the origin, purpose, and market understanding of certain provisions of the First Lien Term Loan Agreement . . ." Exhibit B to Docket No. 221. The actual substance of Ms. Ward's declaration, however, is an attack on the Court's prior summary judgment ruling and

amounts to little more than an inappropriate motion to reconsider. Experts should be experts, not advocates. When the lines are crossed, any assistance that an expert might provide to the Court is vitiated. Likewise, Ms. Ward has not identified any special skill that allows her to peer inside the minds of the defendants under the specific circumstances of this case. It is notable that Ms. Ward's declaration makes no mention of the defendants' relevant acts in this case—acts and motivations that are best left to the adversarial process and not speculation.

Ms. Ward's participation in the trial of this case will serve no legitimate purpose and will not assist the Court in its endeavor to find the truth. Accordingly, it is

**ORDERED THAT**:

1. The motion to exclude the expert testimony of Sarah Ward is granted.

**SIGNED: May 11, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**