# DEFENDANTS' EXHIBIT 333
# Part 14 of 27

(e) To the extent that a Disputed Claim becomes an Allowed Claim after the Effective Date, the Disbursing Agent shall distribute to the holder thereof the distribution, if any, of Cash to which such holder is entitled hereunder out of the Disputed Claims Reserve. No interest shall be paid with respect to any Disputed Claim that becomes an Allowed Claim after the Effective Date.

(f) If applicable, in the event the remaining withheld Cash from the General Unsecured Claims Recovery is insufficient to satisfy all the Disputed Claims that have become Allowed, such Allowed Claims shall be satisfied Pro Rata from such remaining Cash. After all Cash has been distributed, no further distributions shall be made in respect of Disputed Claims. At such time as all Disputed Claims have been resolved, any remaining withheld Cash from the General Unsecured Claims Recovery issued in the Disputed Claims Reserve shall revert to the Reorganized Debtors.

7.9. *Claim Resolution Procedures Cumulative*.

All of the Claims, objection, estimation, and resolution procedures in the Plan are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently settled, compromised, withdrawn, or resolved in accordance with the Plan without further notice or Bankruptcy Court approval.

**ARTICLE VIII.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES**.

8.1. *General Treatment*.

As of and subject to the occurrence of the Effective Date and the payment of any applicable Cure amount, and subject to Section 8.6 of the Plan, consistent with the Restructuring Support Agreement and subject to the Consenting Creditor Consent Rights and any other applicable consent rights set forth in the Restructuring Support Agreement, all executory contracts and unexpired leases to which any of the Debtors are parties, and which have not expired by their own terms on or prior to the Confirmation Date shall be deemed assumed except for any executory contract or unexpired lease that (a) with the reasonable consent of the Requisite Consenting Creditors, previously has been assumed, assumed or assigned, or rejected pursuant to a Final Order of the Bankruptcy Court, (b) with the reasonable consent of the Requisite Consenting Creditors, is the subject of a separate (i) assumption motion filed by the Debtors, or (ii) rejection motion filed by the Debtors under section 365 of the Bankruptcy Code before the Confirmation Date, (c) with the reasonable consent of the Requisite Consenting Creditors, is specifically designated as a contract or lease to be rejected on the Schedule of Rejected Contracts, or (d) is the subject of a pending Cure Dispute. Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions or rejections provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Each executory contract and unexpired lease assumed or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the applicable Reorganized Debtor or assignee in accordance with its terms, except as modified by the provision of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption or assumption and assignment, or applicable law.

To the maximum extent permitted by law, to the extent any provision in any executory contract or unexpired lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such executory contract or unexpired lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such executory contract or unexpired lease or to exercise any other default-related rights with respect thereto.

37

8.2. ***Determination of Cure Disputes and Deemed Consent***.

(a) Subject to the Consenting Creditor Consent Rights, the Debtors shall file, as part of the Plan Supplement, the Schedule of Rejected Contracts and the Schedule of Assumed Contracts.

(b) The Debtors shall serve an initial Cure Notice on parties to executory contracts and unexpired leases to be assumed or assumed and assigned no later than April 14, 2023. If a counterparty to any executory contract or unexpired lease that the Debtors or Reorganized Debtors, as applicable, intend to assume or assume and assign is not listed on such a notice, the proposed Cure amount for such executory contract or unexpired lease shall be deemed to be Zero Dollars ($0).

(c) If there is a Cure Dispute pertaining to assumption or assumption and assignment of an executory contract or unexpired lease, such dispute shall be heard by the Bankruptcy Court prior to such assumption or assumption and assignment, as applicable, being effective, *provided*, *however*, on the Effective Date or as soon as reasonably practicable thereafter, or on such other terms as the parties to such executory contract or unexpired lease may otherwise agree, the Debtors or the Reorganized Debtors, as applicable (with the reasonable consent of the Requisite Consenting Creditors), may settle any dispute regarding the Cure amount or the nature thereof without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

(d) Any counterparty to an executory contract or unexpired lease that fails to object timely to the notice of the proposed assumption or assumption and assignment, as applicable, of such executory contract or unexpired lease or the relevant Cure amount within fifteen (15) days of the service of the applicable Cure Notice, (i) shall be deemed to have assented to (A) such Cure amount and the nature thereof, (B) assumption or assumption and assignment, as applicable, of the applicable executory contract or unexpired lease notwithstanding any provision thereof that purports to (1) prohibit, restrict, or condition the transfer or assignment of such contract or lease, or (2) terminate or permit the termination of a contract or lease as a result of any direct or indirect transfer or assignment of the rights of the Debtors under such contract or lease or a change, if any, in the ownership or control to the extent contemplated by the Plan, and shall forever be barred and enjoined from asserting such objection against the Debtors or terminating or modifying such contract or lease on account of transactions contemplated by the Plan, and (ii) shall be forever barred, estopped, and enjoined from challenging the validity of such assumption or assumption and assignment, as applicable, or the Allowed amount of such Cure amount thereafter.

8.3. ***Payments Related to Assumption or Assignment of Contracts and Leases***.

Subject to resolution of any Cure Dispute, all Cure amounts shall be satisfied promptly, or otherwise as soon as practicable, by the Debtors or Reorganized Debtors, as the case may be, upon assumption or assumption and assignment, as applicable, of the underlying contracts and unexpired leases. Assumption or assumption and assignment, as applicable, of any executory contract or unexpired lease pursuant to the Plan, or otherwise, shall result in the full release and satisfaction of any Claims or defaults, subject to satisfaction of the Cure amount, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the effective date of the assumption or assumption and assignment, as applicable. Any Proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order or approval of the Bankruptcy Court or any other Entity, upon the deemed assumption of such contract or unexpired lease.

8.4. *Rejection Claims*.

In the event that the rejection of an executory contract or unexpired lease by any of the Debtors results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtors or the Reorganized Debtors or their respective properties or interests in property as agents, successors, or assigns, unless a Proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors and the Reorganized Debtors no later than thirty (30) days after the later of (i) the Effective Date or (ii) the effective date of rejection of such executory contract or unexpired lease. Any such Claims, to the extent Allowed, shall be classified in Class 6B (Other General Unsecured Claims).

8.5. *Survival of the Debtors' Indemnification Obligations*.

(a) Notwithstanding anything in the Plan (including Section 10.3 of the Plan), any Indemnification Obligation to indemnify current officers, directors, members, managers, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, members, managers, agents, or employees based upon any act or omission for or on behalf of the Debtors shall (a) remain in full force and effect, (b) not be discharged, impaired, or otherwise affected in any way, including by the Plan, the Plan Supplement, or the Confirmation Order, (c) not be limited, reduced or terminated after the Effective Date, and (d) survive unimpaired and unaffected irrespective of whether such Indemnification Obligation is owed for an act or event occurring before, on or after the Petition Date, *provided*, that the Reorganized Debtors shall not indemnify officers, directors, members, or managers, as applicable, of the Debtors for any claims or Causes of Action that are not indemnified by such Indemnification Obligation. All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan and shall continue as obligations of the Reorganized Debtors. Any claim based on the Debtors' obligations under the Plan shall not be a Disputed Claim or subject to any objection, in either case, by reason of section 502(e)(1)(B) of the Bankruptcy Code. Any obligation to indemnify former officers, directors, members, managers, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, members, managers, agents, or employees based upon any act or omission for or on behalf of the Debtors shall be discharged and all such obligations shall be deemed and treated as executory contracts to be rejected by the Debtors under the Plan.

(b) Notwithstanding anything in the Plan (including Section 10.3 of the Plan), any Indemnification Obligation to indemnify the PTL Lenders with respect to all present and future actions, suits, and proceedings against the PTL Lenders or their respective Related Parties in connection with or related to the Adversary Proceeding, the Apollo Proceeding, the LCM Proceeding, and/or any other claims, proceedings, actions, or causes of action in connection with or related to the PTL Credit Agreement, the Exchange Agreement, the Intercreditor Agreements, and/or the 2020 Transaction shall (a) remain in full force and effect, (b) not be discharged, impaired, or otherwise affected in any way, including by the Plan, the Plan Supplement, or the Confirmation Order, (c) not be limited, reduced or terminated after the Effective Date, and (d) survive unimpaired and unaffected irrespective of whether such Indemnification Obligation is owed for an act or event occurring before, on or after the Petition Date. All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan and shall continue as obligations of the Reorganized Debtors. Any claim based on the Debtors' obligations under the Plan shall not be a Disputed Claim or subject to any objection.

8.6. *Employee Arrangements*.

(a) Notwithstanding anything to the contrary herein, on the Effective Date, Employee Arrangements in effect as of the Petition Date shall be deemed to be, and shall be treated as if they were, executory contracts that are to be assumed under the Plan; *provided* that if an Employee Arrangement (other than key employee retention agreements) provides in part for a payment, premium, or other award upon the occurrence of a change of control, change in control, or other similar event, then such Employee Arrangement shall only be assumed to the extent that the restructuring, including consummation of the Plan, shall not be treated as a change of control, change in control, or other similar event under such Employee Arrangement.

(b) Any Interest (or right to obtain or receive any Interest) granted to a current or former employee, officer, director or contractor under an Employee Arrangement or otherwise, shall be deemed cancelled on the Effective Date. For the avoidance of doubt, if an Employee Arrangement provides in part for an award or potential award of Interests or consideration based on the value of Interests that have not vested as of the Petition Date, such Employee Arrangement shall be assumed in all respects other than the provisions of such agreement relating to Interest awards.

8.7. *Insurance Policies*.

(a) All insurance policies to which any Debtor is a party as of the Effective Date, including any D&O Policy, shall be deemed to be and treated as executory contracts and shall be assumed by the applicable Debtors or the Reorganized Debtors and shall continue in full force and effect thereafter in accordance with their respective terms, and all such insurance policies shall vest in the Reorganized Debtors. Coverage for defense and indemnity under the D&O Policy shall remain available to all individuals within the definition of "Insured" in any D&O Policy.

(b) In addition, after the Effective Date, all officers, directors, agents, or employees who served in such capacity at any time before the Effective Date shall be entitled to the full benefits of any D&O Policy (including any "tail" policy) for the full term of such policy regardless of whether such officers, directors, agents, and/or employees remain in such positions after the Effective Date, in each case, to the extent set forth in such policies.

(c) In addition, after the Effective Date, the Reorganized Debtors shall not terminate or otherwise reduce the coverage under any D&O Policy (including any "tail policy") in effect as of the Petition Date, and any current and former directors, officers, members, managers, agents or employees of any of the Debtors who served in such capacity at any time prior to the Effective Date shall be entitled to the full benefits of any such D&O Policy for the full term of such policy regardless of whether such members, managers, directors, and/or officers remain in such positions after the Effective Date to the extent set forth in such policies.

8.8. *Intellectual Property Licenses and Agreements*.

All intellectual property contracts, licenses, royalties, or other similar agreements to which the Debtors have any rights or obligations in effect as of the date of the Confirmation Order shall be deemed and treated as executory contracts pursuant to the Plan and shall be assumed by the respective Debtors and Reorganized Debtors and shall continue in full force and effect unless any such intellectual property contract, license, royalty, or other similar agreement otherwise is specifically rejected pursuant to a separate order of the Bankruptcy Court or is the subject of a separate rejection motion filed by the Debtors (with the reasonable consent of the Requisite Consenting Creditors) in accordance with the Plan. Unless otherwise noted hereunder, all other intellectual property contracts, licenses, royalties, or other similar agreements

shall vest in the Reorganized Debtors and the Reorganized Debtors may take all actions as may be necessary or appropriate to ensure such vesting as contemplated herein.

8.9. *Assignment*.

To the extent provided under the Bankruptcy Code or other applicable law, any executory contract or unexpired lease transferred and assigned hereunder shall remain in full force and effect for the benefit of the transferee or assignee in accordance with its terms, notwithstanding any provision in such executory contract or unexpired lease (including, without limitation, those of the type set forth in section 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such transfer or assignment. To the extent provided under the Bankruptcy Code or other applicable law, any provision that prohibits, restricts, or conditions the assignment or transfer of any such executory contract or unexpired lease or that terminates or modifies such executory contract or unexpired lease or allows the counterparty to such executory contract or unexpired lease to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such transfer and assignment, constitutes an unenforceable anti-assignment provision and is void and of no force or effect.

8.10. *Modifications, Amendments, Supplements, Restatements, or Other Agreements*.

Unless otherwise provided herein or by separate order of the Bankruptcy Court, each executory contract and unexpired lease that is assumed shall include any and all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is listed in the notice of assumed contracts.

8.11. *Reservation of Rights*.

(a) Neither the exclusion nor inclusion of any contract or lease by the Debtors on any exhibit, schedule, or other annex to the Plan or in the Plan Supplement, nor anything contained in the Plan, will constitute an admission by the Debtors that any such contract or lease is or is not in fact an executory contract or unexpired lease or that the Debtors or the Reorganized Debtors or their respective affiliates has any liability thereunder.

(b) Except as otherwise provided in the Plan, nothing in the Plan will waive, excuse, limit, diminish, or otherwise alter any of the defenses, Claims, Causes of Action, or other rights of the Debtors and the Reorganized Debtors under any executory or non-executory contract or any unexpired or expired lease.

(c) Nothing in the Plan will increase, augment, or add to any of the duties, obligations, responsibilities, or liabilities of the Debtors or the Reorganized Debtors under any executory or non-executory contract or any unexpired or expired lease.

(d) If there is a Cure Dispute or a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection under the Plan, the Debtors or Reorganized Debtors, as applicable, shall have sixty (60) days following entry of a Final Order resolving such Cure Dispute to alter their treatment of such contract or lease by filing a notice indicating such altered treatment.

41

**ARTICLE IX.     CONDITIONS PRECEDENT TO CONFIRMATION OF PLAN AND EFFECTIVE DATE**.

9.1.     *Conditions Precedent to the Effective Date*.

The following are conditions precedent to the Effective Date of the Plan:

(a)     each document or agreement constituting the applicable Definitive Documents shall have been executed and/or effectuated and remain in full force and effect, shall be in form and substance acceptable or reasonably acceptable (as applicable, as set forth in the Restructuring Support Agreement) to the Debtors and the Requisite Consenting Creditors and consistent with the Restructuring Support Agreement, and any conditions precedent related thereto or contained therein shall have been satisfied prior to or contemporaneously with the occurrence of the Effective Date or otherwise waived;

(b)     all conditions precedent to the effectiveness of the Exit ABL Facility Credit Agreement shall have been satisfied or waived in accordance with the terms thereof, and the Exit ABL Facility Credit Agreement shall be in full force and effect and binding on all parties thereto;

(c)     all conditions precedent to the effectiveness of the New Term Loan Agreement shall have been satisfied or waived in accordance with the terms thereof, and the New Term Loan Agreement shall be in full force and effect and binding on all parties thereto;

(d)     the New Common Interests shall have been issued by the Reorganized Parent;

(e)     the Bankruptcy Court shall have entered an order granting the relief sought by the Debtors in the Adversary Proceeding;

(f)     the Professional Fee Escrow shall have been established and funded in Cash;

(g)     the Bankruptcy Court shall have entered the Confirmation Order in form and substance acceptable to the Requisite Consenting Creditors, and such order shall not have been reversed, stayed, amended, modified, dismissed, vacated or reconsidered;

(h)     no court of competent jurisdiction (including the Bankruptcy Court) or other competent governmental or regulatory authority shall have issued a final and non-appealable order making illegal or otherwise restricting, limiting, preventing, prohibiting, or materially affecting the consummation of any of the Restructuring Transactions, including, without limitation, any order, judgment, ruling, finding or other determination denying, dismissing, or otherwise adverse to the relief sought in the Adversary Proceeding or adverse to the defendants in the Apollo Action or the LCM Action;

(i)     the Restructuring Support Agreement shall be in full force and effect, no termination event or event that would give rise to a termination event under the Restructuring Support Agreement upon the expiration of the applicable grace period shall have occurred, and the Restructuring Support Agreement shall not have been validly terminated prior to the Effective Date;

(j)     the Restructuring Fees and Expenses shall have been paid in full;

(k)     the Debtors shall have implemented the Restructuring Transactions in a manner consistent in all respects with the Plan and the Restructuring Support Agreement; and

42

(l) all governmental and third-party approvals and consents necessary, if any, in connection with the transactions contemplated by the Plan shall have been obtained, not be subject to unfulfilled conditions, and be in full force and effect, and all applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain, prevent, or otherwise impose materially adverse conditions on such transactions.

### 9.2. *Timing of Conditions Precedent.*

Notwithstanding when a condition precedent to the Effective Date occurs, unless otherwise specified in the Plan or any Plan Supplement document, for the purposes of the Plan, such condition precedent shall be deemed to have occurred simultaneously upon the completion of the applicable conditions precedent to the Effective Date; *provided that* to the extent a condition precedent (the "**Prerequisite Condition**") may be required to occur prior to another condition precedent (a "**Subsequent Condition**") then, for purposes of the Plan, the Prerequisite Condition shall be deemed to have occurred immediately prior to the applicable Subsequent Condition regardless of when such Prerequisite Condition or Subsequent Condition shall have occurred.

### 9.3. *Waiver of Conditions Precedent.*

(a) Except as otherwise provided herein, all actions required to be taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously and no such action shall be deemed to have occurred prior to the taking of any other such action. Each of the conditions precedent of the Plan may be waived in writing by the Debtors with the prior written consent of (i) the Requisite Consenting Creditors, and (ii) solely with respect to the condition set forth in Section 9.1(b), the DIP Agent. If the Plan is confirmed for fewer than all of the Debtors as provided for in Section 5.19 of the Plan, only the conditions applicable to the Debtor or Debtors for which the Plan is confirmed must be satisfied or waived for the Effective Date to occur.

(b) The stay of the Confirmation Order pursuant to Bankruptcy Rule 3020(e) shall be deemed waived by and upon the entry of the Confirmation Order, and the Confirmation Order shall take effect immediately upon its entry.

### 9.4. *Effect of Failure of a Condition*.

If the conditions listed in Section 9.1 of the Plan are not satisfied or waived in accordance with Section 9.2 of the Plan on or before the first Business Day that is more than sixty (60) days after the date on which the Confirmation Order is entered or by such later date as set forth by the Debtors in a notice filed with the Bankruptcy Court prior to the expiration of such period, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall (a) constitute a waiver or release of any Claims by or against or any Interests in the Debtors, (b) prejudice in any manner the rights of any Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking by the Debtors, any of the Consenting Creditors, the PTL Agent, or any other Entity.

## ARTICLE X.   EFFECT OF CONFIRMATION OF PLAN.

### 10.1. *Vesting of Assets in the Reorganized Debtors*.

Except as otherwise provided herein, or in any agreement, instrument, or other documents incorporated into the Plan (including with respect to the transactions contemplated by the Restructuring Transactions Exhibit), on the Effective Date, pursuant to section 1141(b) and (c) of the Bankruptcy Code, all property in each Debtor's Estate, all Causes of Action, and any property acquired by any of the Debtors