IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, *et al.*, | § § § § | Case No. 23-90020 |
| Debtors.[1] | § § § | (Jointly Administered) |
| ——————————————————— | § § | |
| SERTA SIMMONS BEDDING, LLC, *et al.*, | § § § § | Adversary Proc. No. 23-09001 |
| Plaintiffs, | § § § | |
| v. | § § | |
| AG CENTRE STREET PARTNERSHIP, *et al.*, | § § § § § | |
| Defendants. | § § § | |
| ——————————————————— | § | |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING PTL LENDERS TO
FILE THEIR PRE-TRIAL MEMORANDUM OF LAW CONTAINING
<u>CONFIDENTIAL INFORMATION UNDER SEAL</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

The PTL Lenders[2] respectfully represent as follows in support of this motion (this "**Motion to Seal**"):

## BACKGROUND

1. A hearing on the adversary proceeding styled as *Serta Simmons Beddings, LLC, et al. v. AG Centre St. Partnership, et al.*, Case No. 23-09001-ADV (the **"Adversary Proceeding"**) is scheduled to commence on May 15, 2023 at 9:30 a.m. (Central Time).

2. In connection with this proceeding, the PTL Lenders filed a pre-trial memorandum of law (the "**Pre-Trial Brief**") under seal, with this Motion to Seal the unsealed Pre-Trial Brief that contains information that has previously been designated as confidential or highly confidential material under the Stipulated Protective Order entered in the Adversary Proceeding (ECF No. 74).

3. The Stipulated Protective Order provides in relevant part that "[a]ll pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and the Confidential Information and Highly Confidential – Attorneys' Eyes Only Information if filed with the Court, shall be redacted from the Court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information) or filed under seal pursuant to the Court's rules governing sealed documents, unless the Designating Party consents to such Confidential Information or

---

[2] References to "PTL Lenders" include both the Lender Plaintiffs-Counterclaim Defendants, as well as the Additional Counterclaim Defendants that have responded to Counterclaim Plaintiffs' counterclaims (the "Represented Additional Counterclaim Defendants"), *see* ECF Nos. 217 & 220.

Highly Confidential – Attorneys' Eyes Only Debtors Information being filed publicly in writing." Stipulated Protective Order § 4.2(E).

4. Consistent with their obligations under the Stipulated Protective Order, the PTL Lenders seek to file their Pre-Trial Brief under seal, as it contains information that was designated as confidential material pursuant to the Stipulated Protective Order.

## JURISDICTION

5. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By this Motion to Seal, pursuant to sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, the PTL Lenders request: (i) authority to file entirely under seal the Pre-Trial Brief; (ii) direction that the Pre-Trial Brief remain under seal and not be made available to anyone unless later unredacted; and (iii) related relief.

7. A proposed form of order granting the relief requested herein is attached hereto (the "**Proposed Order**").

## RELIEF REQUESTED SHOULD BE GRANTED

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part:

> 1. On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> 2. (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . .

11 U.S.C. § 107(b)(1).

9. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that: "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Bankruptcy Local Rule 9037-1 provides, in relevant part, that when it may be practicable to redact confidential information from a document, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal."

10. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Gen. Homes Corp.*, 181 B.R 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

11. Section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory

power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D. N.Y. 2003).

12. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27).  Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'") (quoting *In re Barney's Inc.*, 201 B.R. 703, 708–709 (Bankr. S.D.N.Y. 1996)); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

8. Bankruptcy Local Rule 9037-1(c) provides that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal." *See* Local Rule 9037-1.

9. The PTL Lenders' Pre-Trial Brief contains quotations from transcripts of depositions designated as highly confidential pursuant to the parties' protective order in this case. It also contains confidential commercial information, such as proposed terms of commercial transactions and holdings information.

10. Accordingly, the PTL Lenders respectfully request that, pursuant to Sections 107(b) of the Bankruptcy Code, Bankruptcy Rule 9037, and Bankruptcy Local Rule 9037-1, the Court permit the Pre-Trial Brief be filed under seal, as set forth above.

## PREVIOUS RELIEF GRANTED

11. The Court in this action has already granted prior requests to seal exhibits and memoranda of law similar to the one the PTL Lenders seek to seal in the instant motion, based on confidentiality designations under the Stipulated Protective Order. *See Serta Simmons Bedding, LLC et al. v. AG Centre Street Partnership, L.P., et al.*, No. 23-09001 (DRJ) (S.D. Tex. Bankr.), ECF Nos. 105, 106.

## CONCLUSION

WHEREFORE, the PTL Lenders respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief, at law or in equity, as the Court may deem just and appropriate.

Dated: New York, New York
       May 14, 2012

Respectfully submitted,

/s/ Gregg Costa

GIBSON, DUNN & CRUTCHER LLP
Gregg Costa (24028160)
Samuel D. Adkisson (24131212)
811 Main Street, Suite 3000
Houston, TX 77002
Tel:   (346) 718-6600
Fax:   (346) 718-6620
Email: gcosta@gibsondunn.com
        sadkisson@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Scott Greenberg (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
Akiva Shapiro (*pro hac vice* pending)
Amanda M. Aycock (admitted *pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice* pending)
200 Park Avenue
New York, NY 10166
Tel:   (212) 351-4000
Fax:   (212) 351-4035
Email: sgreenberg@gibsondunn.com
       clwilson@gibsondunn.com
       ashapiro@gibsondunn.com
       aaycock@gibsondunn.com
       aperloff-giles@gibsondunn.com

*Counsel for Plaintiffs Invesco Senior Secured Management, Inc., Boston Management and Research, Credit Suisse Asset Management, LLC, Eaton Vance Management, and Barings, LLC and Represented Additional Counterclaim Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on May 14, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

               */s/ Bruce J. Ruzinsky*
               Bruce J. Ruzinsky