# DEFENDANTS' EXHIBIT 333 Part 27 of 27

1. **Miscellaneous**

All Ballots must be signed by the Voting Holder, or any person who has obtained a properly completed Ballot proxy from the Voting Holder by the Voting Record Date. Unless otherwise ordered by the Bankruptcy Court, Ballots that are signed, dated, and timely received, but on which a vote to accept or reject the Plan has not been indicated, will not be counted. The Debtors, in their sole discretion, may request that the Solicitation Agent attempt to contact such voters to cure any such defects in the Ballots. Any Ballot marked to both accept and reject the Plan will not be counted. If you return more than one Ballot voting different claims, the Ballots are not voted in the same manner, and you do not correct this before the Voting Deadline, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will likewise not be counted.

The Ballots provided to Voting Holders will reflect the principal amount of such Voting Holder's Claim; however, when tabulating votes, the Solicitation Agent may adjust the amount of such Voting Holder's Claim by multiplying the principal amount by a factor that reflects all amounts accrued between the Voting Record Date and the Petition Date including interest.

Under the Bankruptcy Code, for purposes of determining whether the requisite votes for acceptance have been received, only Voting Holders who actually vote will be counted. The failure of a Voting Holder to timely deliver a duly executed Ballot to the Solicitation Agent will be deemed to constitute an abstention by such Voting Holder with respect to voting on the Plan and such abstentions will not be counted as votes for or against the Plan.

Except as provided below, unless the Ballot is timely submitted to the Solicitation Agent before the Voting Deadline together with any other documents required by such Ballot, the Debtors may, in their sole discretion, reject such Ballot as invalid, and therefore decline to utilize it in connection with seeking confirmation of the Plan.

2. **Agreements Upon Furnishing Ballots**

The delivery of an accepting Ballot pursuant to one of the procedures set forth above will constitute the agreement of the Voting Holder with respect to such Ballot to accept (i) all of the terms of, and conditions to, the Solicitation, and (ii) the terms of the Plan including the injunction, releases, and exculpations set forth in Article X therein. All parties in interest retain their right to object to confirmation of the Plan pursuant to section 1128 of the Bankruptcy Code.

3. **Change of Vote**

Any party who has previously submitted to the Solicitation Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Solicitation Agent prior to the Voting Deadline a subsequent, properly completed Ballot for acceptance or rejection of the Plan, as applicable.

4. **Requirement to File a Proof of Claim**

Any person or entity that is required to timely file a Proof of Claim in the form and manner specified by the order entered by the Bankruptcy Court establishing procedures for filing Proofs of Claim for the Chapter 11 Cases and who failed to do so on or before the Bar Dates associated with such Claim shall not, with respect to such Claim, be treated as a creditor of the Debtors for the purposes of voting on the Plan.

4

D. **Waivers of Defects, Irregularities, etc.**

Unless otherwise directed by the Bankruptcy Court, all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots will be determined by the Solicitation Agent and/or the Debtors, as applicable, in their sole discretion, which determination will be final and binding. The Debtors reserve the right to reject any and all Ballots submitted by any of their creditors not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, as applicable, be unlawful. The Debtors further reserve their respective rights to waive any defects or irregularities or conditions of delivery as to any particular Ballot by any Voting Holder. The interpretation (including the Ballot and the respective instructions thereto) by the Debtors, unless otherwise directed by the Bankruptcy Court, will be final and binding on all parties. Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determine. Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.

E. **Notice of Non-Voting Status**

Holders of Claims in Classes 1 and 2 are Unimpaired and deemed to accept the Plan. Holders of Interests in Classes 9 and 10 are Impaired and deemed to reject the Plan. Holders of Claims and Interests in Classes 7 and 8 are either Unimpaired and deemed to accept or Impaired and deemed to reject the Plan. Accordingly, as noted above, Holders of Claims and Interests in Classes 1, 2, 7, 8, 9, and 10 will not receive a Ballot. Holders of Claims in Classes 1 and 2 will receive a notice informing them of their non-voting status (the "**Notice of Non-Voting Status**"). With respect to Class 7, Class 8, Class 9, and Class 10, the Debtors have requested a waiver of any requirement to serve any type of notice in connection with solicitation of the Plan because such Claims and Interests are held by the Debtors or the Debtors' Affiliates.

F. **Opt-Out Form**

In addition to receiving a Notice of Non-Voting Status, Holders of Unimpaired Claims and Interests will receive a form to complete and return if the party elects to opt out of the releases contemplated by the Plan ("**Opt-Out Form**"). To the extent a Holder of an Unimpaired Claim or Interest wishes to elect to opt-out of the releases, such Holder must return the Opt-Out Form, with the box checked indicating such Holder is electing to opt-out of the releases, to the Solicitation Agent **before 4:00 p.m. (Central Time) on May 1, 2023**.

G. **Further Information, Additional Copies**

If you have any questions or require further information about the voting procedures for voting your Claim, or about the packet of material you received, or if you wish to obtain an additional copy of the Plan, this Disclosure Statement, or any exhibits to such documents, please contact the Solicitation Agent.

5

# EXHIBIT J

Contract Assumption and Rejection Procedures

## Assumption and Rejection of Executory
## Contracts and Unexpired Leases of Debtors and Related Procedures

1.      In accordance with Article VIII of the Plan and sections 365 and 1123 of the Bankruptcy Code, as of and subject to the occurrence of the Effective Date and the payment of any applicable Cure amount, and subject to Section 8.6 of the Plan, consistent with the Restructuring Support Agreement and subject to the Consenting Creditor Consent Rights and any other applicable consent rights set forth in the Restructuring Support Agreement, all executory contracts and unexpired leases to which any of the Debtors are parties, and which have not expired by their own terms on or prior to the Confirmation Date shall be deemed assumed except for any executory contract or unexpired lease that (a) with the reasonable consent of the Requisite Consenting Creditors, previously has been assumed, assumed or assigned, or rejected pursuant to a Final Order of the Bankruptcy Court, (b) with the reasonable consent of the Requisite Consenting Creditors, is the subject of a separate (i) assumption motion filed by the Debtors, or (ii) rejection motion filed by the Debtors under section 365 of the Bankruptcy Code before the Confirmation Date, (c) with the reasonable consent of the Requisite Consenting Creditors, is specifically designated as a contract or lease to be rejected on the Schedule of Rejected Contracts, or (d) is the subject of a pending Cure Dispute.  Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions or rejections provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Each executory contract and unexpired lease assumed or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the applicable Reorganized Debtor or assignee in accordance with its terms, except as modified by the provision of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption or assumption and assignment, or applicable law.

2.      The Plan provides that to the maximum extent permitted by law, to the extent any provision in any executory contract or unexpired lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such executory contract or unexpired lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such executory contract or unexpired lease or to exercise any other default-related rights with respect thereto.

3.      Section 8.2 of the Plan stipulates that subject to the Consenting Creditor Consent Rights, the Debtors will file, as part of the Plan Supplement, the Schedule of Rejected Contracts and the Schedule of Assumed Contracts.  The Plan further provides that the Debtors will serve an initial Cure Notice[21] on parties to executory contracts and unexpired leases to be assumed or assumed and assigned by no later than April 14, 2023.  If a counterparty to any executory contract or unexpired lease that the Debtors or Reorganized Debtors, as applicable, intend to assume or assume and assign is not listed on any of the Schedule of Rejected Contracts, the Schedule of Assumed Contracts, or any Cure Notice, the proposed Cure amount for such executory contract or unexpired lease shall be deemed to be $0.  Counterparties to such unscheduled executory contracts or unexpired leases that believe they are entitled to more than $0 in Cure, should contact the Solicitation Agent at SertaSimmons6ATA@epiqglobal.com prior to May 1, 2023, to identify such contract or unexpired lease and the asserted Cure amount.  To the extent the Debtors and the counterparty cannot agree on the Cure amount, such counterparty may be required to file an objection relating to assumption or assumption and assignment in order to assert a Cure amount greater than $0 by May 1, 2023.  If there is a Cure Dispute pertaining to assumption or assumption and assignment of an executory contract or unexpired lease, such dispute shall be heard by the Bankruptcy Court prior to such

---

[21]   "**Cure Notice**" means a notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection with the Plan and, where applicable, settling forth the proposed Cure amount (if any).

assumption or assumption and assignment, as applicable, being effective, *provided, however*, on the Effective Date or as soon as reasonably practicable thereafter, or on such other terms as the parties to such executory contract or unexpired lease may otherwise agree, the Debtors or the Reorganized Debtors, as applicable (with the reasonable consent of the Requisite Consenting Creditors), may settle any dispute regarding the Cure amount or the nature thereof without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

4. Section 8.2 of the Plan further provides that any counterparty to an executory contract or unexpired lease that fails to object timely to the notice of the proposed assumption or assumption and assignment, as applicable, of such executory contract or unexpired lease or the relevant Cure amount by fifteen (15) days of service of the applicable Cure Notice, (i) shall be deemed to have assented to (A) such Cure amount and the nature thereof, (B) assumption or assumption and assignment, as applicable, of the applicable executory contract or unexpired lease notwithstanding any provision thereof that purports to (1) prohibit, restrict, or condition the transfer or assignment of such contract or lease, or (2) terminate or permit the termination of a contract or lease as a result of any direct or indirect transfer or assignment of the rights of the Debtors under such contract or lease or a change, if any, in the ownership or control to the extent contemplated by the Plan, and shall forever be barred and enjoined from asserting such objection against the Debtors or terminating or modifying such contract or lease on account of transactions contemplated by the Plan, and (ii) shall be forever barred, estopped, and enjoined from challenging the validity of such assumption or assumption and assignment, as applicable, or the Allowed amount of such Cure amount thereafter.

5. Section 8.4 of the Plan provides that in the event that the rejection of an executory contract or unexpired lease under the Plan by any of the Debtors results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtors or the Reorganized Debtors or their respective properties or interests in property as agents, successors, or assigns, unless a Proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors and the Reorganized Debtors no later than thirty (30) days after the later of (i) the Effective Date or (ii) the effective date of rejection of such executory contract or unexpired lease. Any such Claims, to the extent Allowed, shall be classified in Class 6B (Other General Unsecured Claims).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THE CONFIRMATION HEARING NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

6. *Plan Supplement.* The Debtors will file and serve any supplement to the Plan on or before **April 21, 2023**.

2