# DEFENDANTS' EXHIBIT 343

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Debtors, | Chapter 11<br><br>Case No. 23-90020 (DRJ)<br>(Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>AG CENTRE STREET PARTNERSHIP L.P., et al.,<br><br>Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs,<br><br>v.<br><br>AGF FLOATING RATE INCOME FUND, et al.,<br><br>Third-Party Defendants. | Adversary Proc. No. 23-09001 (DRJ) |

**FIRST LIEN LENDER DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF SERTA SIMMONS BEDDING, LLC**

**TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, defendants AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Silver Oak Capital, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, Z Capital Credit Partners CLO 2018-1 Ltd., Z

3719142.1

Capital Credit Partners CLO 2019-1 Ltd., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., North Star Debt Holdings, L.P., Ascribe III Investments, LLC, Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II, and Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I (collectively, the "First Lien Lender Defendants"), by their attorneys, will take the deposition upon oral examination of plaintiff Serta Simmons Bedding, LLC in the above-titled action at the offices of Friedman Kaplan Seiler Adelman & Robbins LLP, 7 Times Square, 28th Floor, New York, NY 10036, commencing at a date and time to be agreed upon but no later than June 12, 2023, at 10:00 a.m., and continuing from day to day thereafter until completed. Please take further notice that the deposition will be recorded by stenographic means and by videotape before a notary public or other officer authorized to administer oaths in accordance with Rule 30(b)(6). You are invited to attend and cross-examine.

      Pursuant to Rule 30(b)(6), the deponent is directed to designate one or more officers, directors, managing agents, or other individuals who are able fully and competently to testify on its behalf concerning the Topics listed in Schedule B. If the deponent designates more than one corporate representative, the deponent shall indicate seven (7) days prior to the deposition which representative will speak to which subject matters. The First Lien Lender Defendants reserve the right to amend or supplement this Notice, including the Topics identified in Schedule B.

2

3719142.1

Dated: New York, New York
April 14, 2023

**FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP**

*s/ Blair R. Albom*
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Elizabeth Bierut*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
ebierut@fklaw.com
balbom@fklaw.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

3

3719142.1

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*admitted pro hac vice*

*Attorneys for the First Lien Lender Defendants*

# SCHEDULE A

# DEFINITIONS

The following definitions apply solely for purposes of this Notice of Deposition:

1. "ABL Credit Agreement" means the ABL Credit Agreement (as amended, restated, supplemented, or otherwise modified), dated as of November 8, 2016, among Dawn Intermediate, Inc., as Holdings, Serta Simmons Bedding, LLC, as the Top Borrower, the other borrowers party thereto, the financial institutions party thereto, as Lenders, UBS AG Stamford Branch, as Administrative Agent, and UBS Securities LLC, Goldman Sachs Bank USA, Barclays Bank PLC, Deutsche Bank Securities Inc., Jefferies Finance LLC, JPMorgan Chase Bank N.A., Morgan Stanley Bank, N.A., RBC Capital Markets, and Wells Fargo Securities, LLC, as Joint Lead Arrangers and Joint Bookrunners.

2. "Advent" means Advent International Corporation and its past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on its behalf.

3. "And" or "or" shall be construed conjunctively or disjunctively, whichever makes the Topic more inclusive.

4. "Angelo Gordon" means Angelo, Gordon & Co., L.P., funds managed by Angelo, Gordon & Co., L.P., and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf, including AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., and AG SF Master (L), L.P.

5. "Any" shall be construed as each and every.

6. "Apollo" means Apollo Global Management, Inc., funds managed by Apollo Global Management, Inc., and their past or present subsidiaries, affiliates, predecessors,

5

assigns, attorneys, agents, representatives, or other Persons acting on their behalf, including North Star Debt Holdings, L.P.

7. "Bankruptcy Proceeding" means the bankruptcy proceeding captioned *In re Serta Simmons Bedding, LLC et al.*, bearing case number 23-90020, which currently is pending in the United States Bankruptcy Court for the Southern District of Texas.

8. "Barings" means Barings LLC, funds managed by Barings LLC, and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf.

9. "Boston Management and Research" means Boston Management and Research, funds managed by Boston Management and Research, and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf.

10. "Centerview" means Centerview Partners, LLC and its past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, directors, officers, employees, or other Persons acting on its behalf.

11. "Chapter 11 Plan" means the Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors filed in the Bankruptcy Proceeding on January 23, 2023 (Dkt. No. 28), as revised on March 7, 2023 (Dkt. No. 425) and as further revised on March 23, 2023 (Dkt. No. 526).

12. "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, written or oral, including notes, correspondence, memos, letters, emails, calendar and meeting invitations, appointment books, audio recordings of telephone calls, voicemails, instant messages, SMS messages, diaries, messages, posts, or other communications via chat platforms and applications of any kind

(including but not limited to WhatsApp messages and messages sent via Bloomberg Terminal or other computer system), and posts to or through Twitter, Facebook, Instagram, and any other online forum or platform, or any other similar physical or electronic information.

13. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

14. "Consenting Equity Holder" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

15. "Consenting Equity Holder Fees and Expenses" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

16. "Credit Suisse" means Credit Suisse Asset Management, LLC, funds managed by Credit Suisse Asset Management, LLC, and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf.

17. "Disclosure Statement" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

18. "Disqualified Institution" has the meaning assigned to it, including any variation of such term, in the First Lien Term Loan Agreement and the Second Lien Term Loan Agreement.

19. "Eaton Vance" means Eaton Vance Management, funds managed by Eaton Vance Management, and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf.

20. "Effective Date" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

7

21. "Evercore" means Evercore Group L.L.C. and its past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, directors, officers, employees, or other Persons acting on its behalf.

22. "Favored Lenders" means Eaton Vance, Boston Management and Research, Invesco, Credit Suisse, and Barings, or any other Term Lender that participated in the Unlawful Exchange Transaction (each, individually, a "Favored Lender").

23. "First Lien Intercreditor Agreement" means the First Lien Intercreditor Agreement dated as of June 22, 2020, among Dawn Intermediate, Inc., as Holdings, Serta Simmons Bedding, LLC, as the Top Borrower, the other grantors party thereto, UBS AG, Stamford Branch, as Priority First Lien Credit Agreement Collateral Agent for the Priority First Lien Credit Agreement Secured Parties and as the Priority First Lien Credit Agreement Administrative Agent, UBS AG, Stamford Branch, as the Existing First Lien Collateral Agent for the Existing First Lien Secured Parties, and as the Existing Authorized Representative, and each additional Authorized Representative and additional Collateral Agent from time to time party thereto.

24. "First Lien Debt" means any debt issued under and held by the parties to the First Lien Term Loan Agreement.

25. "First Lien Term Loan Agreement" means the First Lien Term Loan Agreement (as amended, restated, supplemented, or otherwise modified), dated as of November 8, 2016, among Dawn Intermediate, Inc., as Holdings, Serta Simmons Bedding, LLC, as the Top Borrower, the other borrowers party thereto, the financial institutions party thereto, as Lenders, UBS AG Stamford Branch, as Administrative Agent, and UBS Securities LLC, Goldman Sachs Bank USA, Barclays Bank PLC, Deutsche Bank Securities, Inc., Jefferies Finance LLC,

8

JPMorgan Chase Bank N.A., Morgan Stanley Senior Funding, Inc., RBC Capital Markets, and Wells Fargo Securities, LLC, as Joint Lead Arrangers and Joint Bookrunners.

26. "First Lien Term Loan Amendment" means Amendment No. 1 to the First Lien Term Loan Agreement, dated as of June 22, 2022.

27. "Gamut" means Gamut Capital SSB, LLC funds managed by Gamut Capital SSB, LLC, and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf.

28. "Including" shall be construed as "including but not limited to" and shall not limit the scope of any Topic.

29. "Indemnification Obligation" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

30. "Intermediate Equity Interests" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

31. "Invesco" means Invesco Senior Secured Management, Inc., funds managed by Invesco Senior Secured Management, Inc., and their past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, or other Persons acting on their behalf.

32. "Loan Document" means any agreement governing Serta's financing activities that was executed prior to the Unlawful Exchange Transaction, and any document defined as a Loan Document therein, including the First Lien Term Loan Agreement, the Second Lien Term Loan Agreement, the ABL Credit Agreement, and any and all intercreditor agreements.

33. "Open Market Purchase and Cashless Exchange Agreement" means the agreement dated as of June 22, 2020 by and between Dawn Intermediate, Inc., Serta and certain other parties.

34. "Person" means any natural person or any legal entity, including any business or governmental entity or association.

35. "Reorganized Debtors" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

36. "Restructuring Transactions Exhibit" has the meaning assigned to such term, including any variation of such term, in the Chapter 11 Plan.

37. "Redemption Transaction" has the meaning assigned to such term, including any variation of such term, in the Disclosure Statement.

38. "RSA" means the Restructuring Support Agreement initially filed in the Bankruptcy Proceeding as Exhibit B to the Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors (Dkt. No. 29), as amended and including all exhibits thereto.

39. "Second Lien Term Loan Agreement" means the Second Lien Term Loan Agreement (as amended, restated, supplemented, or otherwise modified), dated as of November 8, 2016, among Dawn Intermediate, Inc., as Holdings, Serta Simmons Bedding, LLC, as the Top Borrower, the other borrowers party thereto, the financial institutions party thereto, as Lenders, Goldman Sachs Bank USA, as Administrative Agent, Goldman Sachs Bank USA, UBS Securities LLC, Barclays Bank PLC, Deutsche Bank Securities, Inc., Jefferies Finance LLC, JPMorgan Chase Bank N.A., Morgan Stanley Senior Funding, Inc., RBC Capital Markets, and Wells Fargo Securities, LLC, as Joint Lead Arrangers and Joint Bookrunners.

40. "Serta" means plaintiff Serta Simmons Bedding, LLC and its past or present subsidiaries, affiliates, predecessors, assigns, attorneys, agents, representatives, directors, officers, employees, or other Persons acting on its behalf.

41. "Super-Priority Term Loan Agreement" means the Super-Priority Term Loan Agreement dated as of June 22, 2020, among Dawn Intermediate, Inc., as Holdings, Serta Simmons Bedding, LLC, as the Top Borrower, the other borrowers party thereto, the financial institutions party thereto, and UBS AG, Stamford Branch, as Administrative Agent.

42. "Term Lender" has the meaning assigned to such term, including any variation of such term, in the First Lien Term Loan Agreement and the Second Lien Term Loan Agreement.

43. "Transaction Support Agreement" means the Support and Standstill Agreement made as of June 8, 2020 by and between Dawn Intermediate, LLC and certain other parties.

44. "Unlawful Exchange Transaction" means the recapitalization transaction that closed on or about June 22, 2020, including the Transaction Support Agreement, the Super-Priority Term Loan Agreement, the Open Market Purchase and Cashless Exchange Agreement, the First Lien Intercreditor Agreement, the First Lien Term Loan Amendment, and any other agreement executed to effect the Unlawful Exchange Transaction, including the RSA.

45. "You" or "Your" refers to Serta, as defined above.

## SCHEDULE B

## TOPICS FOR DEPOSITION

1. Your development, negotiation, and analysis of the Unlawful Exchange Transaction, and any Communications related thereto.

2. Your negotiation, evaluation and analysis of any alternative proposals to the Unlawful Exchange Transaction made by any Term Lender, and any Communications related thereto.

3. Your knowledge or understanding of how Term Lenders were selected to participate in the Unlawful Exchange Transaction, including any consideration of or decision by You, Advent, Evercore, Centerview, or any Favored Lender regarding whether to permit Angelo Gordon, Apollo, Gamut, or any Term Lender to participate in the Transaction.

4. Your knowledge of any effort by You, Advent, Evercore, Centerview, or any Favored Lender to solicit, offer, permit, encourage, discourage, restrict, limit, or exclude the participation of any Term Lender in the Unlawful Exchange Transaction.

5. Your analysis or assessment of the impact of the Unlawful Exchange Transaction on the value of the First Lien Debt, on Serta's financial condition, valuation, or credit rating, or on the market price of loans owned by Term Lenders who did not participate in the Unlawful Exchange Transaction.

6. Your negotiation and analysis of the First Lien Term Loan Agreement, including Your understanding of the Term Lenders' right to share ratably in all payments of principal or interest on First Lien Debt, and any Communications related thereto.

7. Your decision to designate Angelo Gordon, Apollo, and Gamut as Disqualified Institutions at the time of the Unlawful Exchange Transaction.

3719142.1

8. Your analysis of and participation or experience with any transaction or offer, other than the Unlawful Exchange Transaction, that involved modification, waiver, or removal of *pro rata* sacred rights in a credit agreement or indenture, including "uptier" transactions, and Your analysis of the impact of such transactions on minority lenders.

9. Your analysis of Serta's financial condition, including after the onset of the COVID-19 pandemic.

10. Your analysis or assessment concerning valuation of the First Lien Debt.

11. Your purported designation of Apollo as a Disqualified Institution as of March 2020, and Your refusal to permit North Star Debt Holdings, L.P., as an affiliate of Apollo, to purchase First Lien Debt in March 2020, including any Communications related thereto.

12. Your knowledge or understanding concerning any Indemnification Obligation of the Serta, and the Reorganized Debtors' ability to satisfy that Indemnification Obligation.

13. Your knowledge or understanding of Serta's projected post-Effective Date liquidity and ability to obtain additional financing.

14. Your knowledge or understanding concerning any transactions, payments, or other actions contemplated by the Restructuring Transactions Exhibit, and any negotiations concerning any of them.

15. Your knowledge or understanding concerning the Chapter 11 Plan's treatment of Intermediate Equity Interests and Consenting Equity Holder Fees and Expenses, including any negotiations related to the same.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2023, I caused to be served true and correct copies of the foregoing Notice of Deposition via electronic mail upon:

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Gabriel A. Morgan (24125891)<br>Stephanie N. Morrison (24126930)<br>700 Louisiana Street, Suite 1700<br>Houston, TX 77002<br>Tel: (713) 546-5040<br>Email: Gabriel.Morgan@weil.com<br>           Stephanie.Morrison@weil.com<br><br>David J. Lender*<br>Luna Barrington*<br>Richard Gage*<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel: (212) 310-8000<br>Email: david.lender@weil.com<br>           luna.barrington@weil.com<br>           richard.gage@weil.com<br><br>*Attorneys for Debtor and Plaintiff Serta Simmons Bedding, LLC* | GIBSON, DUNN & CRUTCHER LLP<br>Gregg J. Costa (24028160)<br>811 Main Street, Suite 3000<br>Houston, TX 77002<br>Tel: (346) 718-6600<br>Email: gcosta@gibsondunn.com<br><br>Orin Snyder*<br>Jennifer L. Conn*<br>Amanda M. Aycock*<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 351-4000<br>Email: osnyder@gibsondunn.com<br>           jconn@gibsondunn.com<br>           aaycock@gibsondunn.com<br><br>JACKSON WALKER LLP<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>Bruce Ruzinksy (17469425)<br>Victoria N. Argerplos (24105799)<br>Gabriela M. Barake (24099794)<br>Tel: (713) 752-4200<br>Email: bruzinsky@jw.com<br>           vargeroplos@jw.com<br>           gbarake@jw.com<br><br>*Attorneys for Plaintiffs Invesco Senior Secured Management, Inc. Credit Suisse Asset Management, LLC, Eaton Vance Management, Boston Management and Research, and Barings LLC* |

3719142.1

MCKOOL SMITH P.C.
John J. Sparacino
S. Margie Venus
600 Travis Street
Suite 7000
Houston, TX 77002
Tel: (713) 485-7306
Email: jsparacino@mckoolsmith.com
    mvenus@mckoolsmith.com

HOLWELL SHUSTER & GOLDBERG LLP
Michael Shuster*
Neil R. Lieberman*
Brian T. Goldman*
Vincent Levy*
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5168
Email: mshuster@hsgllp.com
    nlieberman@hsgllp.com
    bgoldman@hsgllp.com
    vlevy@hsgllp.com

*Attorneys for Defendants LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV LTD., LCM 26 LTD., LCM 27 LTD., and LCM 28 LTD*

Dated: New York, New York
    April 14, 2023

                                    FRIEDMAN KAPLAN SEILER
                                      ADELMAN & ROBBINS LLP

                                    s/ *Blair R. Albom*                    
                                    Lawrence S. Robbins*
                                    Eric Seiler*
                                    Anne E. Beaumont*
                                    Jamuna D. Kelley*
                                    Elizabeth Bierut*
                                    Blair R. Albom*
                                    7 Times Square
                                    New York, NY 10036-6516
                                    212-833-1100 (Phone)

15

3719142.1

lrobbins@fklaw.com  
eseiler@fklaw.com  
abeaumont@fklaw.com  
jkelley@fklaw.com  
ebierut@fklaw.com  
balbom@fklaw.com  

*admitted pro hac vice

16