IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Debtors, | Chapter 11<br><br>Case No. 23-90020 (DRJ)<br>(Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al.,<br><br>   Plaintiffs and Counterclaim Defendants,<br><br>   v.<br><br>AG CENTRE STREET PARTNERSHIP L.P., et al.,<br><br>   Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs,<br><br>   v.<br><br>AGF FLOATING RATE INCOME FUND, et al.,<br><br>   Third-Party Defendants. | Adversary Proc. No. 23-09001 (DRJ) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE EXCLUDED LENDERS
TO FILE UNDER SEAL CERTAIN OF THEIR EXHIBITS FOR TRIAL**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Defendants and counterclaim/third-party plaintiffs AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Silver Oak Capital, L.L.C., Ascribe III Investments, LLC, Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series

1

Trust II, Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, North Star Debt Holdings, L.P., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., and Z Capital Credit Partners CLO 2019-1 Ltd. (collectively, the "Excluded Lenders"), by and through their undersigned counsel, files this *Motion for Entry of an Order Authorizing the Excluded Lenders to File Under Seal Their Certain of Their Exhibits for Trial* (the "Motion to Seal"). In support of this Motion, the Excluded Lenders respectfully state as follows:

### RELIEF REQUESTED

1. Pursuant to Bankruptcy Code section 107(b), Federal Rule of Bankruptcy Procedure 9018, and Bankruptcy Local Rule 9037-1, the Excluded Lenders request that the Court enter an order to file under seal the following exhibits on their Witness and Exhibit List for trial, which have been designated as confidential: DX1–DX252, DX254–DX303, DX305–DX316, DX319–DX330, DX353, and DX356–DX442 (collectively, the "Designated Materials"). The Excluded Lenders propose providing unsealed copies of these materials on a confidential basis to: (a) the Court, (b) the Plaintiffs, and (c) any other party as may be ordered by the Court.

### BACKGROUND

2. On January 24, 2023, Debtor Serta Simmons Bedding, LLC ("Serta"), Barings LLC ("Barings"), Credit Suisse Asset Management, LLC ("Credit Suisse"), and Invesco Senior Secured Management, Inc. ("Invesco") filed this adversary proceeding [Docket No. 1].

3. On February 14, 2023, Debtor Serta Simmons Bedding, LLC ("Serta"), along with Barings LLC ("Barings"), Boston Management and Research ("Boston Management"), Credit

2

Suisse Asset Management, LLC ("Credit Suisse"), Eaton Vance Management ("Eaton Vance"), and Invesco Senior Secured Management, Inc. ("Invesco") (Barings, Boston Management, Credit Suisse, Eaton Vance, and Invesco, together the "Preferred Lenders," and together with Serta, the "Plaintiffs"), filed an Amended Complaint in this adversary proceeding [Docket No. 38].

4. On April 6, 2023, the Court entered an Order denying in part Plaintiffs' partial motions for summary judgment [Docket No. 141].

5. On April 24, 2023, the Court set trial on the remaining claims to begin on May 15, 2023, and ordered the parties to provide their witness and exhibits lists by 12:00 p.m. on May 12, 2023 [Docket Nos. 182, 183].

6. On March 3, 2023, this Court entered the Protective Order [Docket No. 74].

7. The Protective Order provides that a party producing any Discovery Material in this Litigation may designate such material as "Confidential." Protective Order ¶ 4.2. Confidential Information is defined as follows: "All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information, including a Party's customers, supplies, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information." Protective Order ¶ 1.3.

8. The Protective Order further provides that a party producing any Discovery Material in this Litigation may designate such material as "Highly Confidential – Attorneys' Eyes Only Information." Protective Order ¶ 4.2. Highly Confidential Information is defined as follows: "All Discovery Material that contains Confidential Information that a Designating Party

3

reasonably and in good faith believes constitutes and/or contains non-public, highly sensitive and/or strictly proprietary information of a Party, including but not limited to trade secrets, pricing, current or future financial data or reports, current or future business and/or pricing plans or strategies, current or future plans for products or services, third-party agreements and their terms, employment agreements and their terms, or other financial information, that would be likely to cause harm to a Party's competitive position if disclosed outside this Litigation." Protective Order ¶ 1.7.

9. Persons in possession of Confidential or Highly Confidential materials, other than the Designating Party, may not disclose those Confidential or Highly Confidential materials to any person other than those enumerated in the Protective Order.  Protective Order ¶¶ 5.2, 5.3.

10. The Excluded Lenders are on this day, as ordered by the Court, filing their witness and exhibit list for trial.  In conformance with Local Rule 9013-2, the Excluded Lenders are also filing the exhibits themselves, which include the Designated Materials.

11. The Designated Materials consist of documents produced in this action that have been marked by the Producing Party as Confidential or Highly Confidential.

12. The Designated Materials have been filed under seal.

13. The Excluded Lenders have provided complete, unredacted versions of the Designated Materials to counsel for the Plaintiffs, pending the Court's disposition of this Motion to Seal.

14. The Excluded Lenders generally expect that Designated Materials introduced as exhibits at trial in this matter will become public.  However, the Excluded Lenders and Plaintiffs intend to meet-and-confer to discuss whether any Designated Materials so used may need to be maintained under seal.

**BASIS FOR RELIEF**

15. Bankruptcy Code section 105(a) codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

16. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b), providing, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Additionally, Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

17. Here, the Producing Party for each document in the Designated Materials has taken the position that the produced documents marked "Confidential" or "Highly Confidential" contain confidential information. The Excluded Lenders, therefore, submit that good cause exists to authorize the Excluded Lenders to file the Designated Materials under seal.

18. No previous request for the relief sought herein has been made by the Excluded Lenders to this or any other court.

**RESERVATION OF RIGHTS**

19.     The Excluded Lenders reserve the right to challenge any assertion that the documents at issue actually constitute confidential information at a later date.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, for the reasons set forth herein, the Excluded Lenders respectfully request that the Court enter the Proposed Order granting the relief requested herein and provide such other and further relief as the Court deems just, proper, and equitable.

Houston, Texas
Dated: May 14, 2023.

By: */s/ John F. Higgins*
**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*Attorneys for the Excluded Lenders*

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
Robert J. O'Loughlin*
Sarah J. Prostko*
Jackson Yates*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com

7

aehrlich@paulweiss.com
mcolarossi@paulweiss.com
roloughlin@paulweiss.com
sprostko@paulweiss.com
jyates@paulweiss.com

*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*

-and-

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com


*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*


**admitted pro hac vice*

**CERTIFICATE OF SERVICE**

  I certify that on May 14, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ John F. Higgins*
                John F. Higgins