# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Case No. 23-90020 (DRJ) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § | |
| ------------------------------------------------------- | § § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Adversary Proc. No. 23-09001 (DRJ) |
| Plaintiffs and Counterclaim Defendant, | § § § | |
| v. | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § § § § | |
| Defendants and Counterclaim Plaintiffs, | § § § | |
| v. | § § | |
| **AGF FLOATING RATE INCOME FUND,** *et al.*, | § § § § | |
| Third Party Defendants. | § § | |
| ------------------------------------------------------- | § | |

### STIPULATED AND AGREED ORDER RELATED TO
### <u>NORTH STAR'S STATUS AS A DISQUALIFIED INSTITUTION</u>

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

Serta Simmons Bedding, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") and North Star Debt Holdings, L.P. ("**North Star**") have reached an agreement to resolve the portions of Count I of the Amended Adversary Complaint (Adv. Pro. ECF No. 38) that relate to North Star's alleged status as a disqualified institution (as outlined in Paragraph 81 of the Amended Adversary Complaint[2]) and the Fifth Cause of Action in the Amended Counterclaims (Adv. Pro. ECF No. 148) (collectively, the "**DQ Claims**").

**IT IS HEREBY STIPULATED AND ORDERED THAT**

1. The Debtors shall upon entry of this order and stipulation (the "**Order**") take all necessary steps to enable 50% (*i.e.,* $93,046,696.63 in principal amount) of North Star's purchases (the counterparties to such purchases, the "**Trade Counterparties**") of term loans under the Non-PTL Term Loan Agreement (collectively, the "**Non-PTL Term Loans**") as set forth in the Verified Statement Pursuant to Bankruptcy Rule 2019 of Ad Hoc Group of First Lien Lenders (ECF No. 75) (such loans, collectively, the "**Cleared Loans**"); *provided* that (i) the Debtors shall have no obligation to approve any other assignments of North Star or its affiliates, including Apollo Global Management, Inc. (collectively, the "**North Star Parties**"), and (ii) any transfer or assignment of Non-PTL Term Loans to the North Star Parties that are not Cleared Loans (collectively, the "**Non-Cleared Loans**") shall be deemed null and void (it being understood that any Non-Cleared Loans shall remain outstanding and owned by the proposed assignor).

2. The DQ Claims are dismissed with prejudice.

---

[2] All capitalized terms not defined herein shall have the meaning given to them in the Amended Adversary Complaint unless the context requires otherwise.

3. Solely with respect to the DQ Claims, each of the North Star Parties and the Debtors, and their respective present and future principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, heirs, beneficiaries, executors, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants and lawyers does hereby fully and forever release and discharge one another and their present and former principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assignees, heirs, beneficiaries, executors, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants and lawyers, separately and collectively, from any and all damages, suits, claims, counterclaims, debts, demands, assessments, obligations, liabilities, attorney's fees, costs, expenses, rights of action and causes of action (collectively, "**Claims**"), of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, in each case solely that relate to the DQ Claims and that exist as of the date of this Order (excluding, for the avoidance of doubt, any Claims on account of the 2020 Transaction).

4. Each of the North Star Parties and Advent International Corporation and their respective present and future principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, heirs, beneficiaries, executors, administrators, representatives, parents, shareholders, subsidiaries, affiliates (other than the Debtors), insurers, underwriters, accountants and lawyers does hereby fully and forever release and discharge one another and their present and former principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assignees, heirs, beneficiaries, executors, administrators, representatives, parents, shareholders,

subsidiaries, affiliates (other than the Debtors), insurers, underwriters, accountants and lawyers, separately and collectively, from any and all Claims, of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, in each case that relate to the Debtors, the Cleared Loans, or the Non-Cleared Loans, and that exist as of the date of this Order.

5. No terms of this Order or the discussions leading up to this Order among the parties shall be used as evidence of, or be deemed or asserted to be, an admission of liability or fault on the part of either the Debtors or North Star.  This Order shall not have any precedential value and shall not be admissible except in a proceeding to enforce its terms.  For the avoidance of doubt, nothing in this Order shall release (or require any party, including the Trade Counterparties, to release), discharge (or require any party, including the Trade Counterparties, to discharge), or in any way prejudice any Claim of North Star or any other defendant set forth in the Amended Counterclaims (Adv. Pro. ECF No. 148) other than the DQ Claims.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

Stipulated and Agreed:

          */s/ Ray Schrock*
          **By:  Serta Simmons Bedding, LLC and its Affiliated Debtors**
          Ray Schrock
          Weil, Gotshal & Manages LLP
          Counsel to Serta Simmons Bedding, LLC and its Affiliated Debtors

5

*/s/ Andrew Ehrlich*
_____
**North Star Debt Holdings, L.P.**
By:  Paul, Weiss, Rifkind, Wharton & Garrison LLP
     Andrew Ehrlich (Authorized Signatory)

Stipulated and Agreed Solely With Respect To Paragraph 4:

_____
**By:  Advent International Corporation**

So Ordered:

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

          **By: North Star Debt Holdings, L.P.**

Stipulated and Agreed Solely With Respect To Paragraph 4:

          */s/ Daniel V. McCaughey*
          **By: Advent International Corporation**
               Daniel V. McCaughey
               Ropes & Gray LLP
               Counsel to Advent International Corporation

So Ordered:

          **DAVID R. JONES**
          **UNITED STATES BANKRUPTCY JUDGE**