IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Case No. 23-90020 (DRJ) |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § § | |
| ------------------------------------------------ | § § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Adversary Proc. No. 23-09001 (DRJ) |
| Plaintiffs and Counterclaim Defendant, | § § § | |
| v. | § § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § § § § | |
| Defendants and Counterclaim Plaintiffs, | § § § | |
| v. | § § | |
| **AGF FLOATING RATE INCOME FUND,** *et al.*, | § § § § | |
| Third Party Defendants. | § § | |
| ------------------------------------------------ | § | |

## ORDER SETTING SETTLEMENT CONFERENCE

On May 14, 2023, Serta Simmons Bedding, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively,

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

the "**Debtors**") filed the *Modified First Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 874) (including any exhibits and schedules thereto and as may be modified, amended, or supplemented from time to time, the "**Plan**").[2] A hearing to consider confirmation of the Plan was held May 15 through May 18, 2023 and is scheduled to continue on **May 25, 2023 at 2:00 p.m. (Central Time)**.

The Debtors and (i) an ad hoc group of PTL Lenders (the "**PTL Lender Group**"), (ii) an ad hoc group of Non-PTL Lenders (the "**Non-PTL Lender Group**"), and (iii) the LCM Lenders[3] have agreed to attend a settlement conference (the "**Settlement Conference**") as set forth below.

**IT IS HEREBY ORDERED THAT**

1. The following (collectively, the "**Settlement Parties**") shall attend the Settlement Conference at the offices of Weil, Gotshal & Manges LLP ("**Weil**") at 767 5th Avenue, New York, NY 10153 on Monday, May 22, 2023 at 2:00 p.m. (Eastern Time):

    (a) For the Debtors:

    (i) Representatives from their advisors; and

    (ii) two principals from the Debtors.

    (b) For the PTL Lender Group:

    (i) two attorneys from Gibson, Dunn & Crutcher LLP;

    (ii) two advisors from Centerview Partners LLC; and

    (iii) representatives from two separate clients.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

[3] The "**LCM Lenders**" mean, LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XIX Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd., LCM XXV Ltd., LCM 26 Ltd., LCM 27 Ltd. and LCM 28 Ltd.

  (c) For the Non-PTL Lender Group:

    (i) two attorneys from Paul, Weiss, Rifkind, Wharton & Garrison LLP;

    (ii) two advisors from PJT Partners; and

    (iii) representatives from no more than two clients.

  (d) For the LCM Lenders:

    (i) one attorney from Holwell Shuster & Goldberg LLP; and

    (ii) one client representative.

  (e) For the Creditors' Committee: two attorneys.

2. For the avoidance of doubt, (i) the Debtors shall maintain exclusivity, and no Settlement Parties may have discussions without a representative from the Debtors present unless waived by the Debtors on each occasion and (ii) notwithstanding anything to the contrary herein, nothing herein shall have any effect on the Restructuring Support Agreement; <u>provided</u> that the Settlement Parties shall not be in violation of the Restructuring Support Agreement by participating in the Settlement Conference pursuant to the terms of this Order.

3. All discussions and materials related to the Settlement Conference shall be subject to Rule 408 of the Federal Rules of Evidence and state law analogues, and the Settlement Parties agree that anything discussed, produced, or written at the Settlement Conference shall not be used, disclosed, or discussed in any court proceeding without the express written consent of each of the Settlement Parties or further order of this Court.

**Signed: May 21, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**