# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Debtors, | : : : : : : : : | Chapter 11<br><br>Case No. 23-90020 (DRJ)<br>(Jointly Administered) |
| SERTA SIMMONS BEDDING, LLC, et al.,<br><br>Plaintiffs and Counterclaim Defendant,<br><br>v.<br><br>AG CENTRE STREET PARTNERSHIP L.P., et al.,<br><br>Defendants and Counterclaim Plaintiffs,<br><br>v.<br><br>AGF FLOATING RATE INCOME FUND, et al.,<br><br>Additional Counterclaim Defendants. | : : : : : : : : : : : : : : : : : : | Adversary Proc. No. 23-09001(DRJ) |

## EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE EXCLUDED LENDERS TO FILE UNDER SEAL PORTIONS OF THEIR POST-TRIAL MEMORANDUM OF LAW

**Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 25, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on May 25, 2023, at 2:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free**

1

3725590.1

> **GoToMeeting application or click the link on Judge Jones' home page.  The meeting code is "JudgeJones".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Jones' home page.  Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

Defendants and counterclaim plaintiffs AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Silver Oak Capital, L.L.C., Ascribe III Investments, LLC, Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II, Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, North Star Debt Holdings, L.P., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., and Z Capital Credit Partners CLO 2019-1 Ltd. (collectively, the "Excluded Lenders"), by and through their undersigned counsel, files this *Motion for Entry of an Order Authorizing the Excluded Lenders to File Under Seal Portions of Their Post-Trial Memorandum of Law* (the "Motion to Seal").  In support of this Motion, the Excluded Lenders respectfully state as follows:

## RELIEF REQUESTED

1. Pursuant to Bankruptcy Code section 107(b), Federal Rule of Bankruptcy Procedure 9018, and Bankruptcy Local Rule 9037-1, the Excluded Lenders request that the Court enter an order to file under seal portions of the Excluded Lenders' Post-Trial Memorandum of Law.  The Excluded Lenders propose providing unsealed copies of these materials on a confidential basis to: (a) the Court, (b) the Plaintiffs, and (c) any other party as may be ordered by the Court.

3725590.1

## BACKGROUND

2. On January 24, 2023, Debtor Serta Simmons Bedding, LLC ("Serta"), Barings LLC ("Barings"), Credit Suisse Asset Management, LLC ("Credit Suisse"), and Invesco Senior Secured Management, Inc. ("Invesco") filed this adversary proceeding [Docket No. 1].

3. On February 14, 2023, Debtor Serta Simmons Bedding, LLC ("Serta"), along with Barings LLC ("Barings"), Boston Management and Research ("Boston Management"), Credit Suisse Asset Management, LLC ("Credit Suisse"), Eaton Vance Management ("Eaton Vance"), and Invesco Senior Secured Management, Inc. ("Invesco") (Barings, Boston Management, Credit Suisse, Eaton Vance, and Invesco, together the "Preferred Lenders," and together with Serta, the "Plaintiffs"), filed an Amended Complaint in this adversary proceeding [Docket No. 38].

4. On March 3, 2023, this Court entered the Protective Order [Docket No. 74].

5. The Protective Order provides that a party producing any Discovery Material in this Litigation may designate such material as "Confidential." Protective Order ¶ 4.2. Confidential Information is defined as follows: "All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information, including a Party's customers, supplies, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information." Protective Order ¶ 1.3.

6. Persons in possession of Confidential materials, other than the Designating Party, may not disclose those Confidential materials to any person other than those enumerated in the Protective Order. Protective Order ¶¶ 5.2, 5.3.

3725590.1

7.  The Excluded Lenders are on this day submitting their Post-Trial Memorandum of Law which includes, describes, or quotes certain materials that have been designated as Confidential. The Post-Trial Memorandum of Law has been filed publicly with redactions, to remove Confidential information within them.

8.  The Excluded Lenders have provided complete, unredacted versions of the Designated Materials to counsel for the Plaintiffs, pending the Court's disposition of this Motion to Seal.

## BASIS FOR RELIEF

9.  Bankruptcy Code section 105(a) codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

10. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b), providing, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Additionally, Local Rule 9037-1 provides, in relevant part, that "[a]

motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

11. Here, Plaintiffs have taken the position that the produced documents marked "Confidential" contain confidential information. The Excluded Lenders, therefore, submit that good cause exists to authorize the Excluded Lenders to seal the portions of their Post-Trial Memorandum of Law that include, describe, or quote the Designated Materials.

12. No previous request for the relief sought herein has been made by the Excluded Lenders to this or any other court.

## EMERGENCY MOTION

13. Pursuant to Local Rule 9013-1, the Excluded Lenders respectfully request emergency consideration of this motion because closing arguments in this adversary proceeding will be held on May 25, 2023 at 2:00 p.m. Accordingly, the Excluded Lenders respectfully request that the Court grant the relief requested in this motion on an emergency basis.

## RESERVATION OF RIGHTS

14. The Excluded Lenders reserve the right to challenge any assertion that the documents at issue actually constitute confidential information at a later date.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, for the reasons set forth herein, the Excluded Lenders respectfully request that the Court enter the Proposed Order granting the relief requested herein and provide such other and further relief as the Court deems just, proper, and equitable.

Houston, Texas
Dated:  May 23, 2023

By:  /s/ *John F. Higgins*
**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*Attorneys for the Excluded Lenders*

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
Robert J. O'Loughlin*
Sarah J. Prostko*
Jackson Yates*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com

6

aehrlich@paulweiss.com
mcolarossi@paulweiss.com
roloughlin@paulweiss.com
sprostko@paulweiss.com
jyates@paulweiss.com

*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*

-and-

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*

*\*admitted pro hac vice*

3725590.1

## CERTIFICATE OF SERVICE

I certify that on May 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins