# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Case No. 23-90020 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| —————————————————— | § § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § § § | Adversary Proc. No. 23-09001 (DRJ) |
|    Plaintiffs and Counterclaim Defendant, | § § | |
| v. | § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § § § | |
|    Defendants and Counterclaim Plaintiffs, | § § | |
| v. | § | |
| **AGF FLOATING RATE INCOME FUND,** *et al.*, | § § § | |
|    Third Party Defendants. | § § | |
| —————————————————— | § | |

# FINAL JUDGMENT

Based upon this Court's Memorandum Opinion, ECF No. 324 (the "**Opinion**"), the findings of fact and conclusions of law contained therein, and the evidence presented at the confirmation hearing and adversary proceeding trial held before this Court on May 15, 16, 17, and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

18, 2023 (the "**Trial**"), and due and proper notice of the Trial having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the evidence adduced at Trial and the post-trial briefing and underlying evidence in support thereof; and this Court having determined that the legal and factual bases set forth at Trial and the post-trial briefing have established an entitlement to relief and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**

1. For the reasons stated in the Opinion and the evidence adduced at Trial, Serta Simmons Bedding, LLC (the "**Company**") and the Adversary Plaintiffs'[2] (collectively, the "**Plaintiffs**") claim for declaratory judgment that the 2020 Transaction was permitted under the 2016 Credit Agreement and that the Plaintiffs did not violate the covenant of good faith and fair dealing by entering into the 2020 Transaction (the "**Claim**") is **GRANTED**; the Excluded Lenders' counterclaims and third-party claims for declaratory judgment, breach of the 2016 Credit Agreement, and breach of the implied covenant of good faith and fair dealing under the 2016 Credit Agreement (the "**Excluded Lenders' Counterclaims**") are **DENIED**; the LCM Defendants' counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing (the "**LCM Counterclaims**," collectively with the Excluded Lenders' Counterclaims, the "**Counterclaims**") are **DENIED**.

2. All other requested relief is denied.

2.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Opinion.

3. The Court finds that a substantial controversy exists between the parties and hereby exercises its discretion under the Declaratory Judgment Act to issue final judgment in Plaintiffs' favor on the Claim and the Counterclaims.

4. The Court finds that Plaintiffs did not breach the implied covenant of good faith and fair dealing in the 2016 Credit Agreement by entering into the 2020 Transaction for the reasons set forth in the Opinion and the findings of fact and conclusions of law set forth therein and, in support thereof, further finds that:

> a. The Company negotiated with over 70% of its existing lenders (the "**Lenders**") in addition to third parties before the Company—through its independent finance committee (the "**Independent Finance Committee**")—selected and entered into the 2020 Transaction; and the Company was not required under the 2016 Credit Agreement to solicit bids or obtain consent from each of its Lenders before entering into the 2020 Transaction, *see* ECF No. 273, May 15 Tr. (PM) at 22:3–20, 29:21–30:11, *Shah*; ECF No. 285, May 18 Tr. (AM) at 90:25–94-5, *Kwon*;
>
> b. The 2020 Transaction provided the Company with $200 million in new money, greater discount capture, and less interest expense than the Objecting Lenders' proposal, and was in the best interest of the Company, *see* ECF No. 277, May 16 Tr. (PM) at 36:1–38:9, *Tepner*; Case No. 23-90020, ECF No. 864-45, Debtors' Exhibit No. 202 at 12;
>
> c. The decision to limit the size of the participating lender group was also not a violation of the implied covenant of good faith and fair dealing—the 2016 Credit Agreement included no requirement that the 2020 Transaction be open to any particular number of lenders, and the evidence at Trial established that the PTL Lenders had economic reasons to propose a limited participating lender group in order to defend against the competing proposals they understood that other lenders were making to the Debtors. *See* ECF No. 277, May 16 Tr. (PM) at 181:18–182:4, *Chopra*. Including more lenders in the participating lender group would have decreased the value of the debt the PTL Lenders received in exchange for the repurchase of their existing debt, and would have resulted in the participating lenders being unwilling to offer as much of a discount to the Company with respect to the debt repurchases. *See* ECF No. 277, May 16 Tr. (PM) at 177:13–179:7, *Chopra*;

d. Plaintiffs were permitted under the 2016 Credit Agreement to enter into the amendments to effectuate the 2020 Transaction because the amendments only required the consent of the Required Lenders, which the PTL Lenders constituted, at the time of the amendments, *see* ECF No. 277, May 16 (PM) Tr. at 95:23–96:5, 140:4–13, *Tepner*, and nothing in the 2016 Credit Agreement prohibited the Required Lenders from selling their loans after amending the agreement; and

e. The Independent Finance Committee exercised its business judgment in allowing certain additional lenders to participate in the 2020 Transaction following its announcement, *see* ECF No. 273, May 15 Tr. (PM) at 57:2–59:20, *Shah*; ECF No. 277, May 16 Tr. (PM) at 39:1–40:20, *Tepner*.

**Signed: June 14, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**