IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § | Case No. 23-90020 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| ------------------------------------------------------------ | § | |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § | Adversary Proc. No. 23-09001 |
| Plaintiffs and Counterclaim Defendant, | § | |
| v. | § | |
| **AG CENTRE STREET PARTNERSHIP L.P.,** *et al.*, | § | |
| Defendants and Counterclaim Plaintiffs | § | |
| v. | § | |
| **AGF FLOATING RATE INCOME FUND,** *et al.*, | § | |
| Third Party Defendants | § | |
| ------------------------------------------------------------ | § | |

**DEBTORS' AND PTL LENDERS' EMERGENCY MOTION TO CERTIFY
PENDING APPEALS TO THE FIFTH CIRCUIT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); Serta Simmons Bedding Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); Serta Simmons Bedding Hospitality, LLC (2016); Serta Simmons Bedding Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); Serta Simmons Bedding Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

> **Emergency relief has been requested. Relief is requested not later than July 14, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Serta Simmons Bedding, LLC and its debtor affiliates ("Debtors"), Barings LLC, Boston Management and Research, Credit Suisse Asset Management, LLC, Eaton Vance Management Invesco Senior Secured Management, Inc., and the Additional Counterclaim Defendants[2] (together, the "PTL Lenders," and, with the Debtors, the "Movants"), by and through their undersigned counsel, move this Court for entry of an order certifying certain appeals from this Court's final judgment in the adversary proceeding, *see* ECF No. 1070 (the "Judgment"), and order confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization, *see* ECF No. 1071 (the "Confirmation Order"), for direct appeal to the Fifth Circuit.

## PRELIMINARY STATEMENT

1. Now that this Court, the Southern District of Texas, and the Fifth Circuit have all denied the objectors' motions for a stay of confirmation and the Debtors have successfully emerged from bankruptcy, the next chapter in this long-running dispute—the appeal process—is poised to begin. All parties agree that the Judgment should be certified for direct appeal and consolidated with the pending appeal of this Court's prior summary judgment decision in the adversary proceeding. And Citadel agrees with Movants that the Confirmation Order should likewise be certified for direct appeal and consolidated with the pending appeal. However, the

---

[2] This brief is filed on behalf of the Additional Counterclaim Defendants that responded to Counterclaim Plaintiffs' Counterclaims.  *See* Adv. Pro. Dkt. Nos. 217 & 220.

Non-PTL Lenders and LCM dispute that direct appeal of the Confirmation Order is appropriate. Their objection to certification should be rejected.

2. As this Court knows, the issues in the Confirmation Order and the Judgment are interwoven with one another: This Court held one trial and issued one opinion addressing both the adversary proceeding and confirmation. Absent certification, the Fifth Circuit and district court will simultaneously be reviewing overlapping issues relating to the adversary proceeding and confirmation, respectively. For example, as this Court noted following trial presentations and in its combined memorandum opinion, certain of the challenges tried in connection with confirmation echoed the issues in the pending summary judgment appeal. *See* ECF No. 1045 at 14 ("Memorandum Opinion") ("While purporting not to criticize the Court's ruling in the Adversary, Citadel's argument is based solely on the fact that the Court's summary judgment was incorrect."); May 17 Tr. (PM) 158:20–22 ("[A]ll [Defendants] have done thus far is . . . retried the issue."). Yet the Ad Hoc Group of Non-PTL Lenders attempt to parse out certain issues for the Fifth Circuit and certain issues for the district court. Not only is this impossible given the extensive overlap, but efficiency dictates a different outcome—direct appeal of all issues to the Fifth Circuit. As all other parties agree, direct appeal would best conserve judicial resources and permit a single panel of the Fifth Circuit to review the issues on appeal with the benefit of a complete record. It would also permit a final resolution to long-running litigation that this Court has rejected after trial—and in which the district court found the objectors failed to "make a substantial showing that they will prevail on the merits," *Citadel Equity Fund Ltd. v. Serta Simmons Bedding, LLC*, Case No. 4:23-cv-02173, Dkt. No. 65, at 6 (S.D. Tex. Jun. 29, 2023) ("District Court Order")—and let Serta focus on its business as reorganized Debtors.

**BACKGROUND**

3. As the Court well knows, the Non-PTL Lenders' challenge to the 2020 Transaction has played out in multiple courts for over three years. At summary judgment, this Court held that the 2020 Transaction unambiguously was a permitted "open market purchase" under the 2016 Credit Agreement. *See* Adv. Pro. Dkt. No. 142. In the same order, the Court certified to the Fifth Circuit the Non-PTL Lenders' appeal of that decision. *See id.* ¶ 4. The Fifth Circuit subsequently authorized that direct appeal but denied the Non-PTL Lenders' request to expedite that appeal so that it could be decided before confirmation in Serta's bankruptcy. *See Excluded Lenders v. Serta Simmons*, Case No. 23-90012, ECF No. 60 (5th Cir. Apr. 26, 2023). No briefing on the merits of that appeal has yet been filed; accordingly, it will still be several months at the earliest before that appeal is ready to be heard.

4. Following this Court's summary judgment decision on the breach of contract claim, the parties proceeded to trial on the implied-covenant claim, the Non-PTL Lenders' breach of contract and implied-covenant counterclaims, and confirmation of the Debtors' Restructuring Plan. After a five-day "joint trial on all matters" owing to "the interrelationship between the proceedings," this Court issued one memorandum opinion, overruling all objections to the Plan, and finding "no evidence of a breach of the implied duty of good faith and fair dealing by either the Debtors, the PTL Lenders or any of the other counter-defendants," and "no evidence of a breach of the 2016 Credit Agreement." Memorandum Opinion at 1, 17. Indeed, following trial, in resolving objections to confirmation, the Court explained again that the 2020 Transaction was an "open market purchase." Memorandum Opinion at 15.

5. On June 14, 2023, the Court entered two orders, the Judgment in favor of the Debtors and PTL Lenders in the adversary proceeding, *see* ECF No. 1070, and the Confirmation

Order confirming the Plan, *see* ECF No. 1071. Citadel, the Non-PTL Lenders, and LCM all want appellate review of at least some portion of the Judgment and/or Confirmation Order: (i) Citadel of the Confirmation Order, *see* ECF Nos. 1048 & 1080; (ii) the Non-PTL Lenders of the Confirmation Order and the Judgment, but only to the extent that this Court dismissed their counterclaims and entered declaratory judgment in favor of the Debtors and the PTL Lenders on those counterclaims, *see* ECF Nos. 1115 & 1120; Adv. Pro. Dkt. No. 331; and (iii) LCM on the adversary proceeding Judgment in its entirety, *see* Adv. Pro. Dkt. No. 330. Ultimately, their appeals were assigned three different case numbers to Judge Hanen in the Southern District of Texas. *See* ECF Nos. 1111, 1127, 1128; Adv. Pro. Dkt. No. 332.

6. Citadel, the Non-PTL Lenders, and LCM also all sought to stay the Judgment and/or Confirmation Order pending appeal. On June 21, 2023, this Court denied the objectors' motions to stay for failure "to meet any of the requirements for imposition of a stay pending appeal." *See* ECF No. 1124 ¶ 1. The objectors then requested a stay pending appeal from the district court. Judge Hanen *sua sponte* consolidated the pending appeals into one case number and, following a hearing on June 22, 2023 and a temporary stay in order to permit full review of the briefing, also denied the requests for a stay. *See* District Court Order at 19. Among other findings, Judge Hanen held that none of the various appellants had shown a likelihood of success on the merits. *See id.* at 12, 20.

7. Citadel then moved the Fifth Circuit for the same stay, but that court also rejected the request. *See Citadel Equity Fund, Ltd. v. Serta Simmons Bedding, LLC*, Case No. 23-20309, Dkt. No. 25-2 (5th Cir. Jun. 30, 2023).

8. On June 29, the Debtors' plan of reorganization went effective and the Debtors emerged from bankruptcy. *See* ECF No. 1150.

5

9.　　At present, the appeal from this Court's summary judgment decision is pending in the Fifth Circuit, and three appeals from this Court's post-trial orders are consolidated in the district court. For the reasons that follow, Movants ask this Court to certify those pending notices of appeal to the Fifth Circuit.

## **ARGUMENT**

10.　　Under 28 U.S.C. § 158(d)(2)(B), this Court may certify appeals of its decisions directly to the Fifth Circuit.[3] The Court may do so "on its own motion or on the request of a party," *id.*, if the appeal presents one of three circumstances: (1) the judgment "involves a question of law as to which there is no controlling decision" from the relevant circuit court or the U.S. Supreme Court, "or involves a matter of public importance;" (2) the judgment "involves a question of law requiring resolution of conflicting decisions;" or (3) an immediate appeal "may materially advance the progress of the case or proceeding in which the appeal is taken." *Id.* § 158(d)(2)(A)(i)-(iii).

11.　　Here, a direct appeal will materially advance the progress of the case for several reasons. *See id.* § 158(d)(2)(A)(iii).

12.　　First, the interwoven nature of the issues appealed means that all appeals should travel together. The district court recognized as much when it consolidated the same appeals "[i]n order to effectuate a more orderly process." District Court Order at 2. This is particularly true given the overlap of the issues presented in these new appeals with the Court's summary judgment order on the meaning of open market purchase. As this Court noted, as part of the trial, in response to confirmation objections, the parties also litigated that question. *See* May 17 Tr. (PM) 158:21–

---

[3] All movants must file a certification motion in "the court where the matter is pending." Fed. R. Bank. P. 8006(b). Under the relevant Rule, matters remain pending before this Court for 30 days after "the first notice of appeal from the judgment, order, or decree for which direct review is sought[,]" even though the district court has already docketed the appeals. *Id.* Citadel filed the first notice of appeal on June 7, 2023. *See* ECF No. 1048. Because Citadel appealed an opinion in that notice—not a "judgment" or "order," Fed. R. Bankr. P. 8006(b)—Movants do not concede that it started the 30-day clock. But even if it did, the matters remain pending before this Court until July 7, and this Court may thus order certification.

22. Indeed, one of Citadel's arguments in regards to confirmation was, as this Court noted, "based solely" on a reassessment of the Court's ruling at summary judgment. Memorandum Opinion at 14. That the Fifth Circuit has already authorized direct appeal of that issue bolsters the case for certification of appeals about related issues. *See In re Rodriguez*, 513 B.R. 767, 770 (Bankr. S.D. Fla. 2014) (certifying direct appeal under § 158(d)(2)(A)(iii) when a related appeal with substantially similar issues was already pending at the Circuit level).

13. Second, as the Court has previously recognized, certification for direct appeal is warranted when direct appeal "will conserve judicial resources." *In re GenOn Energy, Inc.*, 2018 WL 9708912, at *3 (Bankr. S.D. Tex. Jun. 19, 2018) (Jones, J.). All the issues in this case are heavily interwoven with one another, arising out of the same 2020 Transaction and the application of the 2016 Credit Agreement to that Transaction. The Court held *one* trial that covered both the adversary proceeding and confirmation of the Plan, and issued *one* memorandum opinion covering all issues. If the issues are consolidated for direct appeal, a single panel of the Fifth Circuit can familiarize itself with the 2016 Credit Agreement, the 2020 Transaction, the Debtors' plan of reorganization, and the evidentiary record from trial, and decide all related appellate issues at once. The parties have not begun briefing the current appeal pending in the Fifth Circuit on the breach of contract claim. Promptly after filing this Motion, Movants intend to ask the Circuit to stay briefing in the current appeal pending this motion for certification and, if the Circuit authorizes direct appeals, intend to seek consolidation of all appeals before the Circuit. The efficiency that would result from this process will outweigh any costs from a minor delay in adjudication of one portion of the dispute. *See In re Walldesign, Inc.*, 2018 WL 11225250, at *2 (C.D. Cal. Aug. 21,

2018) (certifying for direct appeal where certification would allow consolidation with other pending appeals).[4]

14. By contrast, absent certification of these appeals, the district court would consider the Ad Hoc Group of Non-PTL Lenders' confirmation appeal while one Fifth Circuit panel considers an appeal of the summary judgment decision and potentially a different panel considers an appeal of this Court's post-trial decision on the good faith and fair dealing claim. When the party unsuccessful before the district court appeals, as they almost certainly would, yet *another* panel of the Fifth Circuit could potentially weigh in. The interests of judicial efficiency compel consolidation of all interrelated issues on direct appeal to the Fifth Circuit. *See In re Int'l Mgmt. Assocs., LLC*, 2009 WL 6498191, at *4 (Bankr. N.D. Ga. Dec. 1, 2009) (certifying direct appeal to "avoid substantial litigation and the prospect of numerous appeals"); *cf. Tidewater Oil Co. v. United States*, 409 U.S. 151, 171 (1972) ("Given the potential waste of limited judicial resources . . . associated with each choice, neither can be considered attractive.").

15. Third, certification for direct appeal may be warranted when the case involves a large amount in controversy or, for other reasons, the matters appealed to the district court are "likely to be appealed to the Fifth Circuit." *In re MPF Holdings U.S. LLC*, 444 B.R. 719, 727 (Bankr. S.D. Tex. 2011). Here, confirmation of the Plan consummated the equitization of approximately $1.6 billion in prepetition debt. *See* Memorandum Opinion at 8. That such a large

---

[4] The Non-PTL Lenders will likely complain that the only reason briefing has not yet begun in the Fifth Circuit is that Movants opposed a motion to expedite the summary-judgment appeal. But the only basis the Non-PTL Lenders put forward for expedition then was the hope that the Fifth Circuit could render a decision before trial began in this Court. *See* Dkt. No. 3 at 21, No. 23-90012, *Excluded Lenders v. Serta Simmons Bedding, LLC* (5th Cir.). As trial was scheduled to begin just a few weeks after the Non-PTL Lenders filed their motion to expedite, the Debtors and PTL Lenders thought it unlikely that the Fifth Circuit would be able to render a decision before trial, with adequate time for briefing and review, and preferred not to interfere with preparations for the trial before this Court. Now, the Plan has been confirmed and there is no reason the appeal of the summary judgment decision on the breach of contract claim cannot be delayed briefly to ensure all appeals are heard together, as judicial economy requires.

sum is at issue in any appeal of the Confirmation Order makes an appeal to the Fifth Circuit likely, regardless of the district court's decision. *See MPF Holdings*, 444 B.R. at 727 (approving direct appeal when amount in controversy exceeded $25 million). Additionally, the Non-PTL Lenders' counterclaims seek substantial damages from the PTL Lenders—and, in the case of the Ad Hoc Group of Non-PTL Lenders' counterclaims, an order requiring the PTL Lenders to purchase "for cash at face value" "participations in the First Lien Term Loans" held by the non-participating first-lien lenders, so that the benefits of the 2020 Transaction "are shared by the lenders ratably in accordance with the aggregate amount of principal of and accrued interest on their respective loans." Adv. Pro. Dkt. No. 148 at 124. In short, the simple size of the amount in controversy in itself virtually guarantees the case will make its way to the Fifth Circuit. Direct appeal would therefore serve judicial economy and would conserve judicial resources across multiple courts. *See In re GenOn Energy, Inc.*, 2018 WL 9708912, at *3.

16.     Fourth, although it is a question for the Fifth Circuit and not this Court, consolidation of the issues upon direct appeal is consistent with the stated preferences of the majority of the parties. The Debtors and the PTL Lenders are not alone in seeking prompt appellate adjudication of these issues. Citadel also wants its appeal of this Court's Confirmation Order to be heard directly by the Fifth Circuit, and even the Non-PTL Lenders and LCM support direct appeal and consolidation of this Court's judgment in the Adversary Proceeding. The only dispute between the parties is whether the Non-PTL Lenders' appeal of the Confirmation Order should also proceed directly to the Fifth Circuit. For the reasons set forth above, it should.

\*   \*   \*

17.     For the foregoing reasons, Movants request that the Court enter the Proposed Order certifying all pending notices of appeal to the Fifth Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).

Plaintiffs further ask that the Court hear this motion on an emergency basis to maximize the ability for the parties to consolidate the additional appeals with the pending appeal in the Fifth Circuit.

Dated: July 5, 2023
      Houston, Texas

          Respectfully submitted,

          /s/ *David J. Lender*
          **WEIL, GOTSHAL & MANGES LLP**
          Gabriel A. Morgan (24125891)
          Stephanie N. Morrison (24126930)
          700 Louisiana Street, Suite 1700
          Houston, TX 77002
          Tel: (713) 546-5040
          Fax: (713) 224-9511
          Email: Gabriel.Morgan@weil.com
          Stephanie.Morrison@weil.com

          **WEIL, GOTSHAL & MANGES LLP**
          David J. Lender (admitted *pro hac vice*)
          Ray C. Schrock (admitted *pro hac vice*)
          Luna Barrington (admitted *pro hac vice*)
          Alexander W. Welch (admitted *pro hac vice*)
          Richard Gage (admitted *pro hac vice*)
          Taylor B. Dougherty (admitted *pro hac vice*)
          Joseph R. Rausch (admitted *pro hac vice*)
          Elaina K. Aquila (admitted *pro hac vice*)
          Nicholas J. Reade (admitted *pro hac vice*)
          767 Fifth Avenue
          New York, NY 10153
          Tel: (212) 310-8000
          Fax: (212) 310-8007
          Email: david.lender@weil.com
          ray.schrock@weil.com
          luna.barrington@weil.com
          alexander.welch@weil.com
          richard.gage@weil.com
          taylor.dougherty@weil.com
          joseph.rausch@weil.com
          elaina.aquila@weil.com
          nick.reade@weil.com

          *Counsel for Serta Simmons Bedding, LLC and its Debtor Affiliates as Reorganized Debtors*

**GIBSON, DUNN & CRUTCHER LLP**
Gregg Costa (24028160)
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
Fax: (346) 718-6620
gcosta@gibsondunn.com

**GIBSON, DUNN & CRUTCHER LLP**
Scott Greenberg (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
Jason Z. Goldstein (admitted *pro hac vice*)
Alexandra Perloff-Giles (admitted *pro hac vice*)
Telephone: (212) 351-4000
Fax: (212) 351-4035
sgreenberg@gibsondunn.com
clwilson@gibsondunn.com
jgoldstein@gibsondunn.com
aperloff-giles@gibsondunn.com

*Counsel for Invesco Senior Secured Management, Inc., Credit Suisse Asset Management, LLC, Eaton Vance Management, Boston Research and Management, and Barings LLC and the Additional Counterclaim Defendants*

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                             */s/ David J. Lender*
                                                             David J. Lender

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

                                                             */s/ Gabriel A. Morgan*
                                                             Gabriel A. Morgan